BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
ROBERT J. O'CONNOR
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Facsimile: (671) 499-4366

Attorneys for Defendant:
*WINZLER & KELLY CONSULTING ENGINEERS*

FILED
DISTRICT COURT OF GUAM
MAY 07 2003
MARY L. M. MORAN
CLERK OF COURT

10

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| LESLIE WILTON, | CIVIL CASE NO.: CIV03-00009 |
| Plaintiff, | |
| vs. | **ANSWER OF DEFENDANT WINZLER & KELLY CONSULTING ENGINEERS** |
| BLACK CONSTRUCTION CORPORATION and WINZLER & KELLY CONSULTING ENGINEERS, | |
| Defendants. | |

## ANSWER OF DEFENDANT WINZLER & KELLY CONSULTING ENGINEERS

**COMES NOW** the Defendant Winzler & Kelly Consulting Engineers (hereinafter "Winzler & Kelly"), by and through its counsel of record, Berman O'Connor Mann & Shklov, to answer and respond to the Complaint in this action as follows:

    1.    Defendant Winzler & Kelly admits that the allegations in paragraphs 1, 4 and 5 are true.

    2.    Defendant Winzler & Kelly denies that the allegations in paragraphs 11, 15, 19 and 23 are true.

    3.    With respect to paragraph 2 of the Complaint, defendant Winzler & Kelly admits that venue is proper in this judicial district but denies that it breached one or more contracts here. On

E:\Jean\Plds\1853.wpd

**ORIGINAL**

information and belief, defendant Winzler & Kelly denies that any other defendant breached one or more contracts with plaintiff here.

4. With respect to paragraphs 3, 10, 13, 17 and 21 of the Complaint, defendant Winzler & Kelly is without sufficient information to admit or deny the allegations contained therein and on that basis denies said allegations are true.

5. With respect to paragraph 6 of the Complaint, defendant Winzler & Kelly is without sufficient information to admit or deny the allegations contained in the first three sentences of said paragraph and on that basis denies said allegations. With respect to the last two sentences of said paragraph 6, defendant Winzler & Kelly denies said allegations are true.

6. With respect to paragraph 7 of the Complaint, defendant Winzler & Kelly denies the allegation that the repair work performed by Black Construction Corporation (hereinafter "Black Construction") was performed under the general supervision of defendant Winzler & Kelly and it denies that the written contract between the Ports Authority and Black Construction is attached to the Complaint as Exhibit "A" since several pages and portions of that contract are not made a part of Exhibit "A". With respect to all other allegations of paragraph 7, defendant Winzler & Kelly is without sufficient information to admit or deny said allegations and on that basis denies said allegations are true.

7. With respect to paragraph 8 of the Complaint, defendant Winzler & Kelly denies the allegations in the second sentence concerning Winzler & Kelly. With respect to the remaining allegations in paragraph 8, this defendant has insufficient information to admit or deny said allegations and on that basis denies said allegations are true.

8. With respect to paragraph 9 of the Complaint, defendant Winzler & Kelly denies that Black Construction's previous repairs had been done under the supervision of Winzler & Kelly or

E:\Jean\Plds\1853.wpd

pursuant to plans and specifications prepared by Winzler & Kelly. With respect to the remaining allegations of paragraph 9, defendant Winzler & Kelly is without sufficient information to admit or deny said allegations and on that basis denies said allegations are true.

9. With respect to paragraphs 12, 14, 16, 18, 20 and 22 of the Complaint, defendant Winzler & Kelly realleges and incorporates herein its responses to all paragraphs which were realleged by plaintiff in said paragraphs.

10. In the event there is any allegation in the Complaint which this answering defendant failed to address above, then all such allegations are denied.

## AFFIRMATIVE DEFENSES

1. Each cause of action fails to state a claim upon which relief may be granted.

2. There is no diversity of citizenship in this action inasmuch as an indispensable party, the Ports Authority, is a citizen of Guam as is Black Construction Corporation.

3. This Court lacks subject matter jurisdiction over the claims asserted against defendant Winzler & Kelly in the Complaint.

4. This action is barred in whole or in part by the applicable statute of limitations, statute of repose, or other limitations on the bringing of suits.

5. The plaintiff has failed to exhaust his administrative remedies.

6. Plaintiff lacks standing to assert any of the claims alleged in this Complaint against defendant Winzler & Kelly.

7. The Court lacks subject matter jurisdiction of the admiralty and maritime claim as plead in the Complaint.

E:\Jean\Plds\1853.wpd

8. The Court lacks supplemental jurisdiction of the breach of warranty and breach of contract claims.

9. The claims in the Complaint may be barred in whole or in part by res judicata, accord and satisfaction, release and discharge, estoppel, failure to exhaust administrative remedies, failure to satisfy conditions precedent, failure of consideration, release, payment, waiver, discharge, the failure to engage in administrative arbitration and laches.

10. Plaintiff is estopped from asserting the allegations contained in the Complaint, and each and every alleged claim contained therein, by reason of the acts, omissions, and course of conduct of the Guam Ports Authority upon which defendant Winzler & Kelly relied to its prejudice and detriment.

11. There was no contract between defendant Winzler & Kelly and the Guam Ports Authority so plaintiff has no derivative or subrogation rights that it can assert herein.

12. Plaintiff is barred from asserting each and all of the alleged contract claims contained in the Complaint or otherwise asserting any other right to relief against defendant Winzler & Kelly because plaintiff and/or the Guam Ports Authority at all times ratified the acts, omissions, and conduct of defendant Winzler & Kelly, if any.

13. Plaintiff has failed to name necessary and/or indispensable parties.

14. This Court lacks subject matter jurisdiction over pendent or supplemental claims of parties who have no federal claims.

15. Plaintiff's Complaint is barred by the Statute of Frauds.

16. Plaintiff and its predecessor the Guam Ports Authority at all relevant times, gave their consent, express or implied, to the alleged acts, omissions and conduct of the defendant Winzler & Kelly.

E:\Jean\Plds\1853.wpd

17. Where there is only a partial subrogation and the subrogor does not join in the action, subrogee is not entitled to bring the action.

18. Plaintiff's Complaint fails to comply with the Federal Rules of Civil Procedure, Rule 17.

19. The damages alleged in the Complaint resulted solely and proximately from the negligent and careless conduct of the Ports Authority and its agents and representatives and the amount of damages recoverable from Winzler & Kelly, if any, must be reduced in an amount commensurate to the percentage of causal negligence attributable to the Ports Authority and its agents and representatives. The fault and comparative negligence of the Ports Authority and its agents and representatives is imputable to the plaintiff herein.

20. The claims set forth in this action are barred in their entirety in as much as the fault and comparative negligence of the Ports Authority and its agents and representatives was greater than that, if any, of Winzler & Kelly. The fault and comparative negligence of the Ports Authority and its agents and representatives is imputable to the plaintiff herein.

21. The Ports Authority was in the best position of all the parties involved herein to have averted the loss which occurred. As such, the plaintiff herein, as subrogee of the Ports Authority, must bear the loss in its entirety.

22. Plaintiff's claims are barred for failure to obtain appropriate releases from the Guam Ports Authority.

23. Defendant is informed and believes that the named plaintiff is not the real party in interest in connection with the claims being asserted in this action.

24. Plaintiff is estopped, by virtue of the acts and omissions of the Ports Authority, from asserting the claims set forth in this action.

E:\Jean\Plds\1853.wpd

## REQUEST FOR RELIEF

**WHEREFORE,** this answering defendant Winzler & Kelly prays that plaintiff take nothing from it by the Complaint, and that defendant Winzler & Kelly recover from plaintiff attorney fees and costs of this defense, and such other relief as is legal, equitable and appropriate.

Dated this 7 day of May, 2003.

Respectfully submitted,

**BERMAN O'CONNOR MANN & SHKLOV**
Attorneys for Defendant *WINZLER & KELLY CONSULTING ENGINEERS*

BY: *[signature]*

**DANIEL J. BERMAN**

E:\Jean\Plds\1853.wpd