KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857



Attorneys for   *Defendant Black Construction Corporation*

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| LESLIE WILTON, | CIVIL CASE NO. CV03-00009 |
| Plaintiff, | |
| vs. | **ANSWER OF DEFENDANT BLACK CONSTRUCTION CORPORATION** |
| BLACK CONSTRUCTION CORPORATION and WINZLER & KELLY CONSULTING ENGINEERS, | |
| Defendants. | |

**COMES NOW** Defendant **BLACK CONSTRUCTION CORPORATION** (hereinafter "Defendant") and in answer to the Complaint herein admits, denies and alleges as follows:

1. In response to paragraph 1, Defendant admits only that the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs. Defendant lacks sufficient information and belief to formulate a response to the allegation that jurisdiction exists due to complete diversity between the Plaintiff and Defendants and, basing its denial thereon, denies generally and specifically each and every allegation pertaining to diversity of citizenship. Defendant denies generally and

**ORIGINAL**

specifically that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. In response to paragraph 2, Defendant admits only that venue is proper in this judicial district but Defendant denies generally and specifically each and every other allegation contained in said paragraph.

3. Defendant lacks sufficient information and belief to formulate a response to the allegations contained in paragraph 3 and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

4. Defendant admits the allegations contained in paragraph 4.

5. In response to paragraph 5, Defendant admits only that Defendant Winzler & Kelly (hereinafter "Winzler") maintains an office and has employees and business in Guam. Defendant lacks sufficient information and belief to formulate a response to the balance of the allegations contained in paragraph 5 and, basing its denial thereon, denies generally and specifically each and every other allegation.

6. In response to paragraph 6, Defendant admits only that the Port Authority of Guam (hereinafter "Port") is a public corporation and autonomous instrumentality of the Government of Guam which owns and operates the Commercial Port. Defendant

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

also admits that in August 1993, Guam suffered a severe earthquake. Defendant lacks sufficient information and belief to formulate a response to the balance of the allegations contained in paragraph 6 and, basing its denial thereon, denies generally and specifically each and every other allegation contained therein.

7. In response to paragraph 7, Defendant admits only that it submitted a bid to repair earthquake damage which was accepted by the Port and that a portion of the contract with the Port is attached to the Complaint as Exhibit A. Defendant denies generally and specifically each and every other allegation contained in paragraph 7.

8. In response to paragraph 8, Defendant admits only that work was completed in 1997. Defendant lacks sufficient information and belief to formulate a response to the allegations concerning representations and warranties made by Winzler and, basing its denial thereon, Defendant denies generally and specifically each and every such allegation. Defendant denies generally and specifically each and every other allegation contained in paragraph 8.

9. In response to paragraph 9, Defendant admits only that on or about October 13, 2001, the island of Guam suffered another earthquake which was less powerful than the earthquake in 1993. Defendant lacks sufficient information and belief to

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

formulate a response to the balance of the allegations contained in paragraph 9 and, basing its denial thereon, denies generally and specifically each and every other allegation contained therein.

10. Defendant lacks sufficient information and belief to formulate a response to the allegations contained in paragraph 10 and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

11. In response to paragraph 11, Defendant lacks sufficient information and belief to formulate a response to the allegations pertaining to the performance of an investigation and, basing its denial thereon, denies generally and specifically each and every allegation pertaining to the performance of an investigation. Defendant denies generally and specifically each and every other allegation contained in paragraph 11.

### FIRST CAUSE OF ACTION

12. In response to paragraph 12, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 11, inclusive.

13. Defendant denies generally and specifically each and every allegation contained in paragraph 13.

//

//

KLEMM, BLAIR,
STERLING & JOHNSON
A Professional Corporation
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

## SECOND CAUSE OF ACTION

14. In response to paragraph 14, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 13, inclusive.

15. Defendant lacks sufficient information and belief to formulate a response to the allegations contained in paragraph 15 and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

## THIRD CAUSE OF ACTION

16. In response to paragraph 16, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 15, inclusive.

17. Defendant denies generally and specifically each and every allegation contained in paragraph 17.

## FOURTH CAUSE OF ACTION

18. In response to paragraph 18, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 17, inclusive.

19. Defendant lacks sufficient information and belief to formulate a response to the allegations contained in paragraph 19 and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

//

//

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

### FIFTH CAUSE OF ACTION

20. In response to paragraph 20, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 19, inclusive.

21. Defendant denies generally and specifically each and every allegation contained in paragraph 21.

### SIXTH CAUSE OF ACTION

22. In response to paragraph 22, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 21, inclusive.

23. In response to paragraph 23, Defendant denies generally and specifically that the contract between Winzler and the Port was a maritime contract within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and further denies generally and specifically that implied in said contract was a warranty of workmanlike performance owed to the Port. Defendant lacks sufficient information and belief to formulate a response to the balance of the allegations contained in paragraph 23 and, basing its denial thereon, denies generally and specifically each and every other allegation.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or claims upon which relief may be granted.

//

//

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

## SECOND AFFIRMATIVE DEFENSE

There has been a failure to join an indispensable party, the Port.

## THIRD AFFIRMATIVE DEFENSE

There is no diversity jurisdiction inasmuch as an indispensable party, the Port, is a citizen of Guam, as is this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that the named Plaintiff is not the real party in interest in connection with the claims being asserted in this action.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff in this action is estopped, by virtue of the acts and omissions of the Port, from asserting the claims set forth in this action.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff in this action has waived, pursuant to the acts and omissions of the Port, the claims set forth in this action.

## SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in this action are barred by the applicable statutes of limitation.

## EIGHTH AFFIRMATIVE DEFENSE

The damages alleged in the Complaint resulted solely and proximately from the negligent and careless conduct of the Port

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

and the amount of damages recoverable from this answering Defendant, if any, must be reduced in an amount commensurate to the percentage of causal negligence attributable to the Port. The fault and comparative negligence of the Port is imputable to the Plaintiff herein.

### NINTH AFFIRMATIVE DEFENSE

The claims set forth in this action are barred in their entirety inasmuch as the fault and comparative negligence of the Port was greater than that, if any, of this answering Defendant. The fault and comparative negligence of the Port is imputable to the Plaintiff herein.

### TENTH AFFIRMATIVE DEFENSE

The Port was in the best position of all the parties involved herein to have averted the loss which occurred. As such, the Plaintiff herein, as subrogee of the Port, must bear the loss in its entirety.

### ELEVENTH AFFIRMATIVE DEFENSE

This action must be stayed or dismissed inasmuch as the Plaintiff has failed to pursue its administrative remedies.

**WHEREFORE**, Defendant **BLACK CONSTRUCTION CORPORATION** prays judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. For reasonable attorneys' fees and costs incurred herein; and

3. For such other and further relief as this Court may deem just and proper.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION

DATED: MAY __6__, 2003    BY: _____
THOMAS C. STERLING
*Attorneys for Defendant Black Construction Corporation*

E62\27946-29
G:\WORD97\OFFICE\WORDDOC\PLD\TCS\136-ANSWER OF BCC RE WILTON V BCC.DOC

- 9 -

Case 1:03-cv-00009    Document 12    Filed 05/08/2003    Page 9 of 9