# United States District Court

FILED
DISTRICT COURT OF GUAM
OCT 15 2003
MARY L. M. MORAN
CLERK OF COURT

_____ **DISTRICT OF** _____

LESLIE WILTON,

                    **Plaintiff,**

           V.

BLACK CONSTRUCTION CORPORATION
and WINZLER & KELLY CONSULTING
ENGINEERS,

                    **Defendants.**

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER:** CV03-00009

TO: PERFECTO JOSE

*[handwritten]* 10/11/03 3:20 P.M.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | **DATE AND TIME** |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Carlsmith Ball LLP<br>Suite 401, Bank of Hawaii Buidling<br>134 West Soledad Avenue<br>Hagatna, Guam 96910 | October 17, 2003<br>10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

(See Attachment)

| PLACE | DATE AND TIME |
|---|---|
| Carlsmith Ball LLP<br>Suite 401, Bank of Hawaii Buidling<br>134 West Soledad Avenue<br>Hagatna, Guam 96910 | October 17, 2003<br>10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| David Ledger, Esq., Attorney for Plaintiff Leslie Wilton | October 7, 2003 |

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER
David Ledger, Esq.
Carlsmith Ball LLP
Suite 401, Bank of Hawaii Building
134 West Soledad Avenue
Hagatna, Guam 96910

#(671) 472-6813

**ORIGINAL**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

# ATTACHMENT
## to Subpoena in a Civil Case
## Directed to Non-Party Witness

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the law offices of Carlsmith Ball LLP, whose address is Suite 401, Bank of Hawaii Building, 134 West Soledad Avenue, Hagåtña, Guam 96910, on October 17, 2003 at 10:00 a.m.:

1.     Regarding repairs to the pile caps and dolphins at Pier F1, Shell Oil facility, performed by Black Construction:

a.     Any documents which describe or relate to the business arrangement between Black Construction and Winzler & Kelly by which Winzler & Kelly performed design or engineering or drafting work for Black Construction.

b.     Any writing relating to any other design and drawing services or other engineering-type services provided by Winzler and utilized by Black Construction to re-attach pile caps to the underside of the dolphins.

c.     Any writing relating to the circumstances leading to Black's request to Winzler & Kelly to provide services regarding re-attachment of the pile caps to the dolphins.

d.     Any writing describing or relating to any discussion between Black Construction and Winzler & Kelly regarding the Winzler-designed epoxy bolt system Black used to re-attached the pile caps to the dolphins.

e.     Any writing relating to any supervision Winzler provided to Black regarding Black's work to re-attach the pile caps to the dolphins.

f.     Any writing you referred to for the purpose of preparing for your deposition or to refresh your recollection of the repairs to the dolphins and pile caps at the F-1 pier location.

g.     Field notes or diary entries related in any way to the repairs to the dolphins and pile caps at F1 pier.

4849-6936-2432.1.055639-00001

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | October 11, 2003 | #12 Puti Tai Nobio St., Barrigada Hts., Guam |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| PERFECTO JOSE | HAND DELIVERY |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| MICHAEL Q. GALLO | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  October 13, 2003
DATE

SIGNATURE OF SERVER     SP0136-00

201 SONGSONG ST., MANGILAO / P.O. BOX 1150
ADDRESS OF SERVER

AGANA GU 96932

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.