CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Plaintiff
Leslie Wilton

FILED
DISTRICT COURT OF GUAM
DEC 15 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| LESLIE WILTON,<br><br>        Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION and WINZLER & KELLY CONSULTING ENGINEERS,<br><br>        Defendants. | CIVIL CASE NO. 03-00009<br><br>**STIPULATION AND ORDER TO AMEND PLEADINGS AND ADD PARTIES AND CLAIMS** |

WHEREAS, the Rule 16 Scheduling Order has by Order of this Court filed October 14, 2003 been amended to extend the November 1, 2003 deadline to file motions to add parties and claims and to amend pleadings to December 8, 2003, and

WHEREAS, the parties' initial disclosures and discovery have disclosed potential parties not named and potential claims not plead, and

WHEREAS, the parties' initial disclosures and discovery have caused Plaintiff to believe that the pleadings need to be amended to add a party and claims, and

WHEREAS, the existing parties do not desire that such amendments be the

4813-7989-2992.1.055639-00001

*Leslie Wilton v. Black Construction Corporation, et al.*
District Court of Guam Civil Case No. CV03-00009
**Stipulation and Order to Amend Rule 16 Scheduling Order to Extend Deadline to File Motions to Amend Pleadings and Add Parties and Claims**
Page 2

subject of a motion to amend, and

WHEREAS, it is expressly understood and agreed that by not requiring Plaintiff to bring such a motion that no other party is waiving any defense or motion available to that party,

IT IS HEREBY STIPULATED BY AND BETWEEN THE PARITIES that the Plainitff may file the Amended Complaint in the form attached hereto as Exhibit A;

IT IS HEREBY FURTHER STIPULATED BY AND BETWEEN THE PARITIES that this stipulation is entirely without prejudice to any defense or motion that may be available to any party.

SO STIPULATED AND AGREED TO this 4th day of December 2003.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE McDONALD
Attorneys for Plaintiff
Leslie Wilton

SO STIPULATED AND AGREED TO this 4th day of December 2003.

KLEMM BLAIR STERLING &
JOHNSON, P.C.

_____
THOMAS C. STERLING
Attorneys for Defendant
Black Construction Corporation

4813-7989-2992.1.055639-00001

*Leslie Wilton v. Black Construction Corporation, et al.*
District Court of Guam Civil Case No. CV03-00009
**Stipulation and Order to Amend Rule 16 Scheduling Order to Extend Deadline to File Motions to Amend Pleadings and Add Parties and Claims**
Page 3

SO STIPULATED AND AGREED TO this 4th day of December 2003.

BERMAN O'CONNOR MANN
& SHKLOV

_____
ROBERT J. O'CONNOR
DANIEL J. BERMAN
Attorneys for Defendant
Winzler & Kelly Consulting Engineers

## ORDER

THE COURT HAS REVIEWED THE STIPULATION OF THE PARTIES TO PERMIT PLAINITFF TO FILE AN AMENDED COMPLAINT IN THE FORM ATTACHED TO THE STIPULATION AS EXHIBIT A. GOOD CAUSE HAVING BEEN SHOWN, THE COURT HEREBY ORDERS THAT PLAINTIFF MAY FILE THE AMENDED COMPLAINT IN THE FORM OF EXHIBIT A.

**SO ORDERED:**

DATED: DEC 15 2003

_____
HONORABLE JOHN S. UNPINGCO
Chief Judge, District Court of Guam

RECEIVED
DEC - 5 2003
DISTRICT COURT OF GUAM
HAGATNA, GUAM

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813
Fax No. 671-477-4375

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION<br><br>Defendants. | CIVIL CASE NO. CIV03-00009<br><br>**FIRST AMENDED COMPLAINT** |

I.   **JURISDICTION AND VENUE**

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. §1333(1). There is also complete diversity of citizenship between the Plaintiff and the Defendants herein. Therefore, this Court also has jurisdiction pursuant to 28 U.S.C. §1332(a), in that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2. Venue is proper in this judicial district in that the property damage complained of was suffered here, and the Defendants each breached one or more contracts here, as will be seen *infra*.

## II. PARTIES

3. Plaintiff S.J. Gargrave Syndicate at Lloyds is an insurance Underwriter at Lloyds, London. It is organized in England, and has its principal place of business in London. Plaintiff appears herein on its own behalf, and on behalf of all other Lloyd's Underwriters who subscribed, each for their own and not for the other, to a certain policy of insurance, providing first-party property insurance to the Port Authority of Guam.

4. Defendant Black Construction Corporation (hereinafter "Black") is a corporation conducting business in Guam with an office and employees in Guam.

5. Defendant Winzler & Kelly (hereinafter "Winzler") is a corporation which Plaintiff is informed and believes is organized and exists under the laws of the State of California, with its principal place of business at San Francisco, California. Winzler also maintains an office, has employees and is doing business in Guam.

6. Defendant Engineering, Management & Planning Services Corporation (hereinafter "EMPSCO") is a corporation which Plaintiff is informed and believes is organized and exists under the laws of the Territory of Guam, with its principal place of business in Guam.

## III. FACTUAL BACKGROUND

7. Plaintiff insures the property of the Port Authority of Guam, a municipal corporation which owns and operates piers, wharves, marinas, dolphins and other structures located in the ports of Guam, which ports service and accommodate maritime trade and commerce. In August of 1993, the island of Guam suffered a severe earthquake, estimated to be

C:\DOCUME~1\DPL\LOCALS~1\Temp\FIR STA~1.DOC

- 2 -

Case 1:03-cv-00009    Document 21    Filed 12/15/2003    Page 5 of 12

a magnitude of 7.5. The earthquake did severe damage to a number of piers, docks, dolphins, and other facilities and property owned and operated by the Port Authority of Guam.

8. The Port Authority of Guam employed EMPSCO as its engineering consultant to provide engineering consulting services in connection with the repair work of the aforesaid earthquake damage. Upon information and belief, EMPSCO provided a design and specifications for the repair work. Based on that design, Black submitted a proposal to build the specified repairs. However, the cost of the EMPSCO designed repairs exceeded the Port Authority of Guam's financial means. Black then engaged the services of Winzler to provide revised design and engineering specifications for the repair work. Based on that revised design, engineering specifications, and engineering drawings, Black resubmitted a bid to repair the earthquake damage, which bid was accepted by the Port Authority. The repair work, including that which was done pursuant to Winzler's revised design and engineering specifications for the repair work, is hereinafter called the "Project." Black was retained to perform the Project, pursuant to a written contract with the Port Authority, a copy of which is attached hereto as Exhibit A.

9. EMPSCO reviewed the Winzler revised engineering plan for repairs and provided a general and conditional approval of the same.

10. At all relevant times, Defendants Winzler and EMPSCO were professional engineers registered and licensed under the laws of the Territory of Guam.

11. At all relevant times, Defendants Winzler and EMPSCO held themselves out to the public as skilled and competent engineers, experienced in the planning and design of facilities and repair work similar to that which was done to the Port Authority pier.

12. At all relevant times, Defendants Winzler and EMPSCO owed a non-delegable duty of professional competence and skill to the Port Authority

13. The Port Authority is an assignee and/or third-party beneficiary of the contract between Black and Winzler for the provision of services in connection with the Project.

14. The Project was completed in 1997. Upon completion, Defendants Black and EMPSCO represented and warranted to the Port Authority that the work was adequate, had been properly performed, and was appropriate and strong enough for an earthquake-prone and typhoon-prone location such as Guam.

15. On or about October 13, 2001, the island of Guam suffered another earthquake. Although it was substantially less powerful than the earthquake of 1993, this earthquake, too, did damage to the property and facilities owned by the Port Authority. Specifically, serious damage was done to F pier, and the dolphins thereof, which had previously been repaired by Black, pursuant to the plans and specifications prepared by, and under the supervision of, Winzler and/or EMPSCO.

16. As a result of the damage caused by the second earthquake, the Port Authority submitted a claim to Plaintiff. Plaintiff to date has paid part of the claim of the Port Authority, in an amount exceeding $3 million. Additional claims have been presented by the Port Authority, and it is anticipated that Plaintiff will make additional payments to the Port Authority in the future. To the extent Plaintiff has made such payments, Plaintiff is subrogated to all of the rights and causes of action previously held by the Port Authority.

17. After receiving the claims for damage caused by the 2001 earthquake, Plaintiff caused an investigation of the losses to be made. This investigation disclosed that the repair of the 1993 earthquake damage had been designed and done improperly by and under the

supervision of Defendants. The repairs, or the Project, done in 1996-1997 were inadequate, improperly done, and insufficiently strong to withstand future earthquakes and typhoons. The inadequacy and incompetence of the design, plans, specifications, and repair work performed by or approved by Defendants directly caused and led to further damage to the property of the Port Authority during the year 2001 earthquake, and caused and directly led to damage to and losses by Plaintiff, as is set forth more fully hereinafter.

IV. **FIRST CAUSE OF ACTION: NEGLIGENT PROPERTY DAMAGE**
**(Against Black)**

18. Plaintiff incorporates herein by this reference, as though fully set forth herein, paragraphs 1 through 17, inclusive, of this Complaint.

19. Black negligently performed its work at the Project, thereby causing further and more serious damage to the said Port Authority's property and, therefore, losses and damage to Plaintiff. In addition, Black negligently recommended that changes and alterations be made to the proposed repairs at the Project, and approved same, which led to further losses and damage to Plaintiff.

V. **SECOND CAUSE OF ACTION: NEGLIGENT PROPERTY DAMAGE**
**(Against Winzler)**

20. Plaintiff incorporates herein by this reference, as though fully set forth herein, paragraphs 1 through 19, inclusive, of this Complaint.

21. Winzler, as a professional engineering firm, owed a non-delegable duty of skill and competence to the Port Authority and breached that duty by incompetently and negligently preparing plans and specifications for the Project. In addition, Winzler negligently recommended that changes be made to the proposed plans at the Project, which changes were negligent and improper, and led to the property of the Port Authority being substantially weaker

and unable to withstand further earthquakes and typhoons, and to further and more severe property damage. The negligence of Winzler directly led to losses and damage to Plaintiff.

## VI. THIRD CAUSE OF ACTION: NEGLIGENT PROPERTY DAMAGE (Against EMPSCO)

22. Plaintiff hereby incorporates herein by this reference, as though fully set forth herein in paragraphs 1 through 21, inclusive, of this Complaint.

23. EMPSCO, as a professional engineering firm, owed a non-delegable duty of skill and competence to the Port Authority and breached that duty by negligently preparing, reviewing and approving the plans and specifications for the Project. EMPSCO also negligently supervised the work performed by Black in connection with the Project. The negligence of EMPSCO directly led to losses and damage to Plaintiff.

## VII. FOURTH CAUSE OF ACTION: BREACH OF CONTRACT (Against Black)

24. Plaintiff incorporates herein by this reference, as though fully set forth herein, paragraphs 1 through 23, inclusive, of this Complaint.

25. Black breached its contract with the Port Authority, Exhibit "A" hereto, by failing to perform the Project which Black agreed to perform, performing the work which it did improperly, carelessly and negligently, and performing work not called for under the contract which damaged and weakened the property of the Port Authority. These breaches of contract directly caused losses and damage to Plaintiff.

## VIII. FIFTH CAUSE OF ACTION: BREACH OF CONTRACT (Against Winzler)

26. Plaintiff incorporates herein by this reference, as though fully set herein, paragraphs 1 through 25, inclusive, of this Complaint.

27. Winzler breached its contract with Black by failing to exercise adequate skill and competence to design and specify the Project that would be sufficiently strong to

withstand future earthquakes and typhoons. Winzler further breached its contract with Black by recommending and making improper and negligent changes at the Project, and by failing to note and observe errors and omissions by contractors performing the Project.

28. The Port Authority is an assignee and/or a third-party beneficiary of the contract between Black and Winzler. These breaches of contract by Winzler directly caused damage and losses to Plaintiff.

## IX. SIXTH CAUSE OF ACTION: BREACH OF CONTRACT (Against EMPSCO)

29. Plaintiff incorporates herein by this reference, as though fully set herein, paragraphs 1 through 28, inclusive of this Complaint.

30. EMPSCO breached its contract with the Port Authority of Guam by failing to exercise requisite care, skill, and competence to review and supervise the work of others, including but not limited to the engineering plans and drawings prepared by Winzler.

31. EMPSCO breached its contract with the Port Authority of Guam by inadequately and incompetently supervising work performed by Black and others in connection with the Project, by approving improper and negligent changes to the Project, and by failing to note and observe the errors and omissions by contractors performing the Project. These breaches of contract by EMPSCO directly caused damage and losses to Plaintiff.

## X. SEVENTH CAUSE OF ACTION: BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE (Against Black)

32. Plaintiff incorporates herein by this reference, as fully set forth herein, paragraphs 1 through 31, inclusive, of this Complaint.

33. The contract between Black and the Port Authority of Guam, Exhibit "A" hereto, is a maritime contract, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Accordingly, there is implied in said contract a warranty of workmanlike

C:\DOCUME~1\DPL\LOCALS~1\Temp\FIR STA~1.DOC

- 7 -

Case 1:03-cv-00009   Document 21   Filed 12/15/2003   Page 10 of 12

performance owed to the Port Authority. Black breached said warranty of workmanlike performance in that it performed the Project carelessly, negligently, and incompletely, and did not perform certain repairs at all. Said breaches of the warranty of workmanlike performance have directly caused damage and losses to Plaintiff.

XI. **EIGHTH CAUSE OF ACTION: BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE (Against EMPSCO)**

34. Plaintiff incorporates herein by this reference, as though fully set forth herein, paragraphs 1 through 33, inclusive, of this Complaint.

35. Upon information and belief, the contract between the Port Authority of Guam and EMPSCO is a maritime contract, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Accordingly, there is implied in said contract a warranty of workmanlike performance, owed to the Port Authority. EMPSCO breached said warranty of workmanlike performance by reviewing and/or approving plans and specifications for the Project which were careless, inadequate, insufficient, and erroneous. In addition, EMPSCO breached the warranty of workmanlike performance owed to the Port Authority by failing to report these deficiencies to the Port Authority, failing to adequately supervise the Project, and failing to note and observe the repairs were being performed erroneously and incompletely, and in some cases, not being performed at all. These breaches of the warranty of workmanlike performance by EMPSCO have directly caused damage and losses to Plaintiff

XII. **NINTH CAUSE OF ACTION: BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE (Against Winzler)**

36. Plaintiff incorporates herein by this reference, as though fully set forth herein, paragraphs 1 through 35, inclusive, of this Complaint.

37. Upon information and belief, the contract between Black and Winzler is a maritime contract, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

C:\DOCUME~1\DPL\LOCALS~1\Temp\FIRSTA~1.DOC

- 8 -

Case 1:03-cv-00009    Document 21    Filed 12/15/2003    Page 11 of 12

Accordingly, there is implied in said contract a warranty of workmanlike performance owed to the Port Authority as an assignee and/or third-party beneficiary of said contract. Winzler breached said warranty of workmanlike performance by providing plans and specifications for the Project, which were careless, inadequate, insufficient, and erroneous. In addition, Winzler breached the warranty of workmanlike performance owed to the Port Authority as an assignee and/or third-party beneficiary of said contract by failing to report deficiencies in the plans and specifications to the Port Authority. These breaches of the warranty of workmanlike performance by Winzler have directly caused damage and losses to Plaintiff.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief and judgment against the Defendants, jointly and severally, and each of them as follows:

1. For general damages according to proof, in excess of $3 million;
2. For special damages according to proof;
3. For costs of suit incurred herein;
4. For attorneys' fees herein as provided for in Exhibit "A" hereto, and to which Plaintiff may otherwise be entitled; and
5. For such other and further relief as this Court deems just and proper.

Dated this _____ day of _____ 2003 at Hagåtña, Guam.

CARLSMITH BALL LLP

**EXHIBIT A**

_____
DAVID LEDGER
ELYZE McDONALD
Attorneys for Plaintiff
S.J. GARGRAVE SYNDICATE AT LLOYDS