KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
AGANA, GUAM 96910
TELEPHONE 477-7857

Attorneys for *Defendant Black Construction Corporation*



## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS, <br><br> Plaintiff, <br><br> vs. <br><br> BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION, <br><br> Defendants. | CIVIL CASE NO. CV03-00009 <br><br><br><br> **DEFENDANT BLACK CONSTRUCTION CORPORATION'S ANSWER TO FIRST AMENDED COMPLAINT** |

**COMES NOW** Defendant **BLACK CONSTRUCTION CORPORATION** (hereinafter "Defendant") and in answer to the First Amended Complaint herein admits, denies and alleges as follows:

1. In response to paragraph 1, Defendant admits only that the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs. Defendant lacks sufficient information and belief to formulate a response to the allegation that jurisdiction exists due to complete diversity between the Plaintiff and Defendants and, basing its denial thereon, denies generally and specifically each and every allegation pertaining to diversity of citizenship. Defendant denies generally and

specifically that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. In response to paragraph 2, Defendant admits only that venue is proper in this judicial district but Defendant denies generally and specifically each and every other allegation contained in said paragraph.

3. Defendant lacks sufficient information and belief to formulate a response to the allegations contained in paragraph 3 and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

4. Defendant admits the allegations contained in paragraphs 4, 5, 6, 10, 11, and 12.

5. In response to paragraph 7, Defendant admits only that the Port Authority of Guam (hereinafter "Port") is a public corporation and autonomous instrumentality of the Government of Guam which owns and operates the Commercial Port. Defendant also admits that in August 1993, Guam suffered a severe earthquake. Defendant lacks sufficient information and belief to formulate a response to the balance of the allegations contained in paragraph 7 and, basing its denial thereon, denies generally and specifically each and every other allegation.

6. In response to paragraph 8, Defendant admits only that the Port employed EMPSCO as its engineering consultant to

- 2 -

provide engineering services in connection with the Foxtrot Pier dolphins and that EMPSCO provided a design and specifications for repair work. Defendant further admits that it submitted a bid to the Port based upon the EMPSCO design. Defendant further admits that its bid exceeded the Port's budget for the repairs and that it engaged Winzler & Kelly (hereinafter "Winzler") to provide an alternative design for the repair. Defendant further admits that it submitted a price proposal to the Port to perform the work in accordance with the Winzler design and that that proposal was accepted by the Port. Defendant also admits that Exhibit "A" attached to the First Amended Complaint is part of the contract for the project. Defendant denies generally and specifically each and every other allegation contained in paragraph 8.

7. In response to paragraph 9, Defendant admits only that EMPSCO reviewed the Winzler revised plan and approved the same. Defendant denies generally and specifically each and every other allegation contained in said paragraph.

8. Defendant lacks sufficient information and belief to formulate a response to paragraph 13 and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

9. In response to paragraph 14, Defendant admits only that the project was completed in 1997 and that it represented

- 3 -

to the Port that the work had been properly performed. Defendant denies generally and specifically each and every other allegation contained in paragraph 14.

10. In response to paragraph 15, Defendant admits only that on or about October 13, 2001, Guam suffered another earthquake which was substantially less powerful than the earthquake of 1993. Defendant denies generally and specifically each and every other allegation contained in paragraph 15.

11. In response to paragraph 16, Defendant admits only that the Port submitted a claim to Lloyd's of London. Defendant lacks sufficient information and belief to formulate a response to each and every other allegation contained in paragraph 16 and, basing its denial thereon, denies generally and specifically each and every other allegation contained therein.

12. In response to paragraph 17, Defendant admits only that someone caused an investigation of the losses to be made after receiving the Port's claim for damages allegedly resulting from the 2001 earthquake. Defendant lacks sufficient information and belief to formulate a response to the allegations pertaining to what the investigation disclosed and, basing its denial thereon, denies generally and specifically each and every other allegation pertaining thereto. Defendant denies generally and specifically each and every other allegation contained in said paragraph.

## FIRST CAUSE OF ACTION

13. In response to paragraph 18, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 17, inclusive.

14. Defendant denies generally and specifically each and every allegation contained in paragraph 19.

## SECOND CAUSE OF ACTION

15. In response to paragraph 20, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 19, inclusive.

16. Defendant lacks sufficient information and belief to formulate a response to the allegations contained in paragraph 21 and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

## THIRD CAUSE OF ACTION

17. In response to paragraph 22, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 21, inclusive.

18. Defendant lacks sufficient information and belief to formulate a response to the allegations contained in paragraph 23 and, basing its denial thereon, denies generally and specifically each and every other allegation contained therein.

//

//

//

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

## FOURTH CAUSE OF ACTION

19. In response to paragraph 24, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 23, inclusive.

20. Defendant denies generally and specifically each and every allegation contained in paragraph 25.

## FIFTH CAUSE OF ACTION

21. In response to paragraph 26, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 25, inclusive.

22. Defendant denies generally and specifically each and every contained in paragraph 27.

23. Defendant lacks sufficient information and belief to formulate a response to paragraph 28 and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

## SIXTH CAUSE OF ACTION

24. In response to paragraph 29, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 28, inclusive.

25. Defendant lacks sufficient information and belief to formulate a response to paragraph 30 and, basing its denial thereon, denies generally and specifically each and every allegation contained therein.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

26. Defendant denies generally and specifically each and every allegation contained in paragraph 31.

### SEVENTH CAUSE OF ACTION

27. In response to paragraph 32, Defendant reallages and incorporates herein by this reference its responses to paragraphs 1 through 31, inclusive.

28. Defendant denies generally and specifically each and every allegation contained in paragraph 33.

### EIGHTH CAUSE OF ACTION

29. In response to paragraph 34, Defendant realleges and incorporates herein by this reference its responses to the allegations contained in paragraphs 1 through 33, inclusive.

30. Defendant denies generally and specifically each and every allegation contained in paragraph 35.

### NINTH CAUSE OF ACTION

31. In response to paragraph 36, Defendant realleges and incorporates herein by this reference its responses to paragraphs 1 through 35, inclusive.

32. Defendant denies generally and specifically each and every allegation contained in paragraph 37.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or claims upon which relief may be granted.

//

//

## SECOND AFFIRMATIVE DEFENSE

There has been a failure to join an indispensable party, the Port.

## THIRD AFFIRMATIVE DEFENSE

There is no diversity jurisdiction inasmuch as an indispensable party, the Port, is a citizen of Guam, as is this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that the named Plaintiff is not the real party in interest in connection with the claims being asserted in this action.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff in this action is estopped, by virtue of the acts and omissions of the Port, from asserting the claims set forth in this action.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff in this action has waived, pursuant to the acts and omissions of the Port, the claims set forth in this action.

## SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in this action are barred by the applicable statutes of limitation.

## EIGHTH AFFIRMATIVE DEFENSE

The damages alleged in the Complaint resulted solely and proximately from the negligent and careless conduct of the Port

and the amount of damages recoverable from this answering Defendant, if any, must be reduced in an amount commensurate to the percentage of causal negligence attributable to the Port. The fault and comparative negligence of the Port is imputable to the Plaintiff herein.

### NINTH AFFIRMATIVE DEFENSE

The claims set forth in this action are barred in their entirety inasmuch as the fault and comparative negligence of the Port was greater than that, if any, of this answering Defendant. The fault and comparative negligence of the Port is imputable to the Plaintiff herein.

### TENTH AFFIRMATIVE DEFENSE

The Port was in the best position of all the parties involved herein to have averted the loss which occurred. As such, the Plaintiff herein, as subrogee of the Port, must bear the loss in its entirety.

### ELEVENTH AFFIRMATIVE DEFENSE

This action must be stayed or dismissed inasmuch as the Plaintiff has failed to pursue its administrative remedies.

**WHEREFORE**, Defendant **BLACK CONSTRUCTION CORPORATION** prays judgment as follows:

1. That Plaintiff take nothing by his Complaint;

2. For reasonable attorneys' fees and costs incurred herein; and

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

3. For such other and further relief as this Court may deem just and proper.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION

DATED: JANUARY 15, 2004      BY: _____
                                 THOMAS C. STERLING
                                 *Attorneys for Defendant Black Construction Corporation*

```
E62\27946-29
\\PNB1\CABINET\WORD97\OFFICE\WORDDOC\PLD\TCS\169-BCC'S
ANSWER TO 1ST AMENDED COMPLAINT RE WILTON V BCC.DOC
```

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857