BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
ROBERT J. O'CONNOR
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Facsimile: (671) 499-4366

Attorneys for Defendant
Winzler & Kelly Consulting Engineers

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>v.<br><br>BLACK CONSTRUCTION CORPORATION,<br>WINZLER & KELLY CONSULTING<br>ENGINEERS and ENGINEERING,<br>MANAGEMENT & PLANNING SERVICES<br>CORPORATION,<br><br>Defendants. | CIVIL CASE NO.: CIV03-00009<br><br>ANSWER OF DEFENDANT<br>WINZLER & KELLY<br>CONSULTING ENGINEERS TO<br>PLAINTIFF S.J. GARGRAVE<br>SYNDICATE AT LLOYDS' FIRST<br>AMENDED COMPLAINT;<br>AFFIRMATIVE DEFENSES |

**ANSWER OF DEFENDANT WINZLER & KELLY CONSULTING ENGINEERS**

COMES NOW the Defendant Winzler & Kelly Consulting Engineers (hereinafter "Defendant Winzler & Kelly", "Defendant" or "Winzler & Kelly"), by and through its counsel of record, Berman O'Connor Mann & Shklov, to answer and respond to the First Amended Complaint in this action as follows:

1. Defendant Winzler & Kelly admits that the allegations in paragraphs 4, 5, 6, 10 and 11 are true.

2. Defendant Winzler & Kelly denies that the allegations in paragraphs 13, 21, 27, 28, 35 and 37 are true.

3. With respect to paragraph 3, 14, 19, 23, 25, 30 and 31 of the First Amended Complaint Defendant Winzler & Kelly is without sufficient information to admit or deny the allegations contained therein and on that basis denies said allegations are true.

4. With respect to paragraph 1, Defendant Winzler & Kelly admits only that the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs. Defendant Winzler & Kelly lacks sufficient information and belief to formulate a response to the allegation that jurisdiction exists due to complete diversity between the Plaintiff and Defendants and, basing its denial thereon, denies generally and specifically each and every allegation pertaining to diversity of citizenship. Defendant Winzler & Kelly denies generally and specifically that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

5. In response to paragraph 2, Defendant Winzler & Kelly admits only that venue is proper in this judicial district but Defendant denies generally and specifically each and every other allegation contained in said paragraph.

6. In response to paragraph 7, Defendant admits only that the Port Authority of Guam (hereinafter "Port") is a public corporation and autonomous instrumentality of the Government of Guam which owns and operates the Commercial Port. Defendant also admits that in August, 1993, Guam suffered a severe earthquake. Defendant lacks sufficient information and belief to formulate a response to the balance of the allegations contained in paragraph 7 and, basing its denial thereon, denies generally and specifically each and every other allegation.

7. In response to paragraph 8, Defendant admits only that Port employed EMPSCO as its engineering consultant to provide engineering consulting services in connection with the

repair work of the Foxtrot pier and dolphins. Defendant further admits that EMPSCO provided a design and specifications for the repair work. Defendant further admits Black Construction Corporation (hereinafter "Black") retained Winzler & Kelly to prepare a proposal for an alternate design for the repair. Defendant admits that Black's bid exceeded the Port's budget for the repairs and that Black submitted a price proposal to the Port to perform the repairs in accordance with Winzler & Kelly's proposal and that the proposal was accepted by the Port. Defendant admits that Exhibit "A" attached to the First Amended Complaint is part of the contract for the project. Defendant denies generally and specifically each and every other allegation contained in paragraph 8.

8. With respect to paragraph 9, Defendant admits only that EMPSCO reviewed the Winzler & Kelly proposal and approved it. Defendant denies generally and specifically every other allegation in paragraph 9.

9. With respect to paragraph 12, Defendant admits that EMPSCO owed a non-delegable duty of professional competence and skill to the Port but denies that Winzler & Kelly owed that same duty to the Port with whom is had no contact.

10. With respect to paragraph 15, Defendant admits that Guam suffered an earthquake on or about October 13, 2001. Defendant denies generally and specifically all other allegations contained in paragraph 15.

11. With respect to paragraph 16, Defendant admits that the Port submitted a claim to Plaintiff. Defendant lacks sufficient information and belief to formulate a response to the remaining allegations in said paragraph, and basing its denial thereon, denies them generally and specifically.

12. In response to paragraph 17, Defendant admits only that someone caused an investigation of the losses to be made after receiving the Port's claim for damages allegedly

resulting from the 2001 earthquake. Defendant lacks sufficient information and belief to formulate a response to the allegations pertaining to what the investigation disclosed and, basing its denial thereon, denies generally and specifically each and every other allegation pertaining thereto. Defendant denies generally and specifically each and every other allegation contained in said paragraph.

13. With respect to paragraph 33, Defendant denies that the contract between the Port Authority of Guam and Black is a maritime contract within the meaning of Rule 9(h). Defendant is without sufficient information or belief to admit or deny the remaining allegations in said paragraph and on that basis denies said allegations are true.

14. With respect to paragraphs 18, 20, 22, 24, 26, 29, 32, 34 and 36 of the First Amended Complaint, Defendant Winzler & Kelly realleges and incorporates herein its response to all paragraphs which were realleged by Plaintiff in said paragraphs.

15. In the event there is any allegation in the First Amended Complaint which this answering Defendant failed to address above, then all such allegations are denied.

## AFFIRMATIVE DEFENSES

1. Each cause of action fails to state a claim upon which relief may be granted.

2. There is no diversity of citizenship in this action inasmuch as an indispensible party, the Port Authority, is a citizen of Guam as is Black Construction Corporation.

3. This Court lacks subject matter jurisdiction over the claims asserted against defendant Winzler & Kelly in the First Amended Complaint.

4. This action is barred in whole in part by the applicable statute of limitations, statue of repose, or other limitation on the bringing of suits.

5. The plaintiff has failed to exhaust his administrative remedies.

6. Plaintiff lacks standing to assert any of the claims alleged in this First Amended Complaint against defendant Winzler & Kelly.

7. The Court lacks subject matter jurisdiction of the admiralty and maritime claim as plead in the First Amended Complaint.

8. The Court lacks supplemental jurisdiction of the breach of warranty and breach of contract claims.

9. The claims in the First Amended Complaint may be barred in whole or in part by res judicata, accord and satisfaction, release and discharge, estoppel, failure to exhaust administrative remedies, failure to satisfy conditions precedent, failure of consideration, release, payment, waiver, discharge, the failure to engage in administrative arbitration and laches.

10. Plaintiff is estopped from asserting the allegations contained in the First Amended Complaint, and each and every alleged claim contained therein, by reason of the acts, omissions, and course of conduct of the Guam Port Authority upon which defendant Winzler & Kelly relied to its prejudice and detriment.

11. There was no contract between defendant Winzler & Kelly and the Guam Port Authority so plaintiff has no derivative or subrogation rights that it can assert herein.

12. Plaintiff is barred from asserting each and all of the alleged contract claims contained in the First Amended Complaint or otherwise asserting any other right to relief

against defendant Winzler & Kelly because plaintiff and/or the Guam Port Authority at all times ratified the acts, omissions, and conduct of defendant Winzler & Kelly, if any.

13. Plaintiff has failed to name necessary and/or indispensable parties.

14. This Court lacks subject matter jurisdiction over pendant or supplemental claims of parties who have no federal claims.

15. Plaintiff's First Amended Complaint is barred by the Statute of Frauds.

16. Plaintiff and its predecessor the Guam Port Authority at all relevant times, gave their consent, express or implied, to the alleged acts, omissions and conduct of the defendant Winzler & Kelly.

17. Where there is only a partial subrogation and the subrogor does not join in the action, subrogee is not entitled to bring the action.

18. Plaintiff's First Amended Complaint fails to comply with the Federal Rules of Civil Procedure, Rule 17.

19. The damages alleged in the First Amended Complaint resulted solely and proximately from the negligent and careless conduct of the Port Authority and its agents and representatives and the amount of damages recoverable from Winzler & Kelly, if any, must be reduced in an amount commensurate to the percentage of causal negligence attributable to the Port Authority and its agents and representatives. The fault and comparative negligence of the Port Authority and its agents and representatives is imputable to the plaintiff herein.

20. The claims set forth in this action are barred in their entirety in as much as the fault and comparative negligence of the Port Authority and its agents and representatives was greater

-6-

Case 1:03-cv-00009   Document 26   Filed 01/20/2004   Page 6 of 8

than that, if any, of Winzler & Kelly. The fault and comparative negligence of the Port Authority and its agents and representatives is imputable to the plaintiff herein.

21. The Port Authority was in the best position of all the parties involved herein to have averted the loss which occurred. As such, the plaintiff herein, as subrogee of the Port Authority, must bear the loss in its entirety.

22. Plaintiff's claims are barred for failure to obtain appropriate releases from the Guam Port Authority.

23. Defendant is informed and believes that the named plaintiff is not the real party in interest in connection with the claims being asserted in this action.

24. Plaintiff is estopped, by virtue of the acts and omissions of the Port Authority, from asserting the claims set forth in this action.

25. Plaintiff's claim for negligence is barred by the economic loss doctrine.

## REQUEST FOR RELIEF

**WHEREFOR,** this answering defendant Winzler & Kelly prays that plaintiff take nothing from it by the First Amended Complaint, and that defendant Winzler & Kelly recover from plaintiff attorney fees and costs of this defense, and such other relief as is legal, equitable and appropriate.

//

//

1 | Dated this 20th day of January, 2004.

2 |                               Respectfully submitted,

**BERMAN O'CONNOR MANN & SHKLOV**
Attorneys for Defendant
*WINZLER & KELLY CONSULTING ENGINEERS*

_____
By: Daniel J. Berman

2003-08-040119-PL-Answer-FAComplaint.doc