LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

3ZP2165
Attorney for Defendant Engineering, Management
& Planning Services Corporation

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS, | CIVIL CASE NO. CIV03-00009 |
| Plaintiff, | |
| v. | |
| BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION, | **EMPSCO'S MOTION FOR LEAVE TO FILE AMENDED ANSWER ADDING COUNTERCLAIM FOR ATTORNEY'S FEES** (NO ORAL ARGUMENT REQUESTED) |
| Defendants. | |

Defendant Engineering, Management & Planning Services Corporation (EMPSCO) requests leave of Court to file its amended answer adding a counterclaim for attorney's fees.

**A.   INTRODUCTION**

1.   Plaintiff sued EMPSCO by its Amended Complaint filed on December 23, 2003.

2.   Plaintiff is the insurer to the Port Authority of Guam. In paragraph 16 of the First Amended Complaint, Plaintiff alleges its basis for this lawsuit is that "Plaintiff is subrogated to all the rights and causes of action previously held by the Port Authority."

3. EMPSCO filed its Answer on January 16, 2004, and has been engaged in discovery since that time. EMPSCO wishes to amend its answer to include a counterclaim for an award of attorney's fees incurred in the defense of this suit pursuant to EMPSCO's contract with the Port Authority of Guam, out of which Plaintiff's claim arises.

**B. ARGUMENT**

4. Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. Foman v. Davis, 371 US 178, 182, 83 S. Ct. 227, 230 (1962); see Fed. R. Civ. P. 15(a).

5. The Court should allow the filing of EMPSCO's amended pleading when attorney's fees are recoverable as damages, because the party must specifically plead for them. United Industries, Inc. v. Simon-Hartley, Ltd., 91 F.3rd 762, 766 n.7 (5th Cir. 1996); Security-First National Bank v. Lutz, 322 F.2d 348, 352 (9th Cir. 1963). If a request for attorney's fees is not contained in the original pleadings, a court may permit the party to add the request by amendment. Crosby v. Old Republic Insurance Company, 978 F.2d 210, 211 n.1 (5th Cir. 1992). Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

6. The Plaintiff will not be prejudiced by EMPSCO's amended pleadings because the counterclaim arises out of the same contract upon which Plaintiff's claims against EMPSCO are based.

7. EMPSCO's proposed amended answer and counterclaim is attached hereto as Exhibit A.

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CIV03-00009
EMPSCO'S MOTION FOR LEAVE TO FILE AMENDED ANSWER ADDING COUNTERCLAIM FOR ATTORNEY'S FEES (NO ORAL ARGUMENT REQUESTED)
**Page 2 of 3**

Case 1:03-cv-00009   Document 54   Filed 10/06/2004   Page 2 of 9

## C. CONCLUSION

8. For the above stated reasons, EMPSCO asks this Court to grant leave to file the attached amended pleading.

Dated this 5th day of October, 2004.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant EMPSCO

S.J. Gargrave Syndicate At Lloyds v. Black Construction
Corporation, et. al., CIV03-00009
EMPSCO'S MOTION FOR LEAVE TO FILE AMENDED ANSWER ADDING
COUNTERCLAIM FOR ATTORNEY'S FEES (NO ORAL ARGUMENT REQUESTED)

Page 3 of 3

Case 1:03-cv-00009   Document 54   Filed 10/06/2004   Page 3 of 9

LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

3ZP2163
Attorney *for* Defendant Engineering, Management
& Planning Services Corporation

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>v.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CIV03-00009<br><br><br><br><br>**AMENDED ANSWER AND COUNTERCLAIM OF ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION TO FIRST AMENDED COMPLAINT** |

Defendant Engineering, Management & Planning Services Corporation ("EMPSCO") admits and denies the numbered allegations of the First Amended Complaint as follows:

1. Admits.
2. Admits venue is proper in this judicial district and that the property damage complained of was suffered here, but denies the remaining allegations.
3. Admits.
4. Admits.
5. Admits.
6. Admits.

7. EMPSCO is unsure about what Plaintiff means by the use of the word "severe" in the last sentence of this allegation, and therefore denies the same. EMPSCO otherwise admits the remaining allegations.

8. Denies the inference that the revised design by Winzler addressed all of the repair work addressed by EMPSCO in its original design, but otherwise admits the remaining allegations.

9. Denies.

10. Admits.

11. Admits.

12. EMPSCO is unsure of what Plaintiff means in this allegation, which is overly broad and ambiguous, and therefore denies same.

13. Denies for lack of knowledge.

14. Admits the project was completed in 1997, but denies that EMPSCO "represented and warranted to the Port Authority that the work was adequate, had been properly performed, and was appropriate and strong enough for an earthquake-prone and typhoon-prone location such as Guam."

15. Admits the first sentence, but denies the remaining allegations for lack of knowledge.

16. Denies for lack of knowledge.

17. Denies the first two sentences for lack of knowledge, and denies the remaining allegations.

18. EMPSCO incorporates herein by this reference, as though fully set forth herein, its answers in paragraphs 1 through 17, inclusive.

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CIV03-00009
AMENDED ANSWER AND COUNTERCLAIM OF ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION TO FIRST AMENDED COMPLAINT

**Page 2 of 5**

Case 1:03-cv-00009    Document 54    Filed 10/06/2004    Page 6 of 9

19. Denies for lack of knowledge.

20. EMPSCO incorporates herein by reference, as though fully set forth herein, its answers in paragraphs 1 through 19, inclusive.

21. Denies for lack of knowledge.

22. EMPSCO hereby incorporates herein by this reference, as though fully set forth herein, its answers in paragraphs 1 through 21, inclusive.

23. Denies.

24. EMPSCO incorporates herein by this reference, as though fully set forth herein, its answers in paragraphs 1 through 23, inclusive.

25. Denies for lack of knowledge.

26. EMPSCO incorporates herein by this reference, as though fully set forth herein, its answers in paragraphs 1 through 25, inclusive.

27. Denies for lack of knowledge.

28. Denies for lack of knowledge.

29. EMPSCO incorporates herein by this reference, as though fully set forth herein, its answers in paragraphs 1 through 28, inclusive.

30. Denies.

31. Denies.

32. EMPSCO incorporates herein by this reference, as though fully set forth herein, its answers in paragraphs 1 through 31, inclusive.

33. Denies for lack of knowledge.

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CIV03-00009
AMENDED ANSWER AND COUNTERCLAIM OF ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION TO FIRST AMENDED COMPLAINT

**Page 3 of 5**

Case 1:03-cv-00009   Document 54   Filed 10/06/2004   Page 7 of 9

34. EMPSCO incorporates herein by this reference, as though fully set forth herein, its answers in paragraphs 1 through 33, inclusive.

35. EMPSCO is unaware of what "information and belief" is possessed by the Plaintiff with regard to this allegation and therefore denies same. EMPSCO otherwise denies each and every allegation in paragraph 35.

36. EMPSCO incorporates herein by this reference, as though fully set forth herein, its answers in paragraphs 1 through 35, inclusive.

37. Denies for lack of knowledge.

## AFFIRMATIVE DEFENSES

By way of further answer to the First Amended Complaint, EMPSCO raises the following affirmative defenses.

1. Plaintiff has failed to state a cause of action against EMPSCO upon which relief can be granted.

2. Statute of limitations.

3. Laches.

4. Waiver.

5. Estoppel.

## COUNTERCLAIM

By way of counterclaim against Plaintiff, Defendant EMPSCO alleges:

1. Plaintiff's claims against EMPSCO are based on subrogation to the rights of the Port Authority of Guam ("PAG") arising out of a written contract between EMPSCO and the PAG.

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CIV03-00009
AMENDED ANSWER AND COUNTERCLAIM OF ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION TO FIRST AMENDED COMPLAINT

**Page 4 of 5**

Case 1:03-cv-00009   Document 54   Filed 10/06/2004   Page 8 of 9

2. Article 12 of the contract between the Port Authority of Guam and EMPSCO provides as follows:

> 12. <u>ATTORNEY'S FEES</u>.
>
> If any legal action, suit or other proceedings is brought for the enforcement of this Agreement or because of any alleged dispute, breach or default in connection with any of the provisions of this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorney's fees and court cost incurred in the action, suit or proceeding, in addition to any other remedy or relief to which it may be entitled.

3. EMPSCO has and will continue to incur attorney's fees in defense of this action for which Plaintiff is liable.

WHEREFORE, EMPSCO prays that Plaintiff's complaint be dismissed with prejudice, Plaintiff recovering nothing thereby, and for this Court to award EMPSCO its attorney's fees on its counterclaim, costs of suit, and whatever further relief this Court deems just.

Dated this 5th day of October, 2004.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant EMPSCO

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CIV03-00009
AMENDED ANSWER AND COUNTERCLAIM OF ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION TO FIRST AMENDED COMPLAINT

**Page 5 of 5**

Case 1:03-cv-00009   Document 54   Filed 10/06/2004   Page 9 of 9