BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
SETH FORMAN
ROBERT J. O'CONNOR
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone: (671) 477-2778
Facsimile: (671) 499-4366

Attorneys for Defendant
Winzler & Kelly Consulting Engineers

FILED
DISTRICT COURT OF GUAM
NOV 24 2004
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>v.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO.: CIV03-00009<br><br>DEFENDANT WINZLER & KELLY CONSULTING ENGINEERS' OBJECTIONS TO FACTUAL ASSERTIONS MADE IN PLAINTIFF'S OPPOSITION BRIEFS WHICH ARE UNSUPPORTED BY ANY EVIDENCE; MOTION TO STRIKE; CERTIFICATE OF SERVICE<br><br>Date: December 3, 2004<br>Time: 9:00 a.m.<br>Judge: Hon. A. Wallace Tashima<br>Senior Circuit Judge |

## INTRODUCTION

Plaintiff's counsel has set forth certain "Background Facts" in each of his opposition briefs which are nowhere supported by any evidence, and not coincidentally: totally untrue.

Defendant Winzler & Kelly Consulting Engineers ("Winzler & Kelly") hereby moves that the Court strike from those briefs the following unsubstantiated "Background Facts" and prohibit plaintiff's counsel from arguing them:

-1-

- That Black Construction Corporation ("Black") entered into a contract with Winzler & Kelly to study and assess damages to F-1, to perform structural and other engineering calculations, and to prepare plans and specifications to put the work out to bid;

- That Winzler & Kelly supervised Black's repair work; and

- That Winzler & Kelly made representations to the Port at the conclusion of the repairs, concerning the adequacy of those repairs.

### 1. Winzler & Kelly "Contract" With Black Construction Corporation

In plaintiff's briefs in opposition to Winzler & Kelly's three motions, plaintiff's counsel essentially made up the following background facts (Italicized portion) –

> "III BACKGROUND FACTS
>
> "In August of 1993, the island of Guam suffered a severe earthquake, estimated to be a magnitude of 8.1. The earthquake did significant damage to a number of the piers, docks, dolphins and other facilities and property owned and operated by the Port. Shortly thereafter, ***defendant Black Construction entered into a contract with Winzler for design service and to advise it concerning repairing the damage which the earthquake had caused. This work included studying and assessing the damage, preparing initial drawings for repairing it, performing structural and other engineering calculations, and preparing plans and specifications to put the work out to public bid. Black entered into this contract with Winzler, not the Port.***"

As the report of Elliott Boone, attached to Forrest Booth's declaration, makes plain, Winzler & Kelly only prepared one Drawing Sheet VE-1 containing an alternate design proposal for the pile to deck connections on the dolphins at F-1 pier. There was no contract with Winzler & Kelly for it to advise Black concerning repairing the damage which the earthquake caused and to study and assess the damage, perform structural and other engineering calculations or to prepare plans and specifications to put the work out to bid.

If there were such a contract plaintiff should have attached it as an exhibit as the Rules of Evidence and Civil Procedure Rule 56 requires.

This "creation" of evidence out of thin air for insertion into the "Background Facts" portion of multiple opposition briefs, without any support or foundation, is troubling. It appears to be an attempt to create a false impression concerning the extent of involvement of Winzler & Kelly in this project.

### 2. Repair Work Supervised by Winzler & Kelly

Plaintiff's Opposition briefs contain this additional unsupported assertion –

"The [Black] repair work was performed under Winzler's general supervision."

Where is the plaintiff's evidence that Winzler & Kelly supervised Black's repair work? There is none – not one declaration, not one deposition excerpt, not one letter, contract, memo… nothing.

Winzler & Kelly did not supervise Black's repair work, that's why plaintiff has no evidence to support its "Background Facts" claiming that it did. That statement, and any other statements in plaintiff's opposition briefs that Black's repair work was "supervised" by Winzler & Kelly should be stricken.

### 3. Winzler & Kelly's Representation

Plaintiff's "Background Facts" go on to say –

"The work was completed in 1997 and upon completion, both defendants represented and warranted to the Port that the work was adequate, had been

-3-

properly performed, and was strong enough for an earthquake-prone and typhoon-prone location such as Guam."

Once again, there is no evidentiary support offered for this "Background Fact".

**LEGAL ARGUMENT**

The "Background Facts" portion of plaintiff's various opposition briefs which are unsupported by any sworn declaration or other admissible evidence should be stricken. See, Federal Rules of Evidence, Rule 602, (lack of personal knowledge): Rule 603 (before testifying every witness shall be required to declare he will testify truthfully); Rule 801 (hearsay); Rule 602 (a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter).

Legal memoranda and oral argument are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion. *Jersey Cent. Power & Light Co. v. Lacey*, (3rd Cir. 1985) 772 F.2d 103, cert den 89 L.Ed.2d 305, 106 S.Ct. 1190. Assertions made in unsworn "Additional Factual Statement" contained in memorandum of law opposing defendant's motion for summary judgment cannot properly be considered by court in deciding the motion. *Givens v. Prudential-Grace Lines, Inc.*, (E.D.Pa. 1976) 413 F.Supp. 1002 (citing 6 Moore's Federal Practice Par. 56.11).

**CONCLUSION**

Those "Background Facts" found only in plaintiff's opposition briefs and unsupported by any evidence should be stricken from the briefs and plaintiff's counsel ought to be advised not to refer to them in his oral arguments opposing the Winzler & Kelly motions.

Specifically any reference to Winzler & Kelly's supervising Black's repair work, to Winzler & Kelly making representations to the Port about the repair work and any reference to

-4-

Winzler & Kelly having a contract with Black to study and assess damages, perform structural and other engineering calculations, and to prepare plans and specifications to put the work out to bid, should be stricken.

Dated this ___ day of November, 2004.

Respectfully submitted,

BERMAN O'CONNOR MANN & SHKLOV
Attorneys for Defendant
Winzler & Kelly Consulting Engineers

By: _____
SETH FORMAN

# DECLARATION OF SERVICE

I, _____, hereby declare under penalty of perjury of the laws of the Unites States, that on the ____ day of November, 2004, I caused to be served, via _____ transmission, a true and correct copy of **DEFENDANT WINZLER & KELLY CONSULTING ENGINEERS' OBJECTIONS TO FACTUAL ASSERTIONS MADE IN PLAINTIFF'S OPPOSITION BRIEFS WHICH ARE UNSUPPORTED BY ANY EVIDENCE; MOTION TO STRIKE; DECLARATION OF SERVICE** upon Plaintiff and Defendants Counsel of record as follows:

    David Ledger, Esq.
    Carlsmith Ball LLP
    134 West Soledad Avenue
    Bank of Hawaii Building, Suite 401
    P.O. Box BF
    Hagåtña, Guam 96932-5027
    Telefax: (671) 477-4375

    Attorneys for Plaintiff S.J. Gargrave Syndicate at Lloyds

    Thomas C. Sterling, Esq.
    Klemm, Blair, Sterling & Johnson
    Suite 1008, Pacific News Building
    238 Archbishop F.C. Flores Street
    Hagåtña, Guam 96910
    Telefax: (671) 472-4290

    Attorneys for Defendant Black Construction Company

    Thomas M. Tarpley, Esq.
    Law Office of Thomas M. Tarpley, Jr.
    2nd Floor, American Life Building
    137 Murray Boulevard
    Hagåtña, Guam 96910
    Telefax: (671) 472-4526

    Attorneys for Defendant
        Engineering, Management & Planning Services Corporation

Dated this ____ day of November, 2004.

_____

2003-08-041122-PL-OBJ-FactualAssertions.doc

-6-

Case 1:03-cv-00009   Document 113   Filed 11/24/2004   Page 6 of 6