LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

3ZP3017
Attorney *for* Defendant Engineering, Management
& Planning Services Corporation

FILED
DISTRICT COURT OF GUAM
NOV 26 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>v.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CIV03-00009<br><br>**EMPSCO'S REPLY BRIEF IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT AND FOR JUDGMENT ON THE PLEADINGS** |

EMPSCO submits this reply to Plaintiff's Memorandum in Opposition to EMPSCO's Motion for Summary Judgment and Motion for Judgment on the Pleadings.

**1. PLAINTIFF IS NOT ENTITLED TO A CONTINUANCE**

Plaintiff's counsel acknowledges his concern in his concluding paragraph of its opposition papers that Plaintiff "does not yet have sufficient facts to properly oppose [EMPSCO's] motion." EMPSCO agrees. The threshold issue therefore becomes whether Plaintiff is entitled to a continuance pursuant to Rule 56(f) Fed. R. Civ. P. or Local Rule 7.1 to avoid having this Court

rule on the motions at the present time. This Court should deny the continuance for the following reasons:

    (A) <u>Plaintiff's opposition papers were not timely served and filed</u>.

Because there is a scheduled hearing date of December 3, under the Local Rules of the District Court of Guam Plaintiff's opposition papers were required to be <u>served and filed</u> no later than Friday, November 19, 2004 (Guam time). *Local Rule 7.1(d)(1)(A)*. Plaintiff never properly served its opposition papers on EMPSCO, but only faxed its opposition to EMPSCO's attorney on Saturday afternoon, November 20. Moreover, service by fax is not authorized under the local rules without an agreement in writing. See *EMPSCO'S Objection and Motion to Strike Plaintiff's Opposition Papers (filed contemporaneously herewith)*. Under the local rule, Plaintiff's tardy opposition "will not be considered" by the Court. *Local Rule 7.1(f)*.

    (B) <u>Plaintiff's Rule 56(f) affidavit is legally insufficient to warrant a continuance</u>.

On November 19, 2004 Judge Tashima by written order overruled Plaintiff's objections to the December 3 hearing date on the grounds that "[t]here is no reason that the hearing date should be postponed on the basis the Plaintiff alleges." *Judge Tashima's Order dated November 19, 2004*. Judge Tashima went on to state: "The Plaintiff may file a Federal Rules of Civil Procedure Rule 56(f) Affidavit to oppose the summary judgment motion if deemed appropriate. Otherwise, on December 3, 2004, at 9:00 a.m. the Court will hear [EMPSCO's motion]." *Ibid.*

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CIV03-00009
EMPSCO's REPLY BRIEF IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT AND FOR JUDGMENT ON THE PLEADINGS

**Page 2 of 8**

Case 1:03-cv-00009   Document 117   Filed 11/26/2004   Page 2 of 8

Plaintiff thereupon filed the Declaration of Forrest Booth, which incidentally contains a number of inaccuracies regarding the scheduling of depositions and the December 3 hearing date, as will be discussed below. However Mr. Booth's declaration contains no specifics as to how these depositions would rebut the material facts outlined in EMPSCO's Motion for Summary Judgment. Plaintiff makes only conclusory and speculative statements concerning these so-called "crucial" witnesses:

> Plaintiff expects these individuals to provide key testimony about Black's activities and role in the project, Defendant ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION (hereinafter "EMPSCO")'s involvement in the project (since these witnesses needed to work closely with EMPSCO and its employees throughout the project on design and construction issues), an implementation of the repair design by Defendant WINZLER & KELLY CONSULTING ENGINEERS (hereinafter "WINZLER").

*Booth Declaration ¶ 5.*

These employees are Perfecto Jose and Rod Bismonte, who were employees of Black Construction Corporation. Plaintiff has had ample opportunity to take the depositions of these individuals but failed to do so. *See Declaration of Thomas C. Sterling.* Mr. Booth also identifies four depositions for which he has not received transcripts. However Mr. Booth fails to specify how these depositions would in any way assist Plaintiff in opposing EMPSCO's motions.

In order to be entitled to a continuance based on Rule 56(f), Mr. Booth should describe the "particular facts" he expects to find through discovery. See Jarrow Formulas, Inc. v.

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CIV03-00009
EMPSCO's REPLY BRIEF IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT AND FOR JUDGMENT ON THE PLEADINGS

**Page 3 of 8**

Case 1:03-cv-00009    Document 117    Filed 11/26/2004    Page 3 of 8

Nutrition Now, Inc., 304 F.3rd 829, 842 (9th Cir. 2002). If the nonmovant does not file a timely affidavit and merely refers to ongoing discovery, the motion will not satisfy the requirements of Rule 56(f). Pasternak v. Lear Pet. Expl., Inc., 790 F.2d 828, 832-33 (10th Cir. 1996); see California v. Campbell, 138 F.3rd 772, 779-80 (9th Cir. 1998) (denial of continuance is proper when affidavit did not lay out "specific facts" of what the opposing party expected to find but only pure speculation).

Conclusory allegations unsupported by factual data will not create a triable issue of fact. Carpenter v. Federal National Mortgage Association, 174 F.3rd 231, 237 (D.C. Cir. 1999).

Mr. Booth's Rule 56(f) Declaration does not meet these standards.

(C) The parties complied with Local Rule 7.1 to schedule the hearings for December 3, 2004.

Plaintiff makes repeated representations that the December 3 hearing date was scheduled "with full knowledge that Plaintiff had not agreed to the hearing date, and with full knowledge that Plaintiff would not agree to any particular hearing date (as required by Local Rules) unless and until necessary discovery had been taken". This is incorrect.

Local Rule 7.1(e)(2) only requires the "requesting party" to contact the parties and work out an agreement on a hearing date. In this instance the requesting party was Black Construction Company who initiated the conversations regarding the December 3 hearing date. *See Declaration Thomas C. Sterling on*

S.J. Gargrave Syndicate At Lloyds v. Black Construction
Corporation, et. al., CIV03-00009
EMPSCO's REPLY BRIEF IN SUPPORT OF ITS MOTIONS FOR SUMMARY
JUDGMENT AND FOR JUDGMENT ON THE PLEADINGS

**Page 4 of 8**

Case 1:03-cv-00009    Document 117    Filed 11/26/2004    Page 4 of 8

*file herein*. The Agreement of Hearing Date filed by Mr. Sterling, circulated among the parties and filed on October 28, 2004, clearly stated that the December 3 dated applied to motions filed by all or any of the parties. No objection was heard from Plaintiff until after all Defendants had filed their motions. *Tarpley Second Declaration*.

2. **PLAINTIFF'S ARGUMENTS SUBMITTED IN OPPOSITION TO EMPSCO'S MOTIONS LACK MERIT.**

 (A) <u>Plaintiff's proof of negligence is lacking</u>.

  The main thrust of EMPSCO's summary judgment motion is that Plaintiff cannot sustain its claims of negligence, which require expert testimony. Plaintiff did not designate any such expert within the time agreed among the parties. Plaintiff's original deadline to designate its expert witnesses was extended by stipulation and order to May 14, 2004, the deadline for the "Disclosure of the Plaintiffs' expert and expert testimony as required under Federal Rule of Civil Procedure Rule 26(a)(2)". *STIPULATION AND ORDER TO AMEND SCHEDULING ORDER AND DISCOVERY PLAN filed March 15, 2004.* [1]/ As discussed in EMPSCO's moving papers, Plaintiff did not designate any expert opinion that EMPSCO was negligent in any way, and Plaintiff certainly has not designated any expert witness to support its claim that EMPSCO breached its standard of care by simply approving "in concept" the VE-1 alternative design by Winzler & Kelly, who stamped and signed and thereby took professional responsibility for the design.

---

[1]/ The subsequent Stipulation and Order of August 19, 2004 did not change Plaintiff's expert disclosure date of May 14, 2004.

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CIV03-00009
EMPSCO's REPLY BRIEF IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT AND FOR JUDGMENT ON THE PLEADINGS

**Page 5 of 8**

Case 1:03-cv-00009   Document 117   Filed 11/26/2004   Page 5 of 8

Plaintiff has offered no refutation to the fact that EMPSCO performed only a "compliance submittal review", not a technical review. Nor is there any showing that EMPSCO was asked, paid, or contractually obligated to perform a technical review of the Winzler & Kelly design.

Since there is an inadequate showing that EMPSCO's compliance submittal review was negligent, these allegations should be dismissed as a matter of law.

Plaintiff also fails to rebut the uncontested evidence that EMPSCO performed no construction management supervision over Black, nor was EMPSCO paid to do so, nor was EMPSCO contractually obligated to do so except by reference to a contract clause conceded by the Port and EMPSCO to have been included by mutual mistake and oversight. Although Plaintiff's counsel labels Simeon Delos Santos as a mere "employee" of the Port Authority of Guam, Mr. Delos Santos was actually the "Supervisory Engineer" of PAG who negotiated EMPSCO's contract on behalf of PAG, and who was a percipient witness thereto. *See Delos Santos testimony, attached as Exhibit 2 to the Tarpley Declaration filed in support of EMPSCO's Motion for Summary Judgment.* As such, Mr. Delos Santos' statements are deemed to be admissions of PAG under FRE 801(d)(2). Moreover, Plaintiff has failed to rebut the fact that the Construction Manager on the project was N.C. Macario & Associates, not EMPSCO. There is no evidence that EMPSCO actually performed any construction management supervision over Black. EMPSCO's contract clearly states that all its work *under that contract* would be completed by

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CIV03-00009
EMPSCO's REPLY BRIEF IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT AND FOR JUDGMENT ON THE PLEADINGS

**Page 6 of 8**

Case 1:03-cv-00009    Document 117    Filed 11/26/2004    Page 6 of 8

March 8, 1996, before Black began its work on the project. There is simply no evidence submitted by Plaintiff to back up the assertion on page 10 of its opposition memorandum that "[i]t is undisputed that EMPSCO selected Black as the contractor for the job" or that EMPSCO "hired" Black. Black was hired by PAG pursuant to procurement bidding procedures.

Plaintiff also refers to the fact that EMPSCO "was paid for a full 40 hours of 'structural engineering work' in connection with the repairs" *(PLAINTIFF'S MEM. P.11)*; however Plaintiff fails to refute EMPSCO's assertion that such work was performed in the pre-construction phase, and before the Winzler & Kelly redesign. *Arce Declaration*. EMPSCO was only responsible for its own design, not subsequent designs by others.

(B) <u>The opinion of EMPSCO's designated expert, Albert Tsutsui, is competent testimony</u>.

Although EMPSCO is not required to rebut Plaintiff's lack of evidence regarding EMPSCO's negligence, in further support of its Motion for Summary Judgment EMPSCO filed the opinion of an architect that EMPSCO's compliance submittal reviews (performed as an accommodation to PAG) fell within the standard of care of the design industry. Plaintiff objected to this declaration as being incompetent expert opinion and has moved to strike Mr. Tsutsui's declaration. For the reasons submitted in EMPSCO's opposition to that motion, Mr. Tsutsui's opinions are competent evidence which would be admissible if he were to testify at trial. EMPSCO will not repeat those arguments here, but incorporates them by this reference.

S.J. Gargrave Syndicate At Lloyds v. Black Construction
Corporation, et. al., CIV03-00009
EMPSCO's REPLY BRIEF IN SUPPORT OF ITS MOTIONS FOR SUMMARY
JUDGMENT AND FOR JUDGMENT ON THE PLEADINGS

**Page 7 of 8**

Case 1:03-cv-00009   Document 117   Filed 11/26/2004   Page 7 of 8

(C) <u>Plaintiff has failed to sufficiently address EMPSCO's Motion for Judgment on the Pleadings as to Plaintiff's Eighth Cause of Action</u>.

Plaintiff's opposition to EMPSCO's Motion for Judgment on the Pleadings simply incorporated the arguments Plaintiff made in opposition to Winzler & Kelly's motion for judgment on the pleadings regarding the Ninth Cause of Action. However, Plaintiff failed to address the authorities cited by EMPSCO showing that the majority of jurisdictions have found generally that doctrines of implied warranty do not apply to professional services, such as architects and engineers, who deal with inexact sciences that must depend upon judgment governed by a reasonable standard of care. Plaintiff only cites to the <u>Fairmont Shipping</u> and <u>Ryan</u> cases, which make reference to contractor services, not the professional judgment and services performed by an architect or engineer. Accordingly, these cases are inapplicable to the case at hand.

## CONCLUSION

EMPSCO agrees with Plaintiff's concern that Plaintiff "does not yet have sufficient facts to properly oppose [EMPSCO's] motions", which should therefore be granted.

Respectfully submitted this 26th day of November, 2004.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant EMPSCO

S.J. Gargrave Syndicate At Lloyds v. Black Construction
Corporation, et. al., CIV03-00009
EMPSCO's REPLY BRIEF IN SUPPORT OF ITS MOTIONS FOR SUMMARY
JUDGMENT AND FOR JUDGMENT ON THE PLEADINGS

**Page 8 of 8**

Case 1:03-cv-00009   Document 117   Filed 11/26/2004   Page 8 of 8