LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

3ZP3018
Attorney *for* Defendant Engineering, Management
& Planning Services Corporation

FILED
DISTRICT COURT OF GUAM
NOV 26 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS, <br><br> Plaintiff, <br><br> v. <br><br> BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION, <br><br> Defendants. | CIVIL CASE NO. CIV03-00009 <br><br> **EMPSCO'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF ALBERT H. TSUTSUI, A.I.A.** |

Without citing any backup legal authority, Plaintiff argues that because EMPSCO's expert is an architect, rather than an engineer, "Mr. Tsutsui has no basis to form a professional, expert opinion on 'the standard of reasonable engineering practices', except perhaps as a bystander." *Plaintiff's Motion to Strike, p.2.* Because Mr. Tsutsui's opinions are competent and admissible evidence concerning the subject matter of those opinions, Plaintiff's motion should be denied.

As a general rule, the courts do not require an expert to have the same expertise and background as the Defendant in establishing

the appropriate standard of care. E.g., <u>Perlmutter v. Flickinger</u>, 520 P.2d 596 (Colo. 1974) (contractor and chemical engineer allowed to provide expert testimony against an architect for negligent design of skylights); <u>National Cash Register v. Haak</u>, 335 A.2d 407 (Pa. 1975) (geologist and hydrologist permitted to testify concerning architect's design of water disposable system), referencing <u>Abbott v. Steel City Piping Co.</u>, 263 A.2d 881 (Pa. 412) (witness with extensive experience in masonry competent to testify as to how a certain wall should be built despite lack of formal engineering degree); <u>Willner v. Woodward</u>, 109 S.E.2d 132 (Va. 1959) (heating engineer competent to testify against architect regarding a heating and air conditioning duct); <u>Cuttino v. Mimms.</u>, 105 S.E.2d 343 (Ga. 1958) (engineer and contractor both competent to testify against architect in case based on faulty construction); <u>Covil v. Robert & Co. Associates</u>, 144 S.E.2d 450 (Ga. 1965) (engineer competent to testify against architect who had drawn plans for waterworks where issue was whether a certain pipe joint was properly secured). With respect to admissibility alone, the courts are primarily interested in whether the expert is competent to testify regarding the problem at hand and whether such an opinion will be an aid to the court or jury in resolving the issue. <u>Perlmutter</u>, <u>supra</u>.

In the instant case, as in <u>Haak</u>, <u>supra</u>, the subject matter in controversy is not within the exclusive realm of one profession.

Here the main issues are:

1. The significance of Winzler & Kelly signing and stamping its own VE-1 design.

S.J. Gargrave Syndicate At Lloyds v. Black Construction
Corporation, et. al., CIV03-00009
EMPSCO'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
THE DECLARATION OF ALBERT H. TSUTSUI, A.I.A.

Page 2 of 4

Case 1:03-cv-00009   Document 118   Filed 11/26/2004   Page 2 of 4

2. Whether under the standards of the design industry EMPSCO's "compliance submittal review", as opposed to a technical review, of Winzler & Kelly's design was negligence.

These are questions regarding the professional design industry that are beyond the understanding of common layman to answer, and thus the trier of fact must be aided by expert testimony. The field of expertise on these issues is shared by professional engineers and architects alike.

For example, under Guam law the definition of "practice of engineering" and the "practice of architecture" with regard to the design and inspection of various construction activities are virtually the same. Engineering includes the "design of engineering works and systems...and the inspection of construction for the purpose of assuring compliance with drawings and specifications" and any such work "which embraces such service or work either public or private, in connection with any utilities, structures, buildings...or projects and including such architecture work as is incidental to the practice of engineering". *22 GCA §32103(a)(4).*

Similarly, architecture includes the "planning, design and supervision of construction for the purpose of assuring compliance with specifications and design in connection with any building...and engineering incidental to the performance of any architectural service." *22 GCA §32103(b)(2).*

Also, the responsibilities attendant to the placing of seals and signatures on designs are mandated by the same statute, whether

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CIV03-00009
EMPSCO'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF ALBERT H. TSUTSUI, A.I.A.

Page 3 of 4

Case 1:03-cv-00009    Document 118    Filed 11/26/2004    Page 3 of 4

placed by a professional engineer or architect. *See 22 GCA §32116(d)(1), (2), and (3)* which requires the seal and signature to be placed on all original documents to constitute certification that the work is done by either the engineer or architect "responsible for each sheet". Indeed, architects and engineers are governed by the same governmental authority, The Professional Engineers, Architects and Land Surveyors law (PEALS), *Chapter 32, Title 22 Guam Code Annotated.*

Because Albert H. Tsutsui is not testifying on matters outside the scope of his profession, but on matters which overlap the responsibilities of certain aspects of the practice of engineering regarding professional seals and the limited review of the design of another professional designer, Mr. Tsutsui's opinions are competent and would aid the trier of fact on these matters.

Accordingly, Plaintiff's Motion to Strike the Declaration of Albert Tsutsui should be denied.

Dated this 26th day of November, 2004.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant EMPSCO

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CIV03-00009
EMPSCO'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF ALBERT H. TSUTSUI, A.I.A.

Page 4 of 4

Case 1:03-cv-00009   Document 118   Filed 11/26/2004   Page 4 of 4