LAW OFFICES
# TARPLEY & MORONI, LLP
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

3ZP3019
Attorney for Defendant Engineering, Management
& Planning Services Corporation



FILED
DISTRICT COURT OF GUAM
NOV 26 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION,<br><br>　　　　Defendants. | CIVIL CASE NO. CIV03-00009<br><br>**EMPSCO'S OBJECTION TO AND MOTION TO STRIKE PLAINTIFF'S OPPOSITION PAPERS** |

EMPSCO hereby objects to this Court's consideration of the opposition papers improperly and untimely filed by Plaintiff in opposition to EMPSCO's motions for summary judgment and for judgment on the pleadings, for the following reasons.

As attested by the Second Declaration of Thomas M. Tarpley, Jr. filed contemporaneously herewith, Plaintiff's opposition papers were never properly or timely served on EMPSCO's attorney as required under the Local Civil Rules of the District Court of Guam or FRCP. EMPSCO's motions were scheduled for hearing on December 3, 2004 by the Court Clerk and subsequently confirmed by order of Judge Tashima. Therefore under Local Rule 7.1(d)(1)(A)

Plaintiff was required to serve upon all parties and file its opposition "not less than fourteen (14) days preceding the noticed date of oral argument," which in this instance was November 19, 2004. *See Second Declaration of Thomas M. Tarpley, Jr.* However Plaintiff did not serve its opposition papers except by facsimile transmission on Saturday afternoon, November 20, 2004.

Local Rule 7.1(f) provides that "[p]apers not timely filed by a party including any memoranda or other papers required to be filed under this rule <u>will not be considered</u>, and such tardiness may be deemed by the Court as consent to the granting or denial of the motion, as the case may be. (Underlining added).

Rule 5(b)(2)(D) Fed R. Civ. P., provides that service may be made by electronic means but only if "consented to in writing by the person served." EMPSCO never consented in writing to such service.

Accordingly, EMPSCO moves to strike Plaintiff's opposition papers for failing to file or serve them in a timely and proper manner as required by the rules.

Dated this 26th day of November, 2004.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant EMPSCO

S.J. Gargrave Syndicate At Lloyds v. Black Construction
Corporation, et. al., CIV03-00009
EMPSCO'S OBJECTION TO AND MOTION TO STRIKE PLAINTIFF'S
OPPOSITION PAPERS

Page 2 of 2

Case 1:03-cv-00009   Document 119   Filed 11/26/2004   Page 2 of 2