

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP FC FLORES STREET
AGANA. GUAM 96910
TELEPHONE 477-7857

By **THOMAS C. STERLING**

Attorneys for    *Defendant Black Construction Corporation*



**FILED**
DISTRICT COURT OF GUAM

NOV 26 2004

MARY L. M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS, | ) CIVIL CASE NO. CV03-00009 |
| Plaintiff, | ) |
| vs. | ) |
| BLACK CONSTRUCTION CORPORATION and WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION, | ) **AFFIDAVIT OF THOMAS C. STERLING IN RESPONSE TO OBJECTION AND IN OPPOSITION TO REQUEST FOR RULE 56(f) CONTINUANCE** |
| Defendants. | ) |

**ISLAND OF GUAM** )
            ) ss:
**CITY OF HAGÅTÑA** )

I, **THOMAS C. STERLING**, being first duly sworn do state that:

1.    I am an attorney duly licensed to practice before this Court and a principal in the firm of Klemm, Blair, Sterling & Johnson, A Professional Corporation, counsel for Black Construction Corporation in the instant matter. I have had primary responsibility for this case in our firm since its inception.

ORIGINAL

2. I have personal knowledge of all matters set forth in this Affidavit and if called to testify as to said matters, I could and would competently do so.

3. Attached hereto as Exhibit "A" are copies of e-mail communications between counsel for the parties between the dates of October 19, 2004 and October 28, 2004 pertaining to the hearing date and efforts to cooperate in completing the deposition of Rod Bismonte during the week of October 25, 2004 as requested by counsel for Gargrave. Although the Court has already overruled the Objection to the hearing date, I, nevertheless, feel it is appropriate to advise the Court as to the basis upon which I believed that all parties were in agreement to setting the motion hearings for December 3, 2004 as indicated in the Agreement Re Hearing Date which I signed. At no time from and including October 19, 2004 through and including November 15, 2004 did either Mr. Booth, Mr. Ledger, Mr. Smith, or Ms. McDonald contact me by telephone, telefax, letter, e-mail, or otherwise, and indicate to me that they had any problem of any type whatsoever with the motions proceeding to a hearing on December 3, 2004. The first notice which I received that there was any problem was when I received the Objection itself which was served on my office on November 16, 2004, 19 days after my motion papers were filed.

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

- 2 -

4. Attached hereto as Exhibit "B" is a Notice of 30(b)(6) deposition of Black Construction which was set by counsel for Gargrave for October 3, 2003. That deposition was continued by agreement until October 17, 2004 and, at that time, Black produced Mr. Carlito Tabilas, Mr. Joselito Gutierrez and Mr. Rod Bismonte at the Carlsmith law offices in Guam for the purpose of giving testimony on behalf of Black as Black's designated representatives.

5. Attached hereto as Exhibit "C" are excerpts of the deposition of Mr. Joselito Gutierrez taken on October 17, 2003 in which I indicated to Mr. Ledger at page 7 that Mr. Bismonte was present, that he was the person most familiar with any supervision, review, oversight, instruction, or advice Winzler & Kelly provided during construction and that Mr. Bismonte was available to testify concerning those matters if Gargrave wanted to know about them. As indicated at page 56 of the transcript, Mr. Ledger indicated at the end of Mr. Gutierrez' testimony that he had "covered all the topics in the Deposition notice". Mr. Ledger chose not to take testimony from Mr. Bismonte at that time.

6. Despite representations in Gargrave's Opposition papers that Perfecto Jose is the Senior Vice President of Black, Mr. Jose was no longer employed by Black as of the date of the

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

- 3 -

Case 1:03-cv-00009    Document 125    Filed 11/26/2004    Page 3 of 26

filing of this action nor has he been employed by Black at any time subsequent thereto. I advised counsel for Gargrave, Mr. Ledger I believe, early on in these proceedings that Mr. Jose was employed by Dick Pacific Construction and to the best of my knowledge and belief, Mr. Jose has continued to be employed by Dick Pacific Construction on Guam throughout the duration of this litigation.

7. Attached hereto as Exhibit "D" is a Notice of Deposition and Subpoena issued by Gargrave directed to Mr. Jose requiring him to appear for a deposition on October 17, 2003. Mr. Jose failed to appear for his deposition at that time. To the best of my information and belief, other than a comment in one of Mr. Smith's recent e-mail attached hereto that he wanted to set up the deposition of Mr. Jose, the Plaintiff has taken no action whatsoever to reschedule Mr. Jose's deposition.

8. To the extent Gargrave claims to need testimony to explore Winzler & Kelly's alleged general supervision of the work, Black's on site Project Manager, Lito Gutierrez, has already testified twice pursuant to 30(b)(6) notices served by Gargrave initially and Winzler & Kelly subsequently. Moreover, Gargrave sent discovery months ago which requested Black to provide the names and addresses of its workers who were involved in the actual epoxy bolt installation. I provided names and

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

- 4 -

Case 1:03-cv-00009    Document 125    Filed 11/26/2004    Page 4 of 26

addresses of the crew, most of whom still work for Black, many months ago but Gargrave has taken no action whatsoever to depose any of these workers.

9.  Rod Bismonte was not Black's "site superintendent" for the dolphin repair project as alleged in Gargrave's opposition papers.  He was the project engineer with only very limited on site involvement.

10.  To the extent there are any non-transcribed depositions, counsel for Gargrave was present for them and was in a position to hear and know precisely what testimony was provided by those witnesses regardless of whether the depositions have yet been transcribed.

Further, affiant sayeth naught.

DATED: NOVEMBER _26_, 2004

THOMAS C. STERLING

**SUBSCRIBED AND SWORN** to before me this _26th_ day of November, 2004, by **THOMAS C. STERLING**.

_(official signature and seal of notary)_

JENNIFER D.S. MENDIOLA
NOTARY PUBLIC
In and For Guam, U.S.A.
My Commission Expires: Jan 05, 2005
1008 Pacific News Building, 238 Archbishop
F.C. Flores St., Hagatna, Guam 96910

ATTACHMENTS: **EXHIBITS "A – "D"**

E62\27946-29
\\PNB1\CABINET\WORD97\OFFICE\WORDDOC\PLD\TCS\200-AFF OF TCS
IN RESPONSE TO OBJECT RE GARGRAVE V BLACK ET AL.DOC

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

- 5 -

# EXHIBIT "A"

**From:** "Thomas C. Sterling" <tcsterling@kbsjlaw.com>
**To:** "Stephen Smith" <scsmith@carlsmith.com>; "David Ledger" <dledger@carlsmith.com>; <fbooth@cozen.com>; <attorneys@saipan.com>
**Cc:** <tarpley@guam.net>
**Sent:** Tuesday, October 19, 2004 9:57 AM
**Subject:** Re: Gargrave Motion Schedule

Steve,

I'm not sure what your deposition plans have to do with scheduling motions (there will undoubtably be further motions in the future) so I'll operate on the assumption that December 3 is acceptable.

Do you have a proposed date for Rod Bismonte so that I can check his availability? I think you sent me one previously but I can't remember what it was.

Thanks,

Tom

P.S. TO ALL: Although the 12/3 hearing date will conflict with our tentative West Coast depositions, I think we need to give priority to the motions and I'm willing to be flexible on West Coast deposition dates. Besides, if Typhoon Nock-Ten hits, I just might move to the West Coast for a few weeks.

---

**From:** "Stephen Smith" <scsmith@carlsmith.com>
**To:** "David Ledger" <dledger@carlsmith.com>; <fbooth@cozen.com>; <tcsterling@kbsjlaw.com>; <attorneys@saipan.com>
**Cc:** <tarpley@guam.net>
**Sent:** Tuesday, October 19, 2004 10:01 AM
**Subject:** Re: Gargrave Motion Schedule

Assuming you all have power after tomorrow, I plan to be in Guam starting on Monday, Oct. 25, but I understood Tom starts a trial that day and won't be available for a couple of weeks. I think Tom is also unavailable on that day, but it might be Bob. If we can do it then, that would be good - otherwise I can figure something else out.

Stephen C. Smith

---

**From:** "Thomas C. Sterling" <tcsterling@kbsjlaw.com>
**To:** "Forrest Booth" <fbooth@cozen.com>; "David Ledger" <dledger@carlsmith.com>; "Stephen Smith" <scsmith@carlsmith.com>; "O'Connor Berman Dotts & Banes" <attorneys@saipan.com>
**Cc:** "Thomas M. Tarpley" <tarpley@guam.net>
**Sent:** Tuesday, October 19, 2004 3:58 PM
**Subject:** Re: Gargrave Motion Schedule

I was supposed to be in trial but the case, and related cases, appear to have settled. I haven't been able to get ahold of Mr. Bismonte yet to determine his availability but will keep trying as soon as the storm passes by.

| From: | "Thomas C. Sterling" <tcsterling@kbsjlaw.com> |
|---|---|
| To: | "Stephen Smith" <scsmith@carlsmith.com>; "David Ledger" <dledger@carlsmith.com>; <fbooth@cozen.com>; <attorneys@saipan.com> |
| Cc: | <tarpley@guam.net> |
| Sent: | Thursday, October 21, 2004 9:36 AM |
| Subject: | Re: Gargrave Motion Schedule |

I have checked with Rod Bismonte and he is available Tuesday October 26. I
have a Doctor's appointment at 1:30 that day so I'd suggest we schedule for
9:00 or 9:30 if that will work for other parties.

Regards,<br>
Tom

| From: | "Booth, Forrest" <FBooth@COZEN.com> |
|---|---|
| To: | "Thomas C. Sterling" <tcsterling@kbsjlaw.com> |
| Sent: | Friday, October 22, 2004 8:37 AM |
| Subject: | Out of Office AutoReply: Gargrave Motion Schedule |

I will be out of the office until Monday, November 1st. I will not be able to check email
regularly. If you need assistance while I am away, please contact my secretary, Helen Davis,
in the San Francisco office at (415) 617-6108, or at dhdavis@cozen.com. Thanks.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| From: | "Stephen Smith" <scsmith@carlsmith.com> |
|---|---|
| To: | <drobb@carlsmith.com>; <fbooth@cozen.com>; <tarpley@guam.net>; <tcsterling@kbsjlaw.com>; <attorneys@saipan.com> |
| Cc: | "David Ledger" <dledger@carlsmith.com> |
| Sent: | Tuesday, October 26, 2004 9:41 AM |
| Subject: | Perfecto Jose dep |

I am also going to try to schedule Perfecto Jose for Friday. Maybe we could do them back to
back on Friday.

Stephen C. Smith

| From: | "Thomas C. Sterling" <tcsterling@kbsjlaw.com> |
|---|---|
| To: | "Stephen Smith" <scsmith@carlsmith.com>; "David Ledger" <dledger@carlsmith.com>; <fbooth@cozen.com>; <tarpley@guam.net>; <attorneys@saipan.com> |
| Sent: | Tuesday, October 26, 2004 10:23 AM |
| Subject: | Re: Gargrave Motion Schedule |

Stephen,
    Friday will not work for me. I have to go to Hawaii for depositions and
will not be available Thursday or Friday of this week.

Regards,<br>
Tom

| | |
|---|---|
| **From:** | "Stephen Smith" <scsmith@carlsmith.com> |
| **To:** | "David Ledger" <dledger@carlsmith.com>; <fbooth@cozen.com>; <tarpley@guam.net>; <tcsterling@kbsjlaw.com>; <attorneys@saipan.com> |
| **Sent:** | Tuesday, October 26, 2004 11:35 AM |
| **Subject:** | Re: Gargrave Motion Schedule |

Thanks Tom. Could we move the fact witness discovery cutoff to Dec.l 10, which is the same as that for the experts? I am just too jammed with this trial in Yap and pretrial stuff on that to do it before the trial ends. It starts Nov. 15, and probably will last three weeks.

Will that work? Just for the last two deps?

Stephen C. Smith

----- Original Message -----
From: "Thomas C. Sterling" <tcsterling@kbsjlaw.com>
To: <attorneys@saipan.com>; <tarpley@guam.net>; <fbooth@cozen.com>; "David Ledger" <dledger@carlsmith.com>; "Stephen Smith" <scsmith@carlsmith.com>
Cc: "Anita Fisher" <afisher@gia-aig.com>
Sent: Wednesday, October 27, 2004 1:24 PM
Subject: Re: Gargrave Motion Schedule

> Steve,
> My Maui trip evaporated at the last minute so I am available Thursday and Friday after all. If you want to schedule something, you need to move fast.
> As far as modifying the schedule, perhaps it's time for all of us to set up a conference call and discuss that. As we discussed when you were last in Guam, everything is being driven by the March trial date and, if we go then, we get Judge Lew. Is that really what we want to do?
>                           Regards,
>                           Tom
˜

| | |
|---|---|
| **From:** | "O'Connor Berman Dotts & Banes" <attorneys@saipan.com> |
| **To:** | "Thomas C. Sterling" <tcsterling@kbsjlaw.com>; "Thomas M. Tarpley" <tarpley@guam.net>; "Forrest Booth" <fbooth@cozen.com>; "David Ledger" <dledger@carlsmith.com>; "Stephen Smith" <scsmith@carlsmith.com> |
| **Cc:** | "Anita Fisher" <afisher@gia-aig.com> |
| **Sent:** | Thursday, October 28, 2004 9:53 AM |
| **Subject:** | Re: Gargrave Motion Schedule |

I am back on Saipan and can be available for deposition(s) on Friday October 29 or Monday/Tuesday November 1, 2.

I will be in Australia November 4 - 15.

I have no problem extending fact depositions into December.

Bob

| From: | "Thomas C. Sterling" <tcsterling@kbsjlaw.com> |
|---|---|
| To: | "Tim Lujan" <tlujan@taaguam.com>; "Stephen Smith" <scsmith@carlsmith.com>; "Robert O'Connor" <attorneys@saipan.com>; "Forrest Booth" <fbooth@cozen.com>; "David Ledger" <dledger@carlsmith.com> |
| Cc: | "Anita Fisher" <afisher@gia-aig.com> |
| Sent: | Thursday, October 28, 2004 2:47 PM |
| Subject: | Gargrave Cheduling |

Gentlemen,
I spoke with Rosita San Nicolas, Chief Clerk of the District Court, and we are on Judge Tashima's calendar for motions on 9:00 a.m. December 3, 2004. My motions are finalized and will be served and filed forthwith. My Agreement re Hearing Date indicates that Mr. O'Connor will be filing motions which we have also agreed can be heard that day and Rose is aware that other parties may also be filing motions.
I used the opportunity to inquire as to the likelihood of us getting 2 or 3 weeks in early March (Judge Lew's calendar) to try this case and she indicated that the KAL case is to be addressed at that time. That is the KAL airline crash case, involving dozens of death cases I assume,
so Rose indicated there is essentially no chance we will proceed in March.
The most sensible approach might well be to try and get a scheduling conference in front of Magistrate Manibusan to try and establish a new and realistic trial date and then to adjust our schedule accordingly. Let me know if you agree.

Regards,
Tom

| From: | "David Ledger" <dledger@carlsmith.com> |
|---|---|
| To: | "Stephen Smith" <scsmith@carlsmith.com>; <fbooth@cozen.com>; <tarpley@guam.net>; <tcsterling@kbsjlaw.com>; <attorneys@saipan.com> |
| Sent: | Thursday, October 28, 2004 3:47 PM |
| Subject: | Re: Gargrave Motion Schedule |

Bob: I am in London. Thanks for your agreement to extend fact witness depo cutoff into December.

David Ledger
dledger@carlsmith.com
Tel: 671-472-6813
Fax: 671-477-4375

# EXHIBIT "B"



ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

Attorneys for Plaintiff
Leslie Wilton

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| LESLIE WILTON,<br><br>    Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION and WINZLER & KELLY CONSULTING ENGINEERS,<br><br>    Defendants. | CIVIL CASE NO. CV03-00009<br><br>**NOTICE OF DEPOSITION; EXHIBIT A; AND SUBPOENA PURSUANT TO RULE 30(B)(6); DECLARATION OF SERVICE**<br><br>**DATE: OCTOBER 3, 2003**<br>**TIME: 1:30 P.M.** |

**TO: BLACK CONSTRUCTION CORPORATION**
   **by and through their Attorney**
   **Thomas C. Sterling, Esq., Klemm Blair Sterling & Johnson, P.C.**

   YOU ARE HEREBY COMMANDED to appear and attend as a witness before a

notary public, at the law offices of CARLSMITH BALL LLP, Suite 401, Bank of Hawaii

Building, 134 West Soledad Avenue, Hagåtña, Guam 96910, on **Friday, the 3rd day of**

October 2003 at 1:30 p.m., then and there to testify in the above-entitled case on the part of

Defendant Black Construction Corporation.

RECEIVED

SEP 3 0 2003

KLEMM BLAIR STERLING & JOHNSON

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are hereby notified that you have a duty to designate one or more officers, directors, managing agents or other persons who consent to testify on your behalf and whose testimony will bind BLACK CONSTRUCTION CORPORATION, as to the following matters:

1. Regarding repairs to the dolphin system for Pier F1 at the Shell Oil facility performed by Black Construction:

a. The "purchase order" or other business arrangement(s) between Black Construction and Winzler & Kelly by which Winzler & Kelly performed work for Black Construction including but not limited to:

(i) Preparation of the drawing attached hereto as Exhibit A.

(ii) Other design, engineering, value engineering or other engineering-type services for the purpose of re-attaching pile caps to the underside of the dolphins.

b. The circumstances leading up to and/or the reason(s) Black Construction requested Winkler & Kelly to provide such work or services to Black.

c. The terms of the purchase order or other business arrangement(s) between Black Construction and Winkler & Kelly under which Winzler performed such work or services for Black.

d. Discussion (either verbal or by way of exchange of writings) between Black Construction and Winkler & Kelly relating in any way to

(1) the purchase order or business arrangement(s) under which Winzler supplied said work or services to Black;

(2) Black's work to re-attach the pile caps to the dolphins using the epoxy bolt system;

(3) specifics regarding how Black performed that work;

(4) any concerns of either Black or Winzler regarding the use of an expoxy bolt system to re-attach the pile caps to the dolphins;

(5) the decision by either Black or Winzler, or both, or another party, to replace the original structural connection between the pile caps and dolphins with the epoxy bolt system that was used; and

(6) whether or not the expoxy bolt system was an appropriate or adequate replacement for the original structural connection between the pile caps and the dolphins.

e. Supervision, review or oversight, instruction(s) or advice, if any, Winzler provided with regard to Black's work of re-attaching the pile caps to the dolphins using the epoxy bolt system, or supervision, review or oversight, instruction or advice Winzler provided regarding any other work Black performed to the pile caps and dolphins at F-1.

Failure to attend or answer as a witness may subject you to contempt of Court and liability to pay attorneys' fees and costs associated therewith.

DATED: Hagåtña, Guam, September 30, 2003.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Attorneys for Plaintiff
Leslie Wilton

# EXHIBIT "C"

# IN THE DISTRICT COURT OF GUAM

LESLIE WILTON,

           Plaintiff,

      vs.

BLACK CONSTRUCTION CORPORATION
and WINZLER & KELLY CONSULTING
ENGINEERS,

          Defendants.

) Civil Case No. CV03-00009
)
)
)
)
)
)
)
)
)
)
)

## COPY

## DEPOSITION OF **JOSELITO GUTIERREZ**
Taken on Behalf of the Plaintiff

BE IT REMEMBERED That pursuant to the Federal Rules of Civil Procedure, the deposition of **JOSELITO GUTIERREZ** was taken before Cecille A. Flores, a Certified Shorthand Reporter, on Friday, the 17th day of October 2003, in the law offices of Carlsmith Ball, Suite 401, Bank of Hawaii Building, 134 West Soledad Avenue, Hagatna, Guam.

1   to give me answers not only based on your personal knowledge,

2   but based on your knowledge of Black Construction

3   Corporation, how it works, what may be the general

4   procedures, what you may have heard, what you may have seen.

5   Do you understand that?

6       A    Yes.

7           MR. STERLING:  David, can I interrupt you?

8   Because this might be a good time to do this.  I just

9   realized we did have a Subpoena that you served on us on each

10  of the individuals, and I did go over the Subpoena with him

11  during my meeting and established there are no personal files

12  that any of these individuals maintain that would be

13  responsive to that.  Any material responsive to that Subpoena

14  would be Black Construction material.

15          MR. LEDGER:  Okay.

16          MR. STERLING:  So I just wanted to clarify that

17  because we let Lito run away before we did that.

18  BY MR. LEDGER: (Continuing)

19      Q    So Mr. Gutierrez, I've got some specific questions

20  that I'm going to ask you about and then there's a few

21  documents that are related to the project that will come into

22  play here and I'll be asking you to take a look at those.

23          MR. STERLING:  Just for the record, too, I would

24  indicate that we have designated Mr. Gutierrez to testify

25  today as to those items indicated on the Notice as

1  d(2),(3),(4),(6), and the first sentence of "e."  And the

2  only section of "e" that he would not be the necessary

3  witness on would be "Supervision, review or oversight,

4  instruction or advice Winzler provided regarding any other

5  work Black performed to the pile caps and dolphins."  And

6  that would be Mr. Bismonte because as we have discussed,

7  there were some requests for engineering on other items I

8  don't think are related to this lawsuit.  And Mr. Bismonte

9  really would know more about those items than Mr. Gutierrez.

10  So if you want to know about those, he is present.

11           MR. LEDGER:  Okay.

12  BY MR. LEDGER: (Continuing)

13       Q    Mr. Gutierrez, as Mr. Sterling has indicated, we

14  have listed some specific questions and you've been

15  identified as the person best able to respond to those

16  questions.  Before we do that, I want to just give you a

17  little bit of background so that we're not jumping in and

18  you're not really sure what it is that we're talking about.

19  I'm going to show you two exhibits.  One is Exhibit D and the

20  other is Exhibit C.  Exhibit C is two pages.  This goes like

21  this.  Before I ask the first question, so that you know,

22  this Exhibit D is a copy of a portion of a page out of a

23  large set of construction drawings.

24       A    (Witness nodded head.)

25       Q    It's two pages and the second page shows the title

1  and maybe this guy Bella; right?

2      A    Yes.

3      Q    Okay.  The last thing on the actual process that I

4  wanted to ask you about is -- I'm referring to Exhibit C,

5  Detail 3.  Can you see where the pile cap is depicted by the

6  concrete; right?

7      A    Yes.

8      Q    Then you have two bolts going up.  Well, there's

9  more than two, but there's two shown in the detail.

10     A    Yes.

11     Q    Were there some pile caps where the concrete on the

12 bottom of the pile cap had either spalled away or had been

13 removed to the point where you had to actually replace the

14 concrete on the bottom of the dolphin to receive the anchor

15 bolts?

16     A    I do not remember.

17          MR. LEDGER:  Well, I think we've covered all the

18 topics in the Deposition Notice.

19          MR. STERLING:  And then some.

20          MR. LEDGER:  And then some.  We appreciate the

21 opportunity to speak with someone who was there.  I think

22 we've exhausted the topics for today and we'll just defer

23 with other deponents at a future time and place.

24          MR. STERLING:  Okay.

25          MR. LEDGER:  All right.  Mr. Gutierrez, thank

1   you.   I appreciate it.

2                           ooOoo

3               [DEPOSITION CONCLUDED AT 4:01 P.M.]

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT "D"

EXHIBIT "D"

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

Attorneys for Plaintiff
Leslie Wilton

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| LESLIE WILTON,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BLACK CONSTRUCTION CORPORATION<br>and WINZLER & KELLY CONSULTING<br>ENGINEERS,<br><br>　　　　　Defendants. | CIVIL CASE NO. CV03-00009<br><br>**NOTICE OF DEPOSITION**<br><br><br><br>OCT 08 2003<br><br>KLEMM BLAIR STERLING & JOHNSON |

**TO:   PERFECTO JOSE**

　　　　　**PLEASE TAKE NOTICE** that Leslie Wilton, Plaintiff in the above-entitled

action, will take the deposition of PERFECTO JOSE at the law offices of Carlsmith Ball LLP,

Suite 401, Bank of Hawaii Building, 134 West Soledad Avenue, Hagåtña, Guam 96910, on

**Friday, October 17, 2003, at 10:00 o'clock a.m.**

　　　　　The deposition will be recorded stenographically pursuant to the Rules of Civil

Procedure for the District Court of Guam.

If said deposition is not completed on the date set out above, the taking of the depositions will be continued from day to day thereafter, except for Sundays and holidays, at the same place, until completed.

DATED: Hagåtña, Guam, October 7<sup>m</sup>, 2003.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Attorneys for Plaintiff
Leslie Wilton

4851-2442-0608.1.055639-00001

# United States District Court

_____ DISTRICT OF _____

LESLIE WILTON,

                    Plaintiff,

            V.

BLACK CONSTRUCTION CORPORATION
and WINZLER & KELLY CONSULTING
ENGINEERS,

                    Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: CV03-00009

TO: PERFECTO JOSE

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Carlsmith Ball LLP<br>Suite 401, Bank of Hawaii Buidling<br>134 West Soledad Avenue<br>Hagatna, Guam  96910 | October 17, 2003<br>10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

(See Attachment)

| PLACE  Carlsmith Ball LLP<br>Suite 401, Bank of Hawaii Buidling<br>134 West Soledad Avenue<br>Hagatna, Guam  96910 | DATE AND TIME<br>October 17, 2003<br>10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| David Ledger, Esq., Attorney for Plaintiff Leslie Wilton | October 7, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David Ledger, Esq.
Carlsmith Ball LLP                    #(671) 472-6813
Suite 401, Bank of Hawaii Buidling
134 West Soledad Avenue
Hagatna, Guam  96910

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| **SERVED** | | | |

| | |
|---|---|
| **SERVED ON (PRINT NAME)** | **MANNER OF SERVICE** |

| | |
|---|---|
| **SERVED BY (PRINT NAME)** | **TITLE** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT
## to Subpoena in a Civil Case
### Directed to Non-Party Witness


YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the law offices of Carlsmith Ball LLP, whose address is Suite 401, Bank of Hawaii Building, 134 West Soledad Avenue, Hagåtña, Guam 96910, on October 17, 2003 at 10:00 a.m.:

1.     Regarding repairs to the pile caps and dolphins at Pier F1, Shell Oil facility, performed by Black Construction:

a.     Any documents which describe or relate to the business arrangement between Black Construction and Winzler & Kelly by which Winzler & Kelly performed design or engineering or drafting work for Black Construction.

b.     Any writing relating to any other design and drawing services or other engineering-type services provided by Winzler and utilized by Black Construction to re-attach pile caps to the underside of the dolphins.

c.     Any writing relating to the circumstances leading to Black's request to Winzler & Kelly to provide services regarding re-attachment of the pile caps to the dolphins.

d.     Any writing describing or relating to any discussion between Black Construction and Winzler & Kelly regarding the Winzler-designed epoxy bolt system Black used to re-attached the pile caps to the dolphins.

e.     Any writing relating to any supervision Winzler provided to Black regarding Black's work to re-attach the pile caps to the dolphins.

f.     Any writing you referred to for the purpose of preparing for your deposition or to refresh your recollection of the repairs to the dolphins and pile caps at the F-1 pier location.

g.     Field notes or diary entries related in any way to the repairs to the dolphins and pile caps at F1 pier.