CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
ERIK M. KOWALEWSKY
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

FILED
DISTRICT COURT OF GUAM

DEC - 8 2004

MARY L. M. MORAN
CLERK OF COURT

126

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>　　　　　Defendants. | CIVIL CASE NO. CV03-00009<br><br>**PLAINTIFF'S AUTHORITY RE ASSIGNABILITY OF THE PORT AUTHORITY OF GUAM'S CLAIMS; DECLARATION OF SERVICE** |

At the hearing on Defendants' motions on December 3, 2004, the Court invited

Plaintiff (S.J. GARGRAVE SYNDICATE AT LLOYDS) to submit its "best case" to support its

position that The Port Authority of Guam (the "Port Authority")'s written assignment[1] of its

property damage and other claims to Plaintiff is valid. The Court analogized the Port Authority's

assignment of claims to the situation in which a person attempts to assign personal injury claims

to another party.

The general rule in American courts is that the assignment of non-personal injury

causes of action (*i.e.*, for property damage) is permitted. Plaintiff submits for the Court's

consideration <u>Momand v. Twentieth-Century Fox Film Corp.</u>, 37 F. Supp 649 (W.D. Okla.

1941), wherein Circuit Judge Murrah, sitting by designation in the district court, discussed the

majority rule:

> Under the Federal decisions, supra, and many state decisions,
> construing somewhat the same statutes, the rule of non-
> assignability has been confined to that class of tort actions which
> fall upon the person, such as personal injury caused by negligence,
> assault and battery, or to the reputation, as by libel or slander; for
> criminal conversation; for false arrest; for seduction; for malicious
> abuse of process; for malicious prosecution. A clear distinction is
> recognized in many states between these causes of actions for
> wrongs which affect the person strictly and all others. See 5
> Corpus Juris at page 889; 6 Corpus Juris Secundum, Assignments,
> § 34, at page 1082. **It is the general rule now that a right of
> action in tort, which does not apply to the person strictly, but
> involves directly or indirectly, a right of property or injury to
> one's property or estate, is assignable. Assignability is the rule
> and          non-assignability          the          exception.**
> <u>Id.</u> at 657. (Emphasis added, footnotes omitted).

<u>Momand</u> cited the California Supreme Court case of <u>Wikstrom v. Yolo Fliers</u>

<u>Club</u>, 206 Cal. 461 (1929), and other authorities; assignability of claims is the general rule, and

nonassignability (of purely personal claims) is the exception.

Based on the foregoing, Plaintiff respectfully requests that this Court find that the

Port Authority's written assignment to Plaintiff effectively conveyed all rights in both tort and

---

[1]        The written assignment is attached hereto as Exhibit A.

contract which the Port Authority had against third parties, arising out of the 2001 earthquake and the 1995-96 repairs to the F-1 pier.

DATED: Hagåtña, Guam, December 8, 2004.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

4815-3746-0480.1.055639-00001

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on December 8, 2004, I will cause to be served, via hand delivery, a true and correct copy of PLAINTIFF'S AUTHORITY RE ASSIGNABILITY OF THE PORT AUTHORITY OF GUAM'S CLAIMS upon Defendants Counsel of record as follows:

>Robert J. O'Connor, Esq.
>Daniel J. Berman, Esq.
>Berman O'Connor Mann & Shklov
>Suite 503, Bank of Guam Building
>111 Chalan Santo Papa
>Hagåtña, Guam 96910
>
>Thomas C. Sterling, Esq.
>Klemm Blair Sterling & Johnson, P.C.
>Suite 1008, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

and

>Thomas M. Tarpley, Esq.
>Law Offices of Tarpley & Moroni, LLP
>Suite 402, Bank of Hawaii Building
>134 West Soledad Avenue
>Hagåtña, Guam 96910

Executed this 8th day of December, 2004 at Hagåtña, Guam.

DAVID LEDGER

4.



# PORT AUTHORITY OF GUAM
## ATURIDAT I PUETTON GUAHAN
### Jose D. Leon Guerrero Commercial Port
#### GOVERNMENT OF GUAM
1026 Cabras Highway, Suite 201
Piti, Guam 96915



Telephone: (671) 477-5931/35
(671) 477-2683/85
Facsimile: (671) 477-2689/4445
Webpage: www.netpci.com/~pag4

**FELIX P. CAMACHO**
Governor of Guam

**KALEO S. MOYLAN**
Lieutenant Governor

## LOSS AND SUBROGATION FORM

$7,500,000.00                                    Date: 04/10/03

Claim No: Port Authority of Guam

THE ASSURED AGREES TO FULL SETTLEMENT FROM LLOYD'S OF LONDON
AND LONDON COMPANIES, ROPNER INSURANCE SERVICES LTD. AND AM
INSURANCE in the amount of Seven Million Five Hundred Thousand Dollars
($7,500,000.00) U.S. Dollars net of the deductible in full satisfaction compromise and
discharge of all claims for loss and expense sustained to property insured under policy
No: Port Authority of Guam by reason of Earthquake which occurred on October 13,
2001 and in consideration of which the undersigned hereby assigns and transfers to the
said Company each and all claims and demands against any person, persons, corporation
or property arising from or connected with such loss or damage and the said Company is
subrogated in the place of and to the claims and demands of the undersigned against said
person, persons, corporation or property in the premises to the extent of the amount above
named.

WITNESS _____        INSURED _____
                                         Port Authority of Guam

DATE ___4/10/03___

# EXHIBIT A