CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
ERIK M. KOWALEWSKY
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds



IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br>**PLAINTIFF'S ANSWER TO COUNTERCLAIM OF ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION; DECLARATION OF SERVICE** |

COMES NOW Plaintiff S.J. GARGRAVE SYNDICATE AT LLOYDS (hereinafter "Plaintiff"), and in Answer to Defendant ENGINEERING, MANAGEMENT &

PLANNING SERVICES CORPORATION (hereinafter "EMPSCO")'s Counterclaim, admits, denies and avers as follows:

1. In answer to Paragraph 1 of the Counterclaim, Plaintiff admits that its claims against EMPSCO are in part based on Plaintiff's status as the subrogated insurer of the Port Authority of Guam (hereinafter the "Port Authority"), but denies that those are the only rights Plaintiff currently holds. Plaintiff holds other rights by reason of a written assignment executed by the Port Authority on or about April 10, 2003.

2. Answering Paragraph 2 of EMPSCO's Counterclaim, Plaintiff admits that this is a reasonably accurate quotation of Paragraph 12 of the referenced contract.

3. Answering Paragraph 2 of EMPSCO's Counterclaim, Plaintiff denies each and every and all of the allegations thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient for Cause of Action)

The Counterclaim as a whole, and each of the purported causes of action thereof, fail to set forth facts sufficient to constitute any cause of action against Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

(Statutes of Limitation)

The claims set forth in the Counterclaim are without the applicable statute or statutes of limitations and accordingly are barred.

### THIRD AFFIRMATIVE DEFENSE

(Laches)

The causes of action set forth in the Counterclaim are barred by the doctrine of laches; EMPSCO's unreasonable delay has prejudiced Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

By its actions, EMPSCO is estopped from obtaining any recovery against Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

By its actions, EMPSCO has irrevocably waived any and all rights which it might otherwise have had to assert any claims whatever against Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

(Own Negligence)

Any injuries or damages sustained by EMPSCO were caused in whole or in part by its own negligence. Consequently, any amount which EMPSCO may be entitled to recover must be reduced by the proportion thereof which is attributable to its own negligence.

## SEVENTH AFFIRMATIVE DEFENSE

(Right to Add Other Affirmative Defenses)

Plaintiff specifically reserves the right to amend and/or add to this answer and any affirmative defenses alleged hereinabove, as allowed and permitted under U.S. maritime and Guam law.

## EIGHTH AFFIRMATIVE DEFENSE

(Certain Duties and Obligations)

The contract between the Port Authority and EMPSCO provides for certain duties and obligations on the part of EMPSCO, which EMPSCO has breached and/or failed to perform, which breaches and failures preclude any recovery by EMPSCO herein.

## NINTH AFFIRMATIVE DEFENSE

(Rights and Remedies Under Contract)

The rights and remedies of Plaintiff and EMPSCO are governed in part by the terms and conditions of the contract and other agreements between EMPSCO and the Port Authority, and Plaintiff relies upon each and every defense and limitation contained therein and in the work specifications, invoices, change orders, amendments and attachments to said contract and agreements.

## PRAYER

WHEREFORE, Plaintiff prays for relief and judgment against EMPSCO as follows:

1. That EMPSCO take nothing by way of its Counterclaim;

2. That judgment be entered in favor of Plaintiff and against EMPSCO for Plaintiff's provable damages as a subrogated insurer of the Port Authority;

3. That judgment be entered in favor of Plaintiff and against EMPSCO for Plaintiff's provable damages based on the rights specifically assigned by the Port Authority to Plaintiff by the agreement dated April 10, 2003;

4. For costs of suit incurred herein;

5. For Plaintiff's attorneys' fees herein as provided for in the contract referenced in Paragraph 2 of EMPSCO's Counterclaim, and to which Plaintiff may otherwise be entitled; and

/ / /

/ / /

/ / /

6. For such other and further relief as this Court deems just and proper.

DATED: Hagåtña, Guam, December 8, 2004.

CARLSMITH BALL LLP

*/s/ David Ledger*

DAVID LEDGER
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on December 8, 2004, I will cause to be served, via hand delivery, a true and correct copy of PLAINTIFF'S ANSWER TO COUNTERCLAIM OF ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION upon Defendants Counsel of record as follows:

>Robert J. O'Connor, Esq.
>Daniel J. Berman, Esq.
>Berman O'Connor Mann & Shklov
>Suite 503, Bank of Guam Building
>111 Chalan Santo Papa
>Hagåtña, Guam 96910
>
>Thomas C. Sterling, Esq.
>Klemm Blair Sterling & Johnson, P.C.
>Suite 1008, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

and

>Thomas M. Tarpley, Esq.
>Law Offices of Tarpley & Moroni, LLP
>Suite 402, Bank of Hawaii Building
>134 West Soledad Avenue
>Hagåtña, Guam 96910

Executed this 8th day of December, 2004 at Hagåtña, Guam.

_____
DAVID LEDGER