

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
ERIK M. KOWALEWSKY
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>      Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>      Defendants. | CIVIL CASE NO. CV03-00009<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF PLAINTIFF S.J. GARGRAVE SYNDICATE TO MODIFY SCHEDULING ORDER; DECLARATION OF SERVICE** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff S.J. Gargrave Syndicate respectfully requests that the Court modify its Scheduling Order herein to permit filing of Plaintiff's Motion For Leave To File Second Amended Complaint (attached as Exhibit "A" to the Declaration of David Ledger ("Ledger") filed herewith).

The requested modification will give Plaintiff the chance to file a motion which, if granted, will allow it to assert meritorious claims revealed during the course of discovery, but only recently authorized by case law published on December 23, 2004, *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 22 Cal. Rptr. 3d 352 (2004). The Court should allow Plaintiff that chance.

### II. DISCUSSION

Federal Rule of Civil Procedure 16(b) provides, in pertinent part, that a scheduling order may be modified "upon a showing of good cause and by leave of the district judge." The primary consideration regarding whether there is good cause to modify the scheduling order is "the diligence of the party seeing the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). There is good cause to modify the Scheduling Order herein, and Plaintiff has moved diligently for same.

The Scheduling Order in this case, originally entered on June 11, 2003, set a deadline of November 3, 2003, for filing all motions to amend the pleadings. Trial was set for September 13, 2004. [Ledger Decl., ¶4, and Exh. "B" thereto at p.2.]

On March 15, 2004, the Scheduling Order was modified by stipulation of the parties to allow Defendant Engineering, Management and Planning Services Corporation ("EMPSCO")

additional time to prepare for trial. Trial was continued to March 1, 2005, and various deadlines were continued accordingly, but that modification did not address the deadline to file motions to amend pleadings. [Ledger Decl., ¶5, and Exh. "C" thereto at p.2.]

On or about December 3, 2004, the Court took the March 1, 2005, trial date off calendar. No trial date is currently set. [Ledger Decl., ¶7.]

On March 24, 2005, this Court ruled that Plaintiff's claims herein do not fall within this Court's admiralty jurisdiction. Plaintiff's First Amended Complaint on file herein, which is the operant complaint in this action, asserts admiralty jurisdiction, *inter alia*, as the basis for the Court's jurisdiction. Plaintiff, in light of the Court's recent ruling, wishes to amend the jurisdictional allegations of its complaint, to conform to this Court's ruling.

On December 23, 2004, the California Supreme Court published its decision in *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 22 Cal. Rptr. 3d 352 (2004). In that decision, the Court held that the economic loss rule does not preclude a plaintiff from asserting claims for fraud and negligent misrepresentation, where a defendant contracting with the plaintiff made misrepresentations about the type and quality of the services the defendant was providing during the course of the contractual relationship.

Plaintiff wishes to file its Second Amended Complaint to assert claims against the Defendants herein, as authorized by *Robinson Helicopter*, for intentional misrepresentation, negligent misrepresentation, and fraud by concealment or nondisclosure. [Ledger Decl., ¶10.] Plaintiff did not plead these claims in the First Amended Complaint because, before *Robinson Helicopter*, the available authority indicated that claims based on misrepresentation might be precluded. [Ledger Decl., ¶9.] The Second Amended Complaint will plead that Defendants intentionally misrepresented to Plaintiff's insured, the Port Authority of Guam (the "Port"), that

their repairs of the earthquake damage to the Shell F-1 Pier, owned and operated by the Port, were designed and executed in compliance with generally accepted engineering practices. [Ledger Decl., ¶11.] These facts have been fully fleshed out in discovery, and Plaintiff will plead them with the requisite specificity to support a claim for intentional misrepresentation, essentially a form of fraud. [Ledger Decl., ¶11.][1]

After the publication of *Robinson Helicopter*, Plaintiff moved diligently and quickly to determine its applicability to the case at hand. [Ledger Decl., ¶10.] Counsel for Plaintiff then sought an agreement with opposing counsel to gain their consent to modification of the Scheduling Order and filing a motion to file the Second Amended Complaint. [Ledger Decl., ¶12.] Defendants being unwilling to agree, Plaintiff filed this motion. [Ledger Decl., ¶12.] Plaintiff has met the requirement of diligence set forth in *Johnson v. Mammoth Recreations, Inc.*, *supra*, 975 F.2d at 609.

Good cause to modify a scheduling order exists where modification is necessary to allow a party to file a motion addressing issues raised by recently published case law. *See Pumpco, Inc. v. Schenker Int'l Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (holding that publication of authority establishing a basis for an additional claim constitutes good cause to modify a Scheduling Order to allow a party to file an amended complaint); *Williams v. UMG Recordings, Inc.*, 281 F.Supp.2d 1177, 1185 (C.D. Cal. 2003) (recognizing that good cause is shown for modification of a scheduling order to allow filing of a motion which addresses recent case law).

Good cause exists to modify the Scheduling Order, and the Court should do so. Fed. R. Civ. P. 16(b).

---

[1] For the detailed facts underlying the new claims, Plaintiff respectfully refers the Court to the proposed Second Amended Complaint, attached to the proposed Motion for Leave to File Second Amended Complaint. [Ledger Decl., ¶3, and Exh. "A."]

## III. CONCLUSION

For the reasons set forth above, the Court should modify the Scheduling Order herein by continuing Plaintiff's deadline for the filing of motions to amend pleadings, currently set for November 3, 2003, for 30 days from the date of modification of the Scheduling Order (or such other time as the Court may deem appropriate) to permit filing of Plaintiff's Motion for Leave to File Second Amended Complaint.

DATED: Hagåtña, Guam, April 22, 2005.

CARLSMITH BALL LLP

*/s/ David Ledger*

DAVID LEDGER
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on April 22, 2005, I will cause to be served, via hand delivery, a true and correct copy of **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF PLAINTIFF S.J. GARGRAVE SYNDICATE TO MODIFY SCHEDULING ORDER; DECLARATION OF SERVICE** upon Defendants Counsel of record as follows:

>Robert J. O'Connor, Esq.
>Daniel J. Berman, Esq.
>Berman O'Connor Mann & Shklov
>Suite 503, Bank of Guam Building
>111 Chalan Santo Papa
>Hagåtña, Guam 96910
>
>Thomas C. Sterling, Esq.
>Klemm Blair Sterling & Johnson, P.C.
>Suite 1008, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

and

>Thomas M. Tarpley, Esq.
>Law Offices of Tarpley & Moroni, LLP
>Suite 402, Bank of Hawaii Building
>134 West Soledad Avenue
>Hagåtña, Guam 96910

Executed this 22nd day of April, 2005 at Hagåtña, Guam.

_____
DAVID LEDGER

SANFRAN1\32588\1 123206.000