```
LAW OFFICES
TARPLEY & MORONI, LLP
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526
```



FILED
DISTRICT COURT OF GUAM
APR 25 2005
MARY L.M. MORAN
CLERK OF COURT

(147)

3ZP6087
Attorney *for* Defendant Engineering, Management & Planning Services Corporation

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION,<br><br>　　　　Defendants. | CIVIL CASE NO. CIV03-00009<br><br>EMPSCO'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND MOTION IN LIMINE RESTRICTING EXPERT'S TESTIMONY AT TRIAL<br><br>[NO ORAL ARGUMENT REQUESTED] |

**EMERGENCY MOTION**

Defendant Engineering, Management, & Planning Services Corporation ("EMPSCO") hereby moves this Court for a protective order to be issued sufficiently in advance of the scheduled May 12, 2005, deposition in San Francisco, California, of Plaintiff's designated expert, Elliott H. Boone, and to issue an order limiting the testimony of Mr. Boone at the deposition and trial to the facts and opinions disclosed by Plaintiff in its expert's report dated May 12, 2004.

This motion is based upon the following facts:

1. In Plaintiff's Sixth Cause of Action of its First Amended Complaint filed December 23, 2003 Plaintiff alleges that

EMPSCO breached its contract with the Port Authority of Guam by performing its services negligently.[1/] Specifically, ¶¶ 30 and 31 allege as follows:

> **30.** EMPSCO breached its contract with the Port Authority of Guam by failing to exercise requisite care, skill, and competence to review and supervise the work of others, including but not limited to the engineering plans and drawings prepared by Winzler.
>
> **31.** EMPSCO breached its contract with the Port Authority of Guam by inadequately and incompetently supervising work performed by Black and others in connection with the project, by approving improper and negligent changes to the project, and by failing to note and observe the errors and omissions by contractors performing the project. These breaches of contract by EMPSCO directly caused damage and losses to Plaintiff.

2. On March 15, 2004 this Court entered the STIPULATION AND ORDER TO AMEND SCHEDULING ORDER AND DISCOVERY PLAN, which provided "Disclosure of the Plaintiffs' experts and expert testimony as required under Federal Rules of Civil Procedure Rule 26(a)(2) <u>shall be made not later than May 14, 2004</u>." (Underlining added).

3. Pursuant to this order, Plaintiff submitted its report of Elliott H. Boone on May 12, 2004. Curiously, Mr. Boone rendered no opinion in support of the allegations in Plaintiff's

---

[1/] The other claims against EMPSCO were dismissed by the order of Judge Robert Clive Jones dated April 8, 2005.

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CIV03-00009
EMPSCO'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND MOTION IN LIMINE RESTRICTING EXPERT'S TESTIMONY AT TRIAL [NO ORAL ARGUMENT REQUESTED]
Page 2 of 4

Case 1:03-cv-00009   Document 161   Filed 04/25/2005   Page 2 of 4

Sixth Cause of Action against EMPSCO *(see Boone Report, attached to the Declaration of Thomas M. Tarpley, Jr. filed contemporaneously herewith)*. Mr. Boone makes no mention of any negligence attributable to EMPSCO, much less any evidence that EMPSCO's compliance-submittal-review of VE-1 and the proposed substitution of "Anchor-It Epoxy Systems", instead of technical engineering review, violated any engineering standard of conduct. Mr. Boone instead focuses on the alleged negligence of Black (page 4) and Winzler & Kelly who prepared VE-1 (page 9).

4. By agreement among the other parties, the deposition of Elliott H. Boone is to occur on May 12, 2005 in San Francisco *(Tarpley Declaration)*. During the conference call scheduling that deposition, EMPSCO's attorney indicated that he did not need to attend because Mr. Boone has expressed no opinion that EMPSCO breached a duty of care or otherwise did anything wrong in connection with the Shell F-1 pier project. *Id.*

5. Then, on April 19, 2005, nearly a year after Plaintiff's disclosure cut-off date, Plaintiff notified EMPSCO that it was amending Mr. Boone's disclosure to include new opinions that "EMPSCO's services in this matter fell below the required standard of care" for various reasons. *See letter from Forrest Booth dated April 19, 2005, attached to the Tarpley Declaration.*

**EMPSCO IS ENTITLED TO AN ORDER PROTECTING IT AGAINST THESE LATE DISCLOSURES BY PLAINTIFF'S EXPERT AND LIMITING HIS TESTIMONY AT TRIAL TO THE FINDINGS AND CONCLUSIONS EXPRESSED IN HIS REPORT OF MAY 12, 2004**

The whole point of providing expert reports within the time set in scheduling orders is to provide the other party with timely

S.J. Gargrave Syndicate At Lloyds v. Black Construction
Corporation, et. al., CIV03-00009
EMPSCO'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND
MOTION IN LIMINE RESTRICTING EXPERT'S TESTIMONY AT TRIAL
[NO ORAL ARGUMENT REQUESTED]
Page 3 of 4

Case 1:03-cv-00009   Document 161   Filed 04/25/2005   Page 3 of 4

and sufficient information about what an opponent will present at trial. Fed.R.Civ.P. Rule 26(a)(2)(B) required that Mr. Boone's May 12, 2004 report "shall contain a <u>complete statement of all opinions to be expressed</u> and the basis and reasons therefore". Trial is set for June 13, 2005, only six weeks away. It is highly improper for Plaintiff to change the expected testimony of its designated expert at this late date, which will require EMPSCO to attend his deposition in San Francisco. Rule 26(c)(1) and (4) Fed.R.Civ.P. authorizes this Court to issue a protective order requiring that certain matters not be inquired into during the upcoming deposition or that the scope of disclosure or discovery be limited to certain matters. EMPSCO requests this Court to order that the scope of inquiry and the testimony at Mr. Boone's upcoming deposition be confined to those disclosures revealed in his expert report of May 12, 2004, so that EMPSCO need not travel to San Francisco to attend his deposition.

For the same reasons, EMPSCO requests for this Court to issue an order in limine restricting Mr. Boone's testimony at trial to those findings and opinions expressed in his expert report of May 12, 2004, and that he not be allowed to render the new opinions expressed in Mr. Booth's letter of April 19, 2005.

Dated this 25th day of April, 2005.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant
ENGINEERING, MANAGEMENT, &
PLANNING SERVICES CORPORATION

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CIV03-00009
EMPSCO'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND
MOTION IN LIMINE RESTRICTING EXPERT'S TESTIMONY AT TRIAL
[NO ORAL ARGUMENT REQUESTED]

Page 4 of 4

Case 1:03-cv-00009  Document 161  Filed 04/25/2005  Page 4 of 4