KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
AGANA, GUAM 96910
TELEPHONE 477-7857

By THOMAS C. STERLING

Attorneys for   *Defendant Black Construction Corporation*



FILED
DISTRICT COURT OF GUAM
MAY -2 2005
MARY L.M. MORAN
CLERK OF COURT



## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>             Plaintiff,<br><br>    vs.<br><br>BLACK CONSTRUCTION CORPORATION and WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>             Defendants. | CIVIL CASE NO. CV03-00009<br><br>**DEFENDANT BLACK CONSTRUCTION CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER** |

Although Plaintiff **S.J. GARGRAVE SYNDICATE AT LLOYDS** (hereinafter "Gargrave") has characterized its Motion as one to modify the Scheduling Order, it is in fact a dual Motion seeking to both modify the Scheduling Order in connection with amendments to the pleadings and then to obtain leave to file a Second Amended Complaint. For the reasons set forth hereinafter, both Motions should be denied.

First, on February 11, 2005, Gargrave filed a Suggestion of Mootness and Request to Dismiss or Hold Pending Motions In

Abeyance. In that request, Gargrave indicated that it intended to file a Motion for Leave to Amend the Complaint and that the Amended Complaint would eliminate the basis for the economic loss doctrine defenses. In his Order of April 8, 2005, which approved the economic loss defenses, at paragraph 9 on page 22 Judge Clive-Jones specifically denied this request.

Moreover, pursuant to Rule 16(b) of the Rules of Civil Procedure, a Scheduling Order cannot be modified except upon a showing of good cause. This requirement obligates "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." 6A Wright, Miller and Kane, Federal Practice and Procedures Civil 2nd, §1522.1.

As indicated in Gargrave's own moving papers, the deadline for the amendment of pleadings under the <u>stipulated</u> Scheduling Order was November 3, 2003, well over 1½ years ago. Gargrave makes no showing why its amendments which will change some of its basic standing allegations and add claims for both negligent and intentional misrepresentation as well as punitive damages could not have been asserted early on in this litigation. The facts upon which these claims are based have been known to the Plaintiff for years.[1] Beyond that, as evidenced by the Sterling

---

[1] In essence, the proposed Second Amended Complaint's claims for negligent and intentional misrepresentation are based on the allegation that the Defendants misrepresented that the work had been done properly. They could have alleged these claims in their original Complaint.

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910

Affidavit, counsel for Gargrave has known since at least January 26, 2005 of the change in California law which it claims would now allow it to assert negligent and intentional misrepresentation claims.[2] No explanation has been provided as to why counsel for Gargrave waited over 12 weeks thereafter to file the Motion to Modify the Scheduling Order. Most importantly, again as indicated in the Sterling Affidavit, in a hearing on April 6, 2005, Mr. Booth specifically requested that Judge Clive-Jones set trial of this matter for June 13, 2005 and never even mentioned to the Judge that he intended to seek to amend his pleadings which, obviously, would have in some manner effected Judge Clive-Jones' decision on the trial date.

It is way too late for Gargrave to be seeking to amend its pleadings. Gargrave's Motion did not even address the fact that trial is only approximately 6 weeks away and that, if the Motion to Amend is granted, the Defendants will be entitled to answer the amended pleadings, challenge them with motions should they choose to do so and, most importantly, perform discovery into the basis for these allegations, all of which will have to be accomplished in less than 6 weeks! This will substantially prejudice the Defendants who will be required to re-prepare the case for trial at the last minute so as to address new

---

[2] Gargrave could always have asserted these claims. The request is being made now in an effort to allege a different theory to support non-contractual damage claims since its original theories failed legally.

allegations and to perform discovery into the basis for these allegations which will in all probability require re-deposing witnesses, some of whom have already been deposed, and some of whom do not even reside on Guam.

Although leave to amend should be "freely given", amendments are properly denied when there is undue delay in asserting them or prejudice to the other parties. Foman v. Davis, 371 U.S. 178, 182 (1962).

The facts of this case are almost identical to those present in Parker v. Joe Lujan Enterprises, Inc., 848 F.2d 118 (9th Cir. 1988), in which the Ninth Circuit affirmed the District Court of Guam's refusal to allow an amended complaint due to undue delay and prejudice, finding "numerous grounds" supporting denial. 848 F.2d at 121. In Parker, the motion was untimely under the Scheduling Order, the plaintiff had no justification for the long delay in seeking to assert new theories, and the plaintiff had delayed 5 weeks[3] in seeking to amend after he became aware of the alleged "new" facts supporting the amendment. The Court also noted that the defendants would have been required to re-prepare the case for trial on an entirely different factual theory of liability and would have been compelled "to conduct more off-shore discovery." As such, the Ninth Circuit held that it was "well within the trial court's

---

[3] As indicated by the Sterling Affidavit, Gargrave delayed over 12 weeks.

discretion to deny the motion on these bases." 848 F.2d at 121. This case is no different.

Defendant **BLACK CONSTRUCTION CORPORATION** respectfully submits that Gargrave has shown no "good cause" whatsoever so as to allow it to amend the Scheduling Order and amend its pleadings at this late date so as to assert new theories of liability and new damage claims only 6 weeks prior to trial. The proposed amendments are untimely and would be extremely prejudicial to all Defendants in this case.

**RESPECTFULLY SUBMITTED** this 2nd day of May, 2005.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION

BY: /s/ Thomas C. Sterling
THOMAS C. STERLING
*Attorneys for Defendant Black Construction Corporation*

E62\27946-29
G:\WORD97\OFFICE\WORDDOC\PLD\TCS\221-BCC'S OPP TO
P'S MTN TO MODIFY SCH ORDER RE GARGRAVE V BCC.DOC