FILED
DISTRICT COURT OF GUAM
MAY -9 2005
MARY L.M. MORAN
CLERK OF COURT



# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| S.J. GARGAVE SYNDICATE AT LLOYDS,, <br><br> Plaintiff, <br><br> vs. <br><br> BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS; and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION, <br><br> Defendants. | Civil Case No. 03-00009 <br><br><br> **ORDER** and <br> **REPORT & RECOMMENDATION** |

On April 25, 2005, defendant Engineering, Management, & Planning Services Corporation ("EMPSCO") filed an Emergency Motion for Protective Order and Motion in Limine Restricting Expert's Testimony at Trial (the "Motion"), along with an *Ex Parte* Application for an Order Shortening Time for Filing Briefs re Emergency Motion for Protective Order and Motion in Limine (the "Application"). See Docket Nos. 147 & 148 respectively. Therein, EMPSCO requested the Court to order that the scope of inquiry and testimony of the upcoming deposition of the Plaintiff's expert, Elliott H. Boone, be confined to those disclosures revealed in his May 12, 2004 expert report, so that EMPSCO would not need to travel to San Francisco to attend the deposition scheduled for May 12, 2005. EMPSCO also requested that Mr. Boone's trial testimony be likewise limited to those findings and opinions expressed in his May 2004 expert report.

On April 26, 2005, the Court granted EMPSCO's Application to shorten time, and set an expedited briefing schedule for the Motion. See Order, Docket No. 151. The Plaintiff and EMPSCO timely filed their opposition and reply briefs respectively. See Docket Nos. 154 and 158 respectively. The Court now issues its ruling on the Motion.

## FACTS

The sixth cause of action in the First Amended Complaint alleges that EMPSCO breached its contract with the Port Authority of Guam by "failing to exercise requisite care, skill, and competence to review and supervise the work of others, including but not limited to the engineering plans and drawings prepared by [co-defendant] Winzler [& Kelly Consulting Engineers]," and by "inadequately and incompetently supervising work performed by [co-defendant] Black [Construction Corp.] and others in connection with the project, by approving improper and negligent changes to the project, and by failing to note and observe the errors and omissions by contractors performing the project." First Am. Compl. (Docket No. 22) at ¶¶ 30-31.

On March 15, 2004, a Stipulation and Order to Amend Scheduling Order and Discovery Plan was filed. See Docket No. 35. Therein, the parties agreed that disclosures of the Plaintiffs' experts and expert testimony shall be made by May 14, 2004. Id. at p.3. Accordingly, on May 12, 2004, the Plaintiff submitted the report of its expert Mr. Boone.[1] This report made no mention of any negligence attributable to EMSPCO.

On April 21, 2005, the Mr. Boone provided his Supplemental Report to the Plaintiff. See Decl. F. Booth, Docket No. 154, at ¶3. The Plaintiff then distributed the Supplemental Report to the defendants the following day. Id. The Supplemental Report concluded that EMPSCO's services fell "far short of the standard of care that is expected of an engineering firm in these circumstances." Id. and Exh. B at p. 3 thereto.

Mr. Boone's deposition is scheduled to take place on May 12, 2005 in San Francisco, California. Decl. T. Tarpley, Docket No. 149, at ¶3. Prior to the disclosure of Mr. Boone's Supplemental Report, EMPSCO had not planned to attend Mr. Boone's deposition. Id.

---

[1] A copy of Mr. Boone's report is attached as Exhibit A to the Declaration of Thomas M. Tarpley. See Decl. T. Tarpley, Docket No. 149, at ¶2 and Exh. A thereto.

1  On April 25, 2005, EMPSCO filed the present Motion.

2  **ANALYSIS**

3  EMPSCO asserts the Plaintiff has belatedly changed its expert disclosures a mere six weeks prior to trial. EMSPCO argues it is "highly improper" for the Plaintiff to change the expected testimony of its expert at this late date. As a result, EMPSCO contends it will have to travel to San Francisco to attend the deposition and challenge Mr. Boone's findings and conclusions. Accordingly, EMPSCO requests the Court limit the scope of inquiry and testimony at Mr. Boone's deposition to those disclosures revealed in his May 12, 2004 report so that EMPSCO will not need to attend the deposition. Furthermore, EMPSCO requests that Mr. Boone's trial testimony also be confined to those opinions expressed in his May 12, 2004 expert report.

The Plaintiff opposes the Motion and maintains it has a duty and a right to supplement its expert disclosure under Rule 26(e) of the Federal Rules of Civil Procedure. The Plaintiff asserts Mr. Boone's supplemental disclosure was based in part on new facts it received after the close of formal discovery on November 5, 2004. The Plaintiff claims that the supplemental disclosure is timely under Rule 26(e).

EMPSCO's reply brief refutes the characterization of Mr. Boone's latest disclosure as a "supplemental" report. EMPSCO, instead, argues that his report is an "entirely new and untimely 'Rebuttal Report.'" Reply Br., Docket No. 158, at p. 1. As such, EMPSCO asserts it is untimely and should be automatically precluded.

The Court concurs with the Plaintiff that it has a continuing duty to supplement and/or correct its expert disclosures based on newly acquired information. In pertinent part, Rule 26(e) provides:

> A party who has made a disclosure under subdivision (a) . . . is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
> (1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties . . . . With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to

information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e).

Here, the Plaintiff asserts that Mr. Boone's supplemental report is based in part on newly acquired information. The Court acknowledges EMPSCO's concern that the Plaintiff failed to explain what "new information" Mr. Boone relied upon. The Court would have preferred a declaration from Mr. Boone instead of one by Plaintiff's counsel, but will nevertheless accept the representations made by Attorney Booth. In light of the liberal discovery policies of the Federal Rules of Civil Procedure, the Court is not inclined to limit the scope of Mr. Boone's deposition at this time, especially if the supplemental report was based upon newly discovered evidence. Accordingly, EMPSCO's motion for protective order is denied. At Mr. Boone's deposition, EMPSCO is free to inquire into what "new information" lead Mr. Boone to supplement his May 12, 2004 report. If EMPSCO believes that the supplementation was not based on newly discovered or acquired information, then it is free to renew its motion to exclude this testimony from the trial at that time. Additionally, EMPSCO may seek the imposition of sanctions against the Plaintiff to recover the costs incurred in attending the deposition and having to file a renewed motion.

## CONCLUSION

Based on the analysis set forth above, the Court hereby DENIES the motion for protective order. Additionally, based on the facts presently before it, the Court RECOMMENDS that the motion in limine to restrict Mr. Boone's trial testimony be denied at this time.

SO ORDERED this 9th day of May 2005.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge

Notice is hereby given that this document was entered on the docket on MAY - 9 2005. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ , MAY - 9 2005
Deputy Clerk / Date