DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| S.J. GARGAVE SYNDICATE AT LLOYDS,, <br><br> Plaintiff, <br><br> vs. <br><br> BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS; and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION, <br><br> Defendants. | Civil Case No. 03-00009 <br><br><br><br><br><br> ORDER |

This case is before the Court on a a Motion to Modify the Scheduling Order (the "Motion"), filed by the Plaintiff on April 22, 2005. (Docket No. 143.) Therein, the Plaintiff stated that it "wish[ed] to amend its [First Amended] Complaint to plead all of the claims which are available to it, as revealed by Plaintiff's discovery herein, and as authorized by the California Supreme Court's December 23, 2004, decision in Robinson Helicopter Co., Inc. V. Dana Corp., 34 Cal.4th 979, 22 Cal. Rptr.3d 352 (2004)." (Motion, Docket No. 143 at ¶2.)

Because the trial date was fast approaching, on April 27, 2005, the Court expedited the briefing schedule on the Motion and directed the parties to address whether the Judge Jones[1] had

---

[1] The Honorable Robert Clive Jones, United States District Judge for the District of Nevada, heard and ruled upon several pending motions in this case during the period when he was designated to serve in this District.

already ruled upon this issue when it was raised by Plaintiff in its pleading[2] of February 11, 2005. (Order, Docket No. 152.) All parties have subsequently filed their briefs as directed.

## ANALYSIS

On February 11, 2005, the Plaintiff filed a Request to Dismiss or Hold Motions in Abeyance. (Docket No. 134.) Therein, the Plaintiff advised the Court that the California Supreme Court recently issued a decision, *i.e.*, Robinson Helicopter Co., Inc. V. Dana Corp., 34 Cal.4th 979, 22 Cal. Rptr.3d 352 (2004), which was "intervening law" and had a direct bearing on "key issues . . . before the Court by way of Defendants' motions." (Request to Dismiss or Hold Motions in Abeyance, Docket No. 134, at p.3.) Because of the Robinson decision, the Plaintiff stated that it would "shortly file a motion for leave to amend the [First Amended] Complaint . . . [which] will state claims for fraud misrepresentation and punitive damages." (Id.) The Plaintiff thus requested that the Court "deny, dismiss or hold Defendants' motions in abeyance." (Id.)

On April 6, 2005, several motions came before the Court for hearing. At the conclusion of the hearing, Judge Jones ruled on most of the motions from the bench and stated that he would prepare a written decision setting forth the bases for his rulings on all motions shortly. (Minutes, Docket No. 141.) Additionally, after discussing possible trial dates with counsel, Judge Jones scheduled the trial herein to commence on June 13, 2005. (Id.)

On April 8, 2005, Judge Jones issued a written Order on all the pending motions. (Order, Docket No. 142). Judge Jones dismissed counts I-III and VII-IX of the First Amended Complaint.[3] (Id. at p.21.) Additionally, Judge Jones denied the Request to Dismiss or Hold Motions in Abeyance. (Id. at p.11, n.5 and p.22.) The Court stated that it was making "this

---

[2] Plaintiff's pleading was entitled "Suggestion of Mootness and Request to Dismiss or Hold Pending Motions in Abeyance." (Docket No. 134.) This pleading shall hereinafter be referred to as "Request to Dismiss or Hold Motions in Abeyance."

[3] This left only three causes of action remaining for trial – one claim for breach of contract against each of the three defendants.

determination based on the state of the pleadings at [the] time." (Id.) The Court noted that although the Plaintiff stated that it intended to amend its complaint, there presently was no second amended complaint before the Court. (Id.)

On April 22, 2005, the Plaintiff filed the instant Motion before the Court. (Docket No. 143.) The Plaintiff asserted that good cause to modify a scheduling order exists where modification is necessary to allow a party to file a motion addressing issues raised by recently published case law. (Mem. P. & A. Support Motion to Modify Scheduling Order, Docket No. 144, at p.4.) Here, the Plaintiff alleged that good cause to modify the Scheduling Order existed in that modification would permit it to file a motion for leave to file a second amended complaint which would assert new claims based on the Robinson decision. (Id. at p.2.) The proposed second amended complaint would contain fourteen causes of action. (Decl. D. Ledger, Docket No. 145, and Exh. A thereto.) Aside from the three surviving causes of action, the Plaintiff sought to re-assert the six causes of action previously dismissed by Judge Jones in addition to five new claims which the Plaintiff believed were now authorized by the Robinson case.

The defendants oppose the Motion on the bases that Judge Jones already ruled on this matter and because of the Plaintiff's lack of diligence in filing a motion for leave to amend the complaint.

The scheduling order "controls the subsequent course of the action unless modified by subsequent order. Fed. R. Civ. P. 16(e). Additionally, Rule 16(b) provides that the "scheduling order shall not be modified except upon a showing of good cause" and by leave of Court. Fed. R. Civ. P. 16(b). Thus, to obtain the modification it seeks, the Plaintiff must show "good cause" under Rule 16(b). See Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). This "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, it was unable to meet the timetable set forth in the order. See Zivkovic, 302 F.3d at 1087; Johnson, 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to

modify should not be granted." Zivkovic, 302 F.3d at 1087 (citation omitted); see also Johnson, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification").

Here, Plaintiff has not shown good cause. First, the Court finds that the Plaintiff was not diligent in requesting the Court to permit it to file a second amended complaint to include claims purportedly permitted by the Robinson decision. As the Plaintiff notes, the Robinson decision was issued in December 2004. When the defendants failed to promptly stipulate to permit it to amend its First Amended Complaint, the Plaintiff should have immediately sought leave to file an amended complaint instead of filing a Request to Dismiss or Hold Motions in Abeyance. Second, Judge Jones already denied the Plaintiff's request in his April 8, 2005 Order. Finally, the Plaintiff has not shown good cause because it specifically agreed to the June 13, 2005 trial date proposed by Judge Jones. The Court has reviewed the tapes of the April 6, 2005 hearing. While the parties each stated their preferences for a trial date, Mr. Booth – counsel for the Plaintiff – specifically assented to the June 13, 2005 trial date. The Plaintiff never once mentioned that a June trial would be inappropriate because it intended to seek leave to amend its complaint. To permit the Plaintiff to amend its complaint at this late date to include new claims and re-assert claims already dismissed would greatly prejudice and burden the defendants with the re-opening of discovery. This case has been pending now for more than two years. The time for trial of this matter is upon us. Further unwarranted delays will not be condoned.

## CONCLUSION

Based on the above analysis, the Court hereby DENIES the Plaintiff's Motion to Modify the Scheduling Order.

SO ORDERED this 9th day of May 2005.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge