FILED
DISTRICT COURT OF GUAM
MAY 10 2005
MARY L.M. MORAN
CLERK OF COURT

(170)

DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | Civil Case No. 03-00009<br><br>ORDER |

    This case is before the Court on the plaintiff's Rule 52 Motion to Amend Order. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the Court hereby denies the motion and issues the following decision.

## BACKGROUND

    This case concerns the plaintiff's, S.J. Gargrave Syndicate Lloyds ("plaintiff") subrogation

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

claim filed against the defendants, Black Construction Corporation ("Black"), Winzler & Kelly Consulting Engineers ("Winzler & Kelly") and Engineering, Management & Planning Services Corporation ("EMPSCO") after satisfying a claim by its insured, the Port Authority of Guam ("Port").

A First Amended Complaint was filed on December 23, 2003. Thereafter the defendants filed several dispositive motions concerning the various causes of action alleged in the First Amended Complaint. On April 6, 2005, those motions came before the Court for hearing. And, on April 8, 2005 (the "Order"), the Court issued its rulings as to the motions.[2]

On April 22, 2005, the plaintiff filed the instant motion to have this Court amend the Order to deny the defendants' motion for partial summary judgment on the first, second and third causes of action (negligent property damage) and to allow plaintiff to pursue its economic losses, pursuant to *Robinson Helicopter Company, Inc. v. Dana Corporation*, 34 Cal.4th 979 (2004). Plaintiff further requests that the Court amend the Order to deny defendants' motion for partial summary judgment on the limitations of damages, and recognize that the Loss and Subrogation Form signed by the Port Authority of Guam is a valid transfer and assignment to plaintiff of uninsured rights.

## DISCUSSION

Pursuant to Local Civil Rule 7.1(i), a party may seek the reconsideration of a prior order. Specifically, Rule 7.1(i) provides:

> **Motion for Reconsideration**. A motion for reconsideration of the decision on any motion may be made only on the grounds of
>
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
>
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
>
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

---

[2] The Honorable Robert Clive Jones, United States District Judge for the District Court of Nevada, by designation, heard and ruled upon all pending motions at that time.

<u>No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.</u>

Local Civ. R. 7.1(i) (emphasis added).

The plaintiff's motion does not state or otherwise suggest that there is a basis for reconsideration under any of the foregoing grounds recognized under the Local Rule 7.1. The plaintiff has failed to demonstrate a material difference in fact or law, the emergence of new facts or a change in law, or provide a manifest showing of a failure to consider material facts presented to the Court.

While the plaintiff seeks to supplement and/or reargue its prior arguments, the Court does not find there is a basis to reconsider and amend the prior rulings.

Motions to reconsider are appropriate only in rare circumstances:

> The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Urtuzuastegui v. U.S.* 2001 WL 175940, *1 (D.Ariz.,2001) (citations omitted). A motion for reconsideration should not be used to ask the court "to rethink what the court had already thought through -- rightly or wrongly". *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

In ruling on the motions, this Court finds that Judge Jones did not summarily make a ruling without due accord given the many matters.[3] Judge Jones heard argument from the parties and

---

[3]This Court notes that in ruling on the various motions, Judge Jones considered only the state of the pleadings before him at the time. Although the plaintiff stated in its "Suggestion of Mootness and Request to Dismiss or Hold Pending Motions in Abeyance", that it had intended to file an amended complaint it had not done so as of the April 6, 2005 hearing. *See* Docket No. 134. When Judge Jones was scheduling the case for a June trial date the plaintiff did not raise any concerns that it would need a later date because it intended to file an amended complaint and would need more time. In addition, the Court understands that the plaintiff filed a "Motion to Modify the Scheduling Order" seeking to amend its complaint to add causes of action for fraud and intentional misrepresentation claims, based upon the recent decision of the *Robinson Helicopter* case. However, the Court understands the Magistrate Judge denied that motion, finding the plaintiff was not diligent in requesting the court to permit it to file a second amended complaint to include claims purportedly permitted by the *Robinson*

thereafter, made deliberate rulings in a lengthy written order. As noted the plaintiff's motion to amend order neither discloses any new facts that the Court was unaware of, nor does it reveal any manifest error of law in the Court's ruling. *In re Agric. Research & Tech. Group,* 916 F.2d 528, 542 (9th Cir. 1990) ("Motions for reconsideration may properly be denied where the motion fails to state new law or facts"). Accordingly, this Court does not find that the plaintiff has made any kind of showing justifying this Court to grant the relief the plaintiff seeks.

## CONCLUSION

Upon consideration of the foregoing, the Court finds that the plaintiff requests the Court to rethink what it has already thought through. Such a request does not warrant a granting of a motion for reconsideration. Therefore, the plaintiff's Rule 52 Motion to Amend Order is denied.

SO ORDERED this __10__ day of May, 2005.



District Judge David O. Carter[*]
United States District Judge

---

*Helicopter* decision. *See* Docket No. 139. This Court agrees with the Magistrate Judge's ruling.

[*]The Honorable David O. Carter, United States District Judge for the Central District of California by designation.