ORIGINAL

FILED
DISTRICT COURT OF GUAM
JUN -9 2005
MARY L.M. MORAN
CLERK OF COURT



CARLSMITH BALL LLP

DAVID LEDGER
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br>**REQUEST FOR REFERENCE TO TRIAL JUDGE; DECLARATION OF SERVICE** |

On May 31, 2005, a pre-trial conference was held in this matter before the Honorable Ricardo Martinez, United States District Judge, United States District Court for the Western District of Washington at Seattle. At that time, Judge Martinez vacated the previously-set trial date of June 13, 2005, and advised the parties that he would formally request that the

Circuit Executive specially assign a judge to sit in Guam and hear this case. It was suggested that, depending on that judge's schedule, trial might be set in either September or October, 2005.

Defendant Engineering, Management & Planning Services Corporation (hereinafter "EMPSCO") has filed a Renewed Motion to Limit Testimony of Plaintiff's Expert at Trial (hereinafter "the Motion"). No oral argument was requested. Defendant Winzler & Kelly have filed its Opposition to the Motion. Plaintiff will file its opposition to this Motion within the time provided by the Local Rules. However, Plaintiff herein formally requests that the Motion be referred to the trial judge in this matter, and that it not be heard by the Magistrate Judge.

The last time this Motion by EMPSCO was denied, the Magistrate Judge ruled that it could be renewed at the time of trial, presumably before the trial judge. Magistrate Judge Manibusan ruled on May 9, 2005, that EMPSCO could renew its Motion "... to exclude this testimony from the trial **at that time**." Order and Report & Recommendation, filed herein May 9, 2005, p. 4 (emphasis added). The Order did not invite EMPSCO to refile the Motion before the Magistrate Judge.

Plaintiff relies on 28 U.S.C. § 636(b)(1)(A), which empowers Magistrate Judges to hear **pre-trial** matters, which are not dispositive of a case, claim or defense. A motion *in limine* is a trial motion. In limine motions are filed in the days just prior to trial to limit or exclude entirely certain evidence to be offered at trial. In limine motions are not discovery motions within the scope of section 636(b)(1)(A). Furthermore, EMPSCO's motion to exclude trial evidence is not the type of pre-trial motion (such as a discovery motion), which the statute contemplates that a Magistrate Judge may hear, over the objection of one of the parties. It is also not one of the motions enumerated in General Order 04-00016 which are specifically referred to the Magistrate Judge of this Court.

EMPSCO's motion herein also is in the nature of a dispositive motion, since it is essentially a restatement of EMPSCO's prior, unsuccessful, motion for summary judgment in this matter. *See* Order of Judge Robert Clive Jones, filed herein on April 8, 2005, denying EMPSCO's motion for summary judgment, pp. 15-18. EMPSCO seeks to have Plaintiff's sole trial expert precluded from offering his professional opinions concerning the negligence of EMPSCO, the project's Engineer of Record. Specifically, EMPSCO's failure to meet the required professional standard of care to which structural engineers are held. By its Motion, EMPSCO hopes to dispose of all of Plaintiff's claims against it. Orders that have this "dispositive" effect are inappropriate for hearing before a Magistrate Judge if a party objects. Vogel v. U.S. Office Products Co., 258 F.3d 509 (6th Cir. 2001).

> In determining whether a particular motion is dispositive, this court undertakes functional analysis of the motion's potential effect on litigation. The list of dispositive motions contained in § 636(b)(1)(A) is nonexhaustive, and unlisted motions that are functionally equivalent to those listed in § 636(b)(1)(A) are also dispositive.

Id., at 514-515, listing as dispositive motions: for Rule 11 sanctions; to realign parties; to proceed *in forma pauperis*; and for Rule 37 sanctions, *inter alia*. See also Tankersley v. Medart, Inc., 1994 WL 1890913 at *6 (N.D. Miss. 1994) (directing all pretrial matters except dispositive motions and in limine motions to magistrate judge). EMPSCO's motion is dispositive because it will have a "preclusive effect on the parties," NLRB v. Frazier, 966 F.2d 812, 816 (3$^d$ Cir. 1992), specifically, by precluding Plaintiff from presenting evidence pertaining to EMPSCO's negligence.

Plaintiff's request that this matter be heard by the trial judge is also based on the fact that there is no sitting Article III judge in Guam. Therefore Plaintiff's right of appeal (should that be necessary) to a district judge, which is provided in F.R.C.P. 72(a) and 28 U.S.C.

§ 636(b)(1), would be logistically difficult and disruptive to the parties' trial preparation. If the Motion is decided by a Magistrate Judge, any appeal could be delayed for months until a visiting judge or a specially appointed judge takes the appeal.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff requests that EMPSCO's Motion be held in abeyance and referred to the special-assignment U.S. District Judge who is designated to hear this matter.

DATED: Hagåtña, Guam, June 9, 2005.

CARLSMITH BALL LLP

DAVID LEDGER
Attorney for Plaintiff
S.J. Gargrave Syndicate at Lloyds

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on June 9, 2005, I caused to be served, via hand delivery, a true and correct copy of **REQUEST FOR REFERENCE TO TRIAL JUDGE** upon Defendants Counsel of record as follows:

> Robert J. O'Connor, Esq.
> Daniel J. Berman, Esq.
> Berman O'Connor Mann & Shklov
> Suite 503, Bank of Guam Building
> 111 Chalan Santo Papa
> Hagåtña, Guam 96910
>
> Thomas C. Sterling, Esq.
> Klemm Blair Sterling & Johnson, P.C.
> Suite 1008, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910

and

> Thomas M. Tarpley, Esq.
> Law Offices of Tarpley & Moroni, LLP
> Suite 402, Bank of Hawaii Building
> 134 West Soledad Avenue
> Hagåtña, Guam 96910

Executed this 9th day of June, 2005 at Hagåtña, Guam.

_____
DAVID LEDGER

SANFRAN1\33786\1 123206.000