```
                        LAW OFFICES
1                   TARPLEY & MORONI, LLP                              FILED
2             A Law Firm including a Professional Corporation
                        Bank of Hawaii Building                    DISTRICT COURT OF GUAM
3                  134 West Soledad Avenue, Ste 402
                         Hagåtña, Guam 96910                          JUN 16 2005
                        Telephone: (671) 472-1539
4                         Fax: (671) 472-4526                        MARY L.M. MORAN
5                                                                    CLERK OF COURT
```

3ZP7077
Attorney *for* Defendant Engineering, Management
          & Planning Services Corporation

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| S.J. GARGRAVE SYNDICATE | ) | CIVIL CASE NO. CV03-00009 |
| AT LLOYDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BLACK CONSTRUCTION | ) | |
| CORPORATION, WINZLER & KELLY | ) | **EMPSCO'S RESPONSE TO** |
| CONSULTING ENGINEERS and | ) | **PLAINTIFF'S REQUEST FOR** |
| ENGINEERING, MANAGEMENT, | ) | **REFERENCE TO TRIAL JUDGE** |
| & PLANNING SERVICES | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

In response to EMPSCO's Renewed Motion to Limit Testimony of Plaintiff's Expert, Plaintiff formally "requests" that the motion be held in abeyance and not be heard by Magistrate Manibusan but referred to the trial judge. There is no procedure called a "Request" authorized under the Federal or Local Rules of the District Court of Guam. Plaintiff has failed to comply with Local Rule 7.1 which "shall apply to motions, applications, petitions, orders to show cause, and <u>all other proceedings except a trial on the merits and applications for a temporary restraining order</u>", and therefore its request should be stricken. EMPSCO's pending motion is a renewal of a previous motion presented to Magistrate Manibusan



without objection from Plaintiff. The Magistrate issued his Order and Report & Recommendation [Docket No. 168] which gave clear warning to Plaintiff's counsel that if his representations turned out to be incorrect EMPSCO could renew its motion and seek monetary sanctions. *Id.* Plaintiff's representations were indeed false. *See EMPSCO's Renewed Motion To Limit Expert's Testimony [Docket Nos. 173 and 174].* Since Plaintiff is now challenging the interpretation of the Magistrate's Order, the Magistrate himself is the most appropriate judicial officer to initially decide the matter.

General Order No. 04-00016 allows the Magistrate Judge to initially review even dispositive motions referred to the Magistrate, who will then file a written proposed finding and recommendation. Either party will then have ten days to file objections to any portion of the Magistrate's proposed finding and recommendation. The matter would then be reviewed by a district judge.

EMPSCO agrees with Plaintiff's characterization that EMPSCO's renewed motion, like its previous motion, could have a dispositive effect on Plaintiff's claim against EMPSCO. See Reply of EMPSCO to Plaintiff's Opposition to Motion to Limit Expert Testimony, filed contemporaneously herewith. Such a determination is more appropriately made in advance of trial rather than at the trial on the merits. EMPSCO therefore opposes Plaintiff's attempt to

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CV03-00009
EMPSCO'S RESPONSE TO PLAINTIFF'S REQUEST FOR REFERENCE TO TRIAL JUDGE
Page 2 of 3

Case 1:03-cv-00009   Document 204   Filed 06/16/2005   Page 2 of 3

hold this matter in abeyance or diverting this matter to another judge unfamiliar with the facts.

Respectfully submitted this \_\_\_16th\_\_\_ day of June, 2005.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for EMPSCO

S.J. Gargrave Syndicate At Lloyds v. Black Construction
Corporation, et. al., CV03-00009
EMPSCO'S RESPONSE TO PLAINTIFF'S REQUEST FOR
REFERENCE TO TRIAL JUDGE

Page 3 of 3

Case 1:03-cv-00009   Document 204   Filed 06/16/2005   Page 3 of 3