LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

3ZP7081
Attorney *for* Defendant Engineering, Management
& Planning Services Corporation



FILED
DISTRICT COURT OF GUAM
JUN 16 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>    Plaintiff,<br><br>v.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION,<br><br>    Defendants. | CIVIL CASE NO. CV03-00009<br><br>**REPLY OF EMPSCO TO WINZLER & KELLY'S OPPOSITION TO RENEWED MOTION TO LIMIT TESTIMONY OF PLAINTIFF'S TRIAL EXPERT** |

Winzler & Kelly ("W&K") appears to believe that because its expert, Webb Hayes, denigrates EMPSCO, the Hayes report somehow absolves the Plaintiff from not timely filing its own report. W&K forgets that W&K is not suing EMPSCO, only the Plaintiff is. Plaintiff has not designated Webb Hayes as an expert it intends to call in its case-in-chief at trial. It is the Plaintiff who has the burden of proving the allegations it brings against EMPSCO, not W&K. If Plaintiff cannot sustain its burden, there will be a nonsuit. EMPSCO would thereupon be entitled to a dismissal from this action before Hayes even takes the stand. Plaintiff admits this is a likely possibility if EMPSCO's motion is granted. *See*

*Request For Reference To Trial Judge*, filed June 9, 2005 [Docket No. 180].

W&K also ignores the most significant fact that it was W&K who proposed, designed, stamped and signed the repair design at issue in this lawsuit, not EMPSCO. Under Guam PEALS law, when W&K stamped and signed its design it took professional responsibility for the adequacy of the design, not EMPSCO. Even Plaintiff's expert concedes that W&K was the "Engineer of Record" for this repair, not EMPSCO (See Boone's testimony submitted with EMPSCO's reply to Plaintiff's opposition to EMPSCO's present motion). EMPSCO had no contractual duties to oversee another designer's work, and performed only a "compliance submittal review" as requested and only as an accommodation to the Port for which EMPSCO received no compensation. Such a limited, conditional review is standard in the industry. *Id.* Moreover, both Black's expert and Mr. Hayes agree that W&K's design was perfectly adequate, so W&K's arguing a moot point.

W&K argues that because EMPSCO was mentioned by name in Boone's May 12, 2004 report, EMPSCO was put "on notice" that Boone was of the opinion EMPSCO was negligent. Boone said nothing of the kind. Although EMPSCO's name appears on the report, Boone only found that Defendants Black and Winzler & Kelly were negligent. Indeed, Boone presently admits that he only recently formed an opinion as to EMPSCO and has never even read the EMPSCO contract until it was shown to him at his deposition in San Francisco last month! *See respective briefs of EMPSCO and Plaintiff which were filed on both of EMPSCO's motions to limit Boone's testimony.*

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CV03-00009
REPLY OF EMPSCO TO WINZLER & KELLY'S OPPOSITION TO RENEWED MOTION TO LIMIT OPINIONS OF PLAINTIFF'S TRIAL EXPERT

Page 2 of 4

Case 1:03-cv-00009   Document 207   Filed 06/16/2005   Page 2 of 4

Lastly, W&K argues that it would be prejudiced in limiting Boone's testimony to what was disclosed in his initial report. Since the "Supplemental" report refers <u>only</u> to EMPSCO's performance and no other party, it is difficult to see how W&K has standing to make this objection. Nevertheless, this so-called prejudice, argues W&K, is that "there would be prejudice to co-defendants Winzler & Kelly and perhaps Black Construction Corporation if Plaintiff were hand-cuffed from presenting its case against EMPSCO so that the jury could fairly apportion damages." However, neither Winzler & Kelly nor Black is entitled to ask the jury to "apportion damages". This is no longer a tort case. The only claim against EMPSCO is for breach of contract, the terms of which were exclusively between the Port and EMPSCO. EMPSCO had no contract with W&K, nor Black, nor are EMPSCO and W&K suing each other (or nor is Black suing EMPSCO). W&K cannot be jointly liable to the Port under EMPSCO's contract to which W&K was not a party. Guam's statutes or case law do not authorize Winzler & Kelly to request the jury to apportion damage in this case. Although the Guam Legislature enacted the Contribution Among Tortfeasors Act (7 GCA §2601, et. seq.) allowing a jury to apportion damages among "two or more persons [who] become jointly or severally liable **in tort** for the same injury to person or property or for the same wrongful death", such apportionment is only to allow the Defendants to seek contribution from the co-defendants. Defendants remain jointly and severally liable to a Plaintiff in such tort cases. By its terms, the statute applies only to tort cases, not contract actions. <u>Hunt v. Ellisor & Tanner, Inc.</u>, 739 S.W.2d 933 (Tex. 1987) (doctrine of

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al., CV03-00009
REPLY OF EMPSCO TO WINZLER & KELLY'S OPPOSITION TO RENEWED MOTION TO LIMIT TESTIMONY OF PLAINTIFF'S TRIAL EXPERT

**Page 3 of 4**

Case 1:03-cv-00009    Document 207    Filed 06/16/2005    Page 3 of 4

comparative causation does not apply in breach of contract actions to allocate liability between breaching parties). Thus the premise of W&K's objection is simply wrong. See also <u>Lesmeister v. Dilly</u>, 330 N.W.2d 95 (Minn. 1983) (where duties between parties arose out of contract, about which there was an opportunity to bargain and allocate risk and duties, trial court erred in submitting theory of "negligent breach of contract" to jury, or allowing apportionment of fault either based on pure contract or negligent breach of contract cause of action).

## CONCLUSION

For the above-stated reasons, W&K's opposition to EMPSCO's motion to limit the testimony of Elliott Boone is without merit.

Respectfully submitted this __16th__ day of June, 2005.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for EMPSCO

S.J. Gargrave Syndicate At Lloyds v. Black Construction
Corporation, et. al., CV03-00009
REPLY OF EMPSCO TO WINZLER & KELLY'S OPPOSITION TO RENEWED
MOTION TO LIMIT TESTIMONY OF PLAINTIFF'S TRIAL EXPERT

Page 4 of 4

Case 1:03-cv-00009   Document 207   Filed 06/16/2005   Page 4 of 4