BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
ROBERT J. O'CONNOR
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Phone: (671) 477-2778
Fax: (671) 499-4366

Attorneys for Defendant
Winzler & Kelly Consulting Engineers

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYD'S,<br><br>               Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORP., WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING MANAGEMENT & PLANNING SERVICES CORP.,<br><br>               Defendants. | Civ. No. CIV 03-0009<br><br><br>WINZLER & KELLY'S MOTION TO MODIFY SCHEDULING ORDER<br><br>Oral Argument Not Requested |

## INTRODUCTION

Defendant Winzler & Kelly Consulting Engineers hereby moves the court to modify the scheduling order entered in this matter on August 19, 2004, so as to allow Winzler & Kelly's Motion for Summary Judgment on the Fifth Cause of Action to be considered and ruled on by the Court prior to the November 8, 2005, trial of this matter.

As the court pointed out in its recent Order, Rule 16(b) of the Federal Rules of Civil Procedure requires "good cause" for the modification of a scheduling order. There is good cause for modification in order to hear Winzler & Kelly's motion in this case,

because the motion raises a legal issue that will inevitably need to be determined at some point in the course of this litigation -- specifically, whether Winzler & Kelly can be sued for breach of contract on a third-party-beneficiary theory. If this issue is not addressed and resolved now, before trial, it will have to be addressed and resolved later, most likely on a motion for directed verdict at the close of the Plaintiff's case and/or at the conclusion of the trial. Resolving it now will save valuable time and resources of the court and all parties, and, if the motion is granted, will result in one party (Winzler & Kelly) not participating in the trial at all, thus streamlining issues and proceedings, and substantially simplifying this complex case for the jury.

## ARGUMENT

Rule 16's requirement of "good cause" for the amendment of a scheduling order is sometimes construed as principally requiring "diligence" on the part of the party seeking the amendment, see, e.g., Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992), and indeed Winzler & Kelly has been consistently diligent in its litigation of this case, as the record bears out.[1] A closer look at the cases, moreover, reveals that the

---

[1] Winzler & Kelly has successfully moved for judgment on the pleadings as to two of the three causes of action asserted against it in this matter. See Order (April 8, 2005) at 21. At the same time, Winzler & Kelly also sought summary judgment on the contract claim (fifth cause of action), on different grounds from those asserted in its current motion, but that motion was denied on the ground that a genuine issue of material fact existed. See id. The issue raised in the current motion (lack of third-party beneficiary status) frankly had not occurred to Winzler & Kelly at the time those earlier motions were filed, or it would of course have been raised along with them. Belated inspiration, however, is not to be equated with want of diligence. Indeed, it is to the diligent that such inspiration most often comes, and Winzler & Kelly became aware of the existence and significance of the third-party beneficiary issue while diligently researching and preparing the motion for directed verdict it intends to file at the close of Plaintiff's case at trial.

2

presence or absence of "diligence" is not determinative of "good cause" for modification of a scheduling order in those cases where the effect of the proposed modification would be to make the case *smaller* -- as by eliminating unnecessary issues -- as opposed to making it *larger* -- as by amending the complaint to add new claims or new parties. In cases of the former type, the elimination of unnecessary issues from trial can itself provide the requisite "good cause."[2]

For example, in Gomez v. Trustees of Harvard University, 676 F.Supp. 13 (D.D.C. 1987), the court faced a situation in which (as in this case) the trial date had been continued without a corresponding change to the motion cut-off date, and the defendants had filed a motion to dismiss, not only after the motion deadline, but after what had been the originally-scheduled trial date. The court nevertheless considered and ruled on the motion, on the principle that "[t]he purpose of pre-trial procedure is to serve the best interests of justice by eliminating unnecessary proof and issues and weeding out unsupportable claims." Id. at 15. The court also granted defendants' motion for leave to file a further (and equally untimely) motion for partial summary judgment on the remaining claims against them, over plaintiff's objection of lack of "good cause" to modify the schedule. The court wrote:

> While it is quite true that defendants have not demonstrated any excusable neglect, it is equally true that defendants' motion is directed to the sound discretion of the Court to permit late filing where no prejudice to plaintiff results. Plaintiff has not shown any prejudice by virtue of the summary

---

[2] In other words, the ultimate end to be served by the decision on a motion to modify the scheduling order is not the punishment of the non-diligent for its own sake, but rather the fair and orderly administration of justice.

3

judgment motion.[3] Moreover, if the Court refused to permit filing of this summary judgment motion, *the same facts now available to the defendants would figure in the motion for a directed verdict that defendants would undoubtedly file.*

Id. at 15-16 (emphasis added). The court confessed its "reluctan[ce] to allow litigants to avoid penalty for failing to abide by the Court's deadlines," but nevertheless "recognize[d] that the interests of justice may sometimes require a court to exercise its inherent power to bend deadlines in order to apply the law in the most cost-effective and most intelligent manner." Id. at 16.

A similar situation arose again more recently in Eischeid v. Dover Construction, Inc., 217 F.R.D. 448 (N.D. Iowa 2003). In Eischeid, the plaintiff moved to modify the scheduling order so as to file a last-minute motion for summary judgment. He offered a variety of excuses for his belated filing of the motion, all of which the court rejected as insufficient "good cause," id. at 455, even observing that such last-minute motions were "precisely the sort of thing that [the] Scheduling Order was designed to prevent." Id. at 453. Even so, the court granted the motion to modify, and considered the plaintiff's summary judgment motion, because that motion raised legal issues that would have to be

---

[3] Plaintiff in this case will not be prejudiced by consideration of Winzler & Kelly's motion, not least because that motion was filed at substantially the same time prior to trial (two months) as the former scheduling order had allowed for. The August 19, 2004, scheduling order set a motion filing deadline of December 23, 2004. At the time that deadline was set, however, trial was still scheduled for March 1, 2005. See Stipulation and Order To Amend Scheduling Order and Discovery Plan (March 15, 2004) at 3. The motion deadline was thus just over two months (67 days) prior to the trial date.

The trial, however, was later continued to June 13, 2005, and then again to November 8, 2005. When Winzler & Kelly filed its Motion For Summary Judgment on September 7, 2005, therefore, there were still two months (62 days) remaining prior to trial, approximately the same amount of time as the scheduling order had authorized when it was issued.

4

determined sooner or later over the course of the trial, and sooner was better than later. That fact, in and of itself, constituted "good cause:"

> [T]he court could be persuaded that "good cause" exists for extending a dispositive motion deadline where the proffered dispositive motion presents *legal* issues that the court would inevitably have to decide either prior to or in the course of trial. In those circumstances, a well-founded summary judgment motion might present the most efficient method for addressing the legal issues presented, the fairest opportunity for all parties to be heard on those issues, and, ultimately, make possible a smoother, more coherent, and briefer presentation of the case to a jury.

Id. at 455 (emphasis in original). Moreover, the court noted,

> where the issues raised in the belated motion must inevitably by addressed by the court either prior to or in the course of trial, the opposing party cannot claim prejudice where presentation of the otherwise untimely motion presenting those issues actually gives the opposing party the opportunity to litigate those issues fully and fairly.

Id. Under these "limited circumstances," the court held, "good cause" exists, regardless of the diligence of the moving party. Id. at 455-56. Precisely the same "limited circumstances" exist in this case, and the scheduling order should be modified for the same reasons.

## CONCLUSION

Because Winzler & Kelly has been diligent, and because the pre-trial determination of the third-party beneficiary issue will potentially eliminate unnecessary issues and parties from the trial, and thus better serve the interests of judicial economy and substantial justice, the court should modify the scheduling order, set a briefing and hearing schedule on Winzler & Kelly's Motion For Summary Judgment on the Fifth Cause of Action (filed September 7, 2005) (as set out in the proposed order submitted herewith, or otherwise as the court may deem appropriate, except that Winzler & Kelly's

counsel will be off-island and unavailable for oral argument from October 7 through October 17), and consider and rule on that motion prior to trial.

Respectfully submitted this 20th day of September, 2005.

                                        BERMAN O'CONNOR MANN & SHKLOV
                                        Attorneys for Winzler & Kelly

                                        By: *[signature]*