ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
STEVEN C. SMITH
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds



FILED
DISTRICT COURT OF GUAM
SEP 3 0 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br>**PLAINTIFF'S SUPPLEMENTAL AUTHORITIES IN SUPPORT OF OPPOSITION TO WINZLER & KELLY'S MOTION TO MODIFY SCHEDULING ORDER; EXHIBITS "A" & "B"; DECLARATION OF SERVICE** |

In addition to the Opposition of Plaintiff S.J. Gargrave Syndicate at Lloyd's dated September 23, 2005 to the Motion to Modify Scheduling Order file by defendant Winzler & Kelly (hereinafter "W&K"), Plaintiff brings the following to the Court's attention to illustrate the

complete lack of merit to W&K's argument that it has been diligent in litigating Plaintiff's Cause of Action No. 5 and that cause exists for the modification of the scheduling order less than 6 weeks prior to the trial in this lawsuit.

In its Reply to Plaintiff's Opposition to W&K's Motion for Judgment on the Pleadings dated November 26, 2004, under the heading "The Syndicate Ignores W&K & Kelly's Cases", W&K cited the case of The Ocean Ritz of Daytona Condominium v. GGV Associates, Ltd., 710 F.Supp. 447, 449 (S.D.N.Y. 1990) and admitted that Plaintiff "is a **third party beneficiary** to the contract rather than one of the immediate contracting parties." *See* page 1 of W&K's Reply dated November 26, 2004 and p. 2 where the admission is made, attached hereto as **Exhibit "A"**. In W&K's November 26, 2004 Reply brief, W&K also admitted that it had actual knowledge of Plaintiff's third party beneficiary theory as follows: "Winzler & Kelly anticipated that the Syndicate might attempt to distinguish the case on the ground that a **third-party beneficiary is involved**." *See* Exhibit "A", lines 18-19. In its Reply Brief, W&K cited its own Opening Memorandum (filed before November 26, 2004) when it discussed the third party beneficiary issue presented by Plaintiff.

In the Court's Order dated April 8, 2005 denying W&K's first Motion for Summary Judgment on Cause of Action No. 5, the Court relied upon and cited Ocean Ritz (the same case presented by W&K) at p. 10, lines 19-22 of the Court's Order: "The Ocean Ritz of Daytonoa (sic) Condominium v. GGV Associates, Ltd., 710 F.Supp. 447, 449 (S.D.N.Y. 1990) (holding the economic loss rule bars a negligence action **in the context of a third-party beneficiary** of a professional consultant's contract when the plaintiff is seeking to recover only economic loss)." *See* Order attached hereto as **Exhibit "B"** denying W&K's Motion for Summary Judgment.

Based on the foregoing and the Opposition of Plaintiff filed on September 23, 2005, the Court should find that W&K's claim that it had "belated inspiration" to file a summary judgment on the third party beneficiary issue is totally disingenuous and the Court should deny W&K's Motion to Modify Scheduling Order to file a second Motion for Summary Judgment on Plaintiff's Cause of Action No. 5. W&K has already caused enough disruption in Plaintiff's trial preparation against it and the other two defendants to address W&K's baseless motion to modify.

DATED: Hagåtña, Guam, September 30, 2005.

CARLSMITH BALL LLP

DAVID LEDGER
STEPHEN C. SMITH
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

# EXHIBIT A

BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
ROBERT J. O'CONNOR
503 Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Phone: (671) 477-2778
Fax: (671) 499-4366

Attorneys for Defendant
Winzler & Kelly Consulting Engineers

FILED
DISTRICT COURT OF GUAM
NOV 26 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYD'S, <br><br> Plaintiff, <br><br> vs. <br><br> BLACK CONSTRUCTION CORP., WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING MANAGEMENT & PLANNING SERVICES CORP., <br><br> Defendants. | Civ. No. CIV 03-0009 <br><br> DEFENDANT WINZLER & KELLY CONSULTING ENGINEERS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS ON SECOND CAUSE OF ACTION (NEGLIGENCE AGAINST WINZLER & KELLY); CERTIFICATE OF SERVICE <br><br> Date: December 3, 2004 <br> Time: 9:00 a.m. <br> Judge: Hon. A. Wallace Tashima <br> Senior Circuit Judge |

## Introduction.

The plaintiff Syndicate has sued Winzler & Kelly for its supposed negligence in performing the terms of a contract with Black Construction to design repairs to the concrete piles and dolphins of Pier F-1 in the Port of Guam.[1] The damage alleged "was done to F pier and the dolphins thereof" – i.e., to the subject matter of the contract itself. See First Amended Complaint at paragraph 15. No damage was alleged to have been done to any property other than the pier and dolphins as a result of Winzler & Kelly's supposed negligence, nor was any person alleged to have been injured by reason thereof.

Accordingly, Winzler & Kelly moved for judgment on the pleadings on the negligence claim, on the ground that the Economic Loss Doctrine precludes recovery in tort for breaches of contract, in

---

[1] The Syndicate is subrogee of the Port Authority of Guam, which was the original third-party beneficiary of the design contract between Winzler & Kelly and Black.

- 1 -

situations where no damage is sustained by any persons or other property beside the item contracted for. The Syndicate attempts to oppose this motion by arguing that the Economic Loss Doctrine applies only between parties in contractual privity, not in a situation such as this case presents, where the plaintiff did not contract directly with the defendant, but is rather the third-party beneficiary of a contract between the defendant and a third party. Its arguments are unavailing.

### The "Background Facts" Are Inapt, Objectionable and Inaccurate.

The Syndicate begins its Opposition with a lengthy section of so-called "Background Facts." See Opposition at pages 2-4. In a motion for judgment on the pleadings, however, the facts are to be taken as pleaded in the complaint, not as elaborated, glossed, augmented, and supplemented in a brief – particularly when this is done without any evidentiary support. Winzler & Kelly has already filed with the court its Objections To Factual Assertions Made in Plaintiff's Opposition Briefs Which Are Unsupported By Any Evidence. It adds here the objection that for purposes of this motion for judgment on the pleadings, no factual assertions extraneous to the pleadings should be considered. See, e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990).

### The Syndicate Ignores Winzler & Kelly's Cases

Winzler & Kelly anticipated that the Syndicate might attempt to distinguish this case on the ground that a third-party beneficiary is involved, and therefore took care to address the issue in its opening brief, citing authority for the proposition that the Economic Loss Doctrine "also applies where the would-be plaintiff in tort is a third-party beneficiary to the contract rather than one of the immediate contracting parties." Winzler & Kelly's Opening Memorandum in Support of this Motion, at page 6-7 (citing Shipping Corp. of India, Ltd. v. American Bureau of Shipping, 744 F.Supp. 447, 449 (S.D.N.Y. 1990); The Ocean Ritz of Daytona Condominium v. GGV Associates, Ltd., 710 So.2d 702, 702 (Fla. App. 1998); Sensenbrenner v. Rust, Orling & Neal, Architects, Inc., 374 S.E.2d 55 (Va. 1988)). The Syndicate, however, does not so much as address any of these cases. (Indeed, it would appear from the Syndicate's inaccurate claims that "Winzler failed to inform this Court that there is a lack of privity between the Port and Winzler" (Opposition at page 8), and that "in all of the cases it [Winzler] cites which discuss the

-2-

# EXHIBIT B

FILED
DISTRICT COURT OF GUAM
APR 1- 8 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

S.J. GARGRAVE SYNDICATE AT LLOYDS,

Plaintiff,

vs.

BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,

Defendants.

Civil Case No. 03-00009

ORDER

This matter is before the Court on the following motions: 1) Defendant, Black Construction Corporation's Motion for Partial Summary Judgment, or Alternatively, to Dismiss; 2) Defendant, Winzler & Kelly's Motion for Judgment on the Pleadings, on Ninth Cause of Action; 3) Defendant, Winzler & Kelly's Motion for Judgment on the Pleadings, on Second Cause of Action; 4) Defendant, Winzler & Kelly's Motion for Judgment on the Pleadings, on Fifth Cause of Action; 5) Defendant, Engineering, Management, & Planning Services Corporation for Summary Judgment and for Judgment on the Pleadings. After hearing argument from counsel and reviewing the parties' submissions, as well as relevant caselaw and authority, the Court hereby memorializes the bases for its rulings herein.



> damage. But when damage occurs to the inferior product itself, through deterioration or non-accidental cause, the harm is characterized as economic loss. In general, persons must refrain from causing personal injury and property damage to third parties, but no corresponding tort duty exists with respect to economic loss.

Ellis v. Robert C. Morris, Inc., 513 A.2d 951, 954 (N.H. 1986).

The defendants argue that there is a trend among courts to apply this doctrine in order to limit an aggrieved party's remedies to contract remedies in the absence of personal injury or property damage.

In applying the Economic Loss Doctrine to bar a plaintiff's recovery in East River Steamship Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 868, 106 S.Ct. 2295, 2302 (1986), the Supreme Court held, in part, as follows:

> Obviously, damage to a product itself has certain attributes of a products liability claim. But the injury suffered - the failure of the product to function properly - is the essence of a warranty action, through which a contracting party can seek to recoup the benefit of its bargain.

However, the plaintiff argues with respect to Winzler & Kelly, the Port had no contract with them. Unlike the plaintiff in East River, there is no contract remedy that it can fall back upon for recovery. Therefore, as to Winzler & Kelly, there can be no use of the Economic Loss Doctrine to shield itself from liability in this matter. The Court disagrees. The premise of the rule enunciated in East River is that a contract action is more appropriate for recovering economic losses than is a negligence action. See The Ocean Ritz of Daytonoa Condominium v. GGV Associates, Ltd., 710 F.Supp. 447, 449 (S.D.N.Y. 1990) (holding the economic loss rule bars a negligence action in the context of a third-party beneficiary of a professional consultant's contract when the plaintiff is seeking to recover only economic losses).

The plaintiff also argues that "other property" was damaged such that the Economic Loss Doctrine would not operate to preclude recovery in tort for damages sustained in the earthquake. The U.S. Supreme Court has held that in the traditional tort property damage cases, the defective product damages other property. East River Steamship Corp., 476 U.S. 858, 867, 106 S.Ct. 2295, 2300 (1986). Contrary to the assertion of the defendants that only F-1 pier and the dolphins were damaged, the plaintiff argues that "other Port facilities and property" were damaged by the failure

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on September 30, 2005, I caused to be served, via hand delivery, a true and correct copy of PLAINTIFF'S SUPPLEMENTAL AUTHORITIES IN SUPPORT OF OPPOSITION TO WINZLER & KELLY'S MOTION TO MODIFY SCHEDULING ORDER; EXHIBITS "A" and "B" upon Defendants' Counsel of record as follows:

>Robert J. O'Connor, Esq.
>Daniel J. Berman, Esq.
>Berman O'Connor Mann & Shklov
>Suite 503, Bank of Guam Building
>111 Chalan Santo Papa
>Hagåtña, Guam 96910
>
>Thomas C. Sterling, Esq.
>Klemm Blair Sterling & Johnson, P.C.
>Suite 1008, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

and
>Thomas M. Tarpley, Esq.
>Law Offices of Tarpley & Moroni, LLP
>Suite 402, Bank of Hawaii Building
>134 West Soledad Avenue
>Hagåtña, Guam 96910

Executed this 30th day of September 2005 at Hagåtña, Guam.

_____
DAVID LEDGER

SANFRAN1\33599\1 123206.00