BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
ROBERT J. O'CONNOR
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Phone: (671) 477-2778
Fax: (671) 499-4366

Attorneys for Defendant Winzler & Kelly Consulting Engineers

FILED
DISTRICT COURT OF GUAM
OCT - 4 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYD'S, | ) ) ) | Civ. No. CIV 03-00009 T.P |
| Plaintiff, | ) ) ) | REPLY IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER |
| vs. | ) ) | |
| BLACK CONSTRUCTION CORP., WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING MANAGEMENT & PLANNING SERVICES CORP., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Winzler & Kelly has moved to modify the scheduling order in this matter, so that its motion for summary judgment on the third-party beneficiary issue can be heard prior to trial. The Syndicate opposes modification, invoking the venerable legal principle that "what's good for the goose is good for the gander." Opposition at 2. In the Syndicate's view, in other words, Winzler's motion to modify the scheduling order so as to try and streamline issues for the trial by removing unnecessary parties and issues should be denied now, because the Syndicate's own motion to modify it so as to add multiple new causes of action was denied last May.

ORIGINAL

This is not a case of geese and ganders, however, but of apples and oranges (and perhaps some sour grapes as well). The Syndicate, in other words, is drawing a false parallel in attempting to equate the two motions, as should be obvious not only from their substance, but especially from the respective effect that each of them, if granted, would have on the litigation of this matter. One would complicate the case, while the other would simplify it. One would result in more issues being put to the jury, and the other in fewer. One would defeat judicial economy, while the other would advance it. There is, therefore, no reason in law or logic why they should be treated the same.

The Syndicate, however, would have the Court believe that its hands are tied by Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992), and that no decision is therefore possible but denial of modification. The Syndicate thus both overstates the holding of Johnson and understates the discretion of the Court. Johnson itself contradicts of the Syndicate's position. According to Johnson,

> This case [i.e., the Johnson case] turns on *a single, narrow question*: when and under what circumstances may a party *join an additional defendant* once a district court has entered an order limiting the time *for joinder*?

975 F.2d at 607 (emphasis added). Johnson thus does not even claim to speak to a situation such as that presented in this case, wherein no one is seeking to add an additional defendant, or indeed to add anything at all, but to *remove* claims, to remove parties, to simplify and streamline a complex multi-party case that easily threatens to become unwieldy. As for the scope of the court's discretion in determining this motion, again the Johnson court best speaks for itself:

> The district court is given *broad discretion* in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a

2

pretrial order will not be disturbed unless they evidence *a clear abuse of discretion.*

975 F.2d at 607 (quoting Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985)) (emphasis added) (internal punctuation omitted).

It is thus altogether proper, and well within the discretion of the Court, to distinguish between the Syndicate's prior attempt to expand the scope of the case and Winzler & Kelly's present attempt to contract it, and to exercise its discretion differently in the two situations.

Winzler & Kelly, in conclusion, is not asking for any action by the Court that would prejudice the Syndicate in any way. In particular, Winzler is not asking for any delay to the trial. It is only asking for the pretrial determination of a legal issue that would otherwise need to be determined at or after the trial. For all the Syndicate's finger-pointing and attempts to play "gotcha" with snippets of Winzler's prior briefs,[1] it cannot and does not deny that the third-party beneficiary issue needs to be decided *sometime.* So why is it not better for everyone concerned to have it decided now, when at least one of the two possible outcomes will be the removal of an unnecessary party from the trial? The Court may search the Syndicate's papers in vain for any answer to that question. In fact, it *is* better to decide the issue now, and Winzler moves the court to amend the scheduling order in order that it may be so decided.

---

[1] The Syndicate's "Supplemental Authorities" in fact only confirm what Winzler has said all along -- that it came late to its present understanding of the nature and significance of

3

Respectfully submitted this fourth day of October, 2005.

                                    BERMAN O'CONNOR MANN & SHKLOV
                                    Attorneys for Winzler & Kelly

                              By: _____
                                        **DANIEL J. BERMAN**

---

the third-party beneficiary issue, after the round of motions decided in the Court's April 8 Order.