
# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,, <br><br> Plaintiff, <br><br> vs. <br><br> BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS; and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION, <br><br> Defendants. | Civil Case No. 03-00009 <br><br> **ORDER** and <br> **REPORT & RECOMMENDATION** |

This case is before the Court on two motions: (1) a Renewed Motion to Limit Testimony of Plaintiff's Expert at Trial and to Recover Cost (Docket No. 189), filed by defendant Engineering, Management, & Planning Services Corporation ("EMPSCO"); and (2) a Request for Reference to Trial Judge (Docket No. 196), filed by the Plaintiff. For the reasons stated herein, the Court hereby DENIES the Plaintiff's request for reference to the trial judge and RECOMMENDS that the trial judge deny EMPSCO's motion to limit the trial testimony of the Plaintiff's expert.

## BACKGROUND

The sixth cause of action in the First Amended Complaint alleges that EMPSCO breached its contract with the Port Authority of Guam by "failing to exercise requisite care, skill, and competence to review and supervise the work of others, including but not limited to the

engineering plans and drawings prepared by [co-defendant] Winzler [& Kelly Consulting Engineers]," and by "inadequately and incompetently supervising work performed by [co-defendant] Black [Construction Corp.] and others in connection with the project, by approving improper and negligent changes to the project, and by failing to note and observe the errors and omissions by contractors performing the project." (First Am. Compl., Docket No. 22, ¶¶ 30-31.)

On March 15, 2004, a Stipulation and Order to Amend Scheduling Order and Discovery Plan was filed. (Docket No. 35.) Therein, the parties agreed that disclosures of the Plaintiffs' experts and expert testimony shall be made by May 14, 2004. (Id. at 3.) Accordingly, on May 12, 2004, the Plaintiff submitted the report of its expert Elliott H. Boone.[1] This report discussed deficiencies by Winzler & Kelly and Black Construction but made no mention of any negligence attributable to EMSPCO.

On August 19, 2004, the Court approved a stipulation to amend the scheduling order and discovery plan to permit, among other things, that EMPSCO's initial expert disclosures be served no later than October 15, 2004, and that rebuttal expert reports of all parties be served no later than November 18, 2004. (Docket No. 46 at 2.)

EMPSCO provided the Plaintiff with a copy of the report of Albert H. Tsutsui, its expert, on October 15, 2004. (Second Tarpley Decl., Docket No. 206, at ¶1.) Mr. Tsutsui's report concluded that

> EMPSCO did not commit negligence in their engineering services and provided prudent services within standard of care in engineering service in Guam.
> EMPSCO was not required to do a technical review of the VE-1 technical design changes but provided a compliance review to have a professional licensed engineer stamp the VE-1 technical design changes and structural calculations.
>
> EMPSCO had no responsibility for the revised design, specifications, calculations, plans and whatever drawing that Black construction used for obtaining the building permit should not have EMPSCO's name and seal on them. Also, EMPSCO has no responsibilities of supervision of the work; providing progress reports to [the Port Authority of Guam]; and other serivces of the contracted construction manager, N.C. Macario & Associates.

(Id. and Exhibit 1 at p. 4 thereto.)

---

[1] See Booth Decl., Docket No. 200, ¶10 and Exh. G thereto.

On April 21, 2005, the Mr. Boone prepared a "Supplemental" Report for the Plaintiff, who then furnished copies of the report to the defendants. (Booth Decl., Docket No. 200, ¶12 and Exh. I thereto.) The "Supplemental" Report concluded that

> EMPSCO was . . . required to review and comment on the contractor's proposed methods of repair, and on the products and materials to be used in the repairs and upgrade to the Foxtrot F-1 Pier.
>
> [I]t was the responsibility of EMPSCO to confirm that the conditions of their approval were met, and to insist that construction not proceed until satisfactory resolution was at hand. EMPSCO should also have insisted on a special inspection of the epoxy installation, and on testing of the bolts after installation, a code requirement, to confirm proper installation and bolt performance. Their failure to do so falls far short of the standard of care that is expected of an engineering firm in these circumstances."

(Id. and Exh. I at pp.1 & 3 thereto.)

On April 25, 2005, EMPSCO filed an Emergency Motion for Protective Order and Motion *in Limine* Restricting Expert's Testimony at Trial. (Docket Nos. 161 & 162 respectively.) Therein, EMPSCO requested the Court to order that the scope of inquiry and testimony of the upcoming deposition of the Plaintiff's expert, Mr. Boone, be confined to those disclosures revealed in his May 12, 2004 expert report, so that EMPSCO would not need to travel to San Francisco to attend the deposition scheduled for May 12, 2005. EMPSCO also requested that Mr. Boone's trial testimony, then scheduled to commence on June 13, 2005,[2] be likewise limited to those findings and opinions expressed in his May 2004 expert report.

On May 9, 2005, the Court denied the motion for protective order and also recommended that the trial judge deny at that time the motion *in limine* to restrict Mr. Boone's trial testimony. (Docket No. 183.) The Court acknowledged EMPSCO's concern that the Plaintiff failed to explain what "new information" Mr. Boone relied upon. (Id. at 4.) Thus, the Court invited EMPSCO to inquire into what "new information" lead Mr. Boone to supplement his May 12, 2004 report at the scheduled deposition. The Court also permitted EMPSCO to renew its motion to exclude from trial certain testimony from Mr. Boone and to seek the imposition of

---

[2] This trial date was subsequently vacated, and the trial is presently scheduled to commence on November 8, 2005, before the Honorable Robert Clive Jones, United States District Judge for the District of Nevada, who has assigned to preside over this case.

sanctions if it believed that the supplementation was not based on newly discovered or acquired information. (Id.)

Following Mr. Boone's deposition, EMPSCO filed a Renewed Motion to Limit Testimony of Plaintiff's Expert at Trial and to Recover Cost. (Docket No. 189.) Defendant Winzler & Kelly and the Plaintiff filed oppositions to the renewed motion (Docket Nos. 192 and 199 respectively.)[3] EMPSCO then filed replies to the oppositions. (Docket Nos. 205 and 207.) The Plaintiff also filed a Request for Reference to Trial Judge, seeking to have EMPSCO's renewed motion determined by trial judge and not the Magistrate Judge. (Docket No. 196.) EMPSCO filed its response objecting to this request on June 16, 2005. (Docket No. 204.)

## ANALYSIS

1. Request for Reference to Trial Judge

The Plaintiff requests that EMPSCO renewed motion be referred to the trial judge in this matter and that it not be heard by the Magistrate Judge. In support of this position, the Plaintiff argues that (1) the Magistrate Judge's May 9, 2005 Order and Report & Recommendation specifically limited EMSPCO to refiling its motion to the time of trial; (2) the Magistrate Judge is without authority to rule upon *in limine* motions or motions that are dispositive in nature; and (3) the Plaintiff's right of appeal to a district judge, should the Plaintiff disagree with the Magistrate Judge's determination, would be hindered because of the possible unavailability of an Article III judge.

The Plaintiff's first argument is without merit because the Plaintiff has misinterpreted the Court's ruling on the matter. In its May 9, 2005 Order and Report & Recommendation (Docket No. 183), the Court denied EMPSCO's motion for a protective order, but permitted EMPSCO to

---

[3] Winzler & Kelley essentially argue that EMPSCO should not be surprised with the conclusions set forth in Mr. Boone's "supplemental" report since its expert came to those same conclusions. As EMPSCO notes, however, because EMPSCO is being sued by the Plaintiff and not Winzler & Kelly, the Plaintiff may not justify a late disclosure by relying upon the disclosures made by another party. Accordingly, the Court will not consider the arguments raised by Winzler & Kelly in opposition to EMPSCO's renewed motion.

inquire of Mr. Boone at his deposition (then scheduled for May 12, 2005) what "new information" lead him to supplement his May 12, 2004 report. The Court then stated that "[i]f EMPSCO believe[d] that the supplementation was not based on newly discovered or acquired information, then it [was] free to renew its motion to exclude this testimony from the trial at that time." Order and Report & Recommendation (Docket No. 183) at 4. Based on this language, EMPSCO was free to renew its motion to exclude certain testimony from trial if it learned subsequent to the deposition that Mr. Boone's "supplemental" report was not based on newly discovered or newly acquired information. The Court did not confine the filing of such a motion to the time of trial; rather, EMPSCO was permitted to renew its motion any time after Mr. Boone's deposition if it discovered that there was no basis for the belated "supplemental" report.

As to the issue of whether this Court has authority to rule upon EMPSCO's motion, the Court notes that EMPSCO had originally filed a single pleading which sought two separate forms of relief: a protective order and a limitation on Mr. Boone's trial testimony. The Magistrate Judge had authority to hear and determine the first half of EMPSCO's original motion, but could only make a recommendation as to EMPSCO's incorporated second request. Thus, the Court denied the request for a protective order, but as to the second request, the Court merely made its recommendation to the trial judge that he deny EMPSCO's request at that time. At present, however, EMPSCO has *renewed* its motion to limit the trial testimony as the below-signed judge permitted it to. Thus, this Court is authorized to make a recommendation to the trial judge as to how he should rule. The Magistrate Judge acknowledges that the trial judge has final authority on this issue. Furthermore, the Plaintiff's ability to object to the Magistrate Judge's recommendation would not be hampered any more now that it would be when EMPSCO had first filed its motion. Accordingly, the Plaintiff's motion to have EMPSCO renewed motion be referred to the trial judge and not heard by the Magistrate Judge is hereby DENIED.

2. <u>Renewed Motion to Limit Testimony of Plaintiff's Expert and to Recover Cost</u>

EMPSCO seeks to limit the trial testimony of Elliot H. Boone, the Plaintiff's expert, to those disclosures revealed in his May 12, 2004 expert report, and to exclude those findings and opinions contained in his April 21, 2005 "supplemental" report. EMPSCO contends that the

latter report was not based upon newly discovered evidence or information as the Plaintiff's counsel had represented. Rather than being a "supplemental" report, EMPSCO contends that the April 21, 2005 report is a belated "rebuttal report" and its contents should be entirely excluded from trial.

The Plaintiff disagrees with EMPSCO's assertions and claims that it had a duty to supplement its expert report pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. The Plaintiff notes that when Mr. Boone submitted his original report on May 12, 2004, discovery was still ongoing. Mr. Boone states that following his initial report, he received numerous additional documents from the Plaintiff's counsel including deposition transcripts. Boone Decl. (Docket No. 201) ¶¶ 3-4. At the time he prepared his May 2004 report, Mr. Boone did not have "sufficient information . . . to offer a detailed opinion concerning EMPSCO's failure to meet the required standard of care in the services it provided to the Port Authority of Guam in this matter." Id. ¶6. Furthermore, because Mr. Boone "consider[ed] that most of the information [he] received in this matter [was] interrelated, and needed to be evaluated together in order to allow [him] to formulate accurate opinions," id. ¶9, it was only in April 2005, after having had the opportunity to review all the additional information, that he felt he had "sufficient information to form a detailed conclusion that EMPSCO's services . . . fell short of the standard of care expected of an engineering firm in these circumstances." Id. ¶11.

EMPSCO notes that the "additional information" relied upon by Mr. Boone was provided by it to the Plaintiff back in March 2004. Furthermore, EMPSCO asserts that although Mr. Boone's declaration states that he reviewed numerous documents, at his deposition Mr. Boone could only identify three "transmittals" that he relied upon to formulate the April 2005 "supplemental" report. EMPSCO contends that these transmittals were produced to the Plaintiff long before the discovery cutoff and the rebuttal cutoff dates.

Federal Rule of Civil Procedure 26(a)(2) requires the parties to disclose the identity of each expert witness "accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore . . . ." Fed. R. Civ. P. 26(a)(2)(B). Absent other directions from the Court, a

party may supplement its required expert report at "appropriate intervals" or up to 30 days before trial. Fed. R. Civ. P. 26(e)(1). An expert report that is "intended solely to contradict or rebut" another party's expert report must be served within 30 days of the production of the report it is rebutting. Fed. R. Civ. P. 26(a)(2)(C). If a party fails to disclose the information as required by rule 26(a)(2) or 26(e)(1), the party may be barred by Rule 37(c)(1) from using at trial the information not properly disclosed. . The sanction of exclusion is automatic unless the sanctioned party can show that its violation of Rule 26(a) or 26(e)(1) was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

The Federal Rules of Civil Procedure do not define nor provide a distinction between a supplemental expert report and a rebuttal expert report. However, by its very nature, a supplemental report would contain information that was not expressed in the original report, or there would be no need to supplement it. The difference between a supplemental report and a rebuttal report containing new opinions not previously disclosed can be a fine one, and the distinction between the two will often depend on the facts of the particular case.

Here, although the April 2005 report by Mr. Boone resembles a supplemental report in certain respects, from the overall perspective the Court concludes that it is more properly labeled a rebuttal report to Mr. Tsutsui's report. Mr. Boone's first report made no mention of any negligence or breach of contract on the part of EMPSCO, although he knew that the Plaintiff was suing EMPSCO for breach of contract on the theory that EMPSCO failed to adequately supervise the works of others and improperly approved changes to the project without proper testing and inspection. Yet, it was only after EMPSCO's expert submitted his expert report and EMPSCO filed a motion for summary judgment noting the deficiency in Mr. Boone's expert report that Mr. Boone "supplemented" his original report by concluding in April 2005 that EMPSCO did not live up to its obligations under the contract. Mr. Boone's April 2005 report contradicts or rebuts Mr. Tsutsui's report on the very issue that the Plaintiff has the burden of proving at trial. Accordingly, Mr. Boone's March 2004 expert report should have discussed his opinions on the services provided by EMPSCO. It did not. At the very least, the Plaintiff should have notified the parties that Mr. Boone would be supplementing his report upon the receipt of

information or following certain depositions. It did not. Mr. Boone's April 2005 report disclosed for the first time an entirely new opinion, and the Court views the timing of its disclosure with skepticism.

The Court acknowledges that there are circumstances in which a party should be allowed to supplement its report based on new evidence received or in response to deficiencies raised by an opposing party. Nevertheless, even if the Court were to construe the April 2005 report as a supplemental report, the Court would still conclude that its disclosure was untimely. Although Mr. Boone's April 2005 report was based on information obtained subsequent to the preparation of his March 2004 report, this evidence was in the Plaintiff's possession well in advance of the April 2005 disclosure. The Plaintiff has not provided this Court with a satisfactory reason to explain this belated disclosure, especially since the discovery and dispositive motion cut-off had passed and trial was then set for early June 2005.

While the Court finds that Mr. Boone's April 2005 report was a rebuttal expert report (not a supplement report) which was untimely disclosed, the Court will nevertheless recommend that the District Judge allow its use at trial. The Court recognizes that exclusion of expert testimony is a drastic remedy, especially here where the expert's opinions are crucial to the Plaintiff's case and would likely be helpful to the jury. Additionally, the Court finds that disclosure of this rebuttal report after the November 18, 2004 deadline established by the Court to be justified since the depositions of Messrs. Macario and Arce were taken in late September 2004 and Mr. Boone received the said deposition transcripts in early December 2004.[4] Furthermore, the late disclosure is harmless at this time since the then impending trial date was continued and EMPSCO has since had an opportunity to depose Mr. Boone with regard to his April 2005 disclosures.

Because the Court recommends that the trial judge deny EMPSCO's renewed motion to

---

[4] While the Court concludes that Mr. Boone was justified in submitting his rebuttal report after the November 18, 2004 deadline, the Court does not believe that it was reasonable for Mr. Boone to prepare said report in April 2005. Mr. Boone could have and should have prepared his rebuttal by late January 2005.

limit Mr. Boone's testimony at trial, the Court must also recommend that EMPSCO's request to recover costs be likewise denied. However, because EMPSCO may have been deprived of the ability to appropriately prepare for Mr. Boone's deposition – a deposition it had not intended to attend until EMPSCO received the belated rebuttal report of Mr. Boone just two weeks prior to the scheduled deposition – the Court further recommends that EMPSCO be permitted to further depose Mr. Boone for a four (4) hour period, if it wishes, by October 18, 2005. The costs of the deposition (witness fee, Mr. Boone's travel cost to Guam and lodging expenses, and expenses related to the preparation of a deposition transcript) shall be borne by the Plaintiff. Furthermore, the Court recommends that EMPSCO be permitted to supplement its expert report if necessary, following the deposition of Mr. Boone.

SO ORDERED this 7th day of October 2005.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge