DISTRICT COURT OF GUAM

TERRITORY OF GUAM

FILED
DISTRICT COURT OF GUAM
OCT - 7 2005
MARY L.M. MORAN
CLERK OF COURT

S.J. GARGRAVE SYNDICATE AT LLOYDS,,

    Plaintiff,

vs.

BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS; and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION,

    Defendants.

Civil Case No. 03-00009

ORDER

On September 7, 2005, defendant Winzler & Kelly Consulting Engineers ("Winzler & Kelly") filed a Motion for Summary Judgment of Fifth Cause of Action. (Docket No. 212.) On September 8, 2005, the Honorable S. James Otero denied the motion as untimely. Judge Otero noted that the deadline imposed for filing any and all motions was December 23, 2004. (Scheduling Order, Docket No. 46, ¶3.) Yet, Winzler & Kelly had neither sought leave of the Court nor shown good cause for modifying the scheduling order.

On September 20, 2005, Winzler & Kelly then filed a Motion to Modify Scheduling Order (Docket No. 220), requesting the Court amend the Scheduling Order to permit it to re-file its motion for summary judgment on the fifth cause of action. Winzler & Kelly also filed an Application to Shorten Time (Docket No. 221), seeking to expedite the briefing schedule and hearing on its motion to modify the scheduling order. The Plaintiff filed an opposition to

Winzler & Kelly's motion on September 23, 2005. (Docket No. 222.)

The Court notes that on April 22, 2005, the Plaintiff had filed a motion to modify the scheduling order (Docket No. 155) on the basis that it desired to file an amended complaint. Winzler & Kelly opposed the Plaintiff's motion. The Court denied the Plaintiff's request and stated:

> The scheduling order "controls the subsequent course of the action unless modified by subsequent order. Fed. R. Civ. P. 16(e). "A [scheduling order] shall not be modified except upon a showing of good cause and by leave of [Court.]" Fed. R. Civ. P. 16(b). . . . This "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, it was unable to meet the timetable set forth in the order. See Zivkovic, 302 F.3d at 1087; Johnson, 975 F.2d at 609. **"If the party seeking the modification 'was not diligent, the inquiry should end'** and the motion to modify should not be granted." Zivkovic, 302 F.3d at 1087 (citation omitted, emphasis added); see also Johnson, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification").

(Order, Docket No. 184, at 3-4 (emphasis added).)

The Court has been unable to locate a Ninth Circuit published decision applying the "good cause" standard discussed above to permit a party to amend a scheduling order to file a motion for summary judgment after the deadline set for filing dispositive motions. Nevertheless, other circuits have applied this standard in such an instance. See, e.g., Mason v. Louisville Police Dep't, 8 Fed. Appx. 326, 328 (6th Cir. 2001) (permitting amendment to scheduling order for filing of summary judgment motion because "defendants alleged good cause for the late filing, no trial date had been set, and the delay did not cause any prejudice"); Hernandez-Loring v. Universidad Metropolitana, 233 F.3d 49, 51 (1st Cir. 2000) (finding good cause to amend scheduling order to permit filing of dispositive motions based on opponent's own discovery delays); and Jones v. Coleman co., Inc., 39 F.3d 749, 753-54 (7th Cir. 1994) (amendment to scheduling order allowed to permit filing of summary judgment motion because of "change in circumstances" triggered by settlement with one of the parties). Thus, the Court's statements made then in denying the Plaintiff's request is applicable in this situation as well; Winzler & Kelly must establish "good cause" by showing that it was diligent or the inquiry will end.

Here, Winzler & Kelly asserts that it has been "consistently diligent in its litigation of this case." (Mot. Modify, Docket No. 220, at 2.) Winzler & Kelly notes that it was successful in moving for judgment on the pleadings as to two of the three causes of action asserted against it by the Plaintiff. Winzler & Kelly asserts that it "frankly had not occurred" to counsel at the time the earlier motions were filed to raise the issue of whether it could be sued for breach of contract under a third-party-beneficiary theory. (Id. at n.1.) Winzler & Kelly contends that this "belated inspiration," id., which occurred while researching and preparing a motion for directed verdict evidence its diligence in this matter.

The Court disagrees. Winzler & Kelly's oversight of the issue relating to breach of contract liability under a third-party-beneficiary theory is not excusable. Winzler & Kelly had more than ample opportunity to discover and raise this issue before the motion cut-off date. The Plaintiff's First Amended Complaint ("FAC") specifically alleges that the "Port Authority is an assignee and/or a third-party beneficiary of the contract between Black and Winzler [& Kelly]. These breaches of contract by Winzler [& Kelly] directly caused damage and losses to the Plaintiff." (FAC, Docket No. 22, at ¶28.) The FAC was filed one year before the deadline for filing motions. Additionally, the cases relied upon by Winzler & Kelly in its motion for summary judgment are not new caselaw and could have been discovered sooner. The adoption of a scheduling order was meant to control the course of litigation and to prevent a situation such as this when a party belatedly seeks to file a dispositive motion shortly prior to trial. The trial is presently scheduled to commence on November 8, 2005. To permit modification at this late stage of the litigation when the parties should be diligently preparing for trial would greatly prejudice the Plaintiff and potentially delay trial herein. The Court cannot reward Winzler & Kelly's lack of diligence and must therefore DENY the Motion to Modify the Scheduling Order and the Application to Shorten Time.

SO ORDERED this _7th_ day of October 2005.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge