KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BBUILDING
238 ARCHIBISHOP F.C. FLORES STREET
ANAGA, GUAM 96910
TELEPHONE 477-7857

By THOMAS C. STERLING

Attorneys for *Defendant Black Construction Corporation*

FILED
DISTRICT COURT OF GUAM
OCT 25 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>v.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO.: CIV03-00009<br><br>DEFENDANTS BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS AND ENGINEERING, MANAGEMENT AND PLANNING SERVICES' OBJECTIONS TO PLAINTIFF'S OCTOBER 11, 2005 EXHIBIT LIST |

The Defendants herein, Black Construction Corporation ("Black"), Winzler & Kelly Consulting Engineers ("Winzler & Kelly") and Engineering, Management & Planning Services Corporation ("EMPSCO") hereby jointly file their objections to Plaintiff's Trial Exhibits.

The objections below refer to the Exhibits as numbered by the Plaintiff in its trial exhibit designation.

Exhibit 10. Declaration of Christopher La Vine re: Red Head Redi Chem Concrete Anchoring System, with Attachments.

Objection is made to any out of court testimony from a non-deposed witness on the grounds that to do so would or might violate Evidence Rules 602, 701, 702, 801, 801(c), 802

(hearsay) and 902. To the extent, this declaration, which we have not seen, contains expert opinion it is not admissible because this witness was never disclosed as an expert. It would also deny the Defendants due process to allow written testimony which could not be subject to cross-examination.

Objected to also on the grounds that it was not produced as a supplemental disclosure as is required by Fed. R. Civ. P. 26(e); this individual never listed as a person having knowledge of relevant facts.

Exhibit 13. Bolts installed by Black.

Objected to on the grounds that there must be a foundation laid as to the authenticity of the exhibit, and Plaintiff must establish a chain of custody.

Exhibit 14. New Bolt; and Exhibit 15. Epoxy Dam.

It is unclear what the exhibits are. If they are intended to be used other than as demonstrative evidence then Defendants object to their admissibility unless and until a proper foundation is laid.

Exhibit 19. Assignment to Port by Underwriters (No. 2).

This assignment was created subsequent to the close of pleadings. It did not exist when the First Amended Complaint was filed and thus it is outside the scope of the pleadings and irrelevant.

//
//
//

Exhibit 25. Engineer of Record Letter.

Objected to on the grounds that it was not provided as a supplemental disclosure as is required by Fed. R. Civ. P. Rule 26(e); it is also vague and unspecific so it is not an appropriate designation as it does not put Defendants on notice as to what to defend against. For instance, who is the letter to? Who is the letter from? What is the date of the letter?

Exhibit 26. Joint Defense Agreement.

The Defendants' Joint Defense Agreement is not an issue in this case and does not prove or tend to prove any issue in this case. It is irrelevant.

Exhibit 27. Defendant Black Construction Corporation's Response to Plaintiff S.J. Gargrave Syndicate at Lloyd's First Set of Interrogatories; and Exhibit 59. Defendants' Joint Brief re Diversity and Admiralty Jurisdiction.

Objected to on the grounds that it is hearsay, irrelevant and not a fact. Briefs are not evidence. Arguments of counsel are not evidence. Admission should be denied pursuant to Evidence Rules 602, 801 and 802.

Exhibit 28. Answer of Defendant Winzler & Kelly Consulting Engineers to Plaintiff S.J. Gargrave Syndicate at Lloyd's First Set of Interrogatories; response to Plaintiff S.J. Gargrave Syndicate's Second Set of Interrogatories to Winzler & Kelly Consulting Engineers' Response to Plaintiff S.J. Gargrave Syndicate's Third Set of Interrogatories to Winzler & Kelly Consulting Engineers; and Exhibit 29. Winzler & Kelly's Interrogatory Answers.

The exhibit description is overbroad and unspecific. Which interrogatory questions are referred to? In addition the answers themselves contain objections and those are incorporated herein.

<u>Exhibit 33. Letter re: Winzler & Kelly's Stop Work.</u>

Undated and insufficient description.

<u>Exhibit 34. Plaintiff's Damages Exhibit.</u>

This is not a sufficient, adequate or appropriate identification as required by Fed. R. Civ. P. Rule 26. This description of the exhibit gives no clue to the Defendants as to its contents. Objection is also made on the grounds that Fed. R. Civ. P. Rule 26 required disclosure of damages long before.

<u>Exhibit 35. Carlsmith Ball fee statement; and Exhibit 36. Cozen O'Connor fee statement.</u>

These exhibits were never produced to defendants as required by Fed. R. Civ. P. Rule 26 and as required by Plaintiff's outstanding obligations to supplement discovery responses. If Carlsmith Ball has taken the case on a contingency fee, as claimed, it is also irrelevant.

<u>Exhibit 37. Shell "lifetime" Letter.</u>

The description of this exhibit is insufficient to place Defendants on notice as to what the exhibit is; objection is also made on the grounds of hearsay and on the grounds this letter was not disclosed previously as required by Fed. R. Civ. P. Rule 26.

<u>Exhibit 38. MacLeod Adjusting's fee and disbursement.</u>

Objected to on the grounds that it was not provided as a supplemental disclosure as is required by Fed. R. Civ. P. Rule 26(e); it is also vague and unspecific so it is not an appropriate

designation as it does not put Defendants on notice as to what to defend against. For instance, who is the letter to? Who is the letter from? What is the date of the letter?

Exhibit 40. Winzler & Kelly Correspondence.

Objected to on the grounds that the exhibit(s) is/are not clearly described so as to place defendants on notice as to what they are. The description is overbroad.

Exhibit 42. Smithbridge Bid, November 18, 2002.

The exhibit is objected to on the grounds of hearsay and because there is no foundation for its admissibility. The Plaintiff cannot allocate or relate the amounts stated to any specific alleged breach by any Defendant.

Exhibit 44. Report by Elliott Boone of Cash & Associates, May 12, 2004; and Exhibit 45. Supplemental Report of Elliott Boone, April 21, 2005.

Objections are made to the introduction of these exhibits on the ground that they contain inadmissible hearsay. Mr. Boone is a witness in the case and can testify subject to cross-examination.

Exhibit 47. Declaration of Albert H. Tsutsui.

Winzler & Kelly objects to the admission of any declaration by Mr. Tsutsui as direct evidence. Mr. Tsutsui lives on Guam and can be subpoenaed as a witness. If he is unavailable, his deposition transcript can be introduced into evidence. Declarations cannot be cross-examined and are inadmissible hearsay under Evidence Rules 801 and 802.

<u>Exhibit 50. Expert Report of Webb Hayes, July 21, 2004; and Exhibit 51. Expert Report of Webb Hayes, November 4, 2004.</u>

EMPSCO objects on the grounds of hearsay.

<u>Exhibit 52. Young Adjustment Company's fee calculation; and Exhibit 53. F-1 Pier Lease between Shell and the Port of Guam.</u>

Objection is made to these exhibits on the grounds that they contain inadmissible hearsay, it was never produced pursuant to the requirements Fed. R. Civ. P. Rule 26 and it was never produced in any supplemental discovery response. Plaintiff must also lay a foundation for the introduction of these exhibits or the data therein.

<u>Exhibit 59. Defendant's Joint Brief re Diversity and Admiralty Jurisdiction.</u>

Briefs are not evidence. Arguments of counsel are not evidence. Admission should be denied pursuant to Rules of Evidence 602, 801 and 802.

<u>Exhibit 60. Article: Building Industry Hawaii.com, *Guam Outstanding Contractors*; Exhibit 61. California Business Portal: Tutor-Saliba Corporation; and Exhibit 63. Destructiveness of Guam Earthquakes.</u>

These exhibits contain, or are entirely composed of, inadmissible hearsay. There is also no foundation laid for the data in these reports and no authentication of the data in these reports. None of these reports or articles have ever been produced as required by Fed. R. Civ. P. Rule 26.

<u>Exhibit 64. Ropner Insurance Services Limited Cover Note; and Exhibit 66. 9/10/02 Ropner letter and documents regarding policy deductible.</u>

The descriptions of these exhibits is vague and unspecific. The information contained in these unknown number of notes, letters and documents are inadmissible hearsay. No dates are given and none of these documents have been previously disclosed as required by Fed. R. Civ. P. Rule 26 and as required by Plaintiff's continuing obligation to supplement its discovery responses.

<u>Exhibit 67. USGS Significant Earthquakes of the World 1993.</u>

Objection is made to the admissibility of this document on the grounds that it contains inadmissible hearsay and it was not previously disclosed by Plaintiff as required by Fed. R. Civ. P. Rule 26 and Plaintiff's continuing obligation to supplement its responses to discovery requests.

<u>Exhibit 69. Winzler & Kelly 4/10/1997 memo to Black.</u>

Objection on the grounds that Plaintiff must first lay a foundation for, and authenticate this document. It is also not relevant to any issue in this case.

Dated this 25th day of October, 2005.

**KLEMM, BLAIR, STERLING & JOHNSON**
A PROFESSIONAL CORPORATION

BY: _____
THOMAS C. STERLING
*Attorneys for Defendant Black Construction Corporation*

BERMAN O'CONNOR MANN & SHKLOV

BY: _____
    DANIEL J. BERMAN
    *Attorneys for Defendant Winzler & Kelly Consulting Engineers*

TARPLEY & MORONI, LLP

BY: _____
    THOMAS M. TARPLEY, JR.
    *Attorneys for Defendant*
    *Engineering, management and Planning Services Corporation*

2003-08-051025-PL-ObjToPtf 10 11 05 ExhibitList.doc