CARLSMITH BALL LLP

DAVID LEDGER
STEVEN C. SMITH
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

FILED
DISTRICT COURT OF GUAM
OCT 25 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br>**PLAINTIFF'S MOTION IN LIMINE PRECLUDING DEFENDANTS FROM PRESENTING ANY EVIDENCE TENDING TO SHOW, OR FROM ARGUING THAT, THE PORT WAS COMPARATIVELY NEGLIGENT; DECLARATION OF SERVICE** |

Plaintiff S.J. GARGRAVES SYNDICATE AT LLOYDS hereby moves the Court

*in limine* for an order precluding Defendants Black Construction Corporation ("Black"), Winzler

& Kelly, and Engineering Management & Planning Services Corporation ("EMPSCO") from

mentioning, referring to or arguing that Plaintiff is not entitled to recover its full damages resulting from Defendants' breaches of contracts on the grounds that the Port Authority of Guam[1] ("Port") was comparatively negligent.[2] The tort concept of comparative negligence is inapplicable to this breach of contract action. Defendants therefore are not entitled to introduce evidence of the Port's alleged negligence, or to reduce Plaintiff's damages under a comparative fault theory.

## I. EVIDENCE OF THE PORT'S CONTRIBUTORY OR COMPARATIVE NEGLIGENCE IS IMPERMISSIBLE AT TRIAL.

The concept of comparative fault does not apply in a breach of contract case. Comparative fault is a doctrine of tort law. It requires liability for tort damages to be borne by those whose negligence or tortious conduct caused the damages, in direct proportion to their respective fault. *See Li v. Yellow Cab*, 119 Cal.Rptr. 858, 864 (1975).

In contract cases, on the other hand, the proper measure of damages is the amount which will compensate the party aggrieved by the breach, rather than the amount that will punish the breaching party. *Foley v. Interactive Data Corp.*, 254 Cal.Rptr. 211, 227 (1988) (en banc); *Kransco v. American Empire Surplus Lines Ins. Co.*, 97 Cal.Rptr.2d 151, 159 (2000) (compensation in breach of contract cases limited to contract rather than tort remedies). In its April 8, 2005 Order, this Court recognized the distinction between "contract law, which is designed to enforce the expectancy interests of the parties, and tort law, which imposes a duty of reasonable care and thereby encourages citizens to avoid causing physical harm to others." Apr. 8, 2005 Order at 9 (citing *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000)).

---

[1] Plaintiff is subrogated to the Port's rights to recover for property damage caused by the defective construction and design work performed by Defendants. First Am. Compl., ¶ 16.
[2] Plaintiff denies that the Port in fact was negligent at all, but Plaintiff believes that one or more of the Defendants will attempt to argue that it was.

Courts recognize that the remedies for contractual breaches are determined according to contract law, to which tort law comparative fault principles are inapplicable. *Kransco, supra,* 97 Cal.Rptr.2d at 161 (comparative fault inapplicable to actions that are fully contractual in their gravamen); *C.I. Engineers & Constructors, Inc. v. Johnson & Turner Painting Co., Inc.,* 140 Cal.App.3d 1011, 1017 (1983) (no reduction in the contract indemnitee's award on account of comparative fault because comparative fault is an irrelevant tort concept; *Li* is inapplicable). For example, in *Shaffer v. Debbas,* 21 Cal.Rptr.2d 110, 112 (1993), an action by homeowners against homebuilders based on theories of negligence and breach of warranty, where the house was warranted to be free from defects in materials and workmanship for one year, the jury found that the plaintiff homeowners were five percent comparatively negligent. The California Court of Appeal reversed the verdict and held that five percent should not have been deducted from the damages awarded by the jury, because comparative negligence is not a defense to a breach of express warranty action. *Id.* at 114. The Court stated that, even assuming that the judgment should have been reduced five percent as to the negligence theory, the judgment should have reflected the full amount attributable to the breach of warranty theory. *Id.*

*Shaffer* is based on *Hensley v. Sherman Car Wash Equipment Co.,* 520 P.2d 146 (Colo. App. 1974), in which an injured car wash employee sued a seller of car wash equipment, alleging that the seller breached an express warranty regarding a safety hood designed to prevent a person from stepping into a car wash conveyor unit. The seller asked for a jury instruction on plaintiff's contributory negligence in being inattentive and stepping onto the unit, despite the safety hood. The Court stated that the plaintiff's conduct was within the scope of risk warranted by the defendant and that:

> The very risk which defendant warranted not to exist was encountered by plaintiff, and her negligence or lack of due care is

> irrelevant. Contributory negligence is not a defense where plaintiff's conduct only puts the warranty to the test.

*Id.* at 148. *See also Brown v. Chapman*, 304 F.2d 149, 153 (9th Cir. 1962) ("In our view, the better rule is that contributory negligence is not a defense to breach of warranty where it serves simply to put the warranty to the test.").

Plaintiff anticipates that Defendants will attempt to present evidence that the Port was negligent in failing to check to see that the Defendants provided the required structural calculations (none were ever provided), and in various other tasks related to Defendants' repair of the pier. Plaintiff also anticipates that Defendants will attempt to argue they are therefore entitled to a reduction in the resulting damages. Under applicable law and the legal standards already established in this case, Defendants are entitled to no such reduction or offset. "In a first-party property case ... the insured's negligence is not at issue ..." *World Trade Center Properties, L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154 ($2^d$ Cir. 2003).

The Court has already ruled that tort principles are inapplicable in this case. During the summary judgment proceedings, Defendants argued that Plaintiff's tort causes of action should be dismissed under the economic loss doctrine. The Court agreed: "a party who sustains solely economic loss for a defective product or as a result of the breach of contract, is free to sue for breach of the contract, but may not sue for the same economic harm under negligence or other tort theories." Apr. 8, 2005 Order at 9. In stating that "no corresponding tort duty exists with respect to economic loss" based on breaches of contract, *id.* (citing *Ellis v. Robert C. Morris, Inc.*, 513 A.2d 951, 954 (N.H. 1986), the Court ruled that contract law governs the remedies in this case, and that tort principles do not apply. Defendants, who urged this concept at length before the Court, cannot now reverse course and ask that tort principles be selectively re-applied. Plaintiff urges the Court to preserve the bifurcation between contract and

4823-3242-5472.1.055639-00001                                    4.
Case 1:03-cv-00009    Document 278    Filed 10/25/2005    Page 4 of 7

tort remedies it has already imposed, and prevent Defendants at trial from introducing tort principles, specifically, the concept of comparative negligence.

Case law demonstrates another reason why tort principles should not be applied in this breach of contract action. Under their respective contracts, Defendants specifically **warranted** that they would perform in a workmanlike manner. *See* First Am. Compl., Ex. A at 1 (Construction Contract between the Port and Black whereby Black agreed to perform in a workmanlike manner)[3]; Decl. of Reynaldo Arce, filed Nov. 12, 2004, Ex. 1 at 2 (Agreement between Port and Defendant EMPSCO, whereby EMPSCO agreed to perform in a workmanlike manner). In this case the terms of the contracts and Defendants' compliance with the express warranties therein are squarely at issue. Not at issue in this breach of contract case is any lack of due care by the Port, or even any lack of due care by Defendants, on account of the Court's dismissal of Plaintiff's tort claims. The only law governing this case is contract law.

Evidence of a lack of due care by the Port falls solely within the realm of tort law, which the Court has ruled is inapplicable. When the Defendants are found in breach of their respective contracts, Plaintiff's recovery should not be reduced under the tort rules of comparative negligence. Rather, Plaintiff's recovery will be its full expectancy interest under contract law.

## II. CONCLUSION

Plaintiff is entitled to the total amount of damages caused by the Defendants' breaches of contract and of warranties, not to be reduced by the irrelevant tort principle of

///

///

---

[3] Defendant Winzler & Kelly, as a subcontractor of Black, was bound by the terms of Black's Construction Contract. *Id.* Thus Winzler & Kelly too was bound to perform in a workmanlike manner.

comparative negligence. Based on the foregoing, the Court should grant this Motion in Limine precluding Defendants from presenting any evidence of contributory or comparative negligence.

DATED: Hagåtña, Guam, October 25, 2005.

CARLSMITH BALL LLP

/s/ David Ledger

DAVID LEDGER
STEVEN C. SMITH
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on October 25, 2005, I caused to be served, via hand delivery, a true and correct copy of **PLAINTIFF'S MOTION IN LIMINE PRECLUDING DEFENDANTS FROM PRESENTING ANY EVIDENCE TENDING TO SHOW, OR FROM ARGUING THAT, THE PORT WAS CONTRIBUTORY NEGLIGENT** upon Defendants Counsel of record as follows:

>Robert J. O'Connor, Esq.
>Daniel J. Berman, Esq.
>Berman O'Connor Mann & Shklov
>Suite 503, Bank of Guam Building
>111 Chalan Santo Papa
>Hagåtña, Guam 96910
>
>Thomas C. Sterling, Esq.
>Klemm Blair Sterling & Johnson, P.C.
>Suite 1008, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

and

>Thomas M. Tarpley, Esq.
>Law Offices of Tarpley & Moroni, LLP
>Suite 402, Bank of Hawaii Building
>134 West Soledad Avenue
>Hagåtña, Guam 96910

Executed this 25th day of October, 2005 at Hagåtña, Guam.

_____
DAVID LEDGER

SANFRAN1\34145\2 123206.000