ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
STEPHEN C. SMITH
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

FILED
DISTRICT COURT OF GUAM
OCT 26 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br>**PLAINTIFF'S BENCH BRIEF RE WARRANTY OF WORKMANLIKE PERFORMANCE; DECLARATION OF SERVICE** |

Plaintiff S.J. GARGRAVES SYNDICATE AT LLOYDS (hereinafter "Plaintiff") submits the following bench brief identifying the meaning of the contract term to perform work in a "workmanlike" manner.

## I. INTRODUCTION AND FACTS

This case arises out of serious damage to property of the Port Authority of Guam (hereinafter "Port Authority" or "Port"), located in Apra Harbor, Guam. Specifically, the F-1 Pier, owned by the Port Authority and leased to Shell Oil-Guam, was originally damaged in a severe earthquake, measuring 8 on the Richter scale, which occurred on August 8, 1993.

In order to have the damage repaired, the Port Authority on December 28, 1995 entered into a contract with defendant Engineering, Management & Planning Services Corporation (hereinafter "EMPSCO"). In the contract, EMPSCO promised to provide a full and complete design to the Port Authority, and to render all services in a "workmanlike and diligent manner".[1] EMPSCO also

> ... warrant[ed] that it is an experienced construction manager ... [and] warrant[ed] that it shall see that the contractor shall carry out and perform the work in a proper manner; and if done improperly by the contractor, then [EMPSCO] hereunder shall be liable, like other professionals, for damages and the Port's attorneys' fees as a result of [EMPSCO]'s improper or negligent acts in performing its duties, and the terms and conditions under this contract.[2]

EMPSCO provided a bid package including drawings and specifications for the repairs. The work was put out to bid, and defendant Black Construction Corporation (hereinafter "Black") was named the winning bidder. On April 8, 1996, the Port Authority entered into a contract with Black whereby Black agreed to perform all the work specified by EMPSCO in a "workmanlike manner".[3]

After signing the contract with the Port, and unbeknownst to the Port, Black consulted defendant Winzler & Kelly (hereinafter "Winzler"), and asked that it determine if there was a cheaper way to accomplish the repairs. Winzler produced a drawing of an alternative

---

[1] *See* Plaintiff's trial exhibit No. 17, p. 2.
[2] *Id.*, p. 10.
[3] *See* Plaintiff's trial exhibit No. 16, p. 1.

repair system, known as drawing VE-1, which was stamped and signed by Winzler's registered professional engineer, Bruce Swanney. This design was submitted to EMPSCO for approval, which approval EMPSCO granted. The repairs were then performed, pursuant to the new Black/Winzler design.

Winzler failed to provide to Black any design or engineering calculations in support of drawing VE-1 and of other documents prepared by Winzler. Winzler prepared a design for Black, including stamped and signed drawings, without performing a single calculation to determine the forces which the structure would encounter, or to see that the revised design met building code standards. EMPSCO specifically approved this design, without seeing any supporting calculations. In fact, the "back of a napkin" drawing which Winzler prepared and Black utilized resulted in a connection between the piles and concrete dolphin caps which was only one-third to one-seventh as strong as it needed to be, under the requirements of the Uniform Building Code ("Code"). Thereafter, Winzler consulted with and advised the Port Authority, its contractor and representatives concerning interferences and other problems which arose during the construction process. Mr. Swanney visited the job site on numerous occasions in connection with that work and those services. The repair work was performed under Winzler's general supervision, and it was performed negligently.

On drawing VE-1, Winzler specified that an epoxy product known as Red Head Redi-Chem be used to hold bolts in place. That product had not been manufactured for 10 years at the time Winzler specified it, and Black could not find it on the market. Accordingly, Black suggested that another epoxy product called Anchor-It be substituted for the originally-specified product. EMPSCO specifically approved this substitution, and Winzler's Mr. Swanney saw it

being installed, but never protested. The Anchor-It product had far less tensile strength than the product initially specified by Winzler.

On October 13, 2001, a second earthquake hit the island of Guam. It had considerably less energy than the 1993 earthquake, and measured about 7 on the Richter scale. However, it obliterated the repairs which Black had performed.

Plaintiff is the property insurer for the Port Authority of Guam. After negotiations between Plaintiff's adjuster and the public adjuster appointed by the Port Authority, Plaintiff agreed to and did pay to the Port Authority the sum of $7.5 million, for damage to its property caused by the 2001 earthquake. A large portion of that payment was attributable to damage to the F-1 Pier and dolphins, which had been repaired by Black, pursuant to the designs and approvals of the two defendant engineers.

The work that Black, Winzler, and EMPSCO performed for the Port Authority was performed negligently. Each defendant failed to perform the work for which it was hired in a "workmanlike" manner, to the detriment of the Port Authority and its subrogated insurer, Plaintiff.

## II. WORKMANLIKE PERFORMANCE REQUIRES THAT THE WORK BE PERFORMED PROPERLY AND SAFELY

In Italia Societa Per Azioni di Navigazione v. Oregon Stevedoring Co., 310 F.2d 481 (1962), rev'd on other grounds, 376 U.S. 315 (1964), the Ninth Circuit defined the word "workmanlike" for purposes of applying the warranty of workmanlike performance. The Ninth Circuit stated:

> We think the word 'workmanlike' means a 'proper', 'safe', and 'non-negligent' manner of doing something. 'Workmanlike' has been defined as 'skillful' or 'well done' and is said to be synonymous with 'deft', 'proficient' or 'adept', all words which

connote a standard of skill similar to that associated with the reasonable man test for negligence. *Id.*, at p. 484.

The Ninth Circuit in <u>United States v. San Francisco Elevator Co.</u>, 512 F.2d 23 (9th Cir. 1975) noted that the basis of the warranty of workmanlike service is contractual in nature. Such a warranty amounts to an agreement to hold harmless the party to whom the duty is owed (here, the Port). *Id.*, at 26.

Black's work involved securing each pile to the underside of the concrete dolphin cap above it. Black used eight undersized bolts per pile. Epoxy adhesive was supposed to have been squirted vertically into the eight holes to hold the bolts. However, after the second earthquake it was discovered that many bolts had no epoxy on them, and they simply fell out of their holes. Many other bolts had epoxy on only 1 to 2 inches of their shafts. Furthermore, the capacity of the epoxy which Black suggested should be substituted for the product Winzler had specified was only 59% of that of the original. EMPSCO specifically approved this substitution, and Winzler was aware of it but did not object.

As stated previously, the design which Winzler prepared was done without performing a single calculation to determine the forces which the structure would encounter.

The Construction Contract between Black and The Port specifically provided that Black agreed to furnish all the "… labor, materials, equipment, tools and services necessary to perform and complete in a **workmanlike manner** all work required for the construction of the Project …" Furthermore, Black agreed "… to bind every subcontractor by the terms of this Contract and the contract documents." Since Black specifically bound itself to perform in a workmanlike manner, it cannot now argue that a warranty of workmanlike performance is not owed to the Port, and, derivatively, to Plaintiff. Likewise, since Winzler as a subcontractor of

4832-9115-1616.1.055639-00001                    5.
Case 1:03-cv-00009    Document 284    Filed 10/26/2005    Page 5 of 8

Black is bound by the same terms, Winzler, too, cannot argue that the warranty of workmanlike performance was not owed by it to the Port.

The Port paid a substantial amount of money to EMPSCO for design and supervision services and to Black for construction work to repair the damaged dolphins. The supervision was inadequate, the design was defective, and the repair work was shoddy. Black breached the warranty of workmanlike performance, *inter alia*, by performing the repairs in a haphazard and negligent manner, and by recommending and using an epoxy which had significantly less tensile strength than was required and than the product originally specified had. Winzler breached the warranty of workmanlike performance, *inter alia*, by providing a design that had only a fraction of the structural strength which under the Code it was required to have to resist earthquake forces, by selecting an epoxy which could not be purchased, and by not performing calculations which would have disclosed that the design was deficient. EMPSCO breached the warranty of workmanlike performance, *inter alia*, by failing to demand calculations, failing to note and advise the Port of the deficiencies in Winzler's design and Black's execution of that design, and by approving for use a substitute epoxy product and a repair design which were much weaker than what was required to handle the anticipated loads.

## III. CONCLUSION

Using the definition of "workmanlike" as articulated by the Ninth Circuit in <u>Italia Societa Per Azioni di Navagzione v. Oregon Stevedoring Co.</u>, Black, Winzler, and EMPSCO failed to fulfill their contractual obligation to the Port Authority to perform their work in a

///

///

///

///

4832-9115-1616.1.055639-00001                    6.
Case 1:03-cv-00009    Document 284    Filed 10/26/2005    Page 6 of 8

"workmanlike" manner, *i.e.*, a skillful, proficient, proper and adept manner. Accordingly, each of the three defendants owes Plaintiff indemnity for its losses suffered.

DATED: Hagåtña, Guam, October 26, 2005.

CARLSMITH BALL LLP

_____
DAVID LEDGER
STEPHEN C. SMITH
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on October 26, 2005, I caused to be served, via hand delivery, a true and correct copy of **PLAINTIFF'S BENCH BRIEF RE WARRANTY OF WORKMANLIKE PERFORMANCE** upon Defendants Counsel of record as follows:

>Robert J. O'Connor, Esq.
>Daniel J. Berman, Esq.
>Berman O'Connor Mann & Shklov
>Suite 503, Bank of Guam Building
>111 Chalan Santo Papa
>Hagåtña, Guam 96910
>
>Thomas C. Sterling, Esq.
>Klemm Blair Sterling & Johnson, P.C.
>Suite 1008, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

and

>Thomas M. Tarpley, Esq.
>Law Offices of Tarpley & Moroni, LLP
>Suite 402, Bank of Hawaii Building
>134 West Soledad Avenue
>Hagåtña, Guam 96910

Executed this 26th day of October, 2005 at Hagåtña, Guam.

_____
DAVID LEDGER

SANFRAN1\33742\1 123206.000