LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

72P45
Attorney for Defendant Engineering, Management
& Planning Services Corporation



FILED
DISTRICT COURT OF GUAM

OCT 26 2005 9P

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS, <br><br> Plaintiff, <br><br> v. <br><br> BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION, <br><br> Defendants. | CIVIL CASE NO. CV03-00009 <br><br><br><br><br><br> **EMPSCO'S MOTIONS IN LIMINE** |

Pursuant to Local Rule 16.7(f)(2), EMPSCO hereby submits its motions in limine to prevent Plaintiff's counsel and designated experts from mentioning to the jury the following evidentiary matters:

1. Any expert opinion not disclosed in Elliott Boone's expert reports dated May 12, 2004, and April 21, 2005, the only two expert reports disclosed by Plaintiff pursuant to FRCP 26(a)(2), and which have not been supplemented within the time required in FRCP 26(e)(1).

2. This preclusion would include, without limitation, any opinion that EMPSCO should have required that an air vent hole be

drilled in the bolt holes to allow air to escape, as alleged for the first time in Plaintiff's Supplemental Trial Brief.

  3. This preclusion would also include any opinion that EMPSCO should have performed an analysis of possible damage to the pier or dolphins from ship strikes or at least suggest that such analysis be performed, as alleged for the first time in Plaintiff's Supplemental Trial Brief.

  4. This preclusion would also include any opinion that EMPSCO should have noted "that the epoxy product Black had selected is specifically not recommended by its manufacturer for overhead use", as alleged for the first time in Plaintiff's Supplemental Trial Brief.

  5. The preclusion would also include any opinion concerning the conclusions of EMPSCO's expert, Albert Tsutsui, or his credentials. As recently as Elliott Boone's deposition of October 18, 2005, Mr. Boone swore he had not read Mr. Tsutsui's report, nor had Mr. Boone been asked to render any opinions concerning same.

  6. This preclusion would also include any opinion by Mr. Boone that any alleged failures of EMPSCO was a causal factor of any of the damages to the dolphins complained of in this lawsuit.

  7. This preclusion would also include any opinion by Mr. Boone that any of the damages to the dolphins were the result of an earthquake rather than berthing damages caused by ships. Mr. Boone has admitted under oath that not only was he told to _assume_ that all of the damage to the dolphins was caused by an earthquake (Deposition of May 13, 2005, pg. 222) and he therefore has done no analysis to determine whether the damage was caused by berthing

S.J. Gargrave Syndicate At Lloyds v.
Black Construction Corporation, et. al. CV03-00009
EMPSCO'S MOTIONS IN LIMINE
Page 2 of 3
Case 1:03-cv-00009   Document 285   Filed 10/26/2005   Page 2 of 3

forces (*Id.*), but he also admits that he has no expertise on either berthing or mooring forces, nor is he an expert on dolphins (Deposition of May 12, 2005, pgs. 69-70).

Plaintiff was given ample opportunity under the Federal Rules to disclose its expert's opinions, and the Court has been very lenient in allowing Plaintiff to file belated disclosures. However, enough is enough, and any new opinions proffered in the weeks before trial or newly at trial will seriously prejudice EMPSCO's trial preparation.

Dated this 26th day of October, 2005.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant
EMPSCO

S.J. Gargrave Syndicate At Lloyds v.
Black Construction Corporation, et. al. CV03-00009
EMPSCO'S MOTIONS IN LIMINE
Page 3 of 3

Case 1:03-cv-00009    Document 285    Filed 10/26/2005    Page 3 of 3