```
                                                    FILED
LAW OFFICES                              DISTRICT COURT OF GUAM
TARPLEY & MORONI, LLP
A Law Firm including a Professional Corporation
Bank of Hawaii Building                      OCT 26 2005
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910                          MARY L.M. MORAN
Telephone: (671) 472-1539                    CLERK OF COURT
Fax: (671) 472-4526
```



7ZP44
Attorney *for* Defendant Engineering, Management
 & Planning Services Corporation

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS, | CIVIL CASE NO. CV03-00009 |
| Plaintiff, | |
| v. | |
| BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION, | DEFENDANTS' OBJECTIONS RE PLAINTIFF'S DESIGNATIONS OF THE DEPOSITION OF EDWARD WILLIAMSON |
| Defendants. | |

Pursuant to Local Rule 16.7(f)(2), Defendants hereby file their objections to the following portions of the Deposition Transcript of Edward Williamson lodged by Plaintiff to be read into evidence at trial in lieu of live testimony.[1]

Edward Williamson is identified as a partner of Young Adjustment Co., a public adjuster hired by the Port Authority of Guam to negotiate the Port's insurance claim against Plaintiff for earthquake damage [*Transcript pgs 5, 10, 46*]. He made several site inspections of the F-1 Pier facility with a Mr. Joe Markham, a

---

[1] Since Plaintiff has lodged the original deposition transcript with the Court, the parties are unable to mark objections to the proffered evidence in the margins of the deposition as required by L.R. 32.1(b), thus these stand-alone objections are being filed separately.

"construction estimator" from Young [*Transcript pgs 15-16*]. Edward Williamson is competent to testify as a percipient witness as to what he physically observed during his inspections of the dolphins at the F-1 Pier, but not much else of his deposition is admissible evidence at trial. Plaintiff is apparently attempting to establish through Mr. Williamson, as its damages in this case, the sums Plaintiff paid to the Port in settlement of PAG's insurance claim, which is not the appropriate measure of damages (see Defendants' trial briefs on this issue). More importantly, Mr. Williamson is not competent to testify as to Plaintiff's damages:

> Q: Did you have any role in arriving at any damaged figure for the F-1 Pier dolphins, any personal role?
> A: To determine the cost?
> Q: Yes.
> A: No.
> Q: Was that all done by Joe Markham?
> A: Pretty much so.
> Q: Was anybody else involved in that?
> A: As I had testified earlier, people from Shell pier.
> Q: Am asking about Young Adjustment. Who was involved in the cost estimates for the F-1 pier dolphins from Young Adjustment Company other than Mr. Markham? If anybody.

S.J. Gargrave Syndicate At Lloyds v.
Black Construction Corporation, et. al. CV03-00009
DEFENDANTS' OBJECTIONS RE PLAINTIFF'S DESIGNATIONS OF
THE DEPOSITION OF EDWARD WILLIAMSON

**Page 2 of 5**

Case 1:03-cv-00009 Document 286  Filed 10/26/2005  Page 2 of 5

| | | |
|---|---|---|
| 1 | A: | I will say that it is basically Joe |
| 2 | | Markham. |
| 3 | Q: | Do you know what Mr. Markham's |
| 4 | | qualifications are to do that? |
| 5 | A: | No. |

[Williamson Deposition pgs 98-99]

Defendants make the following specific objections:

1. Page 34:23 to 36:3 — Williamson is testifying here with no firsthand information, based on hearsay.

2. Page 37:13-19 — Lack of foundation established for Williamson or Mr. Markham to "conclude" that any of the damage to the pier was caused "by anything other than the earthquake." Williamson has not been designated as an expert, and this is inadmissible layperson opinion testimony.

3. Page 41:2-13 — This testimony is all based on hearsay.

4. Pages 50:15 to 58:11 — This is all testimony concerning the Port's insurance claim. The first objection is that the Port's insurance claim is irrelevant because this case does not involve

S.J. Gargrave Syndicate At Lloyds v.
Black Construction Corporation, et. al. CV03-00009
DEFENDANTS' OBJECTIONS RE PLAINTIFF'S DESIGNATIONS OF
THE DEPOSITION OF EDWARD WILLIAMSON

Page 3 of 5

Case 1:03-cv-00009   Document 286   Filed 10/26/2005   Page 3 of 5

| | |
|---|---|
| 1 | an insurance claim. This case is |
| 2 | about whether the Defendants |
| 3 | breached their contract and, if so, |
| 4 | what the damage amount(s), if any, |
| 5 | based on competent evidence. |
| 6 | Damages are not measured by what the |
| 7 | Port's adjuster (working on a |
| 8 | contingent fee, see pgs 90-91) was |
| 9 | claiming against the insurance |
| 10 | company, or what the insurance |
| 11 | company paid on the claim. This |
| 12 | lawsuit is not one for |
| 13 | indemnification, but for |
| 14 | subrogation. The second objection |
| 15 | is that Mr. Williamson's testimony |
| 16 | is all based on hearsay. Mr. |
| 17 | Williamson's testimony is not based |
| 18 | on firsthand knowledge but on the |
| 19 | findings of Joe Markham, who is not |
| 20 | identified as one of Plaintiff's |
| 21 | witness in this case. Indeed, on pg |
| 22 | 54, Mr. Williamson admits that the |
| 23 | estimate is "actually Joe Markham's |
| 24 | work product, I'm not that familiar |
| 25 | with the detail behind it." |
| 26 | Williamson does not know why Joe |
| 27 | Markham was using a formula to |
| 28 | |

S.J. Gargrave Syndicate At Lloyds v.
Black Construction Corporation, et. al. CV03-00009
DEFENDANTS' OBJECTIONS RE PLAINTIFF'S DESIGNATIONS OF
THE DEPOSITION OF EDWARD WILLIAMSON
Page 4 of 5

Case 1:03-cv-00009   Document 286   Filed 10/26/2005   Page 4 of 5

| | |
|---|---|
| 1 | estimate repairs at $7,767,000 (pgs |
| 2 | 56-58). |

5. Pages 74:9 to 84:13    This is testimony relating to a "Proof of Loss" (hearsay) in settling the insurance claim for $8,000,000 (irrelevant).

Dated this __25th__ day of October 2005.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant
ENGINEERING MANAGEMENT & PLANNING
SERVICES CORPORATION

KLEMM BLAIR STERLING & JOHNSON
A Professional Corporation

By: _____
THOMAS C. STERLING
Attorney for Defendant
BLACK CONSTRUCTION CORPORATION

BERMAN O'CONNOR MANN & SHKLOV

By: _____
DANIEL J. BERMAN,
Attorney for Defendant
WINZLER & KELLY CONSULTING ENGINEERS

S.J. Gargrave Syndicate At Lloyds v.
Black Construction Corporation, et. al. CV03-00009
DEFENDANTS' OBJECTIONS RE PLAINTIFF'S DESIGNATIONS OF
THE DEPOSITION OF EDWARD WILLIAMSON

**Page 5 of 5**

Case 1:03-cv-00009    Document 286    Filed 10/26/2005    Page 5 of 5