BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
ROBERT J. O'CONNOR
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Phone: (671) 477-2778
Fax: (671) 477-4366



**FILED**
DISTRICT COURT OF GUAM

OCT 27 2005 9p

**MARY L.M. MORAN**
**CLERK OF COURT**

**Attorneys for Defendant**
**Winzler & Kelly Consulting Engineers**

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYD'S,<br><br>                Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORP., WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING MANAGEMENT & PLANNING SERVICES CORP.,<br><br>                Defendants. | Civ. No. CIV 03-00009<br><br>WINZLER & KELLY'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT THAT THE PORT WAS A THIRD-PARTY BENEFICIARY OF WINZLER & KELLY'S SUBCONTRACT WITH BLACK; CERTIFICATE OF SERVICE<br><br>Trial: November 8, 2005 |

Winzler & Kelly hereby moves the Court in limine for an order precluding Plaintiff from introducing any evidence, or from arguing, to the effect that the Port Authority of Guam was a third-party beneficiary of the design subcontract between Winzler & Kelly and Black Construction Corp.

A third-party beneficiary is one whom the parties intend to benefit by agreeing to pay a debt owed to him, make a gift to him, or the like. See Restatement (Second) of Contracts § 302. The Port was not a third-party beneficiary of Winzler & Kelly's design subcontract with Black, because that subcontract exhibits no intent to benefit the Port,

ORIGINAL

and all benefit the Port derives from it is purely incidental. See, e.g., State ex rel. Stovall v. Reliance Ins. Co., 107 P.3d 1219, 1231 (Kan. 2005) ("[A]n intent to benefit a third person must be clearly expressed in the contract."); G & P Elec. Co. v. Dumont Const. Co., 15 Cal. Rptr. 757, 762 (1961) ("Not every person who secures a benefit from a contract is entitled to maintain an action. An incidental beneficiary cannot maintain an action."); Nelson v. Anderson Lumber Co., 99 P.3d 1092 (Idaho 2004) ("[T]he third party must show that the contract was made for his or her direct benefit and that he or she is more than a mere incidental beneficiary.").[1]

It is not sufficient that the subcontract was intended to be performed at the Port's facility, or that performance would ultimately benefit the Port as owner of the pier. See, e.g., Pierce Assoc. v. Nemours Foundation, 865 F.2d 530, 538 (3rd Cir. 1989) ("In every construction subcontract the owner is the one which ultimately benefits from its performance. However, this does not create a third-party beneficiary relationship."); G & P Elec., supra, 15 Cal. Rptr. at 763 ("While the [owners] would receive the benefit of

---

[1] The contract was a purchase order for the provision of the following services by Winzler & Kelly:

Design and detail an alternate repair system as follows:

a. Cut the existing piles off at approximately 4'-0" below MLLW elevation.

b. Attach in a new section of epoxy coated steel pipe extending from the top of the existing pile to approximately 4'-0" below MLLW to the underside of the concrete platform. The new section of pile will be welded to the existing pile with a steel sleeve and attached to the underside of the platform with epoxy anchor bolts or similar. The installation procedures for the new sections of pile will probably include drilling one or more holes through the thickness of the concrete platform.

2

having the electrical work performed by virtue of [the subcontractor] performing its subcontract with [the general contractor], this factor alone would not make the . . . subcontract a contract for the express benefit of the [owners]."); Stovall, supra, 107 P.3d at 1232 ("Knowledge that a contract will benefit a third party is not intent to benefit the third party.") (quoting Noller v. General Motors Corp., 772 P.2d 271 (Kan. 1989)).

On the contrary, this case fits precisely within a Restatement illustration of a prototypical "incidental beneficiary" situation:

> A [Black] contracts to erect a building [dock] for C [the Port]. B [W&K] then contracts with A [Black] to supply lumber [a design] needed for the building [dock]. *C [the Port] is an incidental beneficiary of B [W&K] 's promise[.]*

Restatement (Second) of Contracts § 302, illus. 19 (emphasis added).

Several recent cases applying this principle to similar facts demonstrate that the Port was not a third-party beneficiary of the subcontract between Winzler & Kelly and Black. See, e.g., Nelson, supra, 99 P.3d 1092 (no third party beneficiary status where the subcontract "added nothing to the [owner's] entitlement"); Stovall, supra, 107 P.3d at 1232 (no third-party beneficiary status where "there is no language clearly expressing an intent for the subcontractors to assume a direct duty to the [owner]"); Weseloh Family Limited Partnership v. K. L. Wessel Construction Co., 22 Cal.Rptr.3d 660, 668 (App. 2004) (no third party beneficiary status where "[t]here was no intended beneficiary clause in any contract related to the design," even though the subcontractor knew the identity of the owner).

The lack of third-party beneficiary liability is made all the more clear by the fact that the prime contract between the Port and Black provided:

> Any and all contracts between the Contractor [Black] and its subcontractors shall not be construed as creating any contractual relation between any subcontractor and the Port Authority.

Construction Contract at Paragraph I(b). Such language as this has been held to categorically preclude the owner from recovering as a third-party beneficiary of the subcontract. See, e.g., G & P Elec., supra, 15 Cal. Rptr. at 763 (holding that owner was not third-party beneficiary of subcontract where prime contract and subcontract provided that "nothing contained in the contract documents shall create any contractual relation between any subcontractor and the Owner"); Pierce Assoc., supra, 865 F.2d at 537-38 (same holding based on the language, "Nothing contained in the Contract Documents shall create any contractual relationship between the Owner or the Architect and any Subcontractor or Sub-subcontractor").

Because the Port could not, as a matter of law, have been a third-party beneficiary of the subcontract between Winzler & Kelly and Black, the Syndicate should be precluded from presenting any evidence or argument to the contrary.

Respectfully submitted this 27th day of October, 2005.

BERMAN O'CONNOR MANN & SHKLOV
Attorneys for Winzler & Kelly

By: *Catherine Bejerana Camacho*
 for    Daniel J. Berman

# CERTIFICATE OF SERVICE

I, CHRISTINE PANGELINAN, hereby declare under penalty of perjury of the laws of the Unites States, that on the 27th day of October, 2005, I will cause to be served, via facsimile transmission a true and correct copy of **WINZLER & KELLY'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT THAT THE PORT WAS A THIRD-PARTY BENEFICIARY OF WINZLER & KELLY'S SUBCONTRACT WITH BLACK; CERTIFICATE OF SERVICE** upon The Hon. Judge Robert Clive Jones, Plaintiff and Defendants Counsel of record as follows:

>The Hon. Judge Robert Clive Jones
>United States District Judge
>United States District Court for the District of Nevada
>333 Las Vegas Blvd. South
>Las Vegas, NV 89101
>Telefax: (702) 464-5491
>
>David Ledger, Esq.
>Carlsmith Ball LLP
>134 West Soledad Avenue
>Bank of Hawaii Building, Suite 401
>P.O. Box BF
>Hagåtña, Guam 96932-5027
>Telefax: (671) 477-4375
>
>Attorneys for Plaintiff S.J. Gargrave Syndicate at Lloyds
>
>Thomas C. Sterling, Esq.
>Klemm, Blair, Sterling & Johnson
>Suite 1008, Pacific News Building
>238 Archbishop F.C. Flores Street
>Hagåtña, Guam 96910
>Telefax: (671) 472-4290
>
>Attorneys for Defendant Black Construction Corporation

Thomas M. Tarpley, Esq.
Tarpley & Moroni, LLP
Suite 402, Bank of Hawaii Bldg.
134 W. Soledad Avenue
Hagåtña, Guam 96910
Telefax: (671) 472-4526

Attorneys for Defendant
    Engineering, Management & Planning Services Corporation

Dated this 27th day of October, 2005.

                                            CHRISTINE PANGELINAN

2003-08-051026-PL-M in limine re third party beneficiary.doc