KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
AGANA, GUAM 96910
TELEPHONE 477-7857

By THOMAS C. STERLING

Attorneys for   *Defendant Black Construction Corporation*



FILED
DISTRICT COURT OF GUAM

OCT 28 2005

MARY L.M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION and WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br>**DEFENDANT BLACK CONSTRUCTION CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY BY KENNETH W. COLLARD, JR. CONCERNING REPAIRS** |

Defendant **BLACK CONSTRUCTION CORPORATION** (hereinafter "Black") has retained Mr. Kenneth Collard in connection with this litigation as an expert witness. Mr. Collard has expressed the opinions, as set forth in his expert report, portions of which are attached to Plaintiff's Motion in Limine, that the cost of repairing the epoxy bolt connections in the event the damage occurred in the earthquake due to bad workmanship as alleged by Plaintiff would be $124,400. Mr. Collard also expressed the opinion that the damage to the connections was caused, not by

ORIGINAL

the earthquake of 2001, but by berthing vessels striking the dolphins. In connection with this berthing damage opinion, he discussed damage to the pilings, quoted in Gargrave's Motion in Limine, which he observed and which he believes was "not consistent with 'earthquake damage'."

Thus, Mr. Collard will testify at trial that the damage repaired by Lloyds of London after the October 2001 earthquake was berthing damage, not earthquake damage. However, in the event the jury should disagree and agree with <u>Gargrave's contention</u> that the dolphins were in good condition prior to the earthquake and that the earthquake dislodged epoxy bolts due to faulty installation, he will testify that the cost of repairing this purported "earthquake damage" would have been $124,200.

In a nutshell, Gargrave's Motion in Limine is based on the contention that Mr. Collard's repair cost estimate is wrong because the assumption he made that much of the damage he observed was berthing damage was wrong.[1] The issue of whether the damage to the dolphins was earthquake damage or berthing damage is one of the primary issues to be litigated at trial. If, as Gargrave contends, Mr. Collard's assumptions upon which his repair estimate is based are flawed, this is a matter that should be addressed in cross-examination in an effort to

---

[1] Essentially, Gargrave's Catch-22 argument maintains that Collard's repair estimate cannot be admitted because it does not include the cost of repairing berthing damage which Gargrave refuses to acknowledge existed.

- 2 -

convince the jury that Mr. Collard's repair number is understated. Such serves as no basis to exclude Mr. Collard's opinion concerning the cost of repair in its entirety.[2]

Gargrave's Motion is also premised on the <u>argument</u> that repair was impossible. However, whether a repair of what the Plaintiff contends was earthquake damage was possible or impossible is a matter for expert opinion. The Plaintiff has no expert prepared to testify that repairs were <u>impossible</u>. Moreover, the Plaintiff's fact witnesses who will testify in this case have already testified in deposition that they never even considered the possibility of trying to repair the damage. The Plaintiff has no evidence that a repair was impossible.

If Mr. Collard's repair cost opinion is flawed as alleged by Gargrave, such should be addressed in cross-examination, not by exclusion of his opinion. The Motion in Limine should be denied.

**RESPECTFULLY SUBMITTED** this 27th day of October, 2005.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION

BY: _____
THOMAS C. STERLING
*Attorneys for Defendant Black Construction Corporation*

E62\27946-29
G:\WORD97\OFFICE\WORDDOC\PLD\TCS\262-DEF BCC'S OPP TO MTN IN LIMINE TO EXCLUDE COLLARD TESTIMONY RE GARGRAVE V BLACK ET AL.DOC

---

[2] Black believes that it is Gargrave's burden to present expert opinion concerning the cost of repair and Mr. Collard's opinion was obtained in the interests of caution should this Court feel that it was the defense's burden to present the cost of repair.

- 3 -