ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
STEPHEN C. SMITH
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

FILED
DISTRICT COURT OF GUAM
OCT 28 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br>**PLAINTIFF'S REPLY TO WINZLER & KELLY'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO DAMAGE BY SHIPS; DECLARATION OF SERVICE** |

Winzler & Kelly's Opposition to Plaintiff's Motion in Limine to Preclude Reference to Damage by Ships ("Opposition), filed herein on October 26th entirely misses the point of Plaintiff's motion. Defendants' attorneys, collectively, and on behalf of their clients, took the

legal position that this Court lacked admiralty jurisdiction. This was in response to an Order issued *sues sponte* by Judge Tashima to show cause why this lawsuit should not be dismissed for lack of subject matter jurisdiction. It is noteworthy that in the Opposition, counsel fails to address (or even mention) the critical citations which Plaintiff pointed out: at pages 14-15 of Defendants' Joint Brief Re Diversity and Admiralty Jurisdiction, the Defendants stated that "… it is absolutely clear that the injury here did not occur on navigable waters **nor was it caused by a vessel** on navigable water." (Emphasis added). Also, Defendants stated at page 16 thereof that "No vessel is even involved in this case." At oral argument, counsel stated "In our case, we don't have a ship, we don't have a ship owner …". That Defendants have been playing fast and loose with the Court by having their experts now take a different position than their attorneys' legal position cannot help them, as the attorneys' admissions and legal positions taken bind the Defendants. The Court ruled, based on those assertions: "If there is no connection to a specific vessel, contracts relating to wharves and docks generally are not within admiralty jurisdiction." Judge Tashima's Memorandum Order Re Jurisdiction, page 5.

The subject matter of this case is structural damage to the F-1 Pier. Plaintiff alleges that the breaches of contract by the Defendants caused that damage. Congress has spoken, and admiralty jurisdiction exists, pursuant to 46 U.S.C. § 740, whenever damage is caused by a vessel on navigable water, whether the injury be done on land or on water. The language of the statute is addressed to damage "caused by a vessel". If the damage herein was caused by a vessel or vessels, as Defendants allege, there is no escaping admiralty jurisdiction (the applicability of 46 U.S.C. § 740). If the damage to the F1 Pier was caused by these phantom ships, which no eye witness has been able to identify, including the Harbor Pilots who were in charge of berthing them, (who have been deposed), then the damage Plaintiff complains of

2.

herein was "caused by a vessel on navigable water", 46 U.S.C. § 740, and accordingly there would be admiralty jurisdiction. Judge Tashima has held, however, which is now the law of this case, that there is **no admiralty jurisdiction**. Therefore the Defendants cannot argue that "ships caused the damage"[1].

Plaintiffs Motion in Limine to Preclude Reference to Damage by Ships should be granted.

DATED: Hagåtña, Guam, October 28, 2005.

CARLSMITH BALL LLP

_____
DAVID LEDGER
STEPHEN C. SMITH
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

---

[1] Opposition, page 8, lines 5-6.

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on October 28, 2005, I caused to be served, via hand delivery, a true and correct copy of **PLAINTIFF'S REPLY TO WINZLER & KELLY'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO DAMAGE BY SHIPS** upon Defendants' Counsel of record as follows:

>Robert J. O'Connor, Esq.
>Daniel J. Berman, Esq.
>Berman O'Connor Mann & Shklov
>Suite 503, Bank of Guam Building
>111 Chalan Santo Papa
>Hagåtña, Guam 96910
>
>Thomas C. Sterling, Esq.
>Klemm Blair Sterling & Johnson, P.C.
>Suite 1008, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

and

>Thomas M. Tarpley, Esq.
>Law Offices of Tarpley & Moroni, LLP
>Suite 402, Bank of Hawaii Building
>134 West Soledad Avenue
>Hagåtña, Guam 96910

Executed this 28th day of October, 2005 at Hagåtña, Guam.

DAVID LEDGER

SANFRAN1\34725\1 123206.000