·ORIGINAL ●

CARLSMITH BALL LLP

DAVID LEDGER
STEPHEN C. SMITH
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

FILED
DISTRICT COURT OF GUAM

OCT 2 8 2005 ᎱᏢ

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS, <br><br> Plaintiff, <br><br> vs. <br><br> BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION, <br><br> Defendants. | CIVIL CASE NO. CV03-00009 <br><br> **PLAINTIFF'S OPPOSITION TO EMPSCO'S MOTION IN LIMINE; DECLARATION OF DAVID LEDGER; EXHIBITS A-C; DECLARATION OF SERVICE** |

COMES NOW Plaintiff S.J. GARGRAVE SYNDICATE AT LLOYDS and files its brief

in opposition to Defendant ENGINEERING MANAGEMENT & PLANNING SERVICES

CORPORATION (hereinafter "EMPSCO")'s Motion in Limine as follows:

## I. INTRODUCTION

For the third time, EMPSCO seeks to limit the trial testimony of Plaintiff's expert, Elliot Boone. The Court denied both previous requests. EMPSCO fails to raise any new grounds to limit the testimony of Mr. Boone. Its present motion in limine should be denied as well.

## II. EMPSCO'S MOTION MUST BE DENIED ON THE MERITS

EMPSCO's Motion in Limine is the third Motion in Limine (or equivalent) it has filed concerning the testimony of Elliot Boone. EMPSCO filed substantially similar motions on April 25, 2005, and on May 26, 2005. In response to those previous motions in limine, Magistrate Judge Manibusan made the following findings and recommendations:

- The Court found that Mr. Boone's April 2005 report was a **supplement** to his original expert report and not a rebuttal report to EMPSCO's expert.

- The Court recommended that the District Judge allow the use of Mr. Boone's April 2005 report at trial.

- The Court "recognize[d] that the exclusion of expert testimony is a drastic remedy, especially here where the expert's opinions are crucial to the Plaintiff's case and would likely be helpful to the jury."

- The Court found that the disclosure of the rebuttal report after the November 18, 2004 deadline established by the Court to be justified since the depositions of Messrs. Macario and Arce were taken in late September 2004 and Mr. Boone received the said deposition transcripts in early December 2004.

- The Court found that, although the April 2005 report was untimely, the late disclosure was "harmless" because "the then impending trial date was continued and EMPSCO has since had an opportunity to depose Mr. Boone with regard to his April 2005 disclosures.

- The Court *sua sponte* allowed EMPSCO to take a third deposition of Mr. Boone.

Exs. A, B (the Court's Apr. 25, 2005 Order and May 26, 2005 Order). The essence of the Court's Order was that Mr. Boone's April 2005 report was properly disclosed to Defendants, and that Defendants were given an opportunity to conduct further discovery with respect to Mr. Boone's opinions in the supplemental report.

In response to the Court's Order and Report & Recommendation, EMPSCO took the third deposition of Mr. Boone on October 18, 2005. EMPSCO's interrogation approach was incomplete. For example, EMPSCO's questions were styled as "Were you asked to form an opinion regarding 'X'?" *See* Ex. C hereto. Mr. Boone, being an engineer who uses the English language precisely, answered those questions truthfully: "No." Ex. C. However, had EMPSCO asked "**Did** you form an opinion regarding 'X'?," Mr. Boone would have offered opinions on subjects he did form opinions on. Ex. C. EMPSCO also never asked the standard wrap-up question: "Did you form any other opinions that you have not already told me about during the deposition?" Ex. C.

EMPSCO had three opportunities to ask Mr. Boone about his opinions and reports, and, instead of taking advantage of those three opportunities, EMPSCO decided instead to remain in the dark. Had EMPSCO asked the right questions, it would have been enlightened on the subjects upon which it now seeks to prevent testimony, such as Mr. Boone's opinions on air vent holes, ship strikes, the quality of the epoxy utilized by Black, Mr. Tsutsui's report, that EMPSCO was a causal factor in the damages to the dolphins complained of in the lawsuit, and that the damages to the dolphins were the result of an earthquake rather than berthing damage caused by ships. *See* EMPSCO's Mot. filed Oct. 26, 2005 at 1-2.

EMPSCO's failure to ask questions that would actually enlighten it and lead to the discovery of Mr. Boone's opinions should not limit the scope of Mr. Boone's expert testimony. Otherwise, Plaintiff stands to be prejudiced by EMPSCO's strategy and/or paltry deposition interrogation, which was either the result of intentional game-playing or inadequate preparation.

///

///

## III. Procedural Errors By EMPSCO.

Finally, EMPSCO's Motion in Limine does not comply with the District of Guam's practice on appealing the Magistrate Judge's Orders. Instead of filing a Motion in Limine on the same subject already addressed by the Magistrate Judge's Orders, EMPSCO should have filed an appeal of those Orders. Under General Order 04-00016, if EMPSCO seeks to appeal the Magistrate Judge's Order, it must do so within ten days after the filing of the Order or after being served with a copy of the proposed findings and recommendations. *In re Assignment of Duties to Magistrate Judge*, Gen. Order 04-00016 at 5. EMPSCO failed to appeal the Magistrate Judge's Order, and therefore cannot now seek relief by bypassing the Magistrate Judge's Order through a motion in limine.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny EMPSCO's Motion in Limine.

DATED: October 28, 2005.

CARLSMITH BALL LLP

DAVID LEDGER
STEPHEN C. SMITH
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br>**DECLARATION OF DAVID LEDGER** |

I, DAVID P. LEDGER, declare and state as follows:

1. I am an attorney licensed to practice before all of the courts of Guam, and I am a member of the law firm of Carlsmith Ball LLP, counsel herein for plaintiff S.J. GARGRAVE SYNDICATE AT LLOYDS (hereinafter "Plaintiff"). This declaration is based upon my personal knowledge, except as to those matters stated on information and belief and, as to those matters, I believe them to be true. If called upon as a witness, I would and could competently testify as to the facts set forth herein.

2. Attached hereto as Exhibit A is a true and correct copy of the Court's May 9, 2005 Order and Report & Recommendation Denying EMPSCO's Motion for Protective Order.

3. Attached hereto as Exhibit B is a true and correct copy of the Court's October 7, 2005 Order and Report & Recommendation Denying EMPSCO's Request for Reference to Trial Judge and Report & Recommendation to Deny Renewed Motion to Limit Trial Testimony of Plaintiff's Expert.

4.      Attached hereto as Exhibit C is a true and correct copy of a letter dated October

25, 2005, from Plaintiff's counsel, Forrest Booth, to EMPSCO's attorney, Tom Tarpley,

regarding the October 17, 2005 deposition of Elliot Boone by EMPSCO.

This declaration is made under penalty of perjury.

Executed this 28th day of October 2005.

_____

DAVID LEDGER

# EXHIBIT
# "A"

**FILED**

DISTRICT COURT OF GUAM

MAY - 9 2005

MARY L.M. MORAN
CLERK OF COURT



DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | | |
|---|---|---|
| S.J. GARGAVE SYNDICATE AT LLOYDS,, | ) ) ) | Civil Case No. 03-00009 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS; and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION, | ) ) ) ) ) ) ) | **ORDER** and **REPORT & RECOMMENDATION** |
| Defendants. | ) ) | |

On April 25, 2005, defendant Engineering, Management, & Planning Services Corporation ("EMPSCO") filed an Emergency Motion for Protective Order and Motion in Limine Restricting Expert's Testimony at Trial (the "Motion"), along with an *Ex Parte* Application for an Order Shortening Time for Filing Briefs re Emergency Motion for Protective Order and Motion in Limine (the "Application"). See Docket Nos. 147 & 148 respectively. Therein, EMPSCO requested the Court to order that the scope of inquiry and testimony of the upcoming deposition of the Plaintiff's expert, Elliott H. Boone, be confined to those disclosures revealed in his May 12, 2004 expert report, so that EMPSCO would not need to travel to San Francisco to attend the deposition scheduled for May 12, 2005. EMPSCO also requested that Mr. Boone's trial testimony be likewise limited to those findings and opinions expressed in his May 2004 expert report.

**EXHIBIT A**

1   On April 26, 2005, the Court granted EMPSCO's Application to shorten time, and set an

2   expedited briefing schedule for the Motion. See Order, Docket No. 151. The Plaintiff and

3   EMPSCO timely filed their opposition and reply briefs respectively. See Docket Nos. 154 and

4   158 respectively. The Court now issues its ruling on the Motion.

5                                          **FACTS**

6   The sixth cause of action in the First Amended Complaint alleges that EMPSCO

7   breached its contract with the Port Authority of Guam by "failing to exercise requisite care, skill,

8   and competence to review and supervise the work of others, including but not limited to the

9   engineering plans and drawings prepared by [co-defendant] Winzler [& Kelly Consulting

10  Engineers]," and by "inadequately and incompetently supervising work performed by [co-

11  defendant] Black [Construction Corp.] and others in connection with the project, by approving

12  improper and negligent changes to the project, and by failing to note and observe the errors and

13  omissions by contractors performing the project." First Am. Compl. (Docket No. 22) at ¶¶ 30-31.

14  On March 15, 2004, a Stipulation and Order to Amend Scheduling Order and Discovery

15  Plan was filed. See Docket No. 35. Therein, the parties agreed that disclosures of the Plaintiffs'

16  experts and expert testimony shall be made by May 14, 2004. Id. at p.3. Accordingly, on May

17  12, 2004, the Plaintiff submitted the report of its expert Mr. Boone.[1] This report made no

18  mention of any negligence attributable to EMSPCO.

19  On April 21, 2005, the Mr. Boone provided his Supplemental Report to the Plaintiff. See

20  Decl. F. Booth, Docket No. 154, at ¶3. The Plaintiff then distributed the Supplemental Report to

21  the defendants the following day. Id. The Supplemental Report concluded that EMPSCO's

22  services fell "far short of the standard of care that is expected of an engineering firm in these

23  circumstances." Id. and Exh. B at p. 3 thereto.

24  Mr. Boone's deposition is scheduled to take place on May 12, 2005 in San Francisco,

25  California. Decl. T. Tarpley, Docket No. 149, at ¶3. Prior to the disclosure of Mr. Boone's

26  Supplemental Report, EMPSCO had not planned to attend Mr. Boone's deposition. Id.

27  _____

28  [1]  A copy of Mr. Boone's report is attached as Exhibit A to the Declaration of Thomas
    M. Tarpley. See Decl. T. Tarpley, Docket No. 149, at ¶2 and Exh. A thereto.

- 2 -

1    On April 25, 2005, EMPSCO filed the present Motion.

2                                   **ANALYSIS**

3    EMPSCO asserts the Plaintiff has belatedly changed its expert disclosures a mere six

4    weeks prior to trial. EMSPCO argues it is "highly improper" for the Plaintiff to change the

5    expected testimony of its expert at this late date. As a result, EMPSCO contends it will have to

6    travel to San Francisco to attend the deposition and challenge Mr. Boone's findings and

7    conclusions. Accordingly, EMPSCO requests the Court limit the scope of inquiry and testimony

8    at Mr. Boone's deposition to those disclosures revealed in his May 12, 2004 report so that

9    EMPSCO will not need to attend the deposition. Furthermore, EMPSCO requests that Mr.

10   Boone's trial testimony also be confined to those opinions expressed in his May 12, 2004 expert

11   report.

12   The Plaintiff opposes the Motion and maintains it has a duty and a right to supplement its

13   expert disclosure under Rule 26(e) of the Federal Rules of Civil Procedure. The Plaintiff asserts

14   Mr. Boone's supplemental disclosure was based in part on new facts it received after the close of

15   formal discovery on November 5, 2004. The Plaintiff claims that the supplemental disclosure is

16   timely under Rule 26(e).

17   EMPSCO's reply brief refutes the characterization of Mr. Boone's latest disclosure as a

18   "supplemental" report. EMPSCO, instead, argues that his report is an "entirely new and

19   untimely 'Rebuttal Report.'" Reply Br., Docket No. 158, at p. 1. As such, EMPSCO asserts it is

20   untimely and should be automatically precluded.

21   The Court concurs with the Plaintiff that it has a continuing duty to supplement and/or

22   correct its expert disclosures based on newly acquired information. In pertinent part, Rule 26(e)

23   provides:

24       A party who has made a disclosure under subdivision (a) . . . is under a duty to
         supplement or correct the disclosure or response to include information thereafter
25       acquired if ordered by the court or in the following circumstances:
             (1) A party is under a duty to supplement at appropriate intervals its disclosures
26       under subdivision (a) if the party learns that in some material respect the
         information disclosed is incomplete or incorrect and if the additional or corrective
27       information has not otherwise been made known to the other parties . . . . With
         respect to testimony of an expert from whom a report is required under subdivision
28       (a)(2)(B) the duty extends both to information contained in the report and to

                                         - 3 -

Case 1:03-cv-00009  Document 183  Filed 05/09/2005  Page 4 of 4
S.J. Gargrove Black Construction Corp, et al., Civil Case No. 03-00009
Order Denying EMPSCO's Motion for Protective Order

1  information provided through a deposition of the expert, and any additions or other
2  changes to this information shall be disclosed by the time the party's disclosures
   under Rule 26(a)(3) are due.

3  Fed. R. Civ. P. 26(e).

4  Here, the Plaintiff asserts that Mr. Boone's supplemental report is based in part on newly

5  acquired information. The Court acknowledges EMPSCO's concern that the Plaintiff failed to

6  explain what "new information" Mr. Boone relied upon. The Court would have preferred a

7  declaration from Mr. Boone instead of one by Plaintiff's counsel, but will nevertheless accept the

8  representations made by Attorney Booth. In light of the liberal discovery policies of the Federal

9  Rules of Civil Procedure, the Court is not inclined to limit the scope of Mr. Boone's deposition

10  at this time, especially if the supplemental report was based upon newly discovered evidence.

11  Accordingly, EMPSCO's motion for protective order is denied. At Mr. Boone's deposition,

12  EMPSCO is free to inquire into what "new information" lead Mr. Boone to supplement his

13  May 12, 2004 report. If EMPSCO believes that the supplementation was not based on newly

14  discovered or acquired information, then it is free to renew its motion to exclude this testimony

15  from the trial at that time. Additionally, EMPSCO may seek the imposition of sanctions against

16  the Plaintiff to recover the costs incurred in attending the deposition and having to file a renewed

17  motion.

18  **CONCLUSION**

19  Based on the analysis set forth above, the Court hereby DENIES the motion for

20  protective order. Additionally, based on the facts presently before it, the Court RECOMMENDS

21  that the motion in limine to restrict Mr. Boone's trial testimony be denied at this time.

22  SO ORDERED this 9th day of May 2005.

23

24  Notice is hereby given that this document was
25  entered on the docket on __MAY - 9 2006__.
    No separate notice of entry on the docket will
26  be issued by this Court.
           Mary L. M. Moran
27         Clerk, District Court of Guam
28  By: _____   MAY - 9 2005
         Deputy Clerk        Date

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge

- 4 -

# EXHIBIT "B"

R E C E I V E D
CARLSMITH BALL
Date: 10|7|05
ime: 253 By:

**FILED**
DISTRICT COURT OF GUAM

OCT - 7 2005

**MARY L.M. MORAN**
**CLERK OF COURT**

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,, | ) Civil Case No. 03-00009 |
| Plaintiff, | ) |
| vs. | ) |
| BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS; and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION, | ) **ORDER and** **REPORT & RECOMMENDATION** |
| Defendants. | ) |

This case is before the Court on two motions: (1) a Renewed Motion to Limit Testimony of Plaintiff's Expert at Trial and to Recover Cost (Docket No. 189), filed by defendant Engineering, Management, & Planning Services Corporation ("EMPSCO"); and (2) a Request for Reference to Trial Judge (Docket No. 196), filed by the Plaintiff. For the reasons stated herein, the Court hereby DENIES the Plaintiff's request for reference to the trial judge and RECOMMENDS that the trial judge deny EMPSCO's motion to limit the trial testimony of the Plaintiff's expert.

## BACKGROUND

The sixth cause of action in the First Amended Complaint alleges that EMPSCO breached its contract with the Port Authority of Guam by "failing to exercise requisite care, skill, and competence to review and supervise the work of others, including but not limited to the

S.J. Gargrave Syndicate at Lloyds v. Black Construction Corp., et al., Civil Case No. 03-00009
Order Denying Request for Reference to Trial Judge and Report & Recommendation to Deny Renewed Motion to Limit Trial Testimony of
Plaintiff's Expert

1  engineering plans and drawings prepared by [co-defendant] Winzler [& Kelly Consulting

2  Engineers]," and by "inadequately and incompetently supervising work performed by [co-

3  defendant] Black [Construction Corp.] and others in connection with the project, by approving

4  improper and negligent changes to the project, and by failing to note and observe the errors and

5  omissions by contractors performing the project." (First Am. Compl., Docket No. 22, ¶¶ 30-31.)

6        On March 15, 2004, a Stipulation and Order to Amend Scheduling Order and Discovery

7  Plan was filed. (Docket No. 35.) Therein, the parties agreed that disclosures of the Plaintiffs'

8  experts and expert testimony shall be made by May 14, 2004. (Id. at 3.) Accordingly, on

9  May 12, 2004, the Plaintiff submitted the report of its expert Elliott H. Boone.[1] This report

10 discussed deficiencies by Winzler & Kelly and Black Construction but made no mention of any

11 negligence attributable to EMSPCO.

12       On August 19, 2004, the Court approved a stipulation to amend the scheduling order and

13 discovery plan to permit, among other things, that EMPSCO's initial expert disclosures be served

14 no later than October 15, 2004, and that rebuttal expert reports of all parties be served no later

15 than November 18, 2004. (Docket No. 46 at 2.)

16       EMPSCO provided the Plaintiff with a copy of the report of Albert H. Tsutsui, its expert,

17 on October 15, 2004. (Second Tarpley Decl., Docket No. 206, at ¶1.) Mr. Tsutsui's report

18 concluded that

19       EMPSCO did not commit negligence in their engineering services and provided
         prudent services within standard of care in engineering service in Guam.
20       EMPSCO was not required to do a technical review of the VE-1 technical design
         changes but provided a compliance review to have a professional licensed
21       engineer stamp the VE-1 technical design changes and structural calculations.

22       EMPSCO had no responsibility for the revised design, specifications, calculations,
         plans and whatever drawing that Black construction used for obtaining the
23       building permit should not have EMPSCO's name and sealon them. Also,
         EMPSCO has no responsibilities of supervision of the work; providing progress
24       reports to [the Port Authority of Guam]; and other serivces of the contracted
         construction manager, N.C. Macario & Associates.

25

26 (Id. and Exhibit 1 at p. 4 thereto.)

27  _____

28       [1] See Booth Decl., Docket No. 200, ¶10 and Exh. G thereto.

S.J. Gargrave Syndicate at Lloyds v. Black Construction Corp., et al., Civil Case No. 03-00009
Order Denying Request for Reference to Trial Judge and Report & Recommendation to Deny Renewed Motion to Limit Trial Testimony of
Plaintiff's Expert

1    On April 21, 2005, the Mr. Boone prepared a "Supplemental" Report for the Plaintiff,

2   who then furnished copies of the report to the defendants. (Booth Decl., Docket No. 200, ¶12 and

3   Exh. I thereto.) The "Supplemental" Report concluded that

4        EMPSCO was . . . required to review and comment on the contractor's proposed
         methods of repair, and on the products and materials to be used in the repairs and
5        upgrade to the Foxtrot F-1 Pier.

6        [I]t was the responsibility of EMPSCO to confirm that the conditions of their
         approval were met, and to insist that construction not proceed until satisfactory
7        resolution was at hand. EMPSCO should also have insisted on a special
         inspection of the epoxy installation, and on testing of the bolts after installation, a
8        code requirement, to confirm proper installation and bolt performance. Their
         failure to do so falls far short of the standard of care that is expected of an
9        engineering firm in these circumstances."

10  (Id. and Exh. I at pp.1 & 3 thereto.)

11   On April 25, 2005, EMPSCO filed an Emergency Motion for Protective Order and

12  Motion in Limine Restricting Expert's Testimony at Trial. (Docket Nos. 161 & 162

13  respectively.) Therein, EMPSCO requested the Court to order that the scope of inquiry and

14  testimony of the upcoming deposition of the Plaintiff's expert, Mr. Boone, be confined to those

15  disclosures revealed in his May 12, 2004 expert report, so that EMPSCO would not need to

16  travel to San Francisco to attend the deposition scheduled for May 12, 2005. EMPSCO also

17  requested that Mr. Boone's trial testimony, then scheduled to commence on June 13, 2005,[2] be

18  likewise limited to those findings and opinions expressed in his May 2004 expert report.

19   On May 9, 2005, the Court denied the motion for protective order and also recommended

20  that the trial judge deny at that time the motion in limine to restrict Mr. Boone's trial testimony.

21  (Docket No. 183.) The Court acknowledged EMPSCO's concern that the Plaintiff failed to

22  explain what "new information" Mr. Boone relied upon. (Id. at 4.) Thus, the Court invited

23  EMPSCO to inquire into what "new information" lead Mr. Boone to supplement his

24  May 12, 2004 report at the scheduled deposition. The Court also permitted EMPSCO to renew

25  its motion to exclude from trial certain testimony from Mr. Boone and to seek the imposition of

26  _____

27       [2] This trial date was subsequently vacated, and the trial is presently scheduled to
    commence on November 8, 2005, before the Honorable Robert Clive Jones, United States
28  District Judge for the District of Nevada, who has assigned to preside over this case.

S.J. Gargrave Syndicate at Lloyds v. Black Construction Corp., et al., Civil Case No. 03-00009
Order Denying Request for Reference to Trial Judge and Report & Recommendation to Deny Renewed Motion to Limit Trial Testimony of
Plaintiff's Expert

1  sanctions if it believed that the supplementation was not based on newly discovered or acquired

2  information. (Id.)

3      Following Mr. Boone's deposition, EMPSCO filed a Renewed Motion to Limit

4  Testimony of Plaintiff's Expert at Trial and to Recover Cost. (Docket No. 189.) Defendant

5  Winzler & Kelly and the Plaintiff filed oppositions to the renewed motion (Docket Nos. 192

6  and 199 respectively.)[3] EMPSCO then filed replies to the oppositions. (Docket Nos. 205

7  and 207.) The Plaintiff also filed a Request for Reference to Trial Judge, seeking to have

8  EMPSCO's renewed motion determined by trial judge and not the Magistrate Judge. (Docket

9  No. 196.) EMPSCO filed its response objecting to this request on June 16, 2005. (Docket

10 No. 204.)

11                                **ANALYSIS**

12      1.   Request for Reference to Trial Judge

13      The Plaintiff requests that EMPSCO renewed motion be referred to the trial judge in this

14 matter and that it not be heard by the Magistrate Judge. In support of this position, the Plaintiff

15 argues that (1) the Magistrate Judge's May 9, 2005 Order and Report & Recommendation

16 specifically limited EMSPCO to refiling its motion to the time of trial; (2) the Magistrate Judge

17 is without authority to rule upon in limine motions or motions that are dispositive in nature; and

18 (3) the Plaintiff's right of appeal to a district judge, should the Plaintiff disagree with the

19 Magistrate Judge's determination, would be hindered because of the possible unavailability of an

20 Article III judge.

21      The Plaintiff's first argument is without merit because the Plaintiff has misinterpreted the

22 Court's ruling on the matter. In its May 9, 2005 Order and Report & Recommendation (Docket

23 No. 183), the Court denied EMPSCO's motion for a protective order, but permitted EMPSCO to

24  ———————————

25      [3] Winzler & Kelley essentially argue that EMPSCO should not be surprised with the
   conclusions set forth in Mr. Boone's "supplemental" report since its expert came to those same
26 conclusions. As EMPSCO notes, however, because EMPSCO is being sued by the Plaintiff and
   not Winzler & Kelly, the Plaintiff may not justify a late disclosure by relying upon the
27 disclosures made by another party. Accordingly, the Court will not consider the arguments raised
28 by Winzler & Kelly in opposition to EMPSCO's renewed motion.

S.J. Gargrave Syndicate at Lloyds v. Black Construction Corp., et al., Civil Case No. 03-00009
Order Denying Request for Reference to Trial Judge and Report & Recommendation to Deny Renewed Motion to Limit Trial Testimony of
Plaintiff's Expert

1    inquire of Mr. Boone at his deposition (then scheduled for May 12, 2005) what "new

2    information" lead him to supplement his May 12, 2004 report. The Court then stated that "[i]f

3    EMPSCO believe[d] that the supplementation was not based on newly discovered or acquired

4    information, then it [was] free to renew its motion to exclude this testimony from the trial at that

5    time." Order and Report & Recommendation (Docket No. 183) at 4. Based on this language,

6    EMPSCO was free to renew its motion to exclude certain testimony from trial if it learned

7    subsequent to the deposition that Mr. Boone's "supplemental" report was not based on newly

8    discovered or newly acquired information. The Court did not confine the filing of such a motion

9    to the time of trial; rather, EMPSCO was permitted to renew its motion any time after Mr.

10    Boone's deposition if it discovered that there was no basis for the belated "supplemental" report.

11       As to the issue of whether this Court has authority to rule upon EMPSCO's motion, the

12    Court notes that EMPSCO had originally filed a single pleading which sought two separate forms

13    of relief: a protective order and a limitation on Mr. Boone's trial testimony. The Magistrate

14    Judge had authority to hear and determine the first half of EMPSCO's original motion, but could

15    only make a recommendation as to EMPSCO's incorporated second request. Thus, the Court

16    denied the request for a protective order, but as to the second request, the Court merely made its

17    recommendation to the trial judge that he deny EMPSCO's request at that time. At present,

18    however, EMPSCO has *renewed* its motion to limit the trial testimony as the below-signed judge

19    permitted it to. Thus, this Court is authorized to make a recommendation to the trial judge as to

20    how he should rule. The Magistrate Judge acknowledges that the trial judge has final authority

21    on this issue. Furthermore, the Plaintiff's ability to object to the Magistrate Judge's

22    recommendation would not be hampered any more now that it would be when EMPSCO had

23    first filed its motion. Accordingly, the Plaintiff's motion to have EMPSCO renewed motion be

24    referred to the trial judge and not heard by the Magistrate Judge is hereby DENIED.

25      2.     Renewed Motion to Limit Testimony of Plaintiff's Expert and to Recover Cost

26       EMPSCO seeks to limit the trial testimony of Elliot H. Boone, the Plaintiff's expert, to

27    those disclosures revealed in his May 12, 2004 expert report, and to exclude those findings and

28    opinions contained in his April 21, 2005 "supplemental" report. EMPSCO contends that the

*S.J. Gargrave Syndicate at Lloyds v. Black Construction Corp., et al.*, Civil Case No. 03-00009
Order Denying Request for Reference to Trial Judge and Report & Recommendation to Deny Renewed Motion to Limit Trial Testimony of
Plaintiff's Expert

1   latter report was not based upon newly discovered evidence or information as the Plaintiff's

2   counsel had represented. Rather than being a "supplemental" report, EMPSCO contends that the

3   April 21, 2005 report is a belated "rebuttal report" and its contents should be entirely excluded

4   from trial.

5       The Plaintiff disagrees with EMPSCO's assertions and claims that it had a duty to

6   supplement its expert report pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. The

7   Plaintiff notes that when Mr. Boone submitted his original report on May 12, 2004, discovery

8   was still ongoing. Mr. Boone states that following his initial report, he received numerous

9   additional documents from the Plaintiff's counsel including deposition transcripts. Boone Decl.

10  (Docket No. 201) ¶¶ 3-4. At the time he prepared his May 2004 report, Mr. Boone did not have

11  "sufficient information . . . to offer a detailed opinion concerning EMPSCO's failure to meet the

12  required standard of care in the services it provided to the Port Authority of Guam in this

13  matter." Id. ¶6. Furthermore, because Mr. Boone "consider[ed] that most of the information [he]

14  received in this matter [was] interrelated, and needed to be evaluated together in order to allow

15  [him] to formulate accurate opinions," id. ¶9, it was only in April 2005, after having had the

16  opportunity to review all the additional information, that he felt he had "sufficient information to

17  form a detailed conclusion that EMPSCO's services . . . fell short of the standard of care

18  expected of an engineering firm in these circumstances." Id. ¶11.

19      EMPSCO notes that the "additional information" relied upon by Mr. Boone was provided

20  by it to the Plaintiff back in March 2004. Furthermore, EMPSCO asserts that although Mr.

21  Boone's declaration states that he reviewed numerous documents, at his deposition Mr. Boone

22  could only identify three "transmittals" that he relied upon to formulate the April 2005

23  "supplemental" report. EMPSCO contends that these transmittals were produced to the Plaintiff

24  long before the discovery cutoff and the rebuttal cutoff dates.

25      Federal Rule of Civil Procedure 26(a)(2) requires the parties to disclose the identity of

26  each expert witness "accompanied by a written report prepared and signed by the witness. The

27  report shall contain a complete statement of all opinions to be expressed and the basis and

28  reasons therefore . . . ." Fed. R. Civ. P. 26(a)(2)(B). Absent other directions from the Court, a

1   party may supplement its required expert report at "appropriate intervals" or up to 30 days before

2   trial. Fed. R. Civ. P. 26(e)(1). An expert report that is "intended solely to contradict or rebut"

3   another party's expert report must be served within 30 days of the production of the report it is

4   rebutting. Fed. R. Civ. P. 26(a)(2)(C). If a party fails to disclose the information as required by

5   rule 26(a)(2) or 26(e)(1), the party may be barred by Rule 37(c)(1) from using at trial the

6   information not properly disclosed. . The sanction of exclusion is automatic unless the

7   sanctioned party can show that its violation of Rule 26(a) or 26(e)(1) was either substantially

8   justified or harmless. Fed. R. Civ. P. 37(c)(1).

9         The Federal Rules of Civil Procedure do not define nor provide a distinction between a

10   supplemental expert report and a rebuttal expert report. However, by its very nature, a

11   supplemental report would contain information that was not expressed in the original report, or

12   there would be no need to supplement it. The difference between a supplemental report and a

13   rebuttal report containing new opinions not previously disclosed can be a fine one, and the

14   distinction between the two will often depend on the facts of the particular case.

15         Here, although the April 2005 report by Mr. Boone resembles a supplemental report in

16   certain respects, from the overall perspective the Court concludes that it is more properly labeled

17   a rebuttal report to Mr. Tsutsui's report. Mr. Boone's first report made no mention of any

18   negligence or breach of contract on the part of EMPSCO, although he knew that the Plaintiff was

19   suing EMPSCO for breach of contract on the theory that EMPSCO failed to adequately

20   supervise the works of others and improperly approved changes to the project without proper

21   testing and inspection. Yet, it was only after EMPSCO's expert submitted his expert report and

22   EMPSCO filed a motion for summary judgment noting the deficiency in Mr. Boone's expert

23   report that Mr. Boone "supplemented" his original report by concluding in April 2005 that

24   EMPSCO did not live up to its obligations under the contract. Mr. Boone's April 2005 report

25   contradicts or rebuts Mr. Tsutsui's report on the very issue that the Plaintiff has the burden of

26   proving at trial. Accordingly, Mr. Boone's March 2004 expert report should have discussed his

27   opinions on the services provided by EMPSCO. It did not. At the very least, the Plaintiff should

28   have notified the parties that Mr. Boone would be supplementing his report upon the receipt of

S.J. Gargrave Syndicate at Lloyds v. Black Construction Corp., et al., Civil Case No. 03-00009
Order Denying Request for Reference to Trial Judge and Report & Recommendation to Deny Renewed Motion to Limit Trial Testimony of
Plaintiff's Expert

1   information or following certain depositions. It did not. Mr. Boone's April 2005 report

2   disclosed for the first time an entirely new opinion, and the Court views the timing of its

3   disclosure with skepticism.

4        The Court acknowledges that there are circumstances in which a party should be allowed

5   to supplement its report based on new evidence received or in response to deficiencies raised by

6   an opposing party. Nevertheless, even if the Court were to construe the April 2005 report as a

7   supplemental report, the Court would still conclude that its disclosure was untimely. Although

8   Mr. Boone's April 2005 report was based on information obtained subsequent to the preparation

9   of his March 2004 report, this evidence was in the Plaintiff's possession well in advance of the

10   April 2005 disclosure. The Plaintiff has not provided this Court with a satisfactory reason to

11   explain this belated disclosure, especially since the discovery and dispositive motion cut-off had

12   passed and trial was then set for early June 2005.

13        While the Court finds that Mr. Boone's April 2005 report was a rebuttal expert report

14   (not a supplement report) which was untimely disclosed, the Court will nevertheless recommend

15   that the District Judge allow its use at trial. The Court recognizes that exclusion of expert

16   testimony is a drastic remedy, especially here where the expert's opinions are crucial to the

17   Plaintiff's case and would likely be helpful to the jury. Additionally, the Court finds that

18   disclosure of this rebuttal report after the November 18, 2004 deadline established by the Court

19   to be justified since the depositions of Messrs. Macario and Arce were taken in late September

20   2004 and Mr. Boone received the said deposition transcripts in early December 2004.[4]

21   Furthermore, the late disclosure is harmless at this time since the then impending trial date was

22   continued and EMPSCO has since had an opportunity to depose Mr. Boone with regard to his

23   April 2005 disclosures.

24        Because the Court recommends that the trial judge deny EMPSCO's renewed motion to

25

26        [4] While the Court concludes that Mr. Boone was justified in submitting his rebuttal

27   report after the November 18, 2004 deadline, the Court does not believe that it was reasonable
for Mr. Boone to prepare said report in April 2005. Mr. Boone could have and should have

28   prepared his rebuttal by late January 2005.

S.J. Gargrave Syndicate at Lloyds v. Black Construction Corp., et al., Civil Case No. 03-00009
Order Denying Request for Reference to Trial Judge and Report & Recommendation to Deny Renewed Motion to Limit Trial Testimony of
Plaintiff's Expert

1  limit Mr. Boone's testimony at trial, the Court must also recommend that EMPSCO's request to

2  recover costs be likewise denied.  However, because EMPSCO may have been deprived of the

3  ability to appropriately prepare for Mr. Boone's deposition – a deposition it had not intended to

4  attend until EMPSCO received the belated rebuttal report of Mr. Boone just two weeks prior to

5  the scheduled deposition – the Court further recommends that EMPSCO be permitted to further

6  depose Mr. Boone for a four (4) hour period, if it wishes, by October18, 2005.  The costs of the

7  deposition (witness fee, Mr. Boone's travel cost to Guam and lodging expenses, and expenses

8  related to the preparation of a deposition transcript) shall be borne by the Plaintiff.  Furthermore,

9  the Court recommends that EMPSCO be permitted to supplement its expert report if necessary,

10  following the deposition of Mr. Boone.

11      SO ORDERED this **7th** day of October 2005.

12

13                                         JOAQUIN V.E. MANIBUSAN, JR.

14                                            U.S. Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT
# "C"

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES



**COZEN**
**O'CONNOR**
ATTORNEYS

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

SUITE 2400 425 CALIFORNIA STREET SAN FRANCISCO, CA 94104-2215
415.617.6100 800.818.0165 415.617.6101 FAX www.cozen.com

October 25, 2005

**Forrest Booth**
Direct Phone 415.617.6105
fbooth@cozen.com

**VIA FACSIMILE**

Thomas M. Tarpley, Esq.
Law Offices of Tarpley & Moroni, LLP
Suite 402, Bank of Hawaii Building
134 West Soledad Avenue
Hagåtña, Guam 96910

Re:    Port Authority of Guam
       Our File No.:    123206

Dear Tom:

I found it curious that in your third deposition of Elliott Boone, taken by videoconference on October 17th, you styled your questions "Where you asked to form an opinion regarding 'X'?". Mr. Boone, being an engineer who uses the English language precisely, answered those questions truthfully: "No." Had you asked Mr. Boone, **"Did** you form an opinion regarding 'X'?", you would have received a very different answer. It is not my practice as a lawyer to direct my experts what opinions to form, or on what subjects. I provide them with information concerning the subject of the dispute, and then ask them to advise me, based on their expertise, and tell me what opinions they have been able to form.

Likewise, I find it curious that you never asked the "wrap up" question that lawyers traditionally ask at the end of an expert's deposition: "Did you form any other opinions that you have not already told me about during the deposition?" This is routine in my experience, and recommended by all of the leading authorities on the subject, such as the pattern deposition outline books.

I do not know whether EMPSCO is playing games in this case, or it is simply a stylistic matter, but I wish to advise you that Plaintiff will not hesitate to introduce opinions which Mr. Boone has formed, which you did not examine him on during the three days of depositions here in California. A deposition is an opportunity for a lawyer to inquire, and if he chooses for strategic reasons not to do so, the other side cannot be prejudiced thereby.

**EXHIBIT C**

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States,

that on October 28, 2005, I caused to be served, via hand delivery, a true and correct copy of

**PLAINTIFF'S OPPOSITION TO EMPSCO'S MOTION IN LIMINE** upon Defendants

Counsel of record as follows:

> Robert J. O'Connor, Esq.
> Daniel J. Berman, Esq.
> Berman O'Connor Mann & Shklov
> Suite 503, Bank of Guam Building
> 111 Chalan Santo Papa
> Hagåtña, Guam 96910
>
> Thomas C. Sterling, Esq.
> Klemm Blair Sterling & Johnson, P.C.
> Suite 1008, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910

and
> Thomas M. Tarpley, Esq.
> Law Offices of Tarpley & Moroni, LLP
> Suite 402, Bank of Hawaii Building
> 134 West Soledad Avenue
> Hagåtña, Guam 96910

Executed this 28th day of October 2005 at Hagåtña, Guam.

DAVID LEDGER