LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

7ZP55
Attorney *for* Defendant Engineering, Management
& Planning Services Corporation

FILED
DISTRICT COURT OF GUAM
OCT 31 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>v.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br><br><br><br><br>**EMPSCO'S REPLY BRIEF IN SUPPORT OF ITS MOTION IN LIMINE** |

Plaintiff's opposition to EMSPCO's Motion in Limine does not deny that the "opinions" EMPSCO seeks to limit at trial were not disclosed in any expert report from Elliot Boone (or in any of his depositions).[1] Since this is the basis for EMPSCO's motion (along with said Fed. R. Civ 37(c)(1)), EMPSCO's motion should be granted.

Plaintiff instead so distorts the procedural history of this case one can only wonder if we are in the same lawsuit. This is perhaps understandable because David Ledger, who signed the Opposition Brief, has played only a very minor role in these proceedings.

---

[1] Indeed, Mr. Elliot Boone has *never* issued any of the opinions EMPSCO'S seeks to prevent a trial. These opinions were first revealed in Plaintiffs' Supplemental Trial Brief and then in it's Opposition Brief to this

The misrepresentations are glaring, but have no real relevence to EMPSCO's motion in limine. Plaintiff states that the Magistrate has "found that Mr. Boone's April 2005 report was a **supplement** to his original expert report and not a rebuttal report to EMPSCO'S expert." *Op. pg 2.* On the contrary, although Plaintiff argued it was a "supplemental" report, the Magistrate held that "the Court finds that Mr. Boone's April 2005 report was a rebuttal expert report (not a supplemental report) which was a untimely disclosed". *Order, Report & Recommendation, pg 8, line 13 (attached as Exhibit B to Plaintiffs Opposition to EMPSCO'S Motion in Limine).* However, since the opinions EMPSCO seeks to exclude have never been included in any Boone report, this mis-representation is harmless. What is mischievous is Plaintiff's attempt to mis-characterize the Magistrate's findings; i.e., "that Mr. Boone's April 2005 was properly disclosed to Defendants." The Magistrate found nothing of the kind. Instead, the Magistrate found that "Mr. Boone's April 2005 report disclosed for the first time an entirely new opinion, and the court views the timing of it's disclosure with skepticism." *Id, line 1.*

Plaintiff then inartfully suggests that EMPSCO'S current motion is merely in rehash of prior motions. This is blatantly incorrect. The Magistrate ruled that the Plaintiff could use Boone's April 2005 report at this trial. EMPSCO'S accepts that. We just don't want new opinions surfacing at trial which have not previously been disclosed by Mr. Boone. This is the essence of Fed. R. Civ. P. 37 (c)(1).

Lastly, Plaintiff offers an absurd argument that new, undisclosed opinions could have been "found out" had EMPSO'S attorney asked "proper questions" of Mr. Boone during an October 17 video conference. The absurdity is that EMPSCO does not want to learn of any "new opinions" right before trial. Plaintiffs position is that it's expert can harbor secret, undisclosed opinions "crucial" to it's case, not disclose them in any reports, and require opponents to conduct fishing expeditions to discover them. These arguments can not be taken with a straight face.

## CONCLUSION

Plaintiff concedes that the opinions EMPSCO'S seeks to exclude at trial were never included in *any* disclosure by Elliot Boone to date. Accordingly, EMPSCO'S'S motion should be granted, as it appears that Plaintiff will attempt to introduce at trial these new opinions.

Dated this 28th day of October, 2005.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant
EMPSCO

EMPSCO's REPLY BRIEF IN SUPPORT OF ITS MOTION IN LIMINE    Page 3 of 3
Case 1:03-cv-00009    Document 318    Filed 10/31/2005    Page 3 of 3