# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | | |
|---|---|---|
| S.J. GRAVES SYNDICATE AT LLOYDS, | ) ) | CV-03-00009 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION, | ) ) ) ) ) | |
| Defendants. | | |

This matter coming before the Court on Plaintiff's Motion *In Limine* to Preclude Reference to Damage by Ships (#267). The Court has considered the motions, the pleadings on file, and oral argument on behalf of all parties. IT IS HEREBY ORDERED that the Motion is *denied*.

**BACKGROUND**

Plaintiff seeks an order precluding Defendants and their counsel, under the doctrine of judicial estoppel, from mentioning, referring to or arguing that any damage to the F-1 Pier was caused by a ship impacting the pier. Plaintiff argues that Defendants previously persuaded the Court that it lacked admiralty jurisdiction over this case because no ships were involved. Now, Defendants plan on presenting a defense that damage to the pier was caused by "hard dockings" rather than the 2001 earthquake. Defendants have expert witnesses prepared to testify that the damage to the pier is consistent with that ordinarily caused by hard docking ships. Plaintiff claims that Defendants should be estopped from making this change in their legal position. In the alternative, Plaintiff asks the Court to reinstate its maritime causes of action, which the Court dismissed in an earlier proceeding.

**ANALYSIS**

The Court *denies* Plaintiff's Motion *In Limine* because Defendants' "hard docking" defense is irrelevant to a determination of whether the case falls under admiralty jurisdiction, and thus Defendants are not judicially estopped from making it.

**The Court's Holding on Admiralty Jurisdiction**

On March 21, 2005, this Court (Judge Tashima) held that it did not have admiralty jurisdiction over this case. The Court based its decision on the Ninth Circuit case, *Royal Ins. Co. v. Pier 39 Ltd. P'ship*, 738 F.2d 1035 (9th Cir. 1984). Specifically, this Court cited the Ninth Circuit's determination that contracts to build or sell a pier or wharf are usually not within admiralty jurisdiction, unless the contract provides for services to a specific vessel.

*Id.* at 1038. A court does not have admiralty jurisdiction unless the obligation or service in question has a "substantial relationship to traditional maritime activity." (Mem. Order Re Jurisdiction at 6) (citation omitted).

This Court noted that the alleged damage to Plaintiff stems from the breach of a contractual obligation to design and repair certain components of the pier, called "dolphins." The contracts were not tied to a specific vessel. Therefore, the Court properly held that the case did not fall within admiralty jurisdiction. Plaintiff seeks relief from Defendants for actions and obligations that have no connection whatsoever to a sea vessel. Defendants' desire to present evidence that "hard docking" caused the damage to the pier does not alter Plaintiff's causes of action, which provide the basis for the Court's determination that admiralty jurisdiction is inapplicable. The central question for admiralty purposes is whether Plaintiff has alleged that Defendants' engaged in "traditional maritime actions" that damaged the pier. Plaintiff has never made such an allegation, and thus Defendants are free to raise a defense of "hard docking" damage to the pier without altering admiralty jurisdiction. Plaintiff's allegations, not Defendants' responses, are the sole basis for a determination of admiralty jurisdiction.

Plaintiff also contends that the Court should grant the Motion because Defendants hid their "hard docking" defense from Judge Tashima when was determining the matter of admiralty jurisdiction. In reality, Defendants presented this defense to Judge Tashima in their brief on the jurisdiction issue. Judge Tashima knew that Defendants would claim that docking accidents contributed to the pier's damage, and he still held that admiralty

Page 3 of 4

jurisdiction did not apply.

Because Plaintiff's causes of action against Defendants are based on obligations connected to the design, construction, and repair of the dolphins, rather than "traditional maritime activities," Defendants' "hard docking" defense is irrelevant to the determination of admiralty jurisdiction. Furthermore, Defendants forthrightly revealed their intent to use this defense when they argued the matter of admiralty jurisdiction before Judge Tashima.

## CONCLUSION

THEREFORE, IT IS HEREBY ORDERED THAT Plaintiff's Motion *In Limine* to Preclude Reference to Damage by Ships (#267) is *denied*.

DATED this 31ST day of October 2005.

                                          **/s/ Robert C. Jones**
                                          ROBERT C. JONES
                                          UNITED STATES DISTRICT JUDGE