1

2

3

4

5

6

7

8          **DISTRICT COURT OF GUAM**

9          **TERRITORY OF GUAM**

10

11  S.J. GRAVES SYNDICATE AT          )
    LLOYDS,                           )          CV-03-00009
                                      )
12              Plaintiff,            )
                                      )
13          vs.                       )          **ORDER**
                                      )
14  BLACK CONSTRUCTION                )
    CORPORATION, WINZLER & KELLY      )
15  CONSULTING ENGINEERS, and         )
    ENGINEERING MANAGEMENT &          )
16  PLANNING SERVICES CORPORATION,    )

17

18              Defendants.

19  _____

20          This matter coming before the Court on Plaintiff's Motion *In Limine* Precluding

21  Defendants from Presenting any Evidence Tending to Show, or from Arguing that, The Port

22  Was Comparatively Negligent (#278).  The Court has considered the motions, the pleadings

23  on file, and oral argument on behalf of all parties.  IT IS HEREBY ORDERED that the

24  Motion is *denied*.

25

## BACKGROUND

Plaintiff notes that the remaining claims in this case fall within the realm of contract law. Because contract law governs the claims, Plaintiff wants the Court to preclude Defendants from introducing tort law defenses at trial, including contributory and comparative negligence. Plaintiff argues that Defendants should not be able to reduce the amount of damages by asserting that the Port acted negligently.

Defendants agree that tort law defenses are inapplicable in this case because contract law governs the claims. Defendants assert that they have no intention of arguing that the Port was contributorily or comparatively negligent. However, Defendants do intend to introduce evidence to show that the Port was partially responsible for the damages occurring to the pier. Defendants claim that the defense is not one of contributory or comparative negligence sounding in tort law, but rather a showing that Defendants' breach of contract was not the sole cause of the damage to the pier. Defendants argue that this defense is intended to ensure that they are only held liable for the damages caused by their breach of contract, and not for damages attributable to other sources.

## ANALYSIS

Contract law allows for the apportioning of damages for breach-of-contract claims in proportion to causation. *See, e.g., Arkansas Rice Growers Coop. Assn v. Alchemy Industries, Inc.*, 797 F.2d 565, 571 (8th Cir. 1986); *S.J. Groves & Sons Co. v. Warner Co.*, 576 F.2d 524 (3rd Cir. 1978); *Alcan Elec. & Eng. Co. v. Samaritan Hospital,* 2002 WL 26291 (Wash. App. 2002) (all holding that defendants in a breach-of-contract claim are only responsible for

damages attributable to them).  The contract principle of determining the amount of damages

attributable to each party is similar to the tort law analysis for comparative negligence.

However, the similarity to comparative negligence analysis does not mean that contract

damages should not be apportioned according to causation.  *See, e.g., Gateway Western Ry.*

*Co. v. Morrison Metalweld Process Corp.,* 46 F.3d 860 (8th Cir. 1995) (allowing

comparative negligence tort-type jury instructions to inform the jury as to the proper manner

in which to apportion contract damages).  Comparative negligence in tort law is concerned

with each party's negligent breach of duty.  Damage apportionment in contract law is

concerned with determining the amount of damage attributed to defendant's breach.

The Court agrees with Plaintiff's Motion in so far as it precludes Defendants from

raising tort law issues at trial.  However, this does not mean that Defendants are barred from

raising any evidence to establish that Defendants' breach of contract is not the sole source of

the damage to the pier.  Therefore, the Court *denies* Plaintiff's Motion in so far as it asks the

Court to preclude Defendants from presenting any evidence regarding the Port's partial

contribution to the damage of the pier.  Contract law only holds defendants liable for

damages attributable to their breach, not for damages resulting from other sources.

Therefore, Defendants are entitled to present any evidence that shows that their breach did

not damage the dolphins.

1

2                                    **CONCLUSION**

3          THEREFORE, IT IS HEREBY ORDERED THAT Plaintiff's Motion *In Limine*

4     Precluding Defendants from Presenting any Evidence Tending to Show, or from Arguing

5     that, The Port Was Comparatively Negligent (#278) is *denied.*

6

7

8     DATED this 31ST day of October 2005.

9

10                                         **/s/ Robert C. Jones**
                                          ROBERT C. JONES
11                                        UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                      Page 4 of  4