# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | | |
|---|---|---|
| S.J. GRAVES SYNDICATE AT LLOYDS, | ) ) | CV-03-00009 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION, | ) ) ) ) ) | |
| Defendants. | | |

This matter coming before the Court on Plaintiff's Motion *In Limine* to Preclude Testimony by Kenneth W. Collard, Jr., Concerning Repairs Which Are Impossible (#279). The Court has considered the motions, the pleadings on file, and oral argument on behalf of all parties. IT IS HEREBY ORDERED that the Motion is *denied*.

## BACKGROUND

Plaintiff seeks to preclude Defendant Black's expert, Kenneth W. Collard, Jr., from testifying about a specific method of repair for the F-1 Pier. Collard plans to testify that his company could have repaired the F-1 Pier dolphins for $124,400. Plaintiff paid over $1.9 million to have the dolphins repaired. The discrepancy arises because Collard assumes that the dolphins are in the same condition as they were prior to the 2001 earthquake. Collard specifically assumes that the holes in the concrete caps are still aligned with the holes in the steel pile flanges when he makes his estimate. Plaintiff (and Collard) notes that this was not the case when Plaintiff funded the repairs. The bolts were stripped and the piles were severely battered and misaligned. Collard's position is that berthing vessels, rather than the earthquake, caused the damage to the dolphins. Collard contends that if the dolphins were in perfect condition prior to the earthquake, his company could have repaired the earthquake damage for $124,400.

## ANALYSIS

Collard admits that his method of repair is inapplicable to the severely damaged dolphins following the earthquake. Collard, in making his estimate, specifically assumes that the dolphins have not been as severely damaged as they indisputably actually were. His estimate covers the simple repairs that would be necessary if the holes and bolts were still aligned. Of course, this is not the case. However, Collard should be able to testify that the method of repairing the bolts absent the larger damage would be $124,400. Plaintiff will be able to argue, and it appears that Collard will agree, that Collard's repair method would not

come close to repairing the extensive damage actually suffered by the dolphins. His estimate represents a small piece of the overall repair needs of the dolphins following the 2001 earthquake. Because Plaintiff can argue this on cross examination, it is not sufficiently prejudiced to require the Court to exclude Collard's testimony.

**CONCLUSION**

THEREFORE, IT IS HEREBY ORDERED THAT Plaintiff's Motion *In Limine* to Preclude Testimony by Kenneth W. Collard, Jr., Concerning Repairs Which Are Impossible (#279) is *denied*.

DATED this 31st day of October 2005.

**/s/ Robert C. Jones**
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE