# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | | |
|---|---|---|
| S.J. GRAVES SYNDICATE AT LLOYDS, | ) ) | CV-03-00009 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION, | ) ) ) ) ) ) | |
| Defendants. | | |

This matter coming before the Court on Plaintiff's Motion *In Limine* to Preclude Evidence, Testimony, and Reference to Defendant Winzler & Kelly's Expert's Analysis Regarding Berthing Forces on Pier F-1 and Its Dolphins (#281). The Court has considered the motions, the pleadings on file, and oral argument on behalf of all parties. IT IS HEREBY ORDERED that the Motion is *denied*.

## BACKGROUND

Plaintiff asks the Court to preclude Defendants from presenting or referring to Defendant Winzler & Kelly's expert's testimony. The expert witness, Webb Hayes, analyzed the effect of ships' berthing forces on the dolphins at F-1 Pier. Plaintiff raises two arguments to support the claim that the expert testimony should not be presented at trial. First, Plaintiff argues that Defendants formerly claimed that ships did not cause damage to the dolphins, and have now changed positions by seeking to present evidence that ships *did* damage the dolphins. Second, Plaintiff argues that Defendants did not provide the expert witness's calculations of berthing forces to the Plaintiff in a timely manner.

## ANALYSIS

### Defendants' Position on Damage Caused by Ships

Plaintiff first argues that the Court should preclude use of Hayes's testimony because Defendants have changed their position on the issue of whether ships caused damage to the dolphins. The Court disposed of this issue in conjunction with Plaintiff's Motion *In Limine* to Preclude Reference to Damage by Ships (#267). In summary, the Court denied the Motion on two principal grounds. First, the Court concluded that Defendants have, throughout this litigation, argued that ships damaged the dolphins. Defendants are not reversing their position. Second, Plaintiff argued that Defendants' inconsistent position convinced this Court to find a lack of admiralty jurisdiction. This Court held that the earlier decision regarding admiralty jurisdiction was necessarily based on Plaintiff's causes of action, and not

Page 2 of 5

Defendants' opposition arguments. Therefore, the "hard docking" defense was irrelevant to the issue of admiralty jurisdiction.

For these same reasons, the Court denies Plaintiff's Motion regarding whether Defendants have changed their position on ships causing damage to the dolphins.

**Timeliness**

Plaintiff also argues that the Court should preclude use of Hayes's calculations because Defendants were untimely in providing the report to Plaintiff. The deadline for expert reports was July 16, 2004. Defendants set forth the substance of Hayes's expert opinion in a detailed report given to Plaintiff on that day. In his July 16, 2004, report Hayes specifically stated, "It is my opinion that the damage to the dolphin piles and connection was due to excessive berthing loads and not by any seismic forces." The calculations and worksheets supporting this opinion were too voluminous to include with the original report, and thus Defendants advised Plaintiff that such calculations would be provided upon request.[1] Although Plaintiff never asked for the calculations, Defendants provided them on May 4, 2005. Plaintiff deposed Hayes on May 12, 2005, at which time Plaintiff's counsel examined Hayes on the May 4 documents.

Plaintiff claims that allowing Defendants to present Hayes's calculations at trial will unduly prejudice Plaintiff. Precluding expert testimony is a drastic remedy "and should only

---

[1] Plaintiff likewise withheld the calculations supporting its own expert witness's testimony when providing the original report to Defendants. Defendants claim that they have asked for the calculations, but Plaintiff has not supplied them.

Page 3 of 5

be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules." *McNemey v. Archer Daniels Midland Co.,* 164 F.R.D. 584, 587 (W.D.N.Y. 1995). Defendants provided the original Hayes report to Plaintiff in a timely manner, and the report informed Plaintiff that Hayes believed that the damage to the dolphins was caused by ships. Furthermore, the original report informed Plaintiff that the calculations upon which Hayes's opinion was based were available upon request. Additionally, Fed. R. Civ. P. 26(e) allows supplements to expert reports within 30 days of trial as long as the original report puts the party on notice regarding the subject matter of the opinion, and as long as the expert witness is available for deposition. According to the original trial calendar in this case, May 13, 2005, would have been the deadline for such supplements. Plaintiff knew the subject matter of Hayes's opinion, and had the chance to depose him after receiving the calculations.

The manner in which Defendants provided Plaintiff with the calculations supporting Hayes's report is not prejudicial to Plaintiff. *See, e.g., Wechsler v. Macke Int'l Trade, Inc.,* 221 F.R.D. 619, 622-23 (C.D. Cal. 2004) (denying motion *in limine* to preclude expert testimony regarding a supplemental report when the supplement was provided before the 30-day pre-trial deadline, the original report provided notice of the subject matter of the expert's opinion, and the expert was available for deposition regarding the information in the supplement). Plaintiff's timeliness argument fails.

Page 4 of 5

**CONCLUSION**

THEREFORE, IT IS HEREBY ORDERED THAT Plaintiff's Motion *In Limine* to Preclude Evidence, Testimony, and Reference to Defendant Winzler & Kelly's Expert's Analysis Regarding Berthing Forces on Pier F-1 and Its Dolphins (#281) is *denied*.

DATED this 31<u>ST</u> day of <u>October</u> 2005.

**/s/ Robert C. Jones**
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE