# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | | |
|---|---|---|
| S.J. GRAVES SYNDICATE AT LLOYDS, | ) ) ) | CV-03-00009 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION, | ) ) ) ) ) ) | |
| Defendants. | | |

This matter coming before the Court on Plaintiff's Motion *In Limine* to Preclude Evidence, Testimony, and Reference to Defendants' Expert Opinion That the 1996-1997 Repairs to the Pier and Dolphins Were 1) Temporary or 2) Were Designed to Bring the Pier Back to Only 40% of Its Original Strength (#282). The Court has considered the motions,

the pleadings on file, and oral argument on behalf of all parties. IT IS HEREBY ORDERED that the Motion is *denied*.

## BACKGROUND

Plaintiff asks the Court to preclude Defendants from presenting any expert testimony intending to show that the 1996-1997 repairs were either temporary or designed to bring the pier back to only 40% of its original strength. Plaintiff argues that none of the relevant contracts at issue in this case explicitly stated that the repairs were temporary, and parole evidence is prohibited because the contracts are unambiguous on their face. According to Plaintiff, the contracts clearly require a permanent repair, which would strengthen the Pier beyond its original capacity.

## ANALYSIS

Plaintiff claims that the Court should not allow Defendants to present expert testimony that the repair project was temporary or designed to bring the Pier back to only 40% of its original strength because there are no facts to support this opinion. Plaintiff correctly notes that an expert's "knowledge" must have a factual basis, and cannot be a mere subjective belief or unsupported conclusion. *See, Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 590 (1993). However, precluding expert testimony is a drastic remedy "and should only be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules." *McNemey v. Archer Daniels Midland Co.,* 164 F.R.D. 584, 587 (W.D.N.Y. 1995).

Plaintiff claims that all relevant contracts in this case unambiguously state that the repairs are to be permanent. However, Plaintiff's principal evidence supporting this claim is that the contracts were for "Repairs and Upgrading." This is insufficient to preclude

Defendants from presenting factual evidence to support an argument to the contrary. A central issue in this case is whether the repair project was a "quick-fix" solution because the Port could not afford anything more, or whether Defendants were obligated to repair the dolphins so as to withstand future earthquakes, collisions by berthing vessels, etc. Defendants cite specific evidence to support their claim that the Port wanted a cheap, "temporary" repair. The jury should hear this evidence so it can determine whether to accept Defendants' argument that the repair project was not permanent. This evidence will help the jury interpret the meaning of "repairs and upgrades." Plaintiff will have ample opportunity at trial to attack the factual basis for any expert testimony that the repairs were temporary or only designed to bring the Pier back to 40% of its original strength. The jury can determine whether the contracts are unambiguous and thus required Defendants to produce permanent repairs. In addition, the Court can give the jury specific instructions on the parole evidence rule so that extrinsic evidence is only applied if the jury determines that the contract terms were ambiguous. Excluding expert testimony on this issue is unnecessary.

## CONCLUSION

THEREFORE, IT IS HEREBY ORDERED THAT Plaintiff's Motion *In Limine* to Preclude Evidence, Testimony, and Reference to Defendants' Expert Opinion That the 1996-1997 Repairs to the Pier and Dolphins Were 1) Temporary or 2) Were Designed to Bring the Pier Back to Only 40% of Its Original Strength (#282) is *denied.*

DATED this 31ST day of October 2005.

**/s/ Robert C. Jones**
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE