# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | | |
|---|---|---|
| S.J. GRAVES SYNDICATE AT LLOYDS, | ) ) ) | CV-03-00009 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION, | ) ) ) ) ) ) | |
| Defendants. | | |

This matter coming before the Court on Winzler & Kelly's Motion *In Limine* to Preclude Evidence or Argument that the Port Was a Third-Party Beneficiary of Winzler & Kelly's Subcontract with Black (#290). The Court has considered the motions, the pleadings on file, and oral argument on behalf of all parties. IT IS HEREBY ORDERED that the Motion is *denied*.

**BACKGROUND**

Following the 1993 earthquake, Defendant Black Construction ("Black") submitted a bid to repair the structural damage caused to the dolphins and other facilities. The Guam Port Authority ("Port") accepted the bid. During the course of repairs, Black contracted with Defendant Winzler & Kelly ("W&K") to design a different repair method, which would save the Port money. Now, Plaintiff is suing W&K for alleged deficiencies in its repair designs, which Plaintiff claims resulted in the damage to the dolphins following the 2001 earthquake. W&K now ask the Court to find that Plaintiff cannot claim at trial that the Port was a third-party beneficiary to the contract between Black and W&K.

**ANALYSIS**

A third-party beneficiary to a contract is someone to whom the parties explicitly intend to provide benefit through performance of the contract. *See* Restatement (Second) of Contracts § 302. However, not everyone who benefits from a contract is considered a third-party beneficiary. The contracting parties must explicitly agree to provide a direct benefit to the third party. *See, e.g., Nelson v. Anderson Lumber Co.,* 99 P.3d 1092 (Idaho 2004). It is not enough that the contract is intended to be performed at someone's facility, or that the contract's performance would ultimately benefit the land owner. *See, e.g., Pierce Assoc. v. Nemours Foundation,* 865 F.2d 530, 538 (3rd Cir. 1989) (holding that the land owner ultimately benefits from the contract between contractor and subcontractor, but is not considered a third-party beneficiary). It is not enough that both parties know that their contract will benefit a third party. *See, e.g., Stovall v. Reliance Ins. Co.,* 107 P.3d 1219, 1232 (Kan. 2005). No third-party beneficiary exists unless there is explicit language clearly

Page 2 of 4

manifesting an intent to assume a duty to a third party. *See, e.g., Weseloh Family Ltd. P'ship v. K.L. Wessel Constr. Co.,* 22 Cal. Rptr. 3d 660, 668 (App. 2004) (holding that there was no third-party beneficiary where the contract did not contain an explicit clause, even though the subcontractor knew the identity of the owner and knew that the owner would benefit from the contract).

In this case, W&K argues that the contract between Black and W&K not only lacked an explicit third-party beneficiary clause, but it specifically stated that the contract did not create any contractual obligation between W&K and the Port. Plaintiff notes that this Court already denied W&K's motion for summary judgment on Plaintiff's breach of contract claim against W&K. However, on that motion, the Court found a genuine issue of material fact as to whether W&K's designs were implemented by Black. W&K did not ask the Court to consider whether the Port was a third-party beneficiary to the Black-W&K contract. This is significant because a finding at this point that the Port was not a third-party beneficiary will essentially dissolve its breach of contract claim against W&K.

The Court thus *denies* W&K's Motion *In Limine* to Preclude Evidence or Argument that The Port Was a Third-Party Beneficiary of W&K's Subcontract with Black (#290). Although W&K's argument is attractive to the Court, the jury will determine whether Black and W&K explicitly intended the Port as a third-party beneficiary. To grant W&K's Motion at this juncture would essentially dismiss Plaintiff's contract cause of action against W&K, which cause of action has already survived summary judgment. Defendant W&K's instant Motion *In Limine* is a de facto motion for summary judgment, and thus it is inappropriate at this juncture of the litigation.

Page 3 of 4

**CONCLUSION**

THEREFORE, IT IS HEREBY ORDERED THAT Winzler & Kelly's Motion *In Limine* to Preclude Evidence or Argument that he Port Was a Third-Party Beneficiary of Winzler & Kelly's Subcontract with Black (#290) is *denied.*

DATED this 31st day of October 2005.

                                        **/s/ Robert C. Jones**
                                        ROBERT C. JONES
                                        UNITED STATES DISTRICT JUDGE