# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

S.J. GRAVES SYNDICATE AT LLOYDS, )
) CV-03-00009
Plaintiff, )
)
vs. ) **ORDER**
)
BLACK CONSTRUCTION )
CORPORATION, WINZLER & KELLY )
CONSULTING ENGINEERS, and )
ENGINEERING MANAGEMENT & )
PLANNING SERVICES CORPORATION, )

Defendants.

This matter coming before the Court on Defendant Winzler & Kelly Consulting Engineers' Motion *In Limine* to Exclude Expert Testimony (#291). The Court has considered the motions, the pleadings on file, and oral argument on behalf of all parties. IT IS HEREBY ORDERED that the Motion is *denied*. However, the Court finds that Plaintiff must immediately turn over to Defendant Winzler & Kelly the computer input data that serves as the basis for the expert opinion at issue.

## BACKGROUND

Defendant Winzler & Kelly ("Defendant") asks the Court to preclude Plaintiff from using the testimony of a specific expert witness, Elliot Boone. Mr. Boone is a structural engineer, but admits that he is not a seismologist. Plaintiff plans to use Mr. Boone's expert testimony as evidence that Defendants' repairs did not meet minimum seismic code requirements and that seismic activity caused the damage to the F-1 Pier dolphins. Mr. Boone bases his opinion on the computer-assisted analysis of a specialized subcontractor structural engineering firm called Integrated Design Services. Mr. Boone admits that he does not know exactly who at Integrated Design Services produced the analysis on which his opinion is based, but Mr. Boone discussed the results with Mr. Hilmy of Integrated Design Services before writing his own report. Defendant has requested a copy of the computer analysis, but Plaintiff has not provided it in full.

**ANALYSIS**

Defendant raises two principal arguments in support of its claim that the Court should preclude Mr. Boone's testimony. First, Mr. Boone is not a seismologist. Second, Mr. Boone's testimony is unreliable since it is based on unverified data.

### I. <u>Mr. Boone Is Not a Seismologist</u>

Defendant claims that Mr. Boone should not be able to testify as to seismic forces and their impact on the dolphins because he is admittedly not a seismologist. An expert witness can only "opine on matters within the reasonable confines of his subject area." *Dreyer v. Ryder Automotive Carrier Group, Inc.,* 367 F. Supp. 2d 413, 416 (W.D.N.Y. 2005) (internal citation omitted); *see also,* Fed. R. Evid. 702. Mr. Boone is an expert structural engineer, who has spent most of his career studying uniform seismic building code standards and the

destructive effects of seismic forces on marine structures.  Therefore, Mr. Boone's area of expertise includes the effect of seismic forces on structures such as the dolphins in this case, and the Court will allow him to testify as to his expert opinion regarding such forces as they relate to the F-1 Pier damage.  Defendants can discredit Mr. Boone's testimony on seismic forces and their effects on marine structures during cross examination.  The Court thus *denies* Defendant's Motion on these grounds.

## II. <u>Mr. Boone's Testimony Is Based on Unreliable Evidence</u>

Defendant also claims that Mr. Boone's opinion is based on unverified data and thus is unreliable.  For an expert's testimony to be admissible at trial, it "must have a reliable basis in the knowledge and experience of [the expert's] discipline."  *Kumbo Tire Co. v. Carmichael*, 526 U.S. 137, 148 (1999).  Mr. Boone utilized the efforts of an established specialized structural engineering firm to provide him with computer analysis before forming his opinion in this case.  Although Mr. Boone does not know exactly who produced the computer results, analysis presented by a specialized firm in Mr. Boone's area of discipline provides the necessary "reliable basis" for his opinion.  Defendants can attack the basis for Mr. Boone's opinion during cross examination, but preclusion of the testimony is unnecessary.  Therefore, the Court *denies* Defendant's Motion on these grounds as well.

Mr. Boone's expert witness report assures Defendants that the computer data and reports produced by Integrated Design Services, upon which he relies, will be made available upon request.  Defendants have specifically asked for such data, but Plaintiff has not

provided it to them. To allow Defendants to adequately prepare for the cross examination of Mr. Boone, the Court orders Plaintiff to divulge this information to Defendant immediately.

**CONCLUSION**

THEREFORE, IT IS HEREBY ORDERED THAT Defendant Winzler & Kelly Consulting Engineers' Motion *In Limine* to Exclude Expert Testimony (#291) is *denied*. However, the Court also finds that Plaintiff must immediately turn over to Defendant Winzler & Kelly the computer input data that serves as the basis for the expert opinion at issue.

DATED this 31ST day of October 2005.

                                                **/s/ Robert C. Jones**
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE