# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | | |
|---|---|---|
| S.J. GRAVES SYNDICATE AT LLOYDS, | ) | |
| Plaintiff, | ) | CV-03-00009 |
| vs. | ) | **ORDER** |
| BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION, | ) | |
| Defendants. | ) | |

This matter coming before the Court on Defendant Black Construction Corporation's Motions *In Limine* to Exclude Evidence of Amounts Paid to Settle Property Insurance Claim, to Limit Claim to 22% of Total Damage and to Limit Claim to Damages Pled (#292). The Court has considered the motions, the pleadings on file, and oral argument on behalf of all parties. IT IS HEREBY ORDERED that the Motion is *denied*.

## ANALYSIS

Defendant Black Corporation ("Black") urges the Court to place three limitations on Plaintiff's request for damages at trial. First, Black argues that Plaintiff should not be able to present evidence of the total amount of money that it paid to the Port Authority of Guam ("Port") for repairs following the 2001 earthquake. Second, Black claims that Plaintiff is only entitled to receive 22% of the potential damages awarded by the jury in this case. Third, Black claims that Plaintiff should only be able to recover for damages that Plaintiff has already pled.

## I. Evidence of Insurance Payment

Black argues that Plaintiff should not be allowed to present evidence regarding the amount of insurance money that the Port received for property damage to the F-1 Pier after the 2001 earthquake from Plaintiff. Black claims that the Plaintiff can only introduce evidence of the insurance settlement if it can prove the amount of the settlement that was awarded to repair property damage caused by construction or design deficiencies. Plaintiff paid $1.9 million to the Port to cover the property damage. Black worries that introduction of this evidence will prejudice and confuse the jury because Plaintiff is only entitled to recover for property damage attributable to Defendants' deficient design and construction, which is not necessarily the same amount recovered by the Port in the insurance settlement.

The Court *denies* Black's Motion on this issue. The jury will decide the extent of the damage attributable to Defendants. Plaintiff's subrogation claim entitles it to the cost of repairing the damage to the dolphins attributable to Defendants. The total cost of the repairs is relevant to a jury determination of the proper recovery. The Port received $1.9 million in

insurance money to cover the total costs of repairs. The jury should be able to use that amount as a benchmark for determining Defendants' liability to Plaintiff in this action, although an instruction explaining that Defendants are only liable for damages caused from their breach of contract will be appropriate.

## II. **Plaintiff Entitled to 22% of the Total Damage Award**

Black also argues that Plaintiff is one of many Lloyds syndicates entitled to recovery in this subrogation claim. Plaintiff only owns 22% of the overall claim, and thus should only be allowed to recover 22% of any potential jury damages awarded. The Complaint in this case, however, clearly states that Plaintiff's suit is "on behalf of all other Lloyd's Underwriters who subscribed . . . to a certain policy of insurance, providing first-party property insurance to the Port Authority of Guam." (Pl. First Am. Compl., ¶ 3.) Plaintiff is the lead underwriter, suing on behalf of all others.

Therefore, the Court *denies* Black's Motion on this issue as well. Defendants are thus not susceptible to future lawsuits filed by other underwriters on this claim, and Plaintiff is obligated to apportion any jury award among the other Lloyds syndicates.

## III. **Limitation on Damages**

Black's third argument is that Plaintiff should not be able to recover for damages that it did not include in its pleadings. Black cites this Court's Order partially granting summary judgment, in which the Court held that recovery was "limited by the extent of its payment to the insured." (Order at 9.) However, this Court declined to set a specific recovery amount, noting that Plaintiff might be able to recover payments made to cover additional damages

that were not specifically before the Court on that motion. (*Id.*) The Court applies the same holding at this time. While this does not limit damages to those originally pled, it does require Plaintiff to establish that any damages sought represent actual payments made to the Port for property damage occurring after the 2001 earthquake. Although Defendants might present future evidence establishing that specific damages are inappropriate, the Court *denies* the Motion at this time.

## CONCLUSION

THEREFORE, IT IS HEREBY ORDERED THAT Defendant Black Construction Corporation's Motions *In Limine* to Exclude Evidence of Amounts Paid to Settle Property Insurance Claim, to Limit Claim to 22% of Total Damage and to Limit Claim to Damages Pled (#292) is *denied*. The Court *denies* Defendant Black's Motion as it relates to (1) introducing evidence of insurance money paid to the Port, and (2) limiting Plaintiff's potential recovery to 22% of the overall potential jury award. With respect to limiting Plaintiff's damages, Plaintiff can only seek compensation for those payments that Plaintiff made to the Port to compensate for property damage to the F-1 Pier.

DATED this 31st day of October 2005.

**/s/ RobertC. Jones**
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE