ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
STEPHEN C. SMITH
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

**FILED**
DISTRICT COURT OF GUAM
NOV - 1 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT EMPSCO'S EXHIBIT LIST; DECLARATION OF SERVICE** |

Plaintiff S.J. GARGRAVES SYNDICATE AT LLOYDS hereby objects to the following exhibits which Defendant ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION ("EMPSCO") proposes to use at trial, for the reasons given:

A: This document is irrelevant. The fees paid are not in dispute.

D: This document is irrelevant, since Macario is not a party to this litigation; evidence concerning this non-party is likely to confuse and/or mislead the jury, and unnecessarily prolong trial of this matter.

E: This document is irrelevant, since Lifetech is not a party to this litigation; this evidence would likely confuse and/or mislead the jury, and unnecessarily prolong trial of this matter.

F: This document is irrelevant, since Lifetech is not a party to this litigation; this evidence would likely confuse and/or mislead the jury, and unnecessarily prolong trial of this matter.

G: This document is irrelevant, since Lifetech is not a party to this litigation; this evidence would likely confuse and/or mislead the jury, and unnecessarily prolong trial of this matter.

H: This document is irrelevant, since Lifetech is not a party to this litigation; this evidence would likely confuse and/or mislead the jury, and unnecessarily prolong trial of this matter.

I: This document is irrelevant, since Lifetech is not a party to this litigation; this evidence would likely confuse and/or mislead the jury, and unnecessarily prolong trial of this matter.

J: This document is irrelevant, since Shell is not a party to this litigation; this evidence would likely confuse and/or mislead the jury, and unnecessarily prolong trial of this matter.

L: This document is irrelevant; fees are not at issue in this litigation.

M: This document is irrelevant; fees are not at issue in this litigation.

T: This document is irrelevant; cathodic protection (against corrosion) is not an issue in this litigation; this evidence would likely confuse and/or mislead the jury, and unnecessarily extend the length of the trial.

U: This document is irrelevant; polymer pile encapsulation is not an issue in this litigation; this evidence would likely confuse and/or mislead the jury, and unnecessarily extend the length of the trial.

W: This document is irrelevant; polymer pile encapsulation is not an issue in this litigation; this evidence would likely confuse and/or mislead the jury, and unnecessarily extend the length of the trial.

GG: This document is irrelevant, since Macario is not a party to this litigation; evidence concerning this non-party is likely to confuse and/or mislead the jury, and unnecessarily extend the length of the trial.

SS: This document is irrelevant, since Macario is not a party to this litigation; evidence concerning this non-party is likely to confuse and/or mislead the jury, and unnecessarily extend the length of the trial.

YY: This document is irrelevant, since Macario is not a party to this litigation; evidence concerning this non-party is likely to confuse and/or mislead the jury, and unnecessarily extend the length of the trial.

BBB: This document is irrelevant; Structural Technologies, Inc., is not a party to this litigation, and its proposal is for work after the date of the repairs which are the subject of this litigation, and therefore are irrelevant, likely to confuse and/or mislead the jury, and unnecessarily prolong the length of the trial.

4822-9539-7888.1.055639-00001                                3.
Case 1:03-cv-00009    Document 339    Filed 11/01/2005    Page 3 of 5

EEE: This document is irrelevant, prejudicial, and likely to confuse and/or mislead the jury.

FFF: This document is irrelevant, prejudicial, and likely to confuse and/or mislead the jury.

DATED: Hagåtña, Guam, November 1, 2005.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE McDONALD
STEPHEN C. SMITH
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

# DECLARATION OF SERVICE

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on November 1, 2005, I caused to be served, via hand delivery, a true and correct copy of **PLAINTIFF'S OBJECTIONS TO DEFENDANT EMPSCO'S EXHIBIT LIST** upon Defendants Counsel of record as follows:

        Robert J. O'Connor, Esq.
        Daniel J. Berman, Esq.
        Berman O'Connor Mann & Shklov
        Suite 503, Bank of Guam Building
        111 Chalan Santo Papa
        Hagåtña, Guam 96910

        Thomas C. Sterling, Esq.
        Klemm Blair Sterling & Johnson, P.C.
        Suite 1008, Pacific News Building
        238 Archbishop Flores Street
        Hagåtña, Guam 96910

and      Thomas M. Tarpley, Esq.
        Law Offices of Tarpley & Moroni, LLP
        Suite 402, Bank of Hawaii Building
        134 West Soledad Avenue
        Hagåtña, Guam 96910

Executed this 1st day of November 2005 at Hagåtña, Guam.

                                          */s/ Elyze McDonald*
                                          ELYZE McDONALD