# ORIGINAL ● ●

CARLSMITH BALL LLP

DAVID LEDGER
STEPHEN C. SMITH
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

**FILED**
DISTRICT COURT OF GUAM

NOV - 3 2005

MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS, and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>　　　　　　Defendants. | CIVIL CASE NO. 03-00009<br><br><br>**PLAINTIFF'S JURY INSTRUCTIONS; DECLARATION OF SERVICE** |

## PLAINTIFF'S JURY INSTRUCTIONS

**Instructions to be read during trial:**

Instruction No. 1
STIPULATIONS OF FACT...........................................................................................1

Instruction No. 2
DEPOSITION AS SUBSTANTIVE EVIDENCE ...........................................................2

**Instructions to be read at the conclusion of the presentation of evidence:**

Instruction No. 3
DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW ........................................3

Instruction No. 4
USE OF NOTES.............................................................................................................4

Instruction No. 5
WHAT IS EVIDENCE....................................................................................................5

Instruction No. 6
WHAT IS NOT EVIDENCE ..........................................................................................6

Instruction No. 7
DIRECT AND CIRCUMSTANTIAL EVIDENCE..........................................................7

Instruction No. 8
CREDIBILITY OF WITNESSES ...................................................................................8

Instruction No. 9
OPINION EVIDENCE (EXPERT WITNESSES) ............................................................9

Instruction No. 10
TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS.....................................10

Instruction No. 11
DUTY TO DELIBERATE .............................................................................................11

Instruction No. 12
COMMUNICATION WITH COURT ...........................................................................12

Instruction No. 13
RETURN OF VERDICT...............................................................................................13

Instruction No. 14
BREACH OF CONTRACT BY BLACK CONSTRUCTION COMPANY ...................14

Instruction No. 15
BREACH OF CONTRACT BY WINZLER & KELLY.................................................15

Instruction No. 16
THIRD-PARTY BENEFICIARY ..................................................................................16

Instruction No. 17
BREACH OF CONTRACT BY ENGINEERING, MANAGEMENT &
PROFESSIONAL SERVICES CORPORATION............................................................17

Instruction No. 18
    SUBROGATION OF RIGHTS TO GARGRAVES ........................................................18

Instruction No. 19
    CONTRACT --- DEFINITION .........................................................................................19

Instruction No. 20
    BREACH OF CONTRACT IN GENERAL ......................................................................20

Instruction No. 21
    BURDEN OF PROOF .......................................................................................................21

Instruction No. 22
    COVENANT OF GOOD FAITH AND FAIR DEALING .............................................22

Instruction No. 23
    INDUSTRY STANDARDS --- CUSTOMS AND USAGE ...........................................23

Instruction No. 24
    DESIGN SPECIFICATIONS ...........................................................................................24

Instruction No. 25
    PERFORMANCE SPECIFICATIONS ............................................................................25

Instruction No. 26
    BREACH OF EXPRESS WARRANTY .........................................................................26

Instruction No. 27
    IMPLIED WARRANTY ...................................................................................................27

Instruction No. 28
    THE WARRANTY OF WORKMANLIKE PERFORMANCE .....................................28

Instruction No. 29
    OBLIGATIONS OF DESIGN PROFESSIONALS ........................................................29

Instruction No. 30
    COMPENSATORY DAMAGES --- BREACH OF CONTRACT .................................30

Instruction No. 31
    COST OF CORRECTION OR COMPLETION --- DEFECTIVE
    CONSTRUCTION ...........................................................................................................31

Instruction No. 32
    APPORTIONMENT OF DAMAGES .............................................................................32

Instruction No. 33
    INTEREST AS DAMAGES ............................................................................................33

Instruction No. 1

## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

Manual of Model Civil Jury Instructions for the Ninth Circuit, (2001), Instruction No. 2.4

Instruction No. 2

## DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of _____, which was taken on _____, 20__, is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Manual of Model Civil Jury Instructions for the Ninth Circuit, (2001), Instruction No. 2.6

Instruction No. 3

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law which applies to this case. [A copy of these instructions will be available in the jury room for you to consult if you find it necessary.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Manual of Model Civil Jury Instructions for the Ninth Circuit, (2001), Instruction No. 3.1

Instruction No. 4

## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Manual of Model Civil Jury Instructions for the Ninth Circuit, (2001), Instruction No. 4.2

Instruction No. 5

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

1.      the sworn testimony of witnesses, on both direct and cross-examination,

regardless of who called the witness;

2.      the exhibits which have been received into evidence; and

3.      any facts to which all the lawyers have agreed or stipulated.

Manual of Model Civil Jury Instructions for the Ninth Circuit, (2001), Instruction No. 3.2

Instruction No. 6

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

4.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Manual of Model Civil Jury Instructions for the Ninth Circuit, (2001), Instruction No. 3.3

Instruction No. 7

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Manual of Model Civil Jury Instructions for the Ninth Circuit, (2001), Instruction No. 3.5

Instruction No. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness' memory;

3.      the witness' manner while testifying;

4.      the witness' interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness' testimony;

6.      the reasonableness of the witness' testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Manual of Model Civil Jury Instructions for the Ninth Circuit, (2001), Instruction No. 3.6

Instruction No. 9

## OPINION EVIDENCE (EXPERT WITNESSES)

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

<u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u>, (2001), Instruction No. 3.7

Instruction No. 10

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

Manual of Model Civil Jury Instructions for the Ninth Circuit, (2001), Instruction No. 3.11

Instruction No. 11

## DUTY TO DELIBERATE

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully and with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Manual of Model Civil Jury Instructions for the Ninth Circuit, (2001), Instruction No. 4.1

Instruction No. 12

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Manual of Model Civil Jury Instructions for the Ninth Circuit, (2001), Instruction No. 4.3

Instruction No. 13

## **RETURN OF VERDICT**

After you have reached unanimous agreement on a verdict, your foreperson will fill in, date, and sign the verdict form or forms and advise the court that you have reached a verdict.

Manual of Model Civil Jury Instructions for the Ninth Circuit, (2001), Instruction No. 4.4

Instruction No. 14

## BREACH OF CONTRACT BY BLACK CONSTRUCTION COMPANY

In the first count of this lawsuit, Plaintiff S.J. Gargraves Syndicate at Lloyd's claims that

the Port Authority of Guam entered into a contract with Black Construction Company ("Black")

to repair the F-1 Foxtrot Pier.

Plaintiff claims that Black breached this contract by failing to repair the F-1 Foxtrot Pier

according to the specifications in the contract.

Plaintiff also claims that Black's breach of this contract caused harm to Plaintiff for

which Black should pay.

Black denies this claim.

California Civil Jury Instructions (2005), Instruction No. 300

Instruction No. 15

## BREACH OF CONTRACT BY WINZLER & KELLY

In the second count of this lawsuit, Plaintiff claims that Black entered into a contract with Winzler & Kelly ("Winzler") to repair the F-1 Foxtrot Pier, to which the Port Authority of Guam benefited.

Plaintiff claims that Winzler breached this contract by failing to repair the F-1 Foxtrot Pier according to the specifications in its contract with Black.

Plaintiff also claims that Winzler's breach of this contract caused harm to Plaintiff for which Winzler should pay.

Winzler denies this claim.

California Civil Jury Instructions (2005), Instruction No. 300

## THIRD-PARTY BENEFICIARY

Plaintiff is not a party to the contract between Winzler and Black. However, Plaintiff may be entitled to damages for breach of contract if it proves that Black and Winzler intended for Plaintiff to benefit from their contract.

It is not necessary for Plaintiff to have been named in the contract between Winzler & Black. In deciding what Black and Winzler intended, you should consider the entire contract and the circumstances under which it was made.

California Civil Jury Instructions (2005), Instruction No. 301

Instruction No. 17

## BREACH OF CONTRACT BY ENGINEERING, MANAGEMENT & PROFESSIONAL SERVICES CORPORATION

In the third count of this lawsuit, Plaintiff claims that the Port Authority of Guam entered into a contract with Engineering, Management & Professional Services Corporation ("EMPSCO") to act as its engineering consultant and provide consulting services in connection with the repair work, including preparing a design and specifications for the repair work.

Plaintiff claims that EMPSCO breached this contract by failing to exercise the requisite care, skill and competence to review and supervise the work of others, including the Winzler plans and drawings and the work performed by Black, by approving improper and negligent changes to the Project, and by failing to note and observe the errors and omissions by contractors performing the Project.

Gargraves also claims that EMPSCO's breach of this contract caused harm to Gargraves for which EMPSCO should pay.

EMPSCO denies this claim.

California Civil Jury Instructions (2005), Instruction No. 300

Instruction No. 18

## SUBROGATION OF RIGHTS TO GARGRAVES

The Plaintiff in this case is an insurance company which paid its insured the Port Authority of Guam for property damage to the Port's pier and dolphins. The Plaintiff has the right, by means of this lawsuit for "subrogation", to recover that payment from any persons or companies responsible for causing such damages. Under the doctrine of subrogation, the Plaintiff is placed "in the shoes" of the entity that it insured and should be treated by you as if their insured was a party in this case.

Royalty Indemnity Co. v. Security Truck Lines, 212 Cal.App.2d 61, 65 (1963); Patent Scaffolding Co. v. William Simpson Construction Co., 256 Cal.App.2d 506, 509 (1967); State Farm Fire & Casualty Co. v. East Bay Municipal Utility District, 53 Cal.App.4th 769, 778 (1997).

Instruction No. 19

## CONTRACT --- DEFINITION

A contract is an oral or written agreement between two or more parties enforceable by law to do or not to do a particular thing. The agreement must be reached by a meeting of the minds of the parties. The agreement can be a written or oral expression, or it can be implied from the conduct of the parties, but it cannot be based on the secret intention or understanding of one party not conveyed to the other. To be enforceable, a contract must be based on a consideration, that is, a promise to do something in exchange for something that is a detriment to the other party or a benefit to the first party.

ABA Model Jury Instructions -- Construction Litigation, (2001), Instruction No. 1.02

Instruction No. 20

## BREACH OF CONTRACT IN GENERAL

If one party to a contract does not perform its obligation or obligations under the contract, it is called a breach of contract, and the other party is entitled to damages. Breach of contract means the failure, in the absence of legal excuse or impossibility of performance, to perform any promise that forms the contract or any part of it.

A party may breach either an express or implied provision of the contract. An express provision is one that is specifically agreed to by the parties either orally or in writing. An implied provision is either one that is recognized by the parties to exist and bind them in their actions even if it was not specifically spelled out or agreed to by the parties to the contract, or a provision that is implied by the law.

Plaintiff bears the burden of proving by a preponderance of the evidence that each Defendant breached any of the obligations in their respective contracts.

Therefore, Plaintiff has the burden of proving each of the following points with respect to each Defendant:

(1)    That Plaintiff entered into a contract with Defendant(s);

(2)    That Plaintiff either substantially performed what it was required to do under the contract or was excused from doing any more under the contract;

(3)    That Defendant(s) breached the contract; and

(4)    That Defendant's failure to perform caused the damages Plaintiff seeks to recover.

ABA Model Jury Instructions -- Construction Litigation, (2001), Instruction No. 6.02

Instruction No. 21

## BURDEN OF PROOF

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

It is not absolutely necessary to the establishment of an express contract that witnesses be produced who were present when the contract was made. The existence of a contract may be inferred from facts and circumstances established to the satisfaction of you, the jury, if you are convinced that the express contract claimed by the plaintiff was in fact made.

Ninth Circuit Model Jury Instructions, Instruction No. 5.1; ABA Model Jury Instructions -- Construction Litigation, (2001), Instruction No. 1.05

Instruction No. 22

## COVENANT OF GOOD FAITH AND FAIR DEALING

In addition to the express terms of the contract, the obligations of good faith and fair dealing in performance and enforcement are implicit in every contract. Good faith is defined as honesty in fact in all aspects of the transaction and the observance of commercially reasonable standards of fairness. A party fulfills the obligations of good faith and fair dealing when it is faithful to the agreed-on common purpose of the contract and acts consistently with the reasonable expectations of the other party. You may find that a party breaches this duty where there is a violation of community or industry standards of decency, fairness, or reasonableness.

If it is shown that a party breached these implicit obligations, you must find that party liable for breach of the contract, just as if the party had breached one of the terms clearly spelled out on the contract's face.

ABA Model Jury Instructions -- Construction Litigation, (2001), Instruction No. 4.02

Instruction No. 23

## INDUSTRY STANDARDS --- CUSTOMS AND USAGE

Evidence has been produced in this case regarding the commonly understood standards in the construction industry. You may consider such evidence in deciding which interpretation of the contract is reasonable. However, general customs or standards in the industry, although relevant to the proper interpretation of the contract, do not conclusively establish whether any additional work performed by the Defendants was required by any of the contracts. The parties must still act under reasonable interpretations of the contracts, and if you find that the prevailing customs, standards or practices in the industry do not comply with a reasonable interpretation of the contract, you may find that a party breached the contract notwithstanding compliance with the customs, standards or practices of the industry.

ABA Model Jury Instructions -- Construction Litigation, (2001), Instruction No. 4.03

Instruction No. 24

## DESIGN SPECIFICATIONS

In this case, Plaintiff claims that the construction work done by Black Construction Corporation was defective and deficient because it did not follow EMPSCO's design, it followed Winzler's alternative design which was defective and inadequately strong, and because Black altered Winzler's design as well. Black responds that, with respect to the claimed deficiency, it was merely following the detailed design specifications created by Winzler.

Design specifications are terms in the contract from an owner to a contractor that describe in detail the materials to be employed and the manner and method in which the construction work is to be performed. When working with design specifications, the contractor has no or very little discretion to deviate from the specifications in the manner, method, or materials to be used but must follow them as one would follow a road map.

The contractor may avoid responsibility for the defective or deficient performance of the work if it proves that it was contractually obligated to perform the contract in accordance with the designs specified in the contract, that it had either no discretion or very little discretion in choosing the materials and methods employed to accomplish the work, and that the defect or deficiency in the work was a result of specifications of a designer. However, if the contractor fails to adhere to the contract terms or specifications, then the contractor is responsible for defects or problems in the construction.

ABA Model Jury Instructions -- Construction Litigation, (2001), Instruction No. 6.03

## PERFORMANCE SPECIFICATIONS

In this case, Plaintiff claims that Defendants breached their respective contracts because the work did not comply with the performance specifications in the contracts.

Performance specifications are provisions of a contract from an owner to a contractor that set forth some objective standard to be achieved by the contractor in the performance of the work, and contractors are expected to exercise their respective skill and judgment in selecting the means, methods, and/or equipment to meet the contract standards. Your determination of whether the provisions at issue here constitute performance standards should be informed mostly by your determination of which party selected, or under the contract should have selected, the materials and means used to perform the contract to meet those objective standards. If the contractor had the responsibility to select the materials and means to meet the contract standards, you should find these provisions to be performance specifications. If Plaintiff selected the materials and means, however, these provisions are not performance specifications.

It is Plaintiff's burden to prove that the contract provisions are performance specifications.

ABA Model Jury Instructions -- Construction Litigation, (2001), Instruction No. 6.04

Instruction No. 26

## BREACH OF EXPRESS WARRANTY

Plaintiff claims that the defendants breached an express warranty because the work did not conform to an affirmation of fact or promise made by defendants. An express warranty is the specific oral or written representation that distributes the risk of specified defects or failures between the parties to the agreement. Generally speaking, the burden of proving an issue rests on the person asserting the affirmative of the issue, that is, the existence of an express warranty. The express warranty in question is said to be a warranty of workmanlike performance.

In interpreting the meaning of an express warranty, your decision must be guided by ordinary principles of contract law. It is for you, the jury, to determine what the parties said, what they intended, and how a statement by one party was understood.

You must determine (1) whether an express warranty existed, (2) whether defendant breached that warranty, and (3) whether the breach of the warranty was a substantial factor in causing harm to the plaintiff. You need to decide all three questions in plaintiff's favor for plaintiff to prevail on its claim.

ABA Model Jury Instructions -- Construction Litigation, (2001), Instruction No. 6.09

## IMPLIED WARRANTY

In building and construction contracts, in the absence of an express agreement to the contrary, it is implied that the building will be erected in a good and workmanlike manner and will be reasonably fit for its intended purpose.

The doctrine of implied warranty of fitness for a particular purpose applies if (1) the contractor held itself out, expressly or by implication, as competent to undertake the contract; (2) Plaintiff had no particular expertise in the kind of work contemplated; and (3) Plaintiff tacitly or specifically indicated its reliance on the experience and skill of the contractor after making known the specific purpose for which the building was intended. If you find that this doctrine applies, you then must determine whether a breach of this warranty took place and whether the alleged breach was the proximate cause of the plaintiff's damage.

ABA Model Jury Instructions -- Construction Litigation, (2001), Instruction No. 6.10

Instruction No. 28

## THE WARRANTY OF WORKMANLIKE PERFORMANCE

Plaintiff claims that Defendants breached the express warranty of workmanlike performance. The warranty is also implied in construction contracts, in which a contractor warrants that the contract will be performed in a reasonably good and workmanlike manner and in accordance with good usage and accepted trade practices resulting in a merchantable structure. "Good and workmanlike" means that quality of work performed by one who has the knowledge, training, or experience necessary for the successful practice of a trade or occupation and performed in a manner generally considered proficient by those capable of judging such work. "Workmanlike" means a proper, safe and non-negligent manner of doing something. This may also be defined as the degree of care that a skilled workman would exercise under like or similar circumstances in the community in which the work is done. To establish that the contractor breached this warranty, Plaintiff must prove that the contractor's work failed to meet the standard and that this failure was a proximate cause of damages suffered by plaintiff.

ABA Model Jury Instructions -- Construction Litigation, (2001), Instruction No. 6.12; Italia Societa Per Azioni di Navigazione v. Oregon Stevedoring Co., 310 F.2d 481 (1962) rev'd on other grounds, 376 U.S. 315 (1964).

## OBLIGATIONS OF DESIGN PROFESSIONALS

Along with the duty of a design professional to use the care, skill, ability, and diligence ordinarily required of design professionals, a design professional also has a duty of good faith, a duty of loyalty to the employer, and a duty to disclose errors in design or construction that are so well known within the profession that a design professional should be aware of them.

If you find, by a preponderance of the evidence, that any Defendant who acted as a design professional breached any of these duties, and that such a breach was a legal cause of damages to Plaintiff, you must also consider damages under the following instructions.

If you find, by a preponderance of the evidence, that any Defendant who acted as a design professional did not breach these duties, you must enter a verdict for that Defendant.

ABA Model Jury Instructions -- Construction Litigation, (2001), Instruction No. 8.04

Instruction No. 30

## COMPENSATORY DAMAGES --- BREACH OF CONTRACT

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on Plaintiff's claims against Defendants, you must determine Plaintiff's damages. If you find that plaintiff has proved by a preponderance of the evidence that any defendant has breached its respective contract with Plaintiff, then you may consider what damages, if any, are due plaintiff from that or those particular defendant(s).

Plaintiff has the burden of proving damages by a preponderance of the evidence. You may award the amount of damages which will compensate Plaintiff for all the detriment proximately caused by Defendants' breach of contract, or which, in the ordinary course of things, would be likely to result therefrom. You should consider the nature and extent of the injuries, as well as the reasonable value of necessary repairs to any property which was damaged.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Ninth Circuit Model Jury Instructions, Instruction No. 7.1; 20 Guam Code Ann. § 2201.

Instruction No. 31

## COST OF CORRECTION OR COMPLETION --- DEFECTIVE CONSTRUCTION

The court instructs you that if you find from the evidence that the any of the Defendants was to perform its work in a good and workmanlike manner or that the material, or some part thereof was defective, and if you further find from the evidence that said work was not done in a good and workmanlike manner, or otherwise that any of the Defendants breached their respective contracts with Plaintiff, and that Plaintiff was damaged by reason thereof, you must find for Plaintiff in such sum as you find Plaintiff is damaged.

The damages to be recovered will be the cost of repairing or completing the work.

ABA Model Jury Instructions -- Construction Litigation, (2001), Instruction No. 10.10

Instruction No. 32

## APPORTIONMENT OF DAMAGES

If you find that Plaintiff's damages are due to the conduct of more than one Defendant,

then you must decide how much Plaintiff's damages are attributed to each such Defendant.

Pathman Const. Co. v. Hi-Way Elec. Co., 382 N.E.2d 453, 460 (Ill. App. 1978)

(apportioning damages in case of delay by several parties is a question of fact); Alcan Elec. &

Eng'g Co. v. Samaritan Hosp., 109 Wash. App. 1072, 2002 WL 26291 at *2-3 (Wash. App.

2002).

Instruction No. 33

## INTEREST AS DAMAGES

If you find that any defendant breached its obligation to pay plaintiff a certain definite sum of money under its respective contract with Plaintiff, then you may award plaintiff interest from the date that the payment should have been made.

ABA Model Jury Instructions -- Construction Litigation, (2001), Instruction No. 10.11

DATED: Hagåtña, Guam November 3, 2005.

CARLSMITH BALL LLP

_(signature)_

DAVID LEDGER
STEPHEN C. SMITH
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

## DECLARATION OF SERVICE

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on November 3, 2005, I caused to be served, via hand delivery, a true and correct copy of **PLAINTIFF'S JURY INSTRUCTIONS** upon Defendants Counsel of record as follows:

> Robert J. O'Connor, Esq.
> Daniel J. Berman, Esq.
> Berman O'Connor Mann & Shklov
> Suite 503, Bank of Guam Building
> 111 Chalan Santo Papa
> Hagåtña, Guam 96910
>
> Thomas C. Sterling, Esq.
> Klemm Blair Sterling & Johnson, P.C.
> Suite 1008, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910

and
> Thomas M. Tarpley, Esq.
> Law Offices of Tarpley & Moroni, LLP
> Suite 402, Bank of Hawaii Building
> 134 West Soledad Avenue
> Hagåtña, Guam 96910

Executed this 3rd day of November 2005 at Hagåtña, Guam.

ELYZE McDONALD