**BERMAN O'CONNOR MANN & SHKLOV**
**DANIEL J. BERMAN**
**ROBERT J. O'CONNOR**
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Phone: (671) 477-2778
Fax: (671) 477-4366

Attorneys for Defendant
**Winzler & Kelly Consulting Engineers**

**FILED**
DISTRICT COURT OF GUAM

NOV - 3 2005

**MARY L.M. MORAN**
**CLERK OF COURT**

### IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYD'S, | ) ) ) | Civ. No. CIV 03-00009 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **WINZLER & KELLY'S** **PROPOSED JURY INSTRUCTIONS**[1] |
| BLACK CONSTRUCTION CORP., WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING MANAGEMENT & PLANNING SERVICES CORP., | ) ) ) ) ) ) | **CERTIFICATE OF SERVICE** |
| Defendants. | ) ) ) | **Trial: November 7, 2005** |


Attached hereto are Winzler & Kelly's proposed jury instructions.


Respectfully submitted this 3rd day of November, 2005.


BERMAN O'CONNOR MANN & SHKLOV
Attorneys for Winzler & Kelly


By: _____
Joseph E. Horey

---

[1]     Black also joins in these proposed instructions.

ORIGINAL

## CERTIFICATE OF SERVICE

I, Joseph Perez, hereby declare under penalty of perjury of the laws of the Unites States, that on the 3rd day of November, 2005, I will cause to be served, via hand delivery a true and correct copy of **WINZLER & KELLY'S PROPOSED JURY INSTRUCTIONS; CERTIFICATE OF SERVICE** upon Plaintiff and Defendants Counsel of record as follows:

David Ledger, Esq.
Carlsmith Ball LLP
134 West Soledad Avenue
Bank of Hawaii Building, Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Telefax: (671) 477-4375

Attorneys for Plaintiff S.J. Gargrave Syndicate at Lloyds

Thomas C. Sterling, Esq.
Klemm, Blair, Sterling & Johnson
Suite 1008, Pacific News Building
238 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Telefax: (671) 472-4290

Attorneys for Defendant Black Construction Corporation

Thomas M. Tarpley, Esq.
Tarpley & Moroni, LLP
Suite 402, Bank of Hawaii Bldg.
134 W. Soledad Avenue
Hagåtña, Guam 96910
Telefax: (671) 472-4526

Attorneys for Defendant
    Engineering, Management & Planning Services Corporation

Dated this3rd day of November, 2005.

Joseph Perez

## W&K PROPOSED JURY INSTRUCTION NO. ___

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return - - that is a matter entirely up to you.

Source: Model Civ. Jury Inst. 9th Cir. § 3.1

## W&K PROPOSED JURY INSTRUCTION NO. ___

The evidence from which you are to decide what the facts are consists of:

1)      the sworn testimony of any witness;

2)      the exhibits which have been received into evidence; and

3)      any facts to which the lawyers have agreed or stipulated.

Model Civ. Jury Inst. 9th Cir. § 3.2

**W&K PROPOSED JURY INSTRUCTION NO. ___**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it].

4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence at the trial.

Model Civ. Jury Inst. 9th Cir. § 3.3

# W&K PROPOSED JURY INSTRUCTION NO. ___

In deciding the acts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1)   the opportunity and ability of the witness to see or hear or know the things testified to;

2)   the witness' memory;

3)   the witness' manner while testifying;

4)   the witness; interest in the outcome of the case and any bias or prejudice;

5)   whether other evidence contradicted the witness' testimony;

6)   the reasonableness of the witness' testimony in light of all the evidence; and

7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Model Civ. Jury Inst. 9th Cir. § 3.6

## W&K PROPOSED JURY INSTRUCTION NO. ___

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Model Civ. Jury Inst. 9th Cir. § 3.7

**W&K PROPOSED JURY INSTRUCTION NO. ___**

      Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Model Civ. Jury Inst. 9th Cir. § 3.9

**W&K PROPOSED JURY INSTRUCTION NO. ___**


Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.


Model Civ. Jury Inst. 9th Cir. § 3.10

**W&K PROPOSED JURY INSTRUCTION NO. ___**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

Model Civ. Jury Inst. 9th Cir. § 3.11

## W&K PROPOSED JURY INSTRUCTION NO. ___

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Model Civ. Jury Inst. 9th Cir. § 4.1

## W&K PROPOSED JURY INSTRUCTION NO. ___

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - - including me - - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Model Civ. Jury Inst. 9th Cir. § 4.3

**W&K PROPOSED JURY INSTRUCTION NO. ___**

A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time*]. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Model Civ. Jury Inst. 9th Cir. § 4.4

**W&K PROPOSED JURY INSTRUCTION NO. ___**


When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.


Model Civ. Jury Inst. 9th Cir. § 5.1

**W&K PROPOSED JURY INSTRUCTION NO. ___**

On any claim, if you find that each of the elements on which the plaintiff has the burden of roof has been proved, your verdict should be for the plaintiff on that claim, unless you also find that the defendant has proved an affirmative defense, in which event your verdict should be for the defendant on that claim.

Model Civ. Jury Inst. 9th Cir. § 5.3

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

The measure of damages is the reasonable value of necessary repairs to any property which was damaged.

However, if the cost of repair is clearly disproportionate to the difference in value, then the measure of damages is the difference between the value that the performance would have had if there had been no breach and the value of such performance as was actually rendered.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Source: Model Civ. Jury Inst. 9th Cir. § 7.1, 7.2; <u>Restatement (Second) of Contracts</u> §§ 347 & 348.

## W&K PROPOSED JURY INSTRUCTION NO. ___

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1)      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2)      the amount by which damages would have been mitigated.

Model Civ. Jury Inst. 9th Cir. § 7.3

A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all of the evidence, you believe the probability of truth favors his or her testimony in other particulars.

BAJI 2.22

**W&K PROPOSED JURY INSTRUCTION NO. ___**

Witnesses who have special knowledge, skill, experience, training or education in a particular subject have testified to certain opinions. This type of witness is referred to as an expert witness. In determining what weight to give any opinion expressed by an expert witness, you should consider the qualifications and believability of the witness, the facts or materials upon which each opinion is based, and the reasons for each opinion.

An opinion is only as good as the facts and reasons on which it is based. If you find that any such fact has not been proved, or has been disproved, you must consider that in determining the value of the opinion. Likewise, you must consider the strengths and weaknesses of the reasons on which it is based.

You are not bound by an opinion. Give each opinion the weight you find it deserves. However, you may not arbitrarily or unreasonably disregard the scientific opinion testimony in this case.

BAJI 2.40

**W&K PROPOSED JURY INSTRUCTION NO. ___**


The measure of general damages for the breach of a contract is that amount which will compensate the injured party for all the detriment or loss caused by the breach, or which in the ordinary course of things, would be like to result therefrom. The injured party should receive those damages naturally arising from the breach, or those damages which might have been reasonably contemplated or foreseen by both parties, at the time they made the contract, as the probable result of the breach. As nearly as possible, the injured party should receive the equivalent of the benefits of performance.

Damages must be reasonable. Plaintiff cannot recover a greater amount as damages than it could have gained by the full performance of the contract.


BAJI 10.90

Contract law only holds defendants liable for damages attributable to their breach, not for damages resulting from other sources. It allows for the apportioning of damages for breach-of-contract claims in proportion to causation.

The apportionment of damages cannot be based on mere speculation. However, it need not be made with mathematical precision. A rough approximation is sufficient.

Source: Order on Plaintiff's Motion In Limine Re Comparative Negligence (October 31, 2005); City of Westminster v. Centric-Jones Constructors, 100 P.3d 472 (Colo. App. 2004); State of California ex rel. Dept. of Transportation v. Guy F. Atkinson Co., 213 Cal. Rptr. 382 (App. 1986).

## W&K PROPOSED JURY INSTRUCTION NO. __

A contract made expressly for the benefit of a third person, may be enforced by a party to the contract or the third person at any time before the parties to the contract rescind it.

If a contract is not made expressly for the benefit of a particular third person, that person cannot enforce the contract even though he or she would receive some benefit from the performance of the contract.

"Expressly" means "in an express manner; in direct or unmistakable terms; explicitly; definitely; directly."

The law classifies persons having enforceable rights under contracts to which they are not parties as either creditor beneficiaries or donee beneficiaries.

The Port Authority was a creditor beneficiary only if Winzler & Kelly's performance of the subcontract would have discharged some form of legal duty owed to the Port Authority by Black.

The Port Authority was a donee beneficiary only if Black's contractual intent was either to make a gift to the Port Authority or to confer on the Port Authority a right against Winzler & Kelly. If Black intended to make a gift, the Port Authority can recover if such donative intent must have been understood by Winzler & Kelly from the nature of the contract and the circumstances accompanying its execution.

If the Port Authority was neither a creditor beneficiary nor a donee beneficiary, it is only an incidental beneficiary, and may not enforce the subcontract against Winzler & Kelly.

Sources: 18 GCA § 85204; BAJI § 10.59; City and County of San Francisco v. Western Air Lines, Inc., 22 Cal. Rptr. 216, 225 (App. 1962); Martinez v. Socoma Companies, Inc., 521 P.2d 841, 844-845 (Cal. 1974) (in bank); Southern California Gas Co. v. ABC Construction Co., 22 Cal.Rptr. 540, 543-44 (App. 1962); Restatement (Second) of Contracts § 302.

## W&K PROPOSED JURY INSTRUCTION NO. ___

A third party beneficiary cannot assert greater rights than those of the promisee under the contract.

Therefore, if you find that the Port Authority was a third-party beneficiary of the contract between Winzler & Kelly and Black, Plaintiff cannot assert greater rights under the contract than Black could.

Source: <u>Marina Tenants Assn. v. Deauville Marina Development Co.</u>, 226 Cal.Rptr. 321, 327 (App. 1986).

## W&K PROPOSED JURY INSTRUCTION NO. __

A design engineer does not warrant perfect results, but rather the exercise of that skill and judgment which can be reasonably expected from similarly situated professionals.

Source: <u>Kemper Architects, PC v. McFall, Konkel & Kimball Consulting Engineers</u>, 843 P.2d 1178, 1186 (Wyo. 1992); <u>City of Mounds View v. Walijarvi</u>, 263 N.W.2d 420, 424 (Minn. 1978).

**W&K PROPOSED JURY INSTRUCTION NO. ___**

The Uniform Building Code provides that, if the circumstances require, the owner may designate a substitute architect or engineer of record who shall perform all the duties required of the original architect or engineer of record. The building official shall be notified in writing if the architect or engineer of record is changed or is unable to continue to perform him duties.

Source: UBC 106.3.4