BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
ROBERT J. O'CONNOR
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Phone: (671) 477-2778
Fax: (671) 477-4366

Attorneys for Defendant
Winzler & Kelly Consulting Engineers

FILED
DISTRICT COURT OF GUAM
NOV - 3 2005
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYD'S, <br><br> Plaintiff, <br><br> vs. <br><br> BLACK CONSTRUCTION CORP., WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING MANAGEMENT & PLANNING SERVICES CORP., <br><br> Defendants. | Civ. No. CIV 03-00009 <br><br> WINZLER & KELLY'S PROPOSED SPECIAL VERDICT FORM <br><br> CERTIFICATE OF SERVICE <br><br> Trial: November 7, 2005 |

Attached hereto is Winzler & Kelly's proposed special verdict form.

Respectfully submitted this 3rd day of November, 2005.

BERMAN O'CONNOR MANN & SHKLOV
Attorneys for Winzler & Kelly

By: _____
Joseph E. Horey

ORIGINAL

## CERTIFICATE OF SERVICE

I, Joseph Perez, hereby declare under penalty of perjury of the laws of the Unites States, that on the 3rd day of November, 2005, I will cause to be served, via hand delivery a true and correct copy of **WINZLER & KELLY'S PROPOSED SPECIAL VERDICT FORM; CERTIFICATE OF SERVICE** upon Plaintiff and Defendants Counsel of record as follows:

> David Ledger, Esq.
> Carlsmith Ball LLP
> 134 West Soledad Avenue
> Bank of Hawaii Building, Suite 401
> P.O. Box BF
> Hagåtña, Guam 96932-5027
> Telefax: (671) 477-4375
>
> Attorneys for Plaintiff S.J. Gargrave Syndicate at Lloyds
>
> Thomas C. Sterling, Esq.
> Klemm, Blair, Sterling & Johnson
> Suite 1008, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam 96910
> Telefax: (671) 472-4290
>
> Attorneys for Defendant Black Construction Corporation
>
> Thomas M. Tarpley, Esq.
> Tarpley & Moroni, LLP
> Suite 402, Bank of Hawaii Bldg.
> 134 W. Soledad Avenue
> Hagåtña, Guam 96910
> Telefax: (671) 472-4526
>
> Attorneys for Defendant
>     Engineering, Management & Planning Services Corporation

Dated this 3rd day of November, 2005.

_____
Joseph Perez

2003-08-051103-PL-Spe Verdict Form Cert Of Svc

# SPECIAL VERDICT FORM

## PART I:
## BLACK CONSTRUCTION CORP.

1. Did Black breach its contract with the Port Authority?

YES _____    NO _____

*If you answered "YES," proceed to Question No. 2.*

*If you answered "NO," go to Question No. 16, enter "0" for Black, then proceed to Question No. 3.*

2. Did Black's breach of contract cause any damages to the Port Authority?

YES _____    NO _____

*If you answered "YES," proceed to Question No. 3.*

*If you answered "NO," go to Question No. 16, enter "0" for Black, then proceed to Question No. 3.*

## PART II:
## WINZLER & KELLY CONSULTING ENGINEERS

3. Did Winzler & Kelly, by preparing VE-1, discharge any debt or other legal duty that Black owed to the Port Authority?

YES _____    NO _____

*Please proceed to Question No. 4.*

4. Did Black intend, in contracting with Winzler & Kelly, to give a gift to the Port Authority?

YES _____    NO _____

*If you answered "YES" to either Question No. 3 or Question No. 4, proceed to Question No. 5.*

*If you answered "NO" to both Question No. 3 and Question No. 4, go to Question No. 16, enter "0" for Winzler & Kelly, then proceed to Question No. 7.*

5. Did Winzler & Kelly breach its contract with Black?

YES _____ NO _____

*If you answered "YES," proceed to Question No. 6.*

*If you answered "NO," go to Question No. 16, enter "0" for Winzler & Kelly, then proceed to Question No. 7.*

    6. Did Black follow Winzler & Kelly's plans and specifications in connecting the piles to the dolphins?

YES _____ NO _____

*If you answered "YES," proceed to Question No. 7.*

*If you answered "NO," go to Question No. 16, enter "0" for Winzler & Kelly, then proceed to Question No. 7.*

## PART III:
## ENGINEERING MANAGEMENT & PLANNING SERVICES CORP. (EMPSCO)

    7. Did EMPSCO breach its contract with the Port Authority?

YES _____ NO _____

*If you answered "YES," proceed to Question No. 8.*

*If you answered "NO," go to Question No. 16, enter "0" for EMPSCO, then proceed to Question No. 9.*

    8. Did EMPSCO's breach of contract cause any damages to the Port Authority?

YES _____ NO _____

*If you answered "YES," proceed to Question No. 9.*

*If you answered "NO," go to Question No. 16, enter "0" for EMPSCO, then proceed to Question No. 9.*

## PART IV:
## RELATIONSHIP OF DAMAGE TO EARTHQUAKE

    9. Did Plaintiff prove by a preponderance of the evidence that the 2001 earthquake caused any damage to the dolphins?

YES _____ NO _____

*If you answered "YES," proceed to Question No. 10.*

*If you answered "NO," go to Question No. 16, enter "0" for all Defendants, and return this Special Verdict Form to the marshal.*

10. Please state, as a percentage, the proportion of the total damage to the dolphins that was caused by the 2001 earthquake:

_____%

*Please proceed to Question No. 11.*

11. Multiply that percentage by $1,900,000 and enter the result here:

$_____

*Please proceed to Question No. 12.*

## PART V:
## COST OF REPAIR

12. Out of the dollar amount stated in your answer to Question No. 11, please state:

    a) how much (if any) was spent to restore the dolphins to the condition that Defendants contracted to provide:

        $_____.

    b) how much (if any) was spent on improving the dolphins to a better condition than Defendants has contracted to provide:

        $_____.

    c) how much (if any) was spent for other purposes:

        $_____.

*If your answer to Question No. 12(a) is $0, go to Question No. 16 and enter "0" for each Defendant, and return this Special Verdict Form to the marshal.*

*Otherwise, proceed to question No. 13.*

## PART VI:
## DIMINUTION OF VALUE

13. Please state, in dollars, the difference in value (if any) between the dolphin repairs as actually designed and performed by Defendants, and the value they would have had if none of the Defendants had breached their contracts

$_____.

*If your answer to Question No. 13 is $0, go to Question No. 16 and enter "0" for each Defendant, and return this Special Verdict Form to the marshal.*

*Otherwise, proceed to question No. 14.*

## PART VII:
## MEASURE OF DAMAGES

14. Considering your answers to Question No. 12(a) and Question No. 13, do you find that the cost of repair is clearly disproportionate to the difference in value?

YES_____   NO_____

*If you answered "YES," enter the figure from Question No. 13 here:*

$_____.

*If you answered "NO," enter the figure from Question No. 12(a) here:*

$_____.

*Proceed to Question No. 15.*

## PART VIII:
## APPORTIONMENT OF DAMAGES

15. Out of the damage amount stated in your answer to Question No. 14, please state how much (if any) is attributable to the acts of each of the following persons:

a) Port Authority (including Macario): $_____.

b) Black Construction: $_____.

c) Winzler & Kelly: $_____.

d) EMPSCO: $_____.

e) Others: $_____.

*Proceed to Question No. 16.*

16. For each Defendant (if you have not already entered "0" for that Defendant), take the dollar figure from Question No. 15, and enter the figure below:

Black: $_____.

Winzler & Kelly: $_____.

EMPSCO: $_____.