# DISTRICT COURT OF GUAM
## TERRITORY OF GUAM
### HONORABLE ROBERT CLIVE JONES, PRESIDING
## CIVIL MINUTES - GENERAL



**FILED**
DISTRICT COURT OF GUAM

NOV - 7 2005

**MARY L.M. MORAN
CLERK OF COURT**

**CASE NO. CV-03-00009**          **DATE: November 7, 2005**

**CAPTION:** <u>S.J. Gargrave Syndicate at Lloyds</u>  -vs-  <u>Black Construction Corporation, Winzler & Kelly and Engineering, Management & Planning Services Corporation</u>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Courtroom Deputy: Leilani Toves Hernandez          Law Clerk: Kim Walmsley
Court Reporter: Wanda Miles
Hearing Electronically Recorded: Run Time: 10:05:08 - 10:45:09)          CSO: J. Lizama / B. Benavente

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* **A P P E A R A N C E S** \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COUNSEL FOR PLAINTIFF(s):**                    **COUNSEL FOR DEFENDANT(s):**

FORREST BOOTH                                    TOM STERLING, BLACK CONSTRUCTION

STEPHEN SMITH                                    TOM TARPLEY, EMPSCO

ELYZE MCDONALD                                   BOB O'CONNOR, WINZLER & KELLY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PROCEEDINGS:**          **FINAL PRETRIAL CONFERENCE**

( ) **MOTION (S) ARGUED BY**   ( ) **PLAINTIFF**   ( ) **DEFENDANTS**

( ) **MOTION(s)** ___ **Granted** ___ **Denied** ___**Settled** ___**Withdrawn** ___ **Under Advisement**

( ) **ORDER SUBMITTED** ____ **Approved** ____ **Disapproved**

( ) **ORDER to be Prepared By:** _____

( ) **PROCEEDINGS CONTINUED TO:** _____**at** _____

**NOTES:**

<u>The Court and parties discussed issues regarding trial.  The Court provided counsel with the Instructions to Counsel Concerning Jury Selection (see attached).</u>

<u>Trial is expected to last for two weeks and may include the Veteran's Day Holiday, November 11th, and Saturday, November 12th.  Parties agreed that there will be eight jurors and two alternates.  Trial will run from 9:00 a.m. to 5:00 p.m. with a 1 ½ hour lunch break.  Witness exclusion rule will apply to all witnesses, except expert witnesses.</u>

<u>Mr. Tarpley stated that parties have stipulated to additional exhibits needed for trial.  The Court advised counsel to notify the clerk and such exhibits will be addressed at the beginning of trial.</u>

<u>Parties were instructed to mark-up the depositions of witnesses, who are unable to be here to testify, with their objections, each using a different color, and submit one copy to the Court by Tuesday evening.  The Court will address the objections outside the presence of the jury.</u>

## INSTRUCTIONS TO COUNSEL
## CONCERNING JURY SELECTION

The following is a description of the struck panel method by which the jury will be selected in all proceedings before Judge Jones. There are many variations on this basic technique, and it is important that counsel understand exactly what procedure will be followed.

The Courtroom Deputy will randomly select names from the jury wheel in order to obtain a number of panelists computed by totaling the following: the number of jurors to be selected, the number of alternates to be selected in a criminal case (generally two), and the number of peremptory challenges. Thus, in a single defendant criminal case in which the defendant has ten and the Government six peremptory challenges, plus one challenge each with respect to alternates, voir dire will result in thirty-two panelists (12 + 2 + 10 + 6 + 2). In a civil case in which each side has three peremptories, voir dire will result in fourteen panelists for the usual eight-person jury (8 + 3 + 3). If there is to be a ten-person jury, two additional panelists will be added. The panel will be seated in the jury box and the front row of benches. Judge Jones will conduct voir dire of the panel and challenges for cause may be made during this period.

After Judge Jones has voir dired the panel, the attorneys will approach side bar. The first order of business will be to determine whether there are any additional challenges for cause. If any challenges for cause are sustained, the removed panelists will be replaced by inserting new panelists from the venire in their slots so that there is a full panel before any peremptory challenges are exercised. Judge Jones will then complete the voir dire of panelists added as a result of challenges for cause, if any.

The exercise of peremptory challenges will follow next at counsel tables. Counsel will exercise a challenge by indicating the panelist to be struck on the Deputy Clerk's tally sheet.

In civil cases, the Deputy Clerk will approach plaintiff first and take from counsel their

first challenge. The Deputy Clerk will then approach defense counsel and take their first challenge. This process will be repeated, alternating between plaintiff and defense until all the peremptories are exhausted.

In a single defendant criminal case, the Government exercises one challenge, and the Defendant one challenge in the first two rounds; then the Government exercises one challenge and the Defendant exercises two challenges in the next four rounds, making a total of six and ten. These challenges may be exercised only as to panelists one through twenty-eight, that is, not as to the panelists from whom the alternates will be chosen.

Note that a party may waive its right to challenge but may not reserve. Counsel may not say, "Well, we will pass this time and take double the next time." Also note that challenges may be made to any of the panelists regardless of where that panelist appears in the array (except as to alternates in criminal cases, as described below).

After the twelve-person jury is selected in a criminal case, each side has one additional challenge which is exercisable only with respect to panelists twenty-nine through thirty-two, that is, the prospective alternates. Generally, two alternates are selected from the remaining unchallenged panelists. These final two challenges will occur after the peremptory challenges as to the initial twelve jurors have been exercised.

When each side has exhausted its peremptory challenges, the first twelve unchallenged persons constitute the jury in a criminal case, and the first eight or ten persons constitute the jury in a civil case.

The Deputy Clerk will hand the tally sheet and jury board to Judge Jones. Any additional challenges to the jury selection must be made at this time. The jury box will be vacated and the Deputy Clerk will seat the final jury.