| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | BERMAN O'CONNOR MANN & SHKLOV<br>DANIEL J. BERMAN<br>ROBERT J. O'CONNOR<br>Suite 503, Bank of Guam Building<br>111 Chalan Santo Papa<br>Hagåtña, Guam 96910<br>Telephone: (671) 477-2778<br>Facsimile: (671) 477-4366<br><br>Attorneys for Defendant<br>Winzler & Kelly Consulting Engineers |

FILED
DISTRICT COURT OF GUAM
NOV - 8 2005
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>　　　　　Defendants. | CIVIL CASE NO.: CIV03-00009<br><br>DEFENDANT WINZLER & KELLY CONSULTING ENGINEERS' POCKET BRIEF ON ADMISSIBILITY OF FACTUAL STATEMENTS IN PLAINTIFF'S ORIGINAL COMPLAINT; CERTIFICATE OF SERVICE |

This pocket brief is written in anticipation of Plaintiff objecting to Winzler & Kelly Consulting Engineers' reference to inaccurate and untrue factual allegations made against Winzler & Kelly Consulting Engineers ("Winzler & Kelly") in Plaintiff's original Complaint in this action.

Specifically, Plaintiff alleged in its March 28, 2003 Complaint that Winzler & Kelly –

- Was hired by the Port Authority.
- Prepared initial drawings for the repair for the Port Authority.
- Assessed the Earthquake damage for the Port Authority.

-1-

- Was hired by the Port Authority to perform structural and other engineering calculations.
- Was hired by the Port Authority to prepare plans and specifications to put the repair project out to bid.
- Was responsible for the "general supervision" of the repair project.

All of those allegations have been retracted by the Plaintiff filing an amended Complaint which now admits Winzler & Kelly's only contract was with Black Construction Corporation, essentially admitting that all of the original allegations were untrue.

Filing false accusations against Winzler & Kelly and refusing to retract those allegations for close to a year is relevant because it shows that Plaintiff is not a credible witness and that Plaintiff's investigation and investigators are inept.

One of the issues in this case is whether or not the October, 2001 earthquake did damage to the F-1 dolphins or whether it was preceding berthing incidents by docking ships. The jury will be asked to believe that Plaintiff's investigators are competent and credible. Evidence showing that Plaintiff, more than two years after it began its investigation, completely erred in blaming Winzler & Kelly for actions it never undertook is evidence the Defendants are entitled to present in defense of this action.

As the Court held in Amador v. Lea's Auto Sales & Leasing, Inc., (Mo. 1996) 916 S.W. 2d 845 –

> "A superseded pleading is admissible against party in whose behalf it was originally filed if it contains admissions or statements of fact against interest of such party."
>
> (Citing to Fahy v. Dresser Industries, Inc., 740 S.W. 2d 635, 642 (Mo. Banc 1987)

Under Evidence Rule 801, an Admission by a party opponent is a statement offered against the party which is a statement by the party or party's authorized representative. (See

Rule 801(d)(2)(A), (C) and (D).) It need not be a statement against interest, which is the special province of Evidence Rule 804 (b)(3) ("statement against interest").

Evidence Rule 401 says that "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Prior public and false accusations are relevant to the competency of Plaintiff's investigation as well as to Plaintiff's credibility in this case.

For these reasons, the inaccurate and false statements of fact in Plaintiff's original Complaint are admissible against Plaintiff in this trial.

Dated this 3rd day of November, 2005.

Respectfully submitted,

BERMAN O'CONNOR MANN & SHKLOV
Attorneys for Defendant
Winzler & Kelly Consulting Engineers

By: _____
ROBERT J. O'CONNOR