CARLSMITH BALL LLP

STEPHEN C. SMITH
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds



**FILED**
DISTRICT COURT OF GUAM
NOV 10 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>      Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS, and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>      Defendants. | CIVIL CASE NO. 03-00009<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS OBJECTION REGARDING PLAINTIFF'S DESIGNATION OF EDWARD WILLIAMSON; DECLARATION OF SERVICE** |

EMPSCO objects to portions of Ed Williamson's deposition on the grounds of relevancy.

EMPSCO claims that because Williamson testifies as to the Port's insurance claim, and this is an

action in subrogation and not indemnification, this testimony is irrelevant. EMPSCO claims that "damages are not measured by what the Port's adjuster was claiming against the insurance company, or what the insurance company paid on the claim." Although not entirely clear, EMPSCO is apparently arguing that the only evidence that a subrogee such as Plaintiff should be permitted to introduce is evidence of direct damages (such as Smithbridge invoices), not evidence of claims submitted to the insurance company.

EMPSCO stated in its Trial Brief that the Court has established a distinction between what one can receive when suing in subrogation versus when suing for indemnification. EMPSCO's reference is to the Court's statement in its summary judgment order that "...the plaintiff should not be able to recover up to $7.5 million in damages if the defendants allegedly only caused $3 million in damages. 'A subrogee is entitled to indemnity only to the extent of the money actually paid to discharge the obligation.' *Colonial Penn Ins. Co. v. Ford*, 172 N.J.Super. 242, 411 A.2d 736, 737 (1979)." Apr. 7, 2005 Order at 9.

The Court's statements in this regard appear only to relate to a limitation of the amount which a subrogee may claim, not to the nature of the evidence utilized to support that claim. Indeed, the amounts paid by Plaintiff to the Port are an issue in this case: "the party seeking to apply subrogation has the burden of proving the right to subrogation." *Jindra v. Diederich Flooring*, 511 N.W.2d 855, 859 (Wis. 1994); Couch on Insurance § 223:9 ("It is also necessary that the insurer prove that payment made on the policy was, in fact, made to the insured to whose claim it seeks to be subrogated."). The amount Plaintiff paid is also relevant to demonstrate any limit on damages. *Tokio Marine & Fire Ins. Co., Ltd. v. Grove Mfg. Co.*, 762 F. Supp. 1012, 1015 (D.P.R. 1991).

Accordingly, evidence of the Port's insurance claim is relevant in this case to prove that Plaintiff has the right to subrogation, and the amount of Plaintiff's damages.

DATED: Hagåtña, Guam, November 10, 2005.

CARLSMITH BALL LLP

*/s/*

STEPHEN C. SMITH
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

# DECLARATION OF SERVICE

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on November 10, 2005, I caused to be served, via hand delivery, a true and correct copy of PLAINTIFF'S RESPONSE TO DEFENDANTS OBJECTION REGARDING PLAINTIFF'S DESIGNATION OF EDWARD WILLIAMSON upon Defendants Counsel of record as follows:

>Robert J. O'Connor, Esq.
>Daniel J. Berman, Esq.
>Berman O'Connor Mann & Shklov
>Suite 503, Bank of Guam Building
>111 Chalan Santo Papa
>Hagåtña, Guam 96910
>
>Thomas C. Sterling, Esq.
>Klemm Blair Sterling & Johnson, P.C.
>Suite 1008, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

and
>Thomas M. Tarpley, Esq.
>Law Offices of Tarpley & Moroni, LLP
>Suite 402, Bank of Hawaii Building
>134 West Soledad Avenue
>Hagåtña, Guam 96910

Executed this 10th day of November 2005 at Hagåtña, Guam.

_____
ELYZE McDONALD