BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
ROBERT J. O'CONNOR
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Phone: (671) 477-2778
Fax: (671) 477-4366

Attorneys for Defendant
Winzler & Kelly Consulting Engineers

FILED
DISTRICT COURT OF GUAM
NOV 15 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYD'S,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORP., WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING MANAGEMENT & PLANNING SERVICES CORP.,<br><br>Defendants. | Civ. No. CIV 03-00009<br><br>WINZLER & KELLY'S MOTION FOR JUDGMENT AS A MATTER OF LAW (DAMAGE APPORTIONMENT)<br><br>CERTIFICATE OF SERVICE<br><br>Trial: November 7, 2005 |

## INTRODUCTION

Winzler & Kelly hereby moves the Court, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure,[1] for judgment as a matter of law, on the ground that there is no legally sufficient evidentiary basis upon which a reasonable jury could apportion the damages sought by Plaintiff

---

[1] Rule 50(a) provides as follows:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed. R. Civ. P. 50(a).

ORIGINAL

among the three defendants – or, specifically, apportion the damages (if any) caused by Winzler & Kelly.

The situation now before the Court is precisely the same as that which arose in the recent Colorado case of City of Westminster v. Centric-Jones Constructors, 100 P.3d 472 (Colo. App. 2003), and should be resolved in the same way – by judgment as a matter of law against the Plaintiff. Centric-Jones arose much as this case did -- out of a construction project for the expansion of the City of Westminster's water treatment plant. Alleging the construction was defective, the City sued the contractor (Jones) and the engineers for breach of contract;[2] and Jones impleaded a subcontractor. At the close of Plaintiff's case, the trial court entered a directed verdict against the City and in favor of Jones, on the ground that the City had failed to provide a basis for apportionment of the damages it claimed:

> The trial court concluded that the City failed to provide any basis on which the jury could apportion damages, either between the benefit of the City's bargain with Jones and additional benefit to the City from rebuilding the structure to new specifications, or between particular breaches by Jones and design errors of others for which Jones was not responsible.

Id., 100 P.3d at 477.

The appellate court agreed, noting that "[t]o survive a directed verdict motion challenging proof of actual damages, the plaintiff in a breach of contract action must have presented evidence of both the existence and the cause of damages." Id. "The plaintiff must also provide the factfinder with a reasonable basis for calculating actual damages in accordance with the relevant measure." Id. Furthermore, damages must be "traceable to and the direct result of the wrong

---

[2] Negligence claims were also brought, but (as here) were disposed of prior to trial.

sought to be redressed." Id. at 478. "[I]n complex situations involving multiple parties, the plaintiff must prove not only that he or she was not liable for the extra cost in this situation *but that the defendant was responsible.*" Id. (quoting Amelco Elec. v. City of Thousand Oaks, 38 P.3d 1120, 1131 (Cal. 2002)) (emphasis added).

Applying these principles, the court concluded that an award to the City, against Jones, of the total cost of repair or replacement of the treatment plant would be improper, because, "[e]ven accepting the opinion that all costs were reasonable, an award of total costs would still give the City more than the benefit of its bargain had Jones completed both structures according to the original design, and would also compensate the City for mistakes by parties other than Jones." Id. at 479. The court therefore upheld the directed verdict against the City, noting that "the City was in a better position than Jones to allocate redesign and rebuilding costs to correcting Jones' construction defects, to the faults of other parties, and to additional benefit to the city," but that it "did not present a reasonable basis on which the jury could apportion damages." Id. at 479-80.

This case presents the same situation. Plaintiff (although acknowledging its burden to prove apportionment of damages),[3] has not met that burden, and has provided no basis upon which the jury could apportion the damages sustained by the dolphins even among the three defendants it alleges to have caused them, to say nothing of the various other unnamed parties that appear to have had, at the very least, a substantial hand in the matter: the Port Authority, the Port's engineer Macario, ships' pilots, and Shell Oil. Nor has Plaintiff provided any basis whatsoever for apportioning the final lump sum settlement payment from Lloyd's to the Port.

---

[3] See Plaintiff's Supplemental Brief Re Damages at ___ (citing, *inter alia*, Centric-Jones.)

3

Plaintiff insinuates that approximately $1.4 million of this amount went to repair and/or replacement of the F-1 dolphins, but that figure is based on an estimate by Smithbridge, a company that was not even hired for the final repair project (only for temporary, and separately paid, preliminary repairs). There is no evidence at all as to the actual repair costs paid to the contractor(s) actually doing the repairs, nor has Plaintiff made any attempt to differentiate how much of those repair costs (whatever they were) are attributable to restoring the dolphins to their originally contracted-for condition, how much to "code upgrade," and how much to improvements that went beyond a mere "code upgrade." As the court in Centric-Jones notes:

> Costs of rebuilding a defective structure to new specifications may also be reasonable, even if they exceed the costs to repair defects. Nevertheless, the reasonableness of rebuilding a defective structure, even to new specifications and at increased cost, does not permit a plaintiff to recover more than the benefit of its bargain. Thus, where the plaintiff's own evidence of damages includes advantage beyond the benefit of the bargain, *the plaintiff must present more than an unitemized total cost of replacement.*

100 P.3d at 478. Here, the plaintiff has not presented even that.

Accordingly, Plaintiff has not met its burden of proving damages, and Winzler & Kelly is entitled to judgment as a matter of law.

Respectfully submitted this ____ day of November, 2005.

BERMAN O'CONNOR MANN & SHKLOV
Attorneys for Winzler & Kelly

By: _____
Joseph E. Horey

4

## CERTIFICATE OF SERVICE

I, Joseph E. Horey, hereby declare upon penalty of perjury under the laws of the Unites States, that on the ___ day of November, 2005, I caused to be served a true and correct copy of **WINZLER & KELLY'S MOTION FOR JUDGMENT AS A MATTER OF LAW** (DAMAGE APPORTIONMENT) upon Plaintiff's and Defendants' counsel of record as follows:

>Forrest Booth, Esq. / Stephen Smith, Esq.
>Carlsmith Ball LLP
>134 West Soledad Avenue
>Bank of Hawaii Building, Suite 401
>Hagåtña, Guam
>
>Attorneys for Plaintiff S.J. Gargrave Syndicate at Lloyds
>
>Thomas C. Sterling, Esq.
>Klemm, Blair, Sterling & Johnson
>Suite 1008, Pacific News Building
>238 Archbishop F.C. Flores Street
>Hagåtña, Guam
>
>Attorneys for Defendant Black Construction Corporation
>
>Thomas M. Tarpley, Esq.
>Tarpley & Moroni, LLP
>Suite 402, Bank of Hawaii Bldg.
>134 W. Soledad Avenue
>Hagåtña, Guam
>
>Attorneys for Defendant
>   Engineering, Management & Planning Services Corporation

Dated this _____ day of November, 2005.

_____
JOSEPH E. HOREY