LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

7ZP80
Attorney *for* Defendant Engineering, Management
& Planning Services Corporation

FILED
DISTRICT COURT OF GUAM
NOV 15 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION,<br><br>　　　　Defendants. | CIVIL CASE NO. CV03-00009<br><br>**EMPSCO'S MOTION FOR JUDGMENT, OR PARTIAL JUDGMENT, AS A MATTER OF LAW** |

Rule 50(a) Fed. R. Civ. P. allows EMPSCO, after the close of Plaintiff's case-in-chief, to move for judgment on any issue when "there is no legally sufficient basis for reasonable jury to find for [Plaintiff] on that issue." *FRCP 50(a)(1)*. EMPSCO therefore files this motion for this Court to enter judgment on EMPSCO's favor on the four issues described below.

　　1.　Plaintiff's Sixth Cause of Action in its Amended Complaint, entitled Breach of Contract (Against EMPSCO), alleges in paragraph 31 that "EMPSCO breached its contract with the Port Authority of Guam by inadequately and incompetently supervising work performed by Black and others in connection with the

project...and by failing to note and observe the errors and omissions by contractors performing the Project."

All parties agree that EMPSCO's contract with the Port is Plaintiff's Exhibit 17. Supervising the work of Black is not within the scope of services EMPSCO agreed to perform, but is part of the duties of the Construction Manager, N.C. Macario. *See Exhibit D1*. The only reference to Construction Management Services in EMPSCO's contract is contained in Article 17. However the uncontradicted evidence submitted by Butch Arce and the Port's Supervising Engineer, Simeon Delos Santos (who negotiated the EMPSCO contract on behalf of the Port) is that paragraph 17 was included in the contract by mistake. Indeed, the claim that EMPSCO was a Construction Manager, responsible for overseeing the work of Black, appears to have been abandoned by the Plaintiff. Plaintiff made no reference to such a claim in its Trial Brief, nor in its opening statement. More importantly, no evidence was introduced at trial that EMPSCO was overseeing the work of Black. Plaintiff's own witness, Simeon Delos Santos, admitted on cross-examination that Construction Management Services was not actually part of the EMPSCO contract. *See also Exhibit D65*. Under Guam law, "when through mistake, or accident, a written contract fails to express the real intention of the parties, such intention is to be regarded, and the erroneous parts of the writing disregarded." 18 GCA §87106. There is no conflict in the evidence. Even though the Court is to review the evidence in the light most favorable to the non-moving party, the Court must also give credence to evidence supporting the movant that is uncontradicted and unimpeached.

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et., al., CV03-00009
EMPSCO'S MOTION FOR JUDGMENT, OR PARTIAL JUDGMENT, AS A MATTER OF LAW

Page 2 of 6

Case 1:03-cv-00009   Document 389   Filed 11/15/2005   Page 2 of 6

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 US 133, 151 (2000).

  Since there is insufficient evidence for a reasonable jury to find that EMPSCO "breached its contract" by "inadequately and incompetently supervising work performed by Black...and by failing to note and observe the errors and omissions by contractors performing the Project," EMPSCO is entitled to have this issue removed from the jury's consideration, and it should be dismissed as a matter of law.

  2. Plaintiff's complaint also alleges "EMPSCO breached its Contract...by failing to exercise requisite care, skill, and competence to review and supervise the work of others, including but not limited to the engineering plans and drawings prepared by Winzler." *Amended Complaint, ¶ 30.*

  The evidence at trial and the arguments of Plaintiff's counsel are that this breach was EMPSCO's conditional "approved as noted" of "Submittal 12"; i.e., Winzler & Kelly's VE-1 [Exhibit 1]. Specifically, Elliott Boone testifies that Winzler & Kelly was required to provide calculations in support of VE-1, but that the 8-bolt repair design does not meet the Uniform Building Code. Regardless of whether this is true or not, EMPSCO's contract did not obligate EMPSCO to perform a technical review of Winzler & Kelly's design. After EMPSCO completed, submitted, and was paid for its repair design, PAG was free to alter or modify the design, or scrap it altogether. *Exhibit 17, Article 18.* EMPSCO's review

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et., al., CV03-00009
EMPSCO'S MOTION FOR JUDGMENT, OR PARTIAL JUDGMENT, AS A MATTER OF LAW
**Page 3 of 6**

Case 1:03-cv-00009 Document 389 Filed 11/15/2005 Page 3 of 6

and approval was neither required under its contract nor necessary. The contractual obligation to review and approve W&K's alternative design was with N.C. Macario, not EMPSCO. *See Exhibit D1, Exhibit "C" thereto, Article II.3. .c:* "Review and evaluate any changes requested by the Contractor and make recommendations regarding the manner and method of executing the changes." If it was not part of EMPSCO's agreed scope of work to review and approve VE-1, such a review and approval cannot be a breach of contract. If one party to a contract performs certain services which are not part of the contract, even perhaps under a mistaken belief that such services are contractual, he cannot be held liable for <u>breach of contract</u> if they are performed improperly.

Accordingly, EMPSCO is entitled to have this issue removed from the jury's consideration, and it should be dismissed as a matter of law.

3. Plaintiff alleges in ¶ 31 of its Complaint against EMPSCO that EMPSCO breached its contract "by approving improper and negligent changes to the Project." The evidence at trial and the arguments of counsel are that EMPSCO's "approved as noted" of the change in epoxy requested by Black was negligent, and falling below the standard of care expected of a licensed structural engineer on Guam. Thus, argues Plaintiff, EMPSCO breached its contractual warranty of workmanlike performance.

EMPSCO was contracted by the Port to be its "Consultant" for a repair method of EMPSCO's own making. EMPSCO

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et., al., CV03-00009
EMPSCO'S MOTION FOR JUDGMENT, OR PARTIAL JUDGMENT, AS A MATTER OF LAW
Page 4 of 6

Case 1:03-cv-00009   Document 389   Filed 11/15/2005   Page 4 of 6

was required to perform the incidental services of responding to questions concerning EMPSCO's design, not questions related to the design by other consultants. It was the Construction Manager's obligation to approve changes to the Project, not EMPSCO. The evidence was unanimous and uncontroverted that the Construction Manager should have <u>also</u> sent Submittal 18 to Winzler & Kelly. EMPSCO's review was "Gratis". Whether this review was negligent or not, it cannot be grounds for "breach of contract".

Moreover, there is no evidence that the use of Anchor-It, as opposed to Redi-Chem, was a legal cause of any of the alleged damages. The only difference between Redi-Chem and Anchor-It is that the latter might be more difficult for a contractor to install, but that is a choice for Black to make. Just because it is more difficult does not mean its selection is negligent. Skyscrapers are "more difficult" to build than single-story buildings, but building skyscrapers is not inappropriate as long as they are constructed properly. Black's installation is the question here, not the approval of a standard brand of epoxy that meets ASTM and ICBO criteria. This claim is factitious, and should be dismissed as a matter of law.

4. FRCP 17(a) requires that "[e]very action shall be prosecuted in the name of the real party-in-interest." While it is uncontested among the parties that Lloyds of London obtained subrogation rights of the Port to bring this action against Defendants, no evidence has been introduced at trial to show that

S.J. Gargrave Syndicate At Lloyds v. Black Construction
Corporation, et., al., CV03-00009
EMPSCO'S MOTION FOR JUDGMENT, OR PARTIAL JUDGMENT, AS A MATTER OF LAW

Page 5 of 6

Case 1:03-cv-00009    Document 389    Filed 11/15/2005    Page 5 of 6

"S.J. Gargrave Syndicate At Lloyds" has been authorized to maintain this action as an assignee of Lloyds, or otherwise.  This is a crucial issue of the entitlement of Plaintiff to obtain a judgment against Defendants, for which proof is utterly lacking.  Since there is no evidence for the jury to consider on this issue, this matter should be disposed off as a matter of law.

Dated this ___15th___ day of November, 2005.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant EMPSCO

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et., al., CV03-00009
EMPSCO'S MOTION FOR JUDGMENT, OR PARTIAL JUDGMENT, AS A MATTER OF LAW

**Page 6 of 6**

Case 1:03-cv-00009    Document 389    Filed 11/15/2005    Page 6 of 6