BY THOMAS C. STERLING
BLAIR STERLING JOHNSON
MOODY MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendant Black Construction Corporation*



FILED
DISTRICT COURT OF GUAM
NOV 15 2005
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>          Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION and WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>          Defendants. | CIVIL CASE NO. CV03-00009<br><br>**DEFENDANT BLACK CONSTRUCTION CORPORATION'S MOTION FOR JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(a)** |

Defendant **BLACK CONSTRUCTION CORPORATION** (hereinafter "Black") moves for a judgment dismissing all claims of Plaintiff **S.J. GARGRAVE SYNDICATE AT LLOYDS** (hereinafter "Gargrave") filed in this lawsuit. Gargrave has been fully heard on the issues discussed herein and there is no legally sufficient evidentiary basis for a reasonable jury to find that: (1) Gargrave has standing to prosecute the claims in this lawsuit; and (2) Gargrave introduced evidence of the proper measure of damages due to the alleged defective design or construction of the Foxtrot F-1

docketing facility at Apra Harbor. Federal Rule of Civil Procedure 50(a).

Based upon Gargrave's fatal omission of such evidence, this Court may determine these issues against it, and grant a motion for judgment as a matter of law dismissing Gargrave's claims that cannot be maintained under controlling law.

### I. GARGRAVE DOES NOT OWN THIS CLAIM

This is a subrogation claim brought by Gargrave in the shoes of the Port Authority of Guam (the "Port") to recover what claims the Port may have against Black and the other Defendants. Legal or equitable subrogation arises by operation of law and conventional subrogation arises by contract. Commercial Union Insurance Company v. Postin, 610 P.2d 984 (Wyo. 1980). In the present case, we address the issue of conventional subrogation as alleged by Gargraves.

Gargrave introduced a Loss and Subrogation Form dated April 10, 2003 into evidence. See Exhibit "G" attached and incorporated herein. The document purports to assign and transfer all of the Port's claims for damages to Lloyd's of London and London Companies, Ropner Insurance Services Ltd. and AM Insurance arising from an earthquake on October 13, 2001. The document does not assign or transfer claims from the Port to Gargrave or subrogate Gargrave in the place of the Port.

Although Gargrave's Complaint alleges that it is entitled to pursue this claim, there is no evidence that Gargrave's owns the claims of the Port in this lawsuit. Further, there is no evidence that Gargrave is entitled to pursue the claims of any of the other Syndicates under the Lloyd's policy issued to the Port.

As the result of Gargrave's failure to introduce evidence of the assignment, transfer or subrogation of the Port's claims to it, a judgment dismissing its claims as a matter of law is proper. Commercial Union Insurance Company v. Postin, 610 P.2d at 992-993.

## II. THE PROPER MEASURE OF DAMAGES

The only claim against Black which remains in this action is a breach of contract/warranty claim based upon the allegation that Black performed defective construction work. The measure of damages for a contractor's defective performance of his contract with the owner is the cost of repairing or replacing the defective construction. City of Westminster v. Centric-Jones Constructors, 100 P.3d 472 (Colo.App. 2003) [cert. granted and pending]. Where the plaintiff's own evidence of damages includes advantage beyond the benefit of the bargain, the plaintiff must present more than an itemized total cost of replacement. (emphasis added) 100 P.3d at 478.

The Court in City of Westminster affirmed the trial court's

- 3 -

ruling which denied any recovery to the owner on the ground that the owner had simply presented evidence of all it had spent to redesign and rebuild the structure without making any effort to allocate those amounts to any particular breach or to the responsibility of any particular party. In so holding, the Court noted as follows:

> <u>Accordingly, we conclude the [owner] did not present a reasonable basis on which the jury could apportion damages.</u> We also reject the [owner's] other challenges to the directed verdict. 100 P.3d at 479-480 (Emphasis added)

Gargrave, as a matter of law, is required to present the jury with some basis for it to determine what portion of the $2 million it spent was for berthing damage or upgrades and which portion of the $2 million it spent was directly chargeable to breaches by Winzler & Kelly Consulting Engineers, EMPSCO or Black. In the present case, it has not presented evidence of the cost to correct the alleged defective construction nor an allocation of the same.

Instead, the plaintiff seeks an impermissible recovery of a redesigned, better construction. <u>Neal v. Sazon</u>, 486 So. 2d 832 (La.App. 1986); <u>St. Joseph Hospital v. Corbetta Const. Co., Inc.</u>, 316 N.E.2d 51 (Ill.App. 1974)(Court refused to provide the plaintiff with a recovery for the cost of upgrading its facility to a proper design where the original design, which had a much lower price tag, had been defective). In <u>St. Joseph Hospital</u>,

BLAIR STERLING JOHNSON
MOODY MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

The Court stated:

> Certainly the [owner] should not receive, without paying more than it originally had agreed to pay for the [original material], a windfall in the form of the more expensive [material] and the extra labor costs required by its more difficult installation, merely because its architect initially failed to specify it. The same applies to [other materials] which were necessary and were furnished in the reconstruction but were not included in [the defendant's] original plans and specifications. (Emphasis added).

In this case, Gargrave has <u>no evidence</u> as to the cost of repair, the value of the upgrades, the cost of repair of berthing damage, the value of original work that was undamaged, or any other items which should result in adjustments to its $2 million claim. There is no permissible recovery based upon the applicable measure of damages and the claims should be dismissed as a matter of law.

### III.   CONCLUSION

In summary, Black requests the entry of a judgment that S.J. Gargraves Syndicate at Lloyds take nothing by their claims against Black Construction Corporation, and for such other and further relief as to which it may be entitled.

**RESPECTFULLY SUBMITTED** this _15_ day of November, 2005.

BLAIR STERLING JOHNSON
MOODY MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION

BY _____
**THOMAS C. STERLING**
*Attorneys for Defendant Black Construction Corporation*

ATTACHMENTS: EXHIBIT "G"

E62:T56\27946-29



**PORT AUTHORITY OF GUAM**
ATURIDAT I PUETTON GUAHAN
Jose D. Leon Guerrero Commercial Port
**GOVERNMENT OF GUAM**
1026 Cabras Highway, Suite 201
Piti, Guam 96915



**FELIX P. CAMACHO**
Governor of Guam

**KALEO S. MOYLAN**
Lieutenant Governor

Telephone: (671) 477-5931/35
(671) 477-2683/85
Facsimile: (671) 477-2689/4445
Webpage: www.netpci.com/~pag4

## LOSS AND SUBROGATION FORM

$7,500,000.00                                              Date: 04/10/03

Claim No: Port Authority of Guam

THE ASSURED AGREES TO FULL SETTLEMENT FROM LLOYD'S OF LONDON AND LONDON COMPANIES, ROPNER INSURANCE SERVICES LTD. AND AM INSURANCE in the amount of Seven Million Five Hundred Thousand Dollars ($7,500,000.00) U.S. Dollars net of the deductible in full satisfaction compromise and discharge of all claims for loss and expense sustained to property insured under policy No: Port Authority of Guam by reason of Earthquake which occurred on October 13, 2001 and in consideration of which the undersigned hereby assigns and transfers to the said Company each and all claims and demands against any person, persons, corporation or property arising from or connected with such loss or damage and the said Company is subrogated in the place of and to the claims and demands of the undersigned against said person, persons, corporation or property in the premises to the extent of the amount above named.

WITNESS _____    INSURED _____
                                                Port Authority of Guam

DATE  4/10/03

DEFENDANT'S DEPOSITION EXHIBIT