ORIGINAL

CARLSMITH BALL LLP

STEPHEN C. SMITH
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds



FILED
DISTRICT COURT OF GUAM
NOV 1 6 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br>PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTION NO. 31 AND PROPOSED JURY INSTRUCTION NO. 31A; MEMORANDUM IN SUPPORT OF JURY INSTRUCTIONS RELATING TO DAMAGES; DECLARATION OF SERVICE |

Proposed Amended Instruction No. 31

## COST OF CORRECTION -- CONSTRUCTION NOT DONE IN A WORKMANLIKE MANNER

If you find that the Defendants were supposed to perform their work in a good and workmanlike manner but did not do so, you must award to the Port as damages the reasonable costs of repairing that work. Similarly, if you find that the work performed by the Defendants was defective, you must award to the Port the reasonable cost of repairing that defective work. In determining the reasonable cost of repairing work that was not performed in a good and workmanlike manner, or that was defective, you are not limited to the amount of the contract between the Defendants and the Port.

ABA Model Jury Instructions – Construction Litigation (2001), Instruction 10.10; Kenney v. Medlin Construction & Realty, 68 N.C.App. 339, 345, 315 S.E.2d 311, 315 (1984); Parsons v. Beaulieu, 429 A.2d 214, 217 (Me. 1981); Restatement (Second) Contracts, §348 comment c (1981); 5A Corbin, Contracts §1089 (1964).

Proposed Instruction No. 31A

## COST OF CORRECTION -- CONSTRUCTION NOT IN COMPLIANCE WITH THE UNIFORM BUILDING CODE

You are to determine whether the Port was entitled by contract to receive a pier that was structurally adequate or that conformed to the Uniform Building Code. If you find that was the case, and you find that the pier in fact was not structurally adequate or that it did not conform to the Uniform Building Code, then you must award to the Port its reasonable costs to repair the pier to make it structurally adequate or to conform to the Uniform Building Code.

If you find that the work performed by the Defendants did not conform to the Uniform Building Code, then you must find that that work was defective.

Parsons v. Beaulieu, 429 A.2d 214, 217-18 (Me. 1981).

# MEMORANDUM IN SUPPORT OF JURY INSTRUCTIONS RELATING TO DAMAGES

**I.     Plaintiff Is Entitled to the Cost of Making the Work Conform to the Contract Regardless of Whether the Cost of Repair Exceeds the Contract Price.**

> The fundamental principle which underlies decisions regarding the measure of damages for defects or omissions in the performance of a . . . construction contract is that a party is entitled to have what he contracts for or its equivalent.

*Charlotte v. Skidmore, Owings and Merrill*, 103 N.C. App. 667, 681, 407 S.E. 2d 571, 580 (N.C. 1991).

In this case, Plaintiff clearly expected and contracted for a code-compliant structure. The testimony at trial demonstrates Plaintiff would not have entered into any contract with Defendants had Defendants informed Plaintiff that the pier would not meet the building code requirements. Further, under Guam law, the F-1 pier was required to comply with the building code. 21 Guam Code Ann. § 67101. Consequently, it would be illogical and unreasonable to find that Plaintiff bargained for or expected a structure that violated the building code and that would not be usable. As such, Plaintiff is clearly entitled to receive what it bargained for, *e.g.*, a pier that conformed to the building code. *Parsons v. Beaulieu*, 429 A.2d 214 (Me. 1981) (the court ruled homeowners were not overcompensated for the cost of replacing an unlawful and inadequate septic system and it was proper to compute damages on the basis of a code-compliant system).

Based on these circumstances, Defendant Black Construction Corporation's ("Black") argument that the doctrine of betterment should limit Plaintiff's recovery fails and is not applicable. There is no "betterment" since the repairs merely gave Plaintiff the code-compliant structure for which it originally bargained and expected.

Further, numerous cases have permitted cost of repairs that exceed the contract

price.[1] For example, in *Commercial Contractors, Inc. v. U.S.*, 154 F.3d 1357 (Fed. Cir. 1998), the court stated that the cost of repairing defects is not disproportionate if defects

> significantly affect the integrity of the structure being built. In that setting, the injured party is entitled to recover the costs of remedying the defects despite the fact that the costs may be very high. Stated differently, **structural defects are deemed to cause such a great loss in valued that the cost of remedying such defects is almost never considered to be out of proportion to that loss**.

*Id.* at 1372 (emphasis added) (citing Restatement (Second) of Contracts § 348 illus. 3 (1981)). Also, an award is not disproportionate where the breach of contract renders a valuable income-producing asset unproductive. *Emery v. Caledonia Sand and Gravel Co., Inc.*, 374 A.2d 929, 933 (N.H. 1977).

In addition, because Plaintiff was required to conduct the repairs because Defendants failed to fulfill their statutory and contractual duties, any amount paid to Plaintiff beyond the original contract price is justified. In *Willie's Construction Company, Inc. v. Baker*, 596 N.E.2d 958, (Ind. 1992), the court rejected the contractor's argument that the property owners would receive a windfall if awarded the cost of repair. The *Baker* court reasoned that between an injured party and a breaching party, it was more equitable to allow the injured party to receive a windfall than be undercompensated by limiting it to the diminution in value of its property. *Id.* at 961 - 62.

## II. The Proper Measure of Damages is Determined by the Trier of Fact, Unless a Measure of Damages is Inapplicable.

"Ordinarily, the trier of fact must determine which measure of damages is applicable based on its finding as to whether a substantial portion of the work would have to be undone." *Warfield v. Hicks*, 91 N.C. App. 1, 11-12 (N.C. Ct. App. 1988). It is court error to fail

---

[1] These cases are discussed in Plaintiff's Supplemental Brief on Damages, filed on November 3, 2005.

to provide instructions on the cost of repair and diminution in value where the facts demonstrate both may be applicable; however, if the facts are only susceptible to the cost of repair, the court need not give instructions on diminution in value. In *Skidmore, Owings and Merrill*, the court explained:

> Where it is unclear whether only a minor repair is involved or whether substantial undoing resulting in economic waste will be required, the factfinder must determine which measure of damages is appropriate. By contrast, where it is clear that substantial undoing is needed but plaintiff will not receive the benefit of his bargain without such undoing or that substantial undoing is not required, a trial court may properly instruct as to the cost of measure only.

103 N.C. App. at 683–84, 407 S.E. 2d at 583 (citing *Warfied*, 91 N.C. App. at 11, 370 S.E. 2d at 695). As explained in Plaintiff's Supplemental Brief on Damages, diminution in value is not an appropriate measurement of damages in this case because of the lack of the concern over economic waste and because the pier has no market value. Accordingly, the jury only needs to be instructed as to cost of repair.

DATED: Hagåtña, Guam, November 16, 2005.

CARLSMITH BALL LLP

*/s/ Elyze McDonald*
STEPHEN C. SMITH
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

## DECLARATION OF SERVICE

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on November 16, 2005, I caused to be served, via hand delivery, a true and correct copy of the PLAINTIFF'S PROPOSED AMENDED JURY INSTRUCTION NO. 31 AND PROPOSED JURY INSTRUCTION NO. 31A; MEMORANDUM IN SUPPORT OF JURY INSTRUCTIONS RELATING TO DAMAGES upon Defendants' Counsel of record as follows:

> Robert J. O'Connor, Esq.
> Daniel J. Berman, Esq.
> Berman O'Connor Mann & Shklov
> Suite 503, Bank of Guam Building
> 111 Chalan Santo Papa
> Hagåtña, Guam 96910
>
> Thomas C. Sterling, Esq.
> Klemm Blair Sterling & Johnson, P.C.
> Suite 1008, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910

and

> Thomas M. Tarpley, Esq.
> Law Offices of Tarpley & Moroni, LLP
> Suite 402, Bank of Hawaii Building
> 134 West Soledad Avenue
> Hagåtña, Guam 96910

Executed this 16th day of November 2005 at Hagåtña, Guam.

*[signature]*
ELYZE McDONALD