CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813
Fax No. 671-477-4375

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds



FILED
DISTRICT COURT OF GUAM

NOV 1 8 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>    Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION<br><br>    Defendants. | CIVIL CASE NO. CIV03-00009<br><br>**SECOND AMENDED COMPLAINT; DECLARATION OF SERVICE** |

I. **JURISDICTION AND VENUE**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. §1333(1). There is also complete diversity of citizenship between the Plaintiff and the Defendants herein. Therefore, this Court also has jurisdiction pursuant to 28 U.S.C. §1332(a), in that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2. Venue is proper in this judicial district in that the property damage complained of was suffered here, and the Defendants each breached one or more contracts here, as will be seen *infra*.

## II. PARTIES

3. Plaintiff S.J. Gargrave Syndicate at Lloyds is an insurance Underwriter at Lloyds, London. It is organized in England, and has its principal place of business in London. Plaintiff appears herein on its own behalf, and on behalf of all other Lloyd's Underwriters who subscribed, each for their own and not for the other, to a certain policy of insurance, providing first-party property insurance to the Port Authority of Guam.

4. Defendant Black Construction Corporation (hereinafter "Black") is a corporation conducting business in Guam with an office and employees in Guam.

5. Defendant Winzler & Kelly (hereinafter "Winzler") is a corporation which Plaintiff is informed and believes is organized and exists under the laws of the State of California, with its principal place of business at San Francisco, California. Winzler also maintains an office, has employees and is doing business in Guam.

6. Defendant Engineering, Management & Planning Services Corporation (hereinafter "EMPSCO") is a corporation which Plaintiff is informed and believes is organized and exists under the laws of the Territory of Guam, with its principal place of business in Guam.

## III. FACTUAL BACKGROUND

7. Plaintiff insures the property of the Port Authority of Guam, a municipal corporation which owns and operates piers, wharves, marinas, dolphins and other structures located in the ports of Guam, which ports service and accommodate maritime trade and commerce. In August of 1993, the island of Guam suffered a severe earthquake, estimated to be

a magnitude of 8.0. The earthquake did severe damage to a number of piers, docks, dolphins, and other facilities and property owned and operated by the Port Authority of Guam.

8. The Port Authority of Guam employed EMPSCO as its engineering consultant to provide engineering consulting services in connection with the repair and upgrade work of the aforesaid earthquake, and/or mooring, and/or berthing damage. Upon information and belief, EMPSCO provided a design and specifications for the repair and upgrade work. Based on that design, Black submitted a proposal to build the specified repairs. However, the cost of the EMPSCO designed repairs exceeded the Port Authority of Guam's financial means. Black then engaged the services of Winzler to provide revised design and engineering specifications for the repair work. Based on that revised design, engineering specifications, and engineering drawings, Black resubmitted a bid to repair and upgrade the damage, which bid was accepted by the Port Authority. The repair and upgrade work, including that which was done pursuant to Winzler's revised design and engineering specifications for the repair work, is hereinafter called the "Project." Black was retained to perform the Project, pursuant to a written contract with the Port Authority, a copy of which is attached hereto as Exhibit A.

9. EMPSCO reviewed the Winzler revised engineering plan for repairs and provided a general and conditional approval of the same.

10. At all relevant times, Defendants Winzler and EMPSCO were professional engineers registered and licensed under the laws of the Territory of Guam.

11. At all relevant times, Defendants Winzler and EMPSCO held themselves out to the public as skilled and competent engineers, experienced in the planning and design of facilities and repair work similar to that which was done to the Port Authority pier.

12. At all relevant times, Defendants Winzler and EMPSCO owed a non-delegable duty of professional competence and skill to the Port Authority

13. The Port Authority is an assignee and/or third-party beneficiary of the contract between Black and Winzler for the provision of services in connection with the Project.

14. The Project was completed in 1997. Upon completion, Defendants Black and EMPSCO represented and warranted to the Port Authority that the repair and upgrade work to the F-1 pier was adequate, had been properly performed, and was appropriate and strong enough for an earthquake-prone and typhoon-prone location such as Guam, and to withstand mooring and berthing forces.

15. On or about October 13, 2001, the island of Guam suffered another earthquake. Although it was substantially less powerful than the earthquake of 1993, this earthquake, too, did damage to the property and facilities owned by the Port Authority. Specifically, serious damage was done to F pier, and the dolphins thereof, which had previously been repaired by Black, pursuant to the plans and specifications prepared by, and under the supervision of, Winzler and/or EMPSCO.

16. Plaintiff alleges that the F-1 Pier may have also been damaged by the berthing and mooring forces caused by vessels docking at the F-1 Pier.

17. As a result of the damage caused either by berthing and/or mooring forces and/or by the second earthquake, the Port Authority submitted a claim to Plaintiff. Plaintiff to date has paid part of the claim of the Port Authority, in an amount exceeding $3 million. Additional claims have been presented by the Port Authority, and it is anticipated that Plaintiff will make additional payments to the Port Authority in the future. To the extent Plaintiff has

4851-8117-7344.1.055639-00001                4.
Case 1:03-cv-00009   Document 405   Filed 11/18/2005   Page 4 of 8

made such payments, Plaintiff is subrogated to all of the rights and causes of action previously held by the Port Authority.

19. After receiving the claims for damage caused either by the berthing and/or mooring forces and/or by the 2001 earthquake, Plaintiff caused an investigation of the losses to be made. This investigation disclosed that the repair of the damage caused either by the berthing and/or mooring forces and/or the earthquake had been designed and done improperly by and under the supervision of Defendants. The repairs, or the Project, done in 1996-1997 were inadequate, improperly done, and insufficiently strong to withstand berthing and mooring forces as well as future earthquakes and typhoons. The inadequacy and incompetence of the design, plans, specifications, and repair work performed by or approved by Defendants directly caused and led to further damage to the property of the Port Authority by berthing and mooring forces and during the year 2001 earthquake, and caused and directly led to damage to and losses by Plaintiff, as is set forth more fully hereinafter.

## IV. FIRST CAUSE OF ACTION: BREACH OF CONTRACT (Against Black)

19. Plaintiff incorporates herein by this reference, as though fully set forth herein, paragraphs 1 through 23, inclusive, of this Complaint.

20. Black breached its contract with the Port Authority, Exhibit "A" hereto, by failing to perform the Project which Black agreed to perform, performing the work which it did improperly, carelessly and negligently, and performing work not called for under the contract which damaged and weakened the property of the Port Authority. These breaches of contract directly caused losses and damage to Plaintiff.

## V. SECOND CAUSE OF ACTION: BREACH OF CONTRACT (Against Winzler)

21. Plaintiff incorporates herein by this reference, as though fully set herein, paragraphs 1 through 25, inclusive, of this Complaint.

22. Winzler breached its contract with Black by failing to exercise adequate skill and competence to design and specify the Project that would be sufficiently strong to withstand future earthquakes and typhoons. Winzler further breached its contract with Black by recommending and making improper and negligent changes at the Project, and by failing to note and observe errors and omissions by contractors performing the Project.

23. The Port Authority is an assignee and/or a third-party beneficiary of the contract between Black and Winzler. These breaches of contract by Winzler directly caused damage and losses to Plaintiff.

## VI. THIRD CAUSE OF ACTION: BREACH OF CONTRACT (Against EMPSCO)

24. Plaintiff incorporates herein by this reference, as though fully set herein, paragraphs 1 through 28, inclusive of this Complaint.

25. EMPSCO breached its contract with the Port Authority of Guam by failing to exercise requisite care, skill, and competence to review and supervise the work of others, including but not limited to the engineering plans and drawings prepared by Winzler.

26. EMPSCO breached its contract with the Port Authority of Guam by inadequately and incompetently supervising work performed by Black and others in connection with the Project, by approving improper and negligent changes to the Project, and by failing to note and observe the errors and omissions by contractors performing the Project. These breaches of contract by EMPSCO directly caused damage and losses to Plaintiff.

## PRAYER

WHEREFORE, Plaintiff prays for relief and judgment against the Defendants, jointly and severally, and each of them as follows:

1. For general damages according to proof, in excess of $3 million;

2. For special damages according to proof;

3. For costs of suit incurred herein;

4. For attorneys' fees herein and to which Plaintiff may otherwise be entitled; and

5. For such other and further relief as this Court deems just and proper.

Dated this 18th day of November 2005 at Hagåtña, Guam.

CARLSMITH BALL LLP

*/s/ Elyze McDonald*
_____
STEPHEN C. SMITH
ELYZE McDONALD
Attorneys for Plaintiff
S.J. GARGRAVE SYNDICATE AT LLOYDS

## DECLARATION OF SERVICE

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on November 18, 2005, I caused to be served, via hand delivery, a true and correct copy of SECOND AMENDED COMPLAINT upon Defendants Counsel of record as follows:

> Robert J. O'Connor, Esq.
> Daniel J. Berman, Esq.
> Berman O'Connor Mann & Shklov
> Suite 503, Bank of Guam Building
> 111 Chalan Santo Papa
> Hagåtña, Guam 96910
>
> Thomas C. Sterling, Esq.
> Klemm Blair Sterling & Johnson, P.C.
> Suite 1008, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910

and

> Thomas M. Tarpley, Esq.
> Law Offices of Tarpley & Moroni, LLP
> Suite 402, Bank of Hawaii Building
> 134 West Soledad Avenue
> Hagåtña, Guam 96910

Executed this 18th day of November 2005 at Hagåtña, Guam.

_____
ELYZE McDONALD