ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
STEPHEN C. SMITH
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds



FILED
DISTRICT COURT OF GUAM
NOV 1 8 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS, and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>　　　　Defendants. | CIVIL CASE NO. 03-00009<br><br>**PLAINTIFF'S JURY INSTRUCTIONS RE DAMAGES; DECLARATION OF SERVICE** |

**PLAINTIFF'S JURY INSTRUCTIONS RE DAMAGES**

## COMPENSATORY DAMAGES --- BREACH OF CONTRACT

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on any of Plaintiff's claims against any of the Defendants, you must determine Plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the Defendants. You should consider the reasonable value of necessary repairs to any property which was damaged.

The measure of general damages for the breach of a contract is that amount which will compensate the injured party for all the detriment or loss caused by the breach, or which in the ordinary course of things, would be likely to result therefrom. The injured party should receive those damages naturally arising from the breach, or those damages which might have been reasonably contemplated or foreseen by both parties, at the time they made the contract, as the probable result of the breach. As nearly as possible, the injured party should receive the equivalent of the benefits of performance.

Damages must be reasonable. Plaintiff cannot recover a greater amount as damages than it could have gained by the full performance of the contract.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

<u>Ninth Circuit Model Jury Instructions</u>, Instruction No. 7.1 and 7.2; BAJI 10.90.

## COST OF CORRECTION -- CONSTRUCTION NOT DONE IN A WORKMANLIKE MANNER

If you find that the Defendants were supposed to perform their work in a good and workmanlike manner but did not do so, you must award to the Port as damages the reasonable costs of repairing that work. Similarly, if you find that the work performed by the Defendants was defective, you must award to the Port the reasonable cost of repairing that defective work. In determining the reasonable cost of repairing work that was not performed in a good and workmanlike manner, or that was defective, you are not limited to the amount of the contract between the Defendants and the Port.

ABA Model Jury Instructions – Construction Litigation (2001), Instruction 10.10; Kenney v. Medlin Construction & Realty, 68 N.C.App. 339, 345, 315 S.E.2d 311, 315 (1984); Parsons v. Beaulieu, 429 A.2d 214, 217 (Me. 1981); Restatement (Second) Contracts, §348 comment c (1981); 5A Corbin, Contracts §1089 (1964).

## COST OF CORRECTION -- CONSTRUCTION NOT IN COMPLIANCE WITH THE UNIFORM BUILDING CODE

You are to determine whether the Port was entitled by contract to receive a pier that was structurally adequate or that conformed to the Uniform Building Code. If you find that was the case, and you find that the pier in fact was not structurally adequate or that it did not conform to the Uniform Building Code, then you must award to the Port its reasonable costs to repair the pier to make it structurally adequate or to conform to the Uniform Building Code.

If you find that the work performed by the Defendants did not conform to the Uniform Building Code, then you must find that that work was defective.

Parsons v. Beaulieu, 429 A.2d 214, 217-18 (Me. 1981). In every design professional contract, there is an implied promise that the design professional will exercise the standard of care exercised by a reasonable member of the profession. See *Miller v. Dewitt*, 208 N.E. 2d 249, 284 (Ill. App. 1965), aff'd in part, rev'd in part on other grounds, 226 N.E.2d 630 (1967) (re obligations of an architect). Therefore, there is implicit in every design professional contract a duty on the design professional's part to use at a minimum that degree of care exercised by those ordinarily skilled in that profession. *Id.*

## APPORTIONMENT OF DAMAGES

More than one party's breach of contract may have caused Plaintiff's damages. If you find that Plaintiff's damages are due to the conduct of more than one Defendant, then you must decide how much Plaintiff's damages are attributed to each such Defendant.

<u>California Civil Jury Instructions</u>, Instruction No. 406; <u>Pathman Const. Co. v. Hi-Way Elec. Co.</u>, 382 N.E.2d 453, 460 (Ill. App. 1978) (apportioning damages in case of delay by several parties is a question of fact); <u>Alcan Elec. & Eng'g Co. v. Samaritan Hosp.</u>, 109 Wash. App. 1072, 2002 WL 26291 at *2-3 (Wash. App. 2002).

4810-8671-8208.1

5

Case 1:03-cv-00009   Document 407   Filed 11/18/2005   Page 5 of 8

## INTEREST AS DAMAGES

If you find that any defendant breached its obligation to pay plaintiff a certain definite sum of money under its respective contract with Plaintiff, then you may award plaintiff interest from the date that the payment should have been made.

<u>ABA Model Jury Instructions -- Construction Litigation</u>, (2001), Instruction No. 10.11

DATED: Hagåtña, Guam November 18, 2005.

CARLSMITH BALL LLP

*/s/ Elyze McDonald*
_____
DAVID LEDGER
STEPHEN C. SMITH
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

## DECLARATION OF SERVICE

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on November 18, 2005, I caused to be served, via hand delivery, a true and correct copy of **PLAINTIFF'S JURY INSTRUCTIONS RE DAMAGES** upon Defendants Counsel of record as follows:

>Robert J. O'Connor, Esq.
>Daniel J. Berman, Esq.
>Berman O'Connor Mann & Shklov
>Suite 503, Bank of Guam Building
>111 Chalan Santo Papa
>Hagåtña, Guam 96910

>Thomas C. Sterling, Esq.
>Klemm Blair Sterling & Johnson, P.C.
>Suite 1008, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

and

>Thomas M. Tarpley, Esq.
>Law Offices of Tarpley & Moroni, LLP
>Suite 402, Bank of Hawaii Building
>134 West Soledad Avenue
>Hagåtña, Guam 96910

Executed this 18th day of November 2005 at Hagåtña, Guam.

_____
ELYZE McDONALD