1
2
3
4
5
6
7
8

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

9  S.J. GARGRAVE SYNDICATE AT          )
   LLOYDS,                             )
10                                     )          CV-03-00009
           Plaintiff,                  )
11                                     )
   v.                                  )
12                                     )          JURY INSTRUCTIONS
                                       )
13  BLACK CONSTRUCTION CORP.,et al.,   )
                                       )
14          Defendants.                )
   _____)

15

16          Members of the jury, now that you have heard all the evidence and the arguments of the

17  attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these

18  instructions will be available in the jury room for you to consult if you find it necessary. It is your

19  duty to find the facts from all the evidence in the case. To those facts you will apply the law as I

20  give it to you. You must follow the law as I give it to you whether you agree with it or not. You

21  must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That

22  means that you must decide the case solely on the evidence before you. You will recall that you

23  took an oath promising to do so at the beginning of the case.

24          In following my instructions, you must follow all of them and not single out some and

25  ignore others; they are all equally important. You must not read into these instructions or into

26  anything the court may have said or done any suggestion as to what verdict you should return—that

27  is a matter entirely up to you.

28

The evidence from which you are to decide what the facts are consists of:

      (1) the sworn testimony of any witness;

      (2) the exhibits which have been received into evidence; and

      (3) any facts to which the lawyers have agreed or stipulated.

1    In reaching your verdict, you may consider only the testimony and exhibits received into
2  evidence. Certain things are not evidence, and you may not consider them in deciding what the
3  facts are. I will list them for you:

4          (1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.
5  What they have said in their opening statements, closing arguments, and at other times is intended
6  to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ
7  from the way the lawyers have stated them, your memory of them controls.

8          (2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their
9  clients to object when they believe a question is improper under the rules of evidence. You should
10  not be influenced by the objection or by the court's ruling on it.

11          (3) Testimony that has been excluded or stricken, or that you have been instructed to
12  disregard, is not evidence and must not be considered. In addition some testimony and exhibits
13  have been received only for a limited purpose; where I have given a limiting instruction, you must
14  follow it.

15          (4) Anything you may have seen or heard when the court was not in session is not evidence.
16  You are to decide the case solely on the evidence received at the trial.

17
18
19
20
21
22
23
24
25
26
27
28

3

1   Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as
2   testimony by a witness about what the witness personally saw or heard or did. Circumstantial
3   evidence is proof of one or more facts from which you could find another fact. You should
4   consider both kinds of evidence. The law makes no distinction between the weight to be given to
5   either direct or circumstantial evidence. It is for you to decide how much weight to give to any
6   evidence.

1   In deciding the facts in this case, you may have to decide which testimony to believe and
2   which testimony not to believe. You may believe everything a witness says, or part of it, or none
3   of it.

4   In considering the testimony of any witness, you may take into account:

5           (1) the opportunity and ability of the witness to see or hear or know the things
6                   testified to;

7           (2) the witness' memory;

8           (3) the witness' manner while testifying;

9           (4) the witness' interest in the outcome of the case and any bias or prejudice;

10          (5) whether other evidence contradicted the witness' testimony;

11          (6) the reasonableness of the witness' testimony in light of all the evidence; and

12          (7) any other factors that bear on believability.

13  The weight of the evidence as to a fact does not necessarily depend on the number of
14  witnesses who testify.

5

1    You have heard testimony from persons who, because of education or experience, are
2 permitted to state opinions and the reasons for those opinions.

3    Opinion testimony should be judged just like any other testimony. You may accept it or
4 reject it, and give it as much weight as you think it deserves, considering the witness' education and
5 experience, the reasons given for the opinion, and all the other evidence in the case.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

# TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

# BURDEN OF PROOF

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## COMPLETE AFFIRMATIVE DEFENSE

On any claim, if you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff on that claim, unless you also find that the defendant has proved an affirmative defense, in which event your verdict should be for the defendant on that claim.

10

## SUBROGATION OF RIGHTS TO GARGRAVES

The Plaintiff in this case is an insurer which paid its insured the Port Authority of Guam for property damage to the Port's pier and dolphins. The Plaintiff has the right, by means of this lawsuit for "subrogation", to recover that payment from any persons or companies responsible for causing such damages. Under the doctrine of subrogation, the Plaintiff is placed "in the shoes" of the entity that it insured and should be treated by you as if their insured was a party in this case.

11

# BREACH OF CONTRACT BY BLACK CONSTRUCTION COMPANY

In the first count of this lawsuit, Plaintiff S.J. Gargraves Syndicate at Lloyd's claims that the Port Authority of Guam entered into a contract with Black Construction Company ("Black") to repair the F-1 Foxtrot Pier.

Plaintiff claims that Black breached this contract by failing to repair the F-1 Foxtrot Pier according to the specifications in the contract and/or required by the Uniform Building Code.

Plaintiff also claims that Black's breach of this contract caused harm to Plaintiff for which Black should pay.

Black denies this claim.

12

## BREACH OF CONTRACT BY WINZLER & KELLY

In the second count of this lawsuit, Plaintiff claims that Black entered into a contract with Winzler & Kelly ("Winzler") to repair the F-1 Foxtrot Pier, to which the Port Authority of Guam benefitted.

Plaintiff claims that Winzler breached this contract by failing to design the repairs to the F-1 Foxtrot Pier according to the requirements of its contract with Black and/or the requirements of the Uniform Building Code.

Plaintiff also claims that Winzler's breach of this contract caused harm to Plaintiff for which Winzler should pay.

Winzler denies this claim.

13

## BREACH OF CONTRACT BY ENGINEERING, MANAGEMENT & PROFESSIONAL SERVICES CORPORATION (EMPSCO)

In the third count of this lawsuit, Plaintiff claims that the Port Authority of Guam entered into a contract with Engineering, Management & Professional Services Corporation ("EMPSCO") to act as its engineering consultant and provide consulting services in connection with the repair work, including preparing a design and specifications for the repair work.

Plaintiff claims that EMPSCO breached this contract by failing to exercise the requisite care, skill and competence to review and supervise the work of others, including the Winzler plans and drawings and the work performed by Black, by approving improper and negligent changes to the Project, and by failing to note and observe the errors and omissions by contractors performing the Project.

Plaintiff also claims that EMPSCO's breach of this contract caused harm to Plaintiff for which EMPSCO should pay.

EMPSCO denies this claim.

14

Plaintiff is not a party to the contract between Winzler and Black. However, Plaintiff may be entitled to damages for breach of contract if it proves that Black and Winzler intended for Plaintiff to benefit from their contract.

A contract made expressly for the benefit of a third person, may be enforced by a party to the contract or the third person at any time before the parties to the contract rescind it.

It is not necessary for Plaintiff to have been named in the contract between Winzler & Black. In deciding what Black and Winzler intended, you should consider the entire contract and the circumstances under which it was made.

If a contract is not made expressly for the benefit of a particular third person, that person cannot enforce the contract even though he or she would receive some benefit from the performance of the contract.

"Expressly" means "in an express manner; in direct or unmistakable terms; explicitly; definitely; directly."

The Port Authority was an intended beneficiary only if Winzler & Kelly's performance of the subcontract would have discharged some form of legal duty owed to the Port Authority by Black.

If the Port Authority was not an intended beneficiary, it is only an incidental beneficiary, and may not enforce the subcontract against Winzler & Kelly.

15

# RIGHTS OF THIRD-PARTY BENEFICIARY

A third party beneficiary cannot assert greater rights than those of the promisee under the contract.

Therefore, if you find that the Port Authority was a third-party beneficiary of the contract between Winzler & Kelly and Black, Plaintiff cannot assert greater rights under the contract than Black could.

1

## BREACH OF CONTRACT PROOF

2

3        Plaintiff has the burden of proving each of the following points with respect to

4    each Defendant:

5        (a)    That Plaintiff entered into a contract with Defendant(s) or was a third party

6               beneficiary;

7        (b)    That Plaintiff either substantially performed what it was required to do under the

8               contract or was excused from doing any more under the contract;

9        (c)    That Defendant(s) breached the contract; and

10       (d)    That Defendant's failure to perform caused the damages Plaintiff seeks to

11               recover.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DEFINITION OF CONTRACT

A contract is an oral or written agreement between two or more parties enforceable by law to do or not to do a particular thing. The agreement must be reached by a meeting of the minds of the parties. The agreement can be a written or oral expression, or it can be implied from the conduct of the parties, but it cannot be based on the secret intention or understanding of one party not conveyed to the other. To be enforceable, a contract must be based on a consideration, that is, a promise to do something in exchange for something that is a detriment to the other party or a benefit to the first party.

# INTERPRETATION OF WRITTEN CONTRACTS

When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible; however, when through mistake, or accident, a written contract fails to express the real intention of the parties, such intention is to be regarded, and the erroneous parts of the writing disregarded.

A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at time of contracting, so far as the same is ascertainable and lawful.

However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract.

If the terms of a promise are ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it.

19

# OBLIGATIONS OF DESIGN PROFESSIONALS

Along with the duty of a design professional to use the care, skill, ability, and diligence ordinarily required of design professionals, a design professional also has a duty of good faith and a duty to disclose errors in design or construction that are so well known within the profession that a design professional should be aware of them.

A design engineer does not warrant perfect results, but rather the exercise of that skill and judgment which can be reasonably expected from similarly situated professionals.

If you find, by a preponderance of the evidence, that any Defendant who acted as a design professional breached any of these duties, and that such a breach was a legal cause of damages to Plaintiff, you must also consider damages under the following instructions.

If you find, by a preponderance of the evidence, that any Defendant who acted as a design professional did not breach these duties, you must enter a verdict for that Defendant.

## DESIGN SPECIFICATIONS

In this case, Plaintiff claims that the construction work done by Black Construction Corporation was defective and deficient because it did not follow EMPSCO's design, it followed Winzler's alternative design which was defective and inadequately strong, and because Black altered Winzler's design as well.

Design specifications are terms in the contract from an owner to a contractor that describe in detail the materials to be employed and the manner and method in which the construction work is to be performed. When working with design specifications, the contractor has no or very little discretion to deviate from the specifications in the manner, method, or materials to be used but must follow them as one would follow a road map.

The contractor may avoid responsibility for the defective or deficient performance of the work if it proves that it was contractually obligated to perform the contract in accordance with the designs specified in the contract, that it had either no discretion or very little discretion in choosing the materials and methods employed to accomplish the work, and that the defect or deficiency in the work was a result of specifications of a designer. However, if the contractor fails to adhere to the contract terms or specifications, then the contractor is responsible for defects or problems in the construction.

21

## SEALS OF PROFESSIONAL ENGINEERS ON ENGINEERING DOCUMENTS

Under Guam law, each licensed engineer is provided a seal made of a rubber stamp. The seal and signature of a professional engineer shall be placed on all specifications, reports, plats, drawings, plans, design information and calculations whenever presented to a client or any public or governmental agency. The seal and signature shall constitute certification that the work thereon was done by the engineer or under his complete direction and responsible control.

22

## COVENANT OF GOOD FAITH AND FAIR DEALING

In addition to the express terms of the contract, the obligations of good faith and fair dealing in performance and enforcement are implicit in every contract. Good faith is defined as honesty in fact in all aspects of the transaction and the observance of commercially reasonable standards of fairness. A party fulfills the obligations of good faith and fair dealing when it is faithful to the agreed-on common purpose of the contract and acts consistently with the reasonable expectations of the other party. You may find that a party breaches this duty where there is a violation of community or industry standards of decency, fairness, or reasonableness.

If it is shown that a party breached these implicit obligations, you must find that party liable for breach of the contract, just as if the party had breached one of the terms clearly spelled out on the contract's face.

# BREACH OF EXPRESS WARRANTY

Plaintiff claims that the defendants breached an express warranty because the work did not conform to an affirmation of fact or promise made by defendants. An express warranty is the specific oral or written representation that distributes the risk of specified defects or failures between the parties to the agreement. Generally speaking, the burden of proving an issue rests on the person asserting the affirmative of the issue, that is, the existence of an express warranty. The express warranty in question is said to be a warranty of workmanlike performance.

# THE WARRANTY OF WORKMANLIKE PERFORMANCE

Plaintiff claims that Defendants breached the express warranty of workmanlike performance. The warranty is also implied in construction contracts, in which a contractor warrants that the contract will be performed in a reasonably good and workmanlike manner and in accordance with good usage and accepted trade practices resulting in a merchantable structure. "Good and workmanlike" means that quality of work performed by one who has the knowledge, training, or experience necessary for the successful practice of a trade or occupation and performed in a manner generally considered proficient by those capable of judging such work. "Workmanlike" means a proper, safe and non-negligent manner of doing something. This may also be defined as the degree of care that a skilled workman would exercise under like or similar circumstances in the community in which the work is done. To establish that the contractor breached this warranty, Plaintiff must prove that the contractor's work failed to meet the standard and that this failure was a cause of damages suffered by Plaintiff.

## COMPLIANCE WITH THE UNIFORM BUILDING CODE

Plaintiff claims that Defendants breached their contracts by failing to design and/or construct the project in conformance with the Uniform Building Code. To establish this claim, Plaintiff must prove that the contract incorporated or was subject to the requirements of the Uniform Building Code and the failure to conform to said code was a cause of damages suffered by Plaintiff.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the defendant. In this case, the measure of damages is the reasonable cost of necessary repairs to any property which was damaged.

The Plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

No damages can be recovered for a breach of contract which are clearly not ascertainable in both their nature and origin.

## DAMAGES – REASONABLE

The measure of general damages for the breach of a contract is that amount which will compensate the injured party for all the detriment or loss caused by the breach, or which in the ordinary course of things, would be likely to result therefrom. The injured party should receive those damages naturally arising from the breach, or those damages which might have been reasonably contemplated or foreseen by both parties, at the time they made the contract, as the probable result of the breach. As nearly as possible, the injured party should receive the equivalent of the benefits of performance.

You may limit damages for foreseeable loss if you conclude that in the circumstances justice so requires in order to avoid disproportionate compensation.

Damages must be reasonable. Plaintiff cannot recover a greater amount as damages than it could have gained by the full performance of the contract.

## APPORTIONMENT OF DAMAGES

More than one party's breach of contract may have caused Plaintiff's damages. If you find that Plaintiff's damages are due to the conduct of more than one Defendant, then you must decide how much Plaintiff's damages are attributed to each such Defendant. You may only assess damages caused by these Defendants.

# DAMAGES – MITIGATION

The Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. Plaintiff cannot recover damages which you find the Plaintiff could have reasonably prevented.

The Defendant has the burden of proving by a preponderance of the evidence:

> 1. that the Plaintiff failed to use reasonable efforts to mitigate damages; and
>
> 2. the amount by which damages would have been mitigated.

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer or Marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


ROBERT CLIVE JONES[*]
UNITED STATES DISTRICT JUDGE

---

[*]The Honorable Robert Clive Jones, United States District Judge for Nevada, by designation.