THOMAS C. STERLING
BLAIR STERLING JOHNSON
MOODY MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

*Attorneys for Defendant Black Construction Corporation*

FILED
DISTRICT COURT OF GUAM
DEC -7 2005
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BLACK CONSTRUCTION CORPORATION and WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>　　　　　Defendants. | CIVIL CASE NO. CV03-00009<br><br>**DEFENDANT BLACK CONSTRUCTION CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 50(b) OF THE RULES OF CIVIL PROCEDURE** |

Despite the jury's verdict awarding **S.J. GARGRAVE SYNDICATE AT LLOYDS** (hereinafter "Gargrave") $335,000 for construction defects, Defendant **BLACK CONSTRUCTION CORPORATION** (hereinafter "Black") submits that it is entitled to Judgment as a matter of law in its favor denying Gargrave any recovery due to fatal deficiencies in Gargrave's proof at trial. The identical grounds were raised by Black in its Motion for Judgment pursuant to Rule 50(a) filed herein on November 15, 2005, a copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference. Black renewed the Motion at the close of all evidence in the case.

//

## I. NO STANDING

The grounds for this Motion are very simple. Gargrave sued Black in subrogation contending that it was an insurer that had paid a loss and that it was entitled to recover from Black while standing in the shoes of its insured. Gargrave had two options in terms of its proof in connection with this claim and it failed to present either. The first was to put the policy into evidence, establish coverage thereunder, and then sue on the basis of equitable subrogation as a party that had paid the loss. However, Gargrave did not admit the policy into evidence and actually objected to efforts by Black to introduce the policy into evidence. Had the policy (Black's Trial Ex. D77) been admitted, it would have established, at best,[1] that Gargrave owned 22% of the claim and was thereby equitably subrogated to 22% of the Port Authority of Guam's (hereinafter "Port") claims against Black.

Since Gargrave apparently made the strategic decision not to deal with the 22% issue, it chose instead to object to the introduction of the policy and proceed on the basis of the subrogation receipt issued by the Port in connection with Lloyds of London's $7.5 million payment to the Port. Unfortunately for Gargrave, the Loss and Subrogation Form admitted into evidence at

---

[1] The Table of Syndicates included at the end of the policy nowhere reflects the name Gargrave although discovery established that Syndicate No. 2724 was, in fact, Gargrave and that Gargrave owned 22% of the claim. No testimony was presented at trial that Gargrave was Syndicate No. 2724.

- 2 -

trial (Gargrave's Ex. 18) does not name Gargrave as a party to whom the claims are assigned. Rather, Exhibit 18 indicates that the parties who owned the Port's claims were "LLOYD'S OF LONDON AND LONDON COMPANIES, ROPNER INSURANCE SERVICES LIMITED AND AM INSURANCE".

No evidence was presented at trial that Gargrave was Lloyds of London, the "London Companies" referred to in the Loss and Subrogation Form, AM Insurance, or Ropner Insurance Services Limited. Thus, Gargrave's entitlement to maintain this action was never established and its claim should be denied entirely as a matter of law on that basis. As far as the record presented at trial, Gargrave is a stranger to this action. Moreover, this issue was raised pretrial pursuant to a Motion in Limine and, nevertheless, Gargrave still never established its entitlement to pursue Lloyds of London's claims whether for 22% or 100%.

## II. INADEQUATE DAMAGE PROOF

The only claim pursued against Black by Gargrave at trial concerned alleged construction deficiencies in connection with epoxy bolt installation performed as part of the repairs to the dolphins in 1996-1997. The measure of damages for a contractor's defective performance of his contract with the owner is the cost of repairing or replacing the defective construction. County Asphalt Paving Co. v. 1861 Group Ltd., 908 S.W.2d 184 (Mo.App. 1995); Fowler v. Campbell, 612 N.E.2d 596 (Ind.App. 1993); Bhattarai v. Stein, 849 P.2d 1153 (Or.App. 1993); Reale v. Linder

515 N.Y.S.2d 1004 (1987); Fullerton v. McGowan, 507 A.2d 473 (1986); Shell v. Schmidt, 330 P.2d 817 (Cal.App. 1959). The fact that the cost of repair was the proper legal measure of damages was reflected in the jury instruction on damage which was given without objection. (Exhibit "B" attached hereto).

Moreover, as the jury was instructed without objection, a jury cannot award damages based on speculation or conjecture and an award for breach of contract cannot provide a party with more than it would have received from full performance of the contract (Exhibits "B" and "C" attached hereto).

Gargrave's damage case failed as a matter of law. First, Gargrave presented no evidence as to the cost of repair. While there was evidence of bad epoxy which was a construction defect, the extent of that defect was never quantified. Ben Casey, Frank Dennis, and Jurgen Unterberg all testified that they found evidence of soft epoxy but they never quantified the amount they found as to whether it involved 1 bolt, 5 bolts, 50 bolts, 100 bolts, or 500 bolts.

Moreover, and most importantly, Gargrave never presented any evidence of the cost of repairing the bolts that had soft epoxy or any evidence of what kind of inordinate damage was sustained in the October 2001 earthquake as a result of the soft epoxy. Rather, Gargrave simply presented evidence that Mr. MacLeod asked Mr. Dennis to design a repair, that Mr. Dennis designed a repair in accordance with what he felt was good engineering practice,

- 4 -

and that Gargrave then paid the Port for that repair consisting of an initial $402,000 paid to repair 25 pilings and a subsequent payment of $1.42 million to replace the balance of the piling to dolphin connections.

It was undisputed that this $1.82 million repair was a major upgrade beyond what Black was required to install under its initial contract and that the Port received a much better system from Lloyd's. Moreover, the jury exonerated both EMPSCO and Winzler and Kelly in connection with Gargrave's design liability claims. Nevertheless, Gargrave went to the jury on the claim that it was entitled to $1.82 million to upgrade the facility into something much better than what had been designed by Winzler and that Black was required to pay for that upgrade because there was "some" soft epoxy.

Where the Plaintiff's own evidence of damage includes an upgrade to the facility beyond the benefit of the bargain, the Plaintiff must present more than an itemized total of its cost of replacing the defective construction with something else. <u>City of Westminster v. Centric-Jones Constructors</u>, 100 P.3d 472, 478 (Colo.App. 2003) [cert. granted and pending].

The evidence at trial established that as part of its 1996-1997 repair, Black installed something in the vicinity of 800 to 856 epoxy bolts[2] and that after the earthquake "some" soft epoxy

---

[2] The evidence was ambiguous as to whether there were 100 or 107 pilings repaired.

- 5 -
Case 1:03-cv-00009   Document 438   Filed 12/07/2005   Page 5 of 15

was found. Gargrave then established that it paid $1,822,000 to the Port for the design and construction of a substantially upgraded piling to dolphin connection. While Gargrave acknowledged that the cost of repair was the proper measure of damage, Gargrave never presented any evidence whatsoever relating to the cost of repairing the construction to comply with the original design, the cost of the upgrades, or any other adjustments to the $1.822 million figure which it presented to the jury. While the jury could easily conclude that there was "some bad epoxy" and that Black should compensate the Port for this defect, no evidence was provided which would allow the jury to rationally conclude what that amount should be under the cost of repair standard. This is perhaps the best explanation for the $335,000 award which simple math will establish is exactly 25% of the $1,340,000 requested by Gargrave in its closing argument to the jury. The jury award, as a matter of law, was based on speculation, not proof.

### III. CONCLUSION

Gargrave failed to establish its standing to maintain this action. Gargrave failed to present any evidence upon which a jury could do anything other than speculate as to the actual cost of repairing damage related to "some" soft epoxy installed by Black in "some" piling connections during the 1996-1997 repair.

Defendant **BLACK CONSTRUCTION CORPORATION** respectfully submits that the jury verdict should be vacated in its entirety as a

- 6 -

matter of law and that judgment in Black's favor should be entered pursuant to Rule 50(b) denying Gargrave any recovery whatsoever due to failures in its proof at trial.

**RESPECTFULLY SUBMITTED** this ___6th___ day of December, 2005.

        **BLAIR STERLING JOHNSON**
         **MOODY MARTINEZ & LEON GUERRERO**
        A PROFESSIONAL CORPORATION

BY: _/s/ Thomas C. Sterling_____
      **THOMAS C. STERLING**
     *Attorneys for Defendant Black Construction Corporation*

**ATTACHMENTS: EXHIBITS "A" – "C"**

```
E62\27946-29
G:\WORD97\OFFICE\WORDDOC\PLD\TCS\271-BLACK'S MEMO OF P&A IN SUPP OF
MTN 4 JGMT PURSUANT TO RULE 50(B) 4 JGMT RE GARGRAVE V BLACK.DOC
```



BY THOMAS C. STERLING
BLAIR STERLING JOHNSON
MOODY MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205
TELEPHONE: (671) 477-7857

FILED
DISTRICT COURT OF GUAM
NOV 15 2005
MARY L.M. MORAN
CLERK OF COURT

*Attorneys for Defendant Black Construction Corporation*

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION and WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br>**DEFENDANT BLACK CONSTRUCTION CORPORATION'S MOTION FOR JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(a)** |

Defendant **BLACK CONSTRUCTION CORPORATION** (hereinafter "Black") moves for a judgment dismissing all claims of Plaintiff **S.J. GARGRAVE SYNDICATE AT LLOYDS** (hereinafter "Gargrave") filed in this lawsuit. Gargrave has been fully heard on the issues discussed herein and there is no legally sufficient evidentiary basis for a reasonable jury to find that: (1) Gargrave has standing to prosecute the claims in this lawsuit; and (2) Gargrave introduced evidence of the proper measure of damages due to the alleged defective design or construction of the Foxtrot F-1

docketing facility at Apra Harbor. Federal Rule of Civil Procedure 50(a).

Based upon Gargrave's fatal omission of such evidence, this Court may determine these issues against it, and grant a motion for judgment as a matter of law dismissing Gargrave's claims that cannot be maintained under controlling law.

I. **GARGRAVE DOES NOT OWN THIS CLAIM**

This is a subrogation claim brought by Gargrave in the shoes of the Port Authority of Guam (the "Port") to recover what claims the Port may have against Black and the other Defendants. Legal or equitable subrogation arises by operation of law and conventional subrogation arises by contract. <u>Commercial Union Insurance Company v. Postin</u>, 610 P.2d 984 (Wyo. 1980). In the present case, we address the issue of conventional subrogation as alleged by Gargraves.

Gargrave introduced a Loss and Subrogation Form dated April 10, 2003 into evidence. See Exhibit "G" attached and incorporated herein. The document purports to assign and transfer all of the Port's claims for damages to Lloyd's of London and London Companies, Ropner Insurance Services Ltd. and AM Insurance arising from an earthquake on October 13, 2001. The document does not assign or transfer claims from the Port to Gargrave or subrogate Gargrave in the place of the Port.

Although Gargrave's Complaint alleges that it is entitled to pursue this claim, there is no evidence that Gargrave's owns the claims of the Port in this lawsuit. Further, there is no evidence that Gargrave is entitled to pursue the claims of any of the other Syndicates under the <u>Lloyd's</u> policy issued to the Port.

As the result of Gargrave's failure to introduce evidence of the assignment, transfer or subrogation of the Port's claims to it, a judgment dismissing its claims as a matter of law is proper. <u>Commercial Union Insurance Company v. Postin</u>, 610 P.2d at 992-993.

## II. THE PROPER MEASURE OF DAMAGES

The only claim against Black which remains in this action is a breach of contract/warranty claim based upon the allegation that Black performed defective construction work. The measure of damages for a contractor's defective performance of his contract with the owner is the cost of repairing or replacing the defective construction. <u>City of Westminster v. Centric-Jones Constructors</u>, 100 P.3d 472 (Colo.App. 2003) [cert. granted and pending]. Where the plaintiff's own evidence of damages includes advantage beyond the benefit of the bargain, the plaintiff <u>must present more than an itemized total cost of replacement</u>. (emphasis added) 100 P.3d at 478.

The Court in <u>City of Westminster</u> affirmed the trial court's

BLAIR STERLING JOHNSON
MOODY MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205

ruling which denied any recovery to the owner on the ground that the owner had simply presented evidence of all it had spent to redesign and rebuild the structure without making any effort to allocate those amounts to any particular breach or to the responsibility of any particular party. In so holding, the Court noted as follows:

> <u>Accordingly, we conclude the [owner] did not present a reasonable basis on which the jury could apportion damages.</u> We also reject the [owner's] other challenges to the directed verdict. 100 P.3d at 479-480 (Emphasis added)

Gargrave, as a matter of law, is required to present the jury with some basis for it to determine what portion of the $2 million it spent was for berthing damage or upgrades and which portion of the $2 million it spent was directly chargeable to breaches by Winzler & Kelly Consulting Engineers, EMPSCO or Black. In the present case, it has not presented evidence of the cost to correct the alleged defective construction nor an allocation of the same.

Instead, the plaintiff seeks an impermissible recovery of a redesigned, better construction. <u>Neal v. Sazon</u>, 486 So. 2d 832 (La.App. 1986); <u>St. Joseph Hospital v. Corbetta Const. Co., Inc.</u>, 316 N.E.2d 51 (Ill.App. 1974)(Court refused to provide the plaintiff with a recovery for the cost of upgrading its facility to a proper design where the original design, which had a much lower price tag, had been defective). In <u>St. Joseph Hospital</u>,

BLAIR STERLING JOHNSON
MOODY MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION
SUITE 1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910-5205

The Court stated:

> Certainly the [owner] should not receive, without paying more than it originally had agreed to pay for the [original material], a windfall in the form of the more expensive [material] and the extra labor costs required by its more difficult installation, merely because its architect initially failed to specify it. The same applies to [other materials] which were necessary and were furnished in the reconstruction but were not included in [the defendant's] original plans and specifications. (Emphasis added).

In this case, Gargrave has <u>no evidence</u> as to the cost of repair, the value of the upgrades, the cost of repair of berthing damage, the value of original work that was undamaged, or any other items which should result in adjustments to its $2 million claim. There is no permissible recovery based upon the applicable measure of damages and the claims should be dismissed as a matter of law.

### III. CONCLUSION

In summary, Black requests the entry of a judgment that S.J. Gargraves Syndicate at Lloyds take nothing by their claims against Black Construction Corporation, and for such other and further relief as to which it may be entitled.

**RESPECTFULLY SUBMITTED** this _15_ day of November, 2005.

BLAIR STERLING JOHNSON
MOODY MARTINEZ & LEON GUERRERO
A PROFESSIONAL CORPORATION

BY: _____
THOMAS C. STERLING
*Attorneys for Defendant Black Construction Corporation*

ATTACHMENTS: EXHIBIT "G"

E62:T56\27946-29




**FELIX P. CAMACHO**
Governor of Guam

**KALEO S. MOYLAN**
Lieutenant Governor

# PORT AUTHORITY OF GUAM
## ATURIDAT I PUETTON GUAHAN
Jose D. Leon Guerrero Commercial Port
### GOVERNMENT OF GUAM
1026 Cabras Highway, Suite 201
Piti, Guam 96915

Telephone: (671) 477-5931/35
(671) 477-2683/85
Facsimile: (671) 477-2689/4445
Webpage: www.netpci.com/~pag4

## LOSS AND SUBROGATION FORM

$7,500,000.00                                                          Date: 04/10/03

Claim No: Port Authority of Guam

THE ASSURED AGREES TO FULL SETTLEMENT FROM LLOYD'S OF LONDON AND LONDON COMPANIES, ROPNER INSURANCE SERVICES LTD. AND AM INSURANCE in the amount of Seven Million Five Hundred Thousand Dollars ($7,500,000.00) U.S. Dollars net of the deductible in full satisfaction compromise and discharge of all claims for loss and expense sustained to property insured under policy No: Port Authority of Guam by reason of Earthquake which occurred on October 13, 2001 and in consideration of which the undersigned hereby assigns and transfers to the said Company each and all claims and demands against any person, persons, corporation or property arising from or connected with such loss or damage and the said Company is subrogated in the place of and to the claims and demands of the undersigned against said person, persons, corporation or property in the premises to the extent of the amount above named.

WITNESS _____    INSURED _____
                                                 Port Authority of Guam

DATE  4/10/03

DEFENDANT'S DEPOSITION EXHIBIT

## DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the defendant. In this case, the measure of damages is the reasonable cost of necessary repairs to any property which was damaged.

The Plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

No damages can be recovered for a breach of contract which are clearly not ascertainable in both their nature and origin.

EXHIBIT "B"

## DAMAGES – REASONABLE

The measure of general damages for the breach of a contract is that amount which will compensate the injured party for all the detriment or loss caused by the breach, or which in the ordinary course of things, would be likely to result therefrom. The injured party should receive those damages naturally arising from the breach, or those damages which might have been reasonably contemplated or foreseen by both parties, at the time they made the contract, as the probable result of the breach. As nearly as possible, the injured party should receive the equivalent of the benefits of performance.

You may limit damages for foreseeable loss if you conclude that in the circumstances justice so requires in order to avoid disproportionate compensation.

Damages must be reasonable. Plaintiff cannot recover a greater amount as damages than it could have gained by the full performance of the contract.

Case 1:03-cv-00009   Document 438   Filed 12/07/2005   Page   EXHIBIT "C"