BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
ROBERT J. O'CONNOR
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Phone: (671) 477-2778
Fax: (671) 477-4366

Attorneys for Defendant
Winzler & Kelly Consulting Engineers

FILED
DISTRICT COURT OF GUAM

DEC 1 4 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYD'S, | ) ) ) | Civ. No. CIV 03-00009 |
| Plaintiff, | ) ) ) | WINZLER & KELLY'S MOTION FOR |
| vs. | ) ) ) | ATTORNEYS' FEES |
| BLACK CONSTRUCTION CORP., WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING MANAGEMENT & PLANNING SERVICES CORP., | ) ) ) ) ) ) | CERTIFICATE OF SERVICE |
| Defendants. | ) ) | |

Defendant Winzler & Kelly Consulting Engineers hereby moves the court for its order awarding attorneys' fees and costs to Winzler & Kelly, as prevailing party in the above captioned matter. In support of this motion, Winzler & Kelly shows the court the following:

1. Winzler & Kelly, an engineering firm, was sued in this case based upon a design drawing that it produced for Black Construction Corp. The design (known as "VE-1") depicted a proposed method for the repair of steel piles at Pier F-1 at the Port of Guam -- a repair project that Black had been awarded the bid to undertake for the Port

**ORIGINAL**

Authority of Guam. Plaintiff, the Port's insurer, alleged in this action that Winzler & Kelly's design was defective, and brought claims against Winzler & Kelly for negligence, breach of contract, and breach of warranty.

2. The court granted judgment on the pleadings in favor of Winzler & Kelly as to the negligence and breach of warranty claims. See Order of April 8, 2005. The contract claim proceeded to a trial by jury. The jury found no breach of contract, and no liability to the Port, on the part of Winzler & Kelly. Winzler & Kelly is accordingly a prevailing party in this matter.

3. The Construction Contract between Black and the Port specifically referenced, and mandated the use of, Winzler & Kelly's design:

> The Port Authority and Contractor hereby agree to omit certain concrete jacketing and pile encapsulation work as provided for in the Basic Bid Schedule and in lieu of such work Contractor is to use a Total Upper Section Replacement Method, in accordance with the attached Drawing prepared by "Winzler & Kelly".

Construction Contract (Plaintiff's Trial Exhibit 16) (copy attached hereto) at page 16-8 ¶ 1. That contract also provides as follows regarding attorneys' fees and costs:

> If any legal action, suit or other proceeding is brought for the enforcement of this Agreement, or because of any alleged dispute, breach or default in connection with any of the provisions of this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorney's fees and court costs incurred in the action, suit or proceeding, in addition to any other remedy or relief to which it may be entitled.

Id. at page 16-4 ¶ 13.

4. This matter was a legal action brought because of an alleged dispute, breach or default by Winzler & Kelly "in connection with" the Black - Port Construction Contract, and therefore falls within the terms of the attorneys' fees clause of that contract.[1] Furthermore, Winzler & Kelly was the "successful or prevailing party" in such action. Winzler & Kelly is therefore entitled to recover reasonable attorney's fees and court costs incurred in the action.

5. In the course of the action, Winzler & Kelly incurred attorneys' fees in the total amount of $583,438.50. See Affidavit of Robert J. O'Connor (filed herewith) and exhibits thereto. It also incurred substantial costs, including expert witness fees in the amount of $107,420.21, and other costs in the amount of $67,294.65.[2] See id. The expert witness fees were paid for the work of Webb Hayes and his associates at the Ben

---

[1] Plaintiff agrees that the attorney's fees clause of the Black - Port Contract extends to its dispute with Winzler & Kelly, on the ground that Winzler & Kelly is bound by all the provisions of that contract, and argued for fees itself on that basis:

> Attorneys' fees should be awarded to Plaintiff in this case under the contract between the Port and Black . . . . The Construction Contract between the Port and Black specifically provides for reasonable attorney's fees and court costs incurred by the prevailing party to be awarded to it in any legal action, suit or proceeding for any Breach of the Agreement. *See* Construction Contract, § XIII. Because all of Black's subcontractors are bound to the Construction Contract, *Winzler is similarly bound to the attorneys' fees provision. See* Construction Contract, § I(b). . . . Based on the above contractual provisions, *all Defendants are liable* for the substantial attorneys fees and costs incurred by Plaintiff in bringing this action.

Plaintiff's Supplemental Trial Brief (October 11, 2005) at 9-10 (emphasis added). See also Plaintiff's Trial Brief (May 16, 2005) at 7-8 (similar passage).

[2] This figure includes the taxable costs sought by way of Winzler & Kelly's separately filed Bill of Costs.

3

C. Gerwick firm, whose assistance was crucial to the understanding and litigation of this case, to which maritime and seismic engineering issues were fundamental. The fees and costs incurred were reasonable for a construction case in Guam or the Northern Marianas, particularly in light of the length, complexity and geographic scope of the litigation. See id.

Winzler & Kelly therefore now moves the court to award fees and costs in the total amount of $758,153.36.

Respectfully submitted this 14th day of December, 2005.

BERMAN O'CONNOR MANN & SHKLOV
Attorneys for Winzler & Kelly

By: /s/
DANIEL J. BERMAN

# CONSTRUCTION CONTRACT

THIS AGREEMENT AND CONTRACT, made and entered into this 8th day of April, 1996, by and between the Port Authority of Guam, a public corporation and autonomous instrumentality of the Government of Guam hereinafter referred to as "Port Authority", whose address is 1026 Cabras Highway, Suite 201, Piti, Guam 96925, and **BLACK CONSTRUCTION CORPORATION**, hereinafter referred to as the "Contractor", whose address is P.O. Box 24667, GMF, Guam 96921.

## WITNESSETH

WHEREAS, the Port Authority intends to construct <u>REPAIRS AND UPGRADING OF FOXTROT PIER "F-1"</u>, PAG Project No. PAG 96-0010 hereinafter called the "project", in accordance with the General Scope of Work prepared by the Port Authority.

WHEREAS, pursuant to the competitive sealed bidding procedures of the Guam procurement statute and regulations, the Port Authority issued Invitation to Bid No. PAG 96-0010 in order to solicit bids from building contractors desiring to perform the project construction;

WHEREAS, pursuant to the competitive sealed bidding procedures of the Guam procurement statute and regulations, after the bids in response to Invitation to Bid No. 96-0010 were opened, Contractor was determined to be the lowest responsible and responsive bidder and awarded the contract to perform the construction of the project to the Contractor.

NOW THEREFORE, the Port Authority and Contractor for the considerations hereinafter set forth, agree as follows:

I. <u>THE CONTRACTOR AGREES</u> to furnish all the necessary labor, materials, equipment, tools and services necessary to perform and complete in a workmanlike manner all work required for the construction of the Project in strict compliance with the Contract Documents herein mentioned, which are hereby made part of the Contract.

(a) <u>Contract Time</u>. The Contractor agrees to commence work under this contract upon written notice to proceed, and to complete the project ready for use and operational within 240 calendar days of the commencement of the Contract as defined in the General Provisions of the Contract.

(b) <u>Sub-Contractors</u>. The Contractor agrees to bind every subcontractor by the terms of this Contract and the contract documents. Any and all contracts between the Contractor and its subcontractors shall not be construed as creating any contractual relation between any subcontractor and the Port Authority.

II. <u>THE PORT AUTHORITY AGREES</u> to pay, and the Contractor agrees to accept in full payment for the performance of this Contract, the Contract amount of:

a. The Basic Bid Amount of Two Million One Hundred Forty Seven Thousand and Eight Hundred Dollars ($2,147,800.00)

b. Contractor shall be paid any and all sums including any added and/or deducted amounts resulting from any and all extra work and/or omitted work in connection therewith, in accordance with Section B-9 of the General Conditions of the Contract Documents described in Section III(i) and incorporated herein by reference.

III. **CONTRACT DOCUMENTS**. It is hereby mutually agreed that the following list of instruments, plans, specifications and documents which are attached hereto, bound herewith and incorporated herein by reference shall constitute the Contract Documents, all of which are made a part hereof, and collectively evidence and constitute the Contract between the parties, hereto, and they are as fully a part of this Contract, as if they were set our verbatim and in full herein, and are designated as follows:

a. Invitation to Bid
b. Instruction to Bidders
c. Proposal
d. Form of Non-collusion Affidavit
e. Bid Bond
f  Certification of Bidders Regarding Equal Employment Authority
g. Performance and Payment Bond
h. Special Provisions
i. General Provisions
j. Labor Standards Provisions
k. Technical Specifications
l. Plans
m. Addendum(s)
n. Notice of Award
o. Notice to Proceed

IV. **LIQUIDATED DAMAGES**. Contractor agrees that If Contractor fails, neglects, or refuses to complete the work by the completion date as set forth above, then Contractor shall pay, or shall be assessed the sum of One Thousand No/100 Dollars ($1,000.00) per day for each calendar day of delay after the time stipulated for completing the work. The amount Contractor shall pay or be assessed for each calendar day in which the work is not completed after the specified completion date is not a penalty, but a reasonable estimated liquidated damages suffered by the Port Authority.

V. **COVENANT AGAINST CONTINGENT FEES**. The Contractor warrants that it has not employed any person to solicit or secure this contract upon any agreement for a commission, percentage, brokerage, or contingent fee. Breach of this warranty shall give the Port Authority the right to terminate the contract, or at its discretion, to deduct from the contract price or consideration the amount of such commissions, percentage,

brokerage or contingent fee. This warranty shall not apply to commissions payable by Contractors upon contracts or sales secured or made through bona fide established commercial or selling agencies maintained by Contractor for the purpose of securing business.

VI. **OTHER CONTRACTS**. The Port Authority may award other contracts for additional work, and the contractor shall fully cooperate with such other contractors and carefully fit his own work to that provided under other contracts as may be directed by the General Manager. The Contractor shall not commit or permit any act which will interfere with the performance of work by any other contractor.

VII. **DISPUTES**. Except as otherwise specifically provided in this contract, all disputes concerning questions of fact arising under this contract shall be decided by the Contracting Officer subject to written appeal by the Contractor within 30 days to the Governor of Guam or his duly authorized representative, whose decision shall be the final and conclusive upon the parties thereto. In the meantime, the Contractor shall diligently proceed with the work as directed.

VIII. **CONTRACT BINDING**. It is agreed that this Contract and all of the Covenants hereof shall insure to the benefit of and be binding upon the Port Authority and the Contractor respectively and its partners, successors, assigns and legal representatives. Neither the Port Authority nor the Contractor shall have the right to assign, transfer or sublet its interest or obligations hereunder without written consent of the other party.

IX. **LIENS**. It is hereby mutually agreed by and between the parties hereto that neither the Contractor or any other persons or companies working on the project or supplying materials thereto, including but not limited to mechanics, contractors, subcontractors, material persons or other persons can or will contract for or in any other manner have or acquire any lien, claim or interest upon the building or works covered by this contract, or the land upon which the same is situated.

X. **REPRESENTATIONS**. The Contractor hereby makes the following representations and certifications:

  (a) That Contractor has not knowingly influenced and promises that Contractor will not knowingly influence a government employee to breach any of the ethical standards set forth in Chapter 11 of the Guam Procurement Regulations.

  (b) That Contractor has not violated, is not violating and promises that Contractor will not violate the prohibition against gratuities and kickbacks set forth in Section 11-206 of the Guam Procurement Regulations.

XI. **NON GRATUITY**. - The Contractor agrees that Contractor shall execute and file a

- 3 -

Non-Gratuity Affidavit as required by Section 11-206 of the Guam Procurement Regulations before final payment under this Contract is made by the Port Authority.

XII. **ALTERATIONS**. The following changes were made in this contract before it was signed by the parties hereto:          None.

XIII. **ATTORNEY'S FEES**: If any legal action, suit or other proceeding is brought for the enforcement of this Agreement, or because of any alleged dispute, breach or default in connection with any of the provisions of this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorney's fees and court costs incurred in the action, suit or proceeding, in addition to any other remedy or relief to which it may be entitled.

XIV. **INDEMNIFICATION**. The Contractor hereby assumes entire responsibility and liability for any and all damage or injury of any kind or nature whatsoever (including death resulting therefrom) to all persons, whether employees of the contractor or otherwise, and to all property damage caused by, resulting from, arising out of or occurring in connection with employees or agents. Should any claims for such damage or injury (including death resulting therefrom) be made or asserted, the Contractor agrees to indemnify and save harmless the Government, the Port Authority Board of Directors, and all Port Authority officers, agents, servants and employees from and against any and all such claims and further from and against any and all loss, cost, expense, liability, damage or injury, including legal fees and disbursements, that the Port Authority, its officers, agents, servants or employees may directly or indirectly sustain, suffer or incur as a result thereof and the Contractor agrees to and does hereby assume, on behalf, of the Port Authority, its officers, agents, servants or employees upon or by reason of such claims which defense, shall be tendered by counsel, selected by Contractor with approval of the Port Authority, and to pay on behalf of the Port Authority, its officers, agents, servants and employees, upon demand the amount of any judgment that may be entered against the Port Authority, its officers, agents, servants or employees in any such action.

XV. **INSURANCE**. Contractor shall, at its sole expense and for the benefit of Contractor and the Port Authority, provide and keep in full force and effect during the term of this Contract, insurance against liability for bodily injury with limits of not less than Three Hundred Thousand Dollars ($300,000.00) per person, One Million Dollars ($1,000,000.00) per occurrence, and property loss liability insurance with a limit of not less than Three Thousand Dollars ($300,000.00) per loss, all in respect to bodily injury or property loss arising out of the duties and obligations of Contractor under the terms of this Contract. In addition, Contractor shall also provide and keep in full force and effect during the term of this Contract, workman's compensation insurance with limits of not less than One Hundred Thousand Dollars ($100,000.00) per employee. Contractor shall furnish to the Port Authority certificates of insurance evidencing the existence of such insurance. No policy of insurance may be cancelled without providing the Port Authority thirty (30) days advance written notice. All insurance required under this Paragraph shall be written with

responsible companies with originals of the policies and renewals available for the Port Authority's review during reasonable hours.

XVI. **GOVERNING LAW.** It is agreed that this Contract shall be governed by, construed, and enforced in accordance with the laws of the territory of Guam.

XVII. **TIME OF THE ESSENCE.** It is specifically declared and agreed that time is of the essence of this Contract.

XVIII. **MODIFICATION OF AGREEMENT.** Any modification of this agreement or additional obligation assumed by either party in connection with this agreement shall be binding only if evidenced in writing signed by each party or an authorized representative of each party.

XIX. **NOTICES.** Any notice provided for or concerning this agreement shall be in writing and be deemed sufficiently given when sent by certified or registered mail if sent to the respective address of each party as set forth at the beginning of this agreement.

XX. **PARAGRAPH HEADINGS.** The titles to the paragraphs of this agreement are solely for the convenience of the parties and shall not be used to explain, modify, simplify, or aid in the interpretation of the provisions of this agreement.

IN WITNESS WHEREOF, the parties hereto have executed this contract as of the day and year first written.

BLACK CONSTRUCTION CORPORATION

Date: April 8, 1996

By: _____

Name: Perfecto O. Jose', Jr.

Title: Senior Vice President

- 5 -

16 - 5

Case 1:03-cv-00009   Document 449   Filed 12/14/2005   Page 9 of 15

I, __Mark J. Ramczarz__, certify that I am the assistant secretary of the corporation named as the Contractor herein; that __Perfecto O. Jose', Jr.__ who signed this contract on behalf of the Contractor, that said contract was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

(Corporate Seal)

PORT AUTHORITY OF GUAM

By: __[signature]__
CAPTAIN EULOGIO C. BERMUDES
General Manager

Dated: _____

APPROVED:

_____
PAUL J. SOUDER, Chairman

Dated: _____

CERTIFIED FUNDS AVAILABLE:

__[signature]__
FRANKLIN E. BADAR, CONTROLLER
Certifying Officer

Dated: __8/14/96__

APPROVED AS TO FORM:

CARBULLIDO, PIPES & BORDALLO
Legal Counsel, Port Authority of Guam

__[signature]__
F. PHILIP CARBULLIDO, ESQ.

Dated: __8/12/96__

- 6 -

16 - 11

# SUPPLEMENTAL AGREEMENT TO CONSTRUCTION CONTRACT

THIS SUPPLEMENTAL AGREEMENT AND CONTRACT, made and entered into this _____ day of _____, 1996, by and between the Port Authority of Guam a public corporation and autonomous instrumentality of the Government of Guam, hereinafter referred to as "Port Authority", whose address is 1026 Cabras Highway, Suite 201, Piti, Guam 96925, and **BLACK CONSTRUCTION CORPORATION**, hereinafter referred to as the "Contractor", whose address is P.O. Box 24667, GMF, Guam 96921.

### WITNESSETH

WHEREAS, the Port Authority intends to construct <u>REPAIRS AND UPGRADING OF FOXTROT PIER "F-1"</u>, PAG Project No. _____ hereinafter called the "project", in accordance with the General Scope of Work prepared by the Port Authority of Guam.

WHEREAS, pursuant to the competitive sealed bidding procedures of the Guam procurement statute and regulations, the Port Authority issued Invitation to Bid No. PAG 96-0010 in order to solicit bids from building contractors desiring to perform the project construction;

WHEREAS, pursuant to the competitive sealed bidding procedures of the Guam procurement statute and regulations, after the bids in response to Invitation to Bid No. 96-0010 were opened, Contractor was determined to be the lowest responsible and responsive bidder and awarded the contract to perform the construction of the project to the Contractor.

WHEREAS, the Port Authority and Contractor entered into a Construction Contract which sets forth the rights, duties and responsibilities of each party with respect to the construction of the project.

WHEREAS, subsequent to the award of the contract for the construction of the project it was determined that certain items within the scope of work listed in the Basic Bid Schedule should be omitted and an alternative design method implemented.

WHEREAS, the items to be omitted from the Basic Bid Schedule change the total cost of the project by more than twenty five percent (25%) so that the parties are required to enter into a Supplemental Agreement.

NOW THEREFORE, the Port Authority and Contractor for the considerations hereinafter set forth, agree as follows:

16 - 10

I.  **CHANGE IN SCOPE OF WORK**

The Port Authority and Contractor hereby agree to omit certain concrete jacketing and pile encapsulation work as provided for in the Basic Bid Schedule and in lieu of such work Contractor is to use a Total Upper Section Replacement Method, in accordance with the attached Drawing prepared by "Winzler and Kelly".

II. **CONTRACT PRICE ADJUSTMENT**

As a result of the omitted work, the total amount of compensation the Port Authority agrees to pay to Contractor and Contractor agrees to accept as payment in full for the performance of the Contract shall be reduced from Two Million Forty Seven Thousand And Eight Hundred Dollars ($2,147,800.00) to One Million Four Hundred Seven Thousand And Six Hundred Eighty Two Dollars ($1,407,682.00).

III. **OTHER CONDITIONS**

The Port Authority and Contractor further agree that:

A. All repair and upgrade work shall conform to the requirements of Shell Guam, Inc. as specified in the Contract documents.

B. All repair and upgrade work shall be performed on all existing piles as indicated in the Contract documents.

C. A unit cost per pile for repair and upgrade should be established and agreed upon between the Port Authority and Contractor. The total number of piles in need of repairs may be adjusted and subject to an appropriate reduction in the total contract amount.

D. The Port Authority shall designate an on-site construction manager to determine and approve which piles require repair or replacement, and that final determination to be concluded within seven (7) days of contract.

E. All applicable submittal requirements as stipulated in the Contract Documents shall be complied with and shall remain in full force and effect.

IV. **OTHER TERMS OF CONTRACT REMAIN IN EFFECT**

All other terms and conditions of the Construction Contract and contract documents remain in effect.

- 2 -

16 - 8

IN WITNESS WHEREOF, the parties hereto have executed this contract as of the day and year first written.

BLACK CONSTRUCTION CORPORATION

Date: April 8, 1996

By: _____

Name: Perfecto O. Jose', Jr.

Title: Senior Vice President

I, **Mark J. Namczarz**, certify that I am the assistant secretary of the corporation named as the Contractor herein; that **Perfecto O. Jose', Jr.** who signed this contract on behalf of the Contractor, that said contract was duly signed for and in behalf of said corporation by authority of its governing body, and is within the scope of its corporate powers.

_____
(Corporate Seal)

PORT AUTHORITY OF GUAM

By: _____
CAPTAIN EULOGIO C. BERMUDES
General Manager

Dated: _____

- 3 -

16 - 9

| APPROVED: | CERTIFIED FUNDS AVAILABLE: |
|---|---|
| _____ | *[signature]* _____ |
| PAUL J. SOUDER, Chairman | FRANKLIN E. BADAR, CONTROLLER |
|  | Certifying Officer |
| Dated: _____ | Dated: 8/14/96 |

APPROVED AS TO FORM:

CARBULLIDO, PIPES & BORDALLO
Legal Counsel, Port Authority of Guam

*[signature]*
_____
F. PHILIP CARBULLIDO, ESQ.

Dated: 8/12/96

SW:tamn\PAG\Black.Sup

- 4 -

## CERTIFICATE OF SERVICE

I, **THOMAS ANDERSON**, hereby declare, upon penalty of perjury under the laws of the United States, that on the 14th day of December, 2005, I served a true and correct copy of **WINZLER & KELLY'S MOTION FOR ATTORNEYS' FEES** upon Plaintiff's and Defendants' counsel of record as follows:

> Forrest Booth, Esq. / Stephen Smith, Esq. / Elyze McDonald, Esq.
> Carlsmith Ball LLP
> 134 West Soledad Avenue
> Bank of Hawaii Building, Suite 401
> Hagåtña, Guam
>
> Attorneys for Plaintiff S.J. Gargrave Syndicate at Lloyds
>
> Thomas C. Sterling, Esq.
> Klemm, Blair, Sterling & Johnson
> Suite 1008, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam
>
> Attorneys for Defendant Black Construction Corporation
>
> Thomas M. Tarpley, Esq.
> Tarpley & Moroni, LLP
> Suite 402, Bank of Hawaii Bldg.
> 134 W. Soledad Avenue
> Hagåtña, Guam
>
> Attorneys for Defendant EMPSCO

Dated this 14th day of December, 2005.

_____
THOMAS ANDERSON