ORIGINAL

CARLSMITH BALL LLP

STEPHEN C. SMITH
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

FILED
DISTRICT COURT OF GUAM
DEC 19 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>　　　　　　　　Defendants. | CIVIL CASE NO. CV03-00009<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION'S BILL OF COSTS; DECLARATION OF SERVICE** |

Plaintiff S.J. Gargrave Syndicate at Lloyds hereby objects to the costs claimed by Defendant Engineering Management & Planning Services Corporation ("EMPSCO"). On all

items claimed as costs, EMPSCO has not provided documentation supporting the costs claimed. Therefore, in addition to the objections stated more fully below, Plaintiff objects to all costs claimed on the grounds that no documentation has been provided to the Clerk of Court. Should the Clerk afford EMPSCO an opportunity to provide that documentation prior to the December 23, 2005 hearing, Plaintiff requests that it be given a further opportunity to state objections after having reviewed the documentation in detail.

### A. Copying Costs - Items Nos. 1, 2, 5, 6, 7, 10, 14, 20, 24, 26, 27, 29, 32, 37, 40, 41, 43

Plaintiff opposes all copying costs on the grounds that there has been no proof submitted demonstrating for what purpose the costs were incurred and whether the amounts claimed were accurate. 28 U.S.C. § 1920 allows the taxation of costs for copies of papers necessarily obtained for use in the case. The copies must also qualify under one of the items specified in Local Rule 54.1(10). None of the items listed as copying costs by EMPSCO state what the copies related to and whether the copies were of papers necessarily obtained for use in the case. EMPSCO is therefore not entitled to any copying costs. Should the Clerk allow EMPSCO to provide further proof of the purpose of the copies and the amount of the copies, Plaintiff should be given a further opportunity to respond to whether those costs fit within the intended purpose of 28 U.S.C. § 1920.

### B. Deposition Costs - Items Nos. 3, 4, 19, 21, 22, 23, 25, 30, 35, 38, 39, 42

EMPSCO provides no invoices or receipts demonstrating that the requested amount is accurate or reasonable. *See* Local Rule 54.1 (party seeking costs can only incur reasonable reporter fees). Furthermore, the detail for Items Nos. 38 and 39 show EMPSCO's counsel's office to be the payee for the Elliot Boone deposition. Plaintiff objects to an award for Items Nos. 38 and 39 unless it can be shown whether EMPSCO or its counsel paid a court

4825-3716-1728.1.055639-00001  2.
Case 1:03-cv-00009   Document 452   Filed 12/19/2005   Page 2 of 5

reporter for the Boone deposition transcripts.

### C. Witness Fees - Items Nos. 8, 9

EMPSCO provides no invoices or receipts demonstrating that it has actually incurred witness fees. Moreover, the detail for Item No. 9 is unclear as to whom EMPSCO subpoenaed.

### D. Process Server Fees - Items Nos. 11, 12, 16, 17

EMPSCO provides no invoices or receipts demonstrating it has paid process server fees of $180.00. EMPSCO is therefore not entitled to process server fees.

### E. Professional Fees - Items Nos. 13, 18, 28, 31, 44

EMPSCO seeks the taxation of costs for its expert, Albert Tsutsui. 28 U.S.C. § 1920 does not permit professional fees to be taxed as costs unless the expert is court-appointed. *See also Shakey's Inc. v. Covalt*, 704 F.2d 426 (9th Cir. 1983) (disallowing expert fees). Moreover, EMPSCO provides no invoices or receipts demonstrating that the professional fees incurred are accurate. EMPSCO is therefore not entitled for its professional fees to be taxed as costs.

### F. Travel Fees - Items Nos. 32, 33, and 34

28 U.S.C. § 1920 does not permit travel fees to be taxed as costs. Moreover, EMPSCO provides no invoices or receipts demonstrating that the travel fees incurred are accurate.

### G. Hotel & Cab Fees - Item No. 36

28 U.S.C. § 1920 does not permit hotel and cab fees to be taxed as costs. Moreover, EMPSCO provides no invoices or receipts demonstrating that the hotel and cab fees incurred are accurate.

### H. Research Fees - Item No. 15

Plaintiff objects to research costs of $21.37, as research fees are not included as taxable costs under 28 U.S.C. § 1920 and should not be permitted.

DATED: Hagåtña, Guam, December 19, 2005.

CARLSMITH BALL LLP

*for* /s/ *signature*
STEPHEN C. SMITH
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on December 19, 2005, I caused to be served, via hand delivery, a true and correct copy of the PLAINTIFF'S OBJECTIONS TO DEFENDANT ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION'S BILL OF COSTS upon Defendants' Counsel of record as follows:

        Robert J. O'Connor, Esq.
        Daniel J. Berman, Esq.
        Berman O'Connor Mann & Shklov
        Suite 503, Bank of Guam Building
        111 Chalan Santo Papa
        Hagåtña, Guam 96910

        Thomas C. Sterling, Esq.
        Blair, Sterling, Johnson, Moody, Martinez & Leon Guerrero, P.C.
        Suite 1008, Pacific News Building
        238 Archbishop Flores Street
        Hagåtña, Guam 96910

and        Thomas M. Tarpley, Esq.
        Law Offices of Tarpley & Moroni, LLP
        Suite 402, Bank of Hawaii Building
        134 West Soledad Avenue
        Hagåtña, Guam 96910

Executed this 19th day of December 2005 at Hagåtña, Guam.

                                                                            
for DAVID LEDGER