·ORIGINAL ●

CARLSMITH BALL LLP

DAVID LEDGER
STEPHEN C. SMITH
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA  94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

**FILED**

DISTRICT COURT OF GUAM

DEC 19 2005ᴴᴾ

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT WINZLER & KELLY'S BILL OF COSTS; DECLARATION OF SERVICE** |

Plaintiff S.J. Gargrave Syndicate at Lloyds  ("Plaintiff") hereby objects to the

costs claimed by Defendant Winzler & Kelly Consulting Engineers ("Winzler & Kelly").  For all

items claimed as costs, Winzler & Kelly in its Bill of Costs filed December 12, 2005 has failed to

4831-1787-6480.1.055639-00001

provide a basis upon which the claimed costs can be recovered. Furthermore, Winzler & Kelly's Bill of Costs is not in the form required by this Court, and Winzler and Kelly seeks to recover expenses that are disallowed under the Federal Rules of Civil Procedure and the Guam Local Rules. The Bill of Costs should be disallowed entirely.

A. **Airfare to/from Site of Deposition – Amounts: $5,772.76, $258.00, $374.00, $714.00, $1,904.74, $4,910.65, $4910.65. Total Disallowed: $13,934.15**

Neither 28 U.S.C. § 1920, Local Rule 54.1, nor Federal Rule of Civil Procedure 54 permit airfare to be taxed as costs. Moreover, Winzler & Kelly provides no invoices or receipts demonstrating that the amounts claimed for hotel and taxi fees are accurate. For example, the $5,772.76 item is merely listed in the "airfare" column, with no back-up documentation.

B. **Hotel (h) / Car (c) Costs – Amounts: $162.65 (h), $446.04 (h), $35.00 (c), $288.07 (h), $170.00 (c), $978.18 (h). Total Disallowed: $2,079.94**

Neither 28 U.S.C. § 1920, Local Rule 54.1, nor Federal Rule of Civil Procedure 54 permit hotel and/or travel fees to be taxed as costs. Moreover, Winzler & Kelly provides no invoices or receipts demonstrating that the travel fees claimed are accurate. Therefore, the $2,079.94 requested must be denied.

C. **Copy Costs – Amounts: $162.45, $758.25, $283.50, $684.55. Total Disallowed: $1887.75**

Plaintiff opposes all copying costs claimed on the grounds that there has been no proof submitted demonstrating for what purpose the costs were incurred and whether the amounts claimed are accurate. 28 U.S.C. § 1920 allows the taxation of costs for copies of papers necessarily obtained for use in the case. There is no indication whether any of the copy charges are proper under Local Rule 54.1(10). None of the items listed as copying costs by Winzler & Kelly states what the copies related to and whether the copies were of papers necessarily

obtained for use in the case. Winzler & Kelly is therefore not entitled to these copying costs. Should the Clerk allow Winzler & Kelly to provide further proof of the purpose for the copies and the amount of the copies, Plaintiff should be given a further opportunity to respond to whether those costs fit within the requirements of 28 U.S.C. § 1920.

The purported copy charges are not supported by an invoice and proof of payment by Winzler & Kelly. For example, the purported copy cost pertaining to Peter McLeod is not included in the exhibits provided by Winzler & Kelly and it is not possible to determine if the expense should be allowed under Local Rule 54.1 (10). Additionally, Winzler & Kelly uses quotation marks (" ") for several entries throughout the Bill of Costs with no indication as to the number of copies for that specific item.

Finally, Winzler & Kelly seeks reimbursement of copying at costs of $0.45 per page. This is much higher than the customary $0.20 per page. Indeed, the Guam Court reporter Cecille Flores only charged Winzler & Kelly $0.10 per page. *See* Invoice for Macleod deposition, dated April 16, 2004, attached to the Bill of Costs. If Winzler & Kelly is allowed any recovery for these costs, it should be at $0.20 per page, or 44% of the amount claimed.

**D. Itemized Deposition Costs Not Recoverable – Amounts Disallowed: $1,120.05**

A close look at Winzler & Kelly's exhibits reveals that it is attempting to seek recovery of improper costs included in the invoices for certain depositions. For example, the Invoice pertaining to the deposition of Bruce W. Swanney (Exhibit "A"), includes 2 "VHS dub" copies charged at $50.00 per copy ($100.00 total) which is not allowed under 28 U.S.C. § 1920, Local Rule 54.1, or Federal Rule of Civil Procedure 54. Therefore, the $100.00 request must be denied for these charges.

The Invoice in the amount of $649.55 (Exhibit "A") fails to identify the deponent deposed and fails to identify the date of deposition and it is impossible to determine if the expense should be allowed under Local Rule 54.1 (10). Therefore, the $649.55 request must be denied.

The Invoice pertaining to the deposition of Dean Gillham (Exhibit "A"), includes a charge for an "Expedited Premium" for $370.50, which is not allowed under 28 U.S.C. § 1920, Local Rule 54.1, or Federal Rule of Civil Procedure 54. Therefore, the $370.50 must be denied for this charge.

E.    **Engineering Copy – Amount Disallowed: $48.00**

Plaintiff opposes all copying costs on the grounds that there has been no proof submitted demonstrating for what purpose the costs were incurred and whether the amounts claimed were accurate. 28 U.S.C. § 1920 allows the taxation of costs for copies of papers necessarily obtained for use in the case. There is no indication of whether any part of these copy charges are allowable under Local Rule 54.1(10). Therefore, the $48.00 requested must be denied.

F.    **Trial Supplies – Amounts: 152.64 (hand truck with cord), $220.92**
      **(easel), $15.96 (easel paper). Total Disallowed: $389.52**

Neither 28 U.S.C. § 1920, Local Rule 54.1, nor Federal Rule of Civil Procedure 54 permit taxing, as costs, hand trucks, easels, or easel paper. Furthermore, at trial the Court provided all counsel with an easel and easel paper, so these items were not used by Winzler & Kelly's attorneys. Therefore, the $389.52 requested must be denied.

G. **Airfare and Subsistence Allowance – Amounts: $4,511.55 and $2,700.00 (Steve Cox) and $4,511.55 and $675.00 (Webb Hayes). Total Disallowed: $12,398.10**

Winzler & Kelly's purported subsistence allowance cites 18 U.S.C. § 1821. That title and section of the United States Code does not authorize the award of any costs and is entirely inapplicable to this matter. Furthermore, there is no supporting documentation demonstrating that Winzler & Kelly paid airfare or subsistence allowance charges for or to Steve Cox or Webb Hayes. There is no documentation showing that either Steve Cox or Webb Hayes spent any number of days in any location to indicate that they incurred charges for subsistence allowances. Additionally, neither 28 U.S.C. § 1920, Local Rule 54.1, nor Federal Rule of Civil Procedure 54 permit airfare to be taxed as costs. Therefore, the $12,398.10 requested for these charges must be denied.

DATED: Hagåtña, Guam, December 19, 2005.

CARLSMITH BALL LLP

STEPHEN C. SMITH
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on December 19, 2005, I caused to be served, via hand delivery, a true and correct copy of **PLAINTIFF'S OBJECTIONS TO DEFENDANT WINZLER & KELLY'S BILL OF COSTS; DECLARATION OF SERVICE** upon Defendants Counsel of record as follows:

Robert J. O'Connor, Esq.
Daniel J. Berman, Esq.
Berman O'Connor Mann & Shklov
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910

Thomas C. Sterling, Esq.
Blair, Sterling, Johnson, Moody, Martinez & Leon Guerrero, P.C.
Suite 1008, Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910

and

Thomas M. Tarpley, Esq.
Law Offices of Tarpley & Moroni, LLP
Suite 402, Bank of Hawaii Building
134 West Soledad Avenue
Hagåtña, Guam 96910

Executed this 19th day of December, 2005 at Hagåtña, Guam.

for    DAVID LEDGER

SANFRAN1\35009\1 123206.000

4831-1787-6480.1.055639-00001

6.