ORIGINAL

CARLSMITH BALL LLP

STEPHEN C. SMITH
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

FILED
DISTRICT COURT OF GUAM
DEC 21 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>                    Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>                    Defendants. | CIVIL CASE NO. CV03-00009<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION'S MOTION FOR FEES; DECLARATION OF SERVICE** |

Plaintiff S.J. Gargrave Syndicate at Lloyds opposes Defendant Engineering Management & Planning Services Corporation's ("EMPSCO") motion for fees on the grounds hereinafter

stated, and asks the Court to utilize its discretion when awarding EMPSCO any fees. *See Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188 (9th Cir. 1962).

First, in utilizing that discretion, the Court should bear in mind that

> [t]he discretion permitted a district court is, however, predicated on the assumption that the trial judge has carefully considered [the skill and competency of counsel in developing a factual record and legal theory, to evaluate the difficulties in preparing the case and the reasonableness of the claimed time expended by counsel, and the reasonableness and propriety of settling a case upon the terms agreed to by the parties], and that he has heard testimony and examined statements prepared by the attorneys substantiating the value of the benefits received by the plaintiff . . . and the hours expended by the attorneys on the case. Where, as in this case, there is nothing in the record to indicate what factors the trial judge deemed important in making his award, there can be no basis for adhering to the rule of discretion.

*Ellis v. Flying Tiger Corp.*, 504 F.2d 1004 (7th Cir. 1972). In this case, EMPSCO has only declared, but not demonstrated, that $225.00 is the prevailing hourly rate for construction law practitioners in Guam. Plaintiff also has not demonstrated that his skill level equates to that of a construction law practitioner billing at the $225 hourly rate. EMPSCO also has not demonstrated that 444 hours is a reasonably amount of time to incur on this case. For these reasons, the Court cannot exercise any discretion in awarding attorneys fees.

Second, Plaintiff opposes EMPSCO's counsel's "stand-by" time on May 19, 2005. Such time billed does not constitute legal work.

Third, Plaintiff opposes the time billed to discuss bankruptcy issues on April 22, 2005. There were no bankruptcy issues involved in this case.

Fourth, Plaintiff opposes all time billed on issues upon which Plaintiff prevailed. This includes time worked on the summary judgment motions presented by all defendants, including a majority of the time entries from October 30 to December 3, 2004. Plaintiff also prevailed on jurisdictional issues briefed at the direction of the Court on January 3, 5, 25, 26, 28, 30, February

11, and March 25, 2005.

Finally, EMPSCO's counsel's rate does not appear to be consistently billed. The January 31, 2004 invoice, for example, bills time in increments of both .25 as well as .10. The inconsistent billing practice exists throughout all invoices. Therefore, Plaintiff questions EMPSCO's counsel's billing practices to the extent that there is no consistency on how the time was billed.

For the foregoing reasons, Plaintiff opposes EMPSCO's motion for attorneys' fees, and asks that the Court deny all five categories of requested fees to which Plaintiff has objected herein.

DATED: Hagåtña, Guam, December 21, 2005.

CARLSMITH BALL LLP

STEPHEN C. SMITH
ELYZE McDONALD
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on December 21, 2005, I caused to be served, via hand delivery, a true and correct copy of the PLAINTIFF'S OPPOSITION TO DEFENDANT ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION'S MOTION FOR FEES upon Defendants' Counsel of record as follows:

>Robert J. O'Connor, Esq.
>Daniel J. Berman, Esq.
>Berman O'Connor Mann & Shklov
>Suite 503, Bank of Guam Building
>111 Chalan Santo Papa
>Hagåtña, Guam 96910
>
>Thomas C. Sterling, Esq.
>Blair, Sterling, Johnson, Moody, Martinez & Leon Guerrero, P.C.
>Suite 1008, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

and

>Thomas M. Tarpley, Esq.
>Law Offices of Tarpley & Moroni, LLP
>Suite 402, Bank of Hawaii Building
>134 West Soledad Avenue
>Hagåtña, Guam 96910

Executed this 21st day of December 2005 at Hagåtña, Guam.

_____
DAVID LEDGER