BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
ROBERT J. O'CONNOR
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Phone: (671) 477-2778
Fax: (671) 477-4366

Attorneys for Defendant Winzler & Kelly

**FILED**
DISTRICT COURT OF GUAM
DEC 21 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYD'S, | ) ) ) | Civ. No. CIV 03-00009 |
| Plaintiff, | ) ) ) | WINZLER & KELLY'S REPLY IN SUPPORT OF |
| vs. | ) ) | BILL OF COSTS |
| BLACK CONSTRUCTION CORP., WINZLER & KELLY CONSULTING ENGINEERS, et al., | ) ) ) ) | CERTIFICATE OF SERVICE

Hearing Date: Dec. 23, 2005
Time: 10:00 am |
| Defendants. | ) ) | |

Winzler & Kelly (W&K) responds as follows to Plaintiff's objections to W&K's Bill of Costs:

## 1. Travel Expenses.

Plaintiff is incorrect in asserting, without exception, that the applicable rules do not permit airfare and other travel expenses to be taxed as costs. District of Guam Local Rule 54.1(b)(5) specifically authorizes "[c]osts incurred in connection with taking depositions" to be taxed. All travel costs taxed by W&K were incurred "in connection with taking depositions." They are therefore within the terms of the rule.[1] It should

---

[1] The rule's listed examples of deposition-related costs are non-exclusive.

**ORIGINAL**

further be noted that all depositions for which travel costs are sought were noticed by the Plaintiff, and all of them were noticed for locations far distant from Guam -- Hawaii, California, Arizona, Texas, and Philadelphia.[2] Attendance at these depositions was necessary to the case, especially that of Bruce Swanney, who drew the design upon which Plaintiff's entire case against W&K was based.[3]

Plaintiff's objections to specific items within this class of costs as undocumented are also not well taken. The great majority of travel costs are supported by an invoice, check, or both (see Exhibit B to Bill of Costs); and those few that are not are supported by client billings, counsel's affidavit, and in one case his contemporaneous notes, and are, moreover, reasonable on their face. The particular example singled out for criticism by Plaintiff -- "the $5,772.76 item is merely listed in the 'airfare' column, with no back-up documentation" -- is manifestly false. Both the travel agent's invoice and the check by which it was paid are included as the first page of Exhibit B.

**2. Copying Expenses.**

The copying costs sought were also incurred "in connection with taking depositions," and thus also within the terms of Local Rule 54.1(b)(5). Copying costs incurred by W&K during months when no deposition was taken are not sought here. Those incurred in months in which depositions *were* taken were necessary to the case. For each deposition, multiple copies of exhibits were required to be made, so that the

---

[2] W&K noticed the deposition of Elliott Boone, but at the same time (May 2005) and location (San Francisco) as Plaintiff's deposition of Webb Hayes.

witness and all counsel might refer to them during the course of the deposition. The fact that Winzler & Kelly paid for these copies is demonstrated by the client billings in Exhibit D. Some are specifically designated as documents for depositions (see entries for September 15, 17 and 18, 2004), and those that are not correspond to the month of the deposition, and could have no other cause, to the considerable extent they exceed ordinary monthly copying costs. The methodology of determining the cost of copies and their relation to depositions is set out in footnote 4 of W&K's Bill of Costs. It is necessarily an estimate, but is both reasonable and supported by affidavit.

### 3. Itemized Deposition Costs.

Plaintiff's objections to certain itemized deposition costs are also misguided. First, it was Plaintiff, not W&K, who noticed the videotaping of the Bruce Swanney deposition, and the tape was used extensively at trial. Second, and notwithstanding Plaintiff's feigned ignorance, the $649.55 bill (included in Exhibit A) was obviously for the deposition of Edward Williamson. His name does not appear on the invoice, but the name of this case appears, as does the name of counsel, and (contrary to Plaintiff's claim) the date of the deposition (06/16/04). Moreover, the reporter's address is given as Philadelphia, Pa., and Williamson's was the only deposition in this case to be taken in Philadelphia. Finally, the cost of expediting the Dean Gillham transcript was necessary because, at the time, trial was scheduled to begin on June 13, 2005, and Plaintiff did not take Gillham's depositon until April 25.

---

[3] W&K's counsel resides on Saipan, and thus incurred actual travel expenses even for those depositions conducted on Guam, but did not include these in its Bill of Costs.

### 4. Witness Fees.

Finally, Plaintiff's claim that 18 U.S.C. § 1821 "does not authorize the award of any costs and is entirely inapplicable to this matter" is correct. That citation by W&K was, of course, a typographical error, and should instead read "28 U.S.C. § 1821." *That* section is fully applicable to this matter, since Local Rule 54.1(b)(6) authorizes witness fees in the form of "per diem, mileage, subsistence and attendance fees as provided in 28 U.S.C. § 1821[.]" The claimed lack of documentation that either Steve Cox or Webb Hayes "spent any number of days in any location" is disingenuous and easily refuted. Steve Cox was present in court for 10 days of trial, right across the room from Plaintiff's counsel. Webb Hayes was likewise present at least one day, the day on which he testified. Each of them also necessarily incurred one day of travel on the way from California to Guam, and another day on the way back. Cox's witness fees are therefore calculated at 12 times the daily attendance fee ($40 -- see 28 U.S.C. § 1821(b)) and 12 times the per diem subsistence allowance for Guam ($225 -- see 28 U.S.C. § 1821(d)), and Hayes's at three times the same figures.[4]

### Conclusion.

For the above reasons, Plaintiff's objections should be disregarded, and costs awarded to W&K as set out in its Bill of Costs.[5]

---

[4] In fact, Cox also spent the mid-trial weekend on Guam, and Hayes arrived several days before his testimony.

[5] With respect to certain miscellaneous expenses, the easel and paper was used for preparing visual aids for closing argument. The easel and paper supplied by the court was available for in-court use only, and thus could not be so used. And given the voluminous boxes of documents that needed to be hauled back and

Respectfully submitted this 21st day of December, 2005.

                                              BERMAN O'CONNOR MANN & SHKLOV
                                              Attorneys for Winzler & Kelly

                              By: _____
                                    **DANIEL J. BERMAN**

---

forth between counsel's hotel and the courthouse each day of the trial, the hand truck was surely a necessary, useful and proper expense.

5

# CERTIFICATE OF SERVICE

I, THOMAS ANDERSON, hereby declare, upon penalty of perjury under the laws of the United States, that on the 21st day of December, 2005, I served a true and correct copy of **WINZLER & KELLY'S REPLY IN SUPPORT OF BILL OF COSTS** upon Plaintiff's and Defendants' counsel of record as follows:

> Forrest Booth, Esq. / Stephen Smith, Esq. / Elyze McDonald, Esq.
> Carlsmith Ball LLP
> 134 West Soledad Avenue
> Bank of Hawaii Building, Suite 401
> Hagåtña, Guam
>
> Attorneys for Plaintiff S.J. Gargrave Syndicate at Lloyds
>
> Thomas C. Sterling, Esq.
> Klemm, Blair, Sterling & Johnson
> Suite 1008, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam
>
> Attorneys for Defendant Black Construction Corporation
>
> Thomas M. Tarpley, Esq.
> Tarpley & Moroni, LLP
> Suite 402, Bank of Hawaii Bldg.
> 134 W. Soledad Avenue
> Hagåtña, Guam
>
> Attorneys for Defendant EMPSCO

Dated this 21st day of December, 2005.

_____
THOMAS ANDERSON