LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526



FILED
DISTRICT COURT OF GUAM

DEC 28 2005 9P

MARY L.M. MORAN
CLERK OF COURT

7ZP156
Attorney *for* Defendant Engineering, Management
 & Planning Services Corporation

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS, | CIVIL CASE NO. CV03-00009 |
| Plaintiff, | |
| v. | |
| BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION, | **EMPSCO'S REPLY BRIEF IN SUPPORT OF MOTION FOR FEES** |
| Defendants. | |

EMPSCO files this reply to Plaintiff's opposition to EMPSCO's motion for fees.

First, Plaintiff argues that EMPSCO has not demonstrated that $225 per hour is the prevailing hourly rate for construction practitioners on Guam or that EMPSCO's attorney's skill level equates to that of a construction law practitioner billing at that rate. It is unclear whether Plaintiff believes a $225 hourly rate is excessive or deficient (Plaintiff's opposition takes neither position). EMPSCO's request is based on the firsthand knowledge of Mr. Tarpley, a Guam practitioner since 1991, who is personally familiar with the prevailing rate. EMPSCO's attorney also understands that Plaintiff's Attorney, Forrest Booth, normally

charges considerably more per hour, working out of San Francisco, however it is the prevailing rate on Guam that matters here. Since the Carlsmith firm has attorneys permanently practicing on Guam, it is curious why Plaintiff has not filed an affidavit to disagree with Mr. Tarpley's assessment, if indeed there is a disagreement. Further, Mr. Tarpley has been a practicing litigator for over 25 years. Since 1987 Mr. Tarpley's practice consisted almost exclusively of construction law litigation/arbitration, including being the attorney for a principal defendant in the Royal Palm litigation, and in foreclosing a mechanic's lien on the Sherwood Hotel in favor of the contractor, Fletcher Pacific Construction Co. Mr. Tarpley also drafted Guam's Mechanic Lien laws passed by the Legislature in the mid-1990's. *See Second Declaration of Counsel filed contemporaneously herewith*.

Plaintiff also argues that EMPSCO has not "demonstrated" that 440 hours is a reasonable amount of time to incur on this case, yet Plaintiff fails to demonstrate whether this amount is excessive or deficient or unnecessary. Considering, for comparison purposes, the amount of hours claimed by Winzler & Kelly and S.J. Gargrave's attorneys in this matter, EMPSCO's time was diminutive. The test is whether, at the time the worked was performed, a reasonable attorney would have spent the same amount of time. Grant v. Martinez, 973 F.2d 96, 99 (2nd Cir., 1992). Plaintiff's motion states that such fees were reasonably and necessarily incurred, and Plaintiff's counsel does not dispute this.

Plaintiff also argues, without citing to any supporting authority whatsoever, that EMPSCO is not entitled to recover

S.J. Gargrave Syndicate At Lloyds v. Black Construction Corporation, et. al. CV03-00009
EMPSCO'S REPLY BRIEF IN SUPPORT OF MOTION FOR FEES

Page 2 of 4

Case 1:03-cv-00009   Document 468   Filed 12/28/2005   Page 2 of 4

attorney's fees expended on interlocutory matters "upon which Plaintiff prevailed." Just because an interim motion or two may have been unsuccessful does not mean *ipso facto* such fees are unreasonable. The "prevailing party's" right to attorney's fees, as referenced in the contract, referred to the party prevailing on the *entire* case, not necessarily on each skirmish along the way. A prevailing party "is not to be denied full attorney's fees merely because he lost some interim rulings en route to ultimate success, (cases cited)...Such setbacks are well-nigh inevitable, and a lawyer who nevertheless was sedulous to avoid them might lose a good case through an excess of caution." <u>Alliance v. Chicago</u>, 356 F.3d 767, 770 (7th Cir., 2004). See also <u>Webb v. Sloan</u>, 330 F.3d 1158 (C.A. 9th (Nev.) 2003) in which the prevailing party was permitted an award of attorney fees for time expended on unsuccessful claims because they involved a common core of facts or were based on related legal theories in a civil rights action. In accord, <u>Planned Parenthood v. Arizona</u>, 789 F.2d 1348 (C.A. 9th (Ariz.) 1986).

Plaintiff also opposes EMPSCO's counsel's alleged "stand-by" time on May 19, 2005. There was no "stand-by" time recorded on the May 19, 2005 invoice. The only time entry for May 19th is "attend [harbor] pilot's deposition." This was a deposition directly related to the issues of this case.

Plaintiff also opposes the time billed to discuss bankruptcy issues on April 22, 2005. Because EMPSCO had no insurance covering this claim, it was prudent of EMPSCO's counsel to briefly discuss

S.J. Gargrave Syndicate At Lloyds v. Black Construction
Corporation, et. al. CV03-00009
EMPSCO'S REPLY BRIEF IN SUPPORT OF MOTION FOR FEES

Page 3 of 4

Case 1:03-cv-00009   Document 468   Filed 12/28/2005   Page 3 of 4

the option of bankruptcy. In any event, only 15 minutes was devoted to this conversation (.25 of an hour).

Lastly, Plaintiff questions why the invoices reflect time increments of .25 as well as .10. It is not at all clear why Plaintiff finds this so curious. .25 reflects a time increment of 15 minutes, whereas .10 reflects a time increment of 6 minutes. Again no challenge is made to the accuracy or the reasonableness of these allotted time periods. "Plaintiff questions EMPSCO's counsel's billing practices to the extent that there is no <u>consistency</u> on how the time was billed." *Opp. p.3 (underlining added)*. Obviously, the time is different because different time was spent for the appropriate entries. It is not EMPSCO's counsel's practice to bill .25 for legal work on which only .10 was expended. Perhaps Plaintiff's counsel utilizes time increments set at a minimum of .25, as do many firms, however EMPSCO's attorney does not.

Finally, Plaintiff has filed no opposition to EMPSCO's motion to have the expert witness fees of Albert Tsutsui taxed as cost in this action on the grounds stated in EMPSCO's moving papers. Therefore there appears to be no issue to that request.

Accordingly, EMPSCO respectfully moves for an order awarding its attorney's fees and expert witness fees as requested.

Dated this 28th day of December, 2005.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant EMPSCO

S.J. Gargrave Syndicate At Lloyds v. Black Construction
Corporation, et. al. CV03-00009
EMPSCO'S REPLY BRIEF IN SUPPORT OF MOTION FOR FEES

Page 4 of 4