BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
ROBERT J. O'CONNOR
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Phone: (671) 477-2778
Fax: (671) 477-4366

Attorneys for Defendant
Winzler & Kelly Consulting Engineers



**FILED**
DISTRICT COURT OF GUAM

DEC 2 8 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| S.J. GARGRAVE SYNDICATE<br>AT LLOYD'S,<br><br>      Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORP.,<br>WINZLER & KELLY CONSULTING<br>ENGINEERS and ENGINEERING<br>MANAGEMENT & PLANNING<br>SERVICES CORP.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. CIV 03-00009<br><br>WINZLER & KELLY'S<br>REPLY IN SUPPORT OF<br>MOTION FOR ATTORNEYS' FEES<br><br>CERTIFICATE OF SERVICE |

### Introduction

Plaintiff's principal tactic in opposing W&K's motion for attorney's fees is to throw W&K's own words back in its face, thereby applying -- indeed, explicitly invoking -- a rough-and-ready principle that has arisen on several occasions over the course of this case, viz., "What is sauce for the goose is sauce for the gander." Plaintiff's Opposition at 3. See, e.g., id. at 3 ("It is noteworthy that this argument constitutes a complete reversal of Winzler's position which it has steadfastly espoused throughout this litigation."); id. at 5 ("Winzler's complete about face on this issue . . . "); id. at 6 ("Winzler cannot now

completely reverse its position and state that the Black contract *does* bind Winzler . . .")
(emphasis in original).

It must be recalled, however (and leaving aside the question of whether Plaintiff is representing either W&K's prior positions on the issues or its current ones with full accuracy[1]), that W&K did not take those positions in a vacuum. Plaintiff argued as well, and it argued the opposite of W&K, and thus also the opposite of what it now contends; and it was Plaintiff's arguments that carried the day on those issues. It is therefore Plaintiff, not W&K, who is precluded from changing its position at this late date.

**Plaintiff Is Now Contradicting Earlier Positions That the Court Accepted.**

It is true, for example, that W&K argued that the "no contractual relation" clause in the Black-Port contract categorically precluded any third party beneficiary relationship from arising between W&K and the Port. See Opposition at 4.[2] Plaintiff, however, argued that the language did *not* have that effect; and the court, although initially finding W&K's argument "attractive,"[3] ultimately agreed with Plaintiff, denying first W&K's

---

[1] In fact, there are a number of erroneous statements in Plaintiff's Opposition. For one, W&K is not asserting that it "was a 'successful or prevailing party' in litigation between Black and Plaintiff (on behalf of the Port Authority) under the Black/Port contract." Opposition at 4. (claiming that such an assertion "makes no sense"). Rather, it is asserting that it was a prevailing party in litigation between *itself* and Plaintiff -- the litigation in which the jury did not award *Plaintiff* "one penny." Cf. id. Nor is W&K arguing that its contract with Black contained any attorney fees provision. Cf. Opposition at 5.

Plaintiff also errs in its reading of the jury verdict. The jury did not find that "Plaintiff, as a non-signatory, cannot avail itself of the contract between Black and Winzler." See Opposition at 3. It simply found that Winzler did not breach that contract.

[2] The clause states: "Any and all contracts between the Contractor and its subcontractors shall not be construed as creating any contractual relation between any subcontractor and the Port Authority." Construction Contract at page 1, Section II (Plaintiff's Trial Exhibit 16 at p. 16-1).

[3] See Court's Order denying W&K's Motion in Limine re Third Party Beneficiary.

2

motion in limine on the third party beneficiary issue, then denying both its mid-trial and post-trial motions for judgment as a matter of law on that issue; and giving a third-party beneficiary instruction to the jury, all notwithstanding the presence of the "no contractual relation" clause in the contract. As Plaintiff itself notes, "[t]he Court nevertheless [i.e., despite W&K's position] instructed the jury regarding the law of third-party beneficiary status." Opposition at 3.[4]

Likewise, W&K did indeed argue that it was not bound by any of the provisions in the Black-Port contract. See Opposition at 5. Again, however, Plaintiff argued the opposite, contending that W&K was bound by *all* the terms of that contract, specifically including both the attorneys' fees clause and the express warranty of workmanlike performance contained therein. As noted in W&K's motion, Plaintiff argued that it was entitled to an award of fees against W&K specifically based on its broader theory that the Black-Port contract binds W&K:

> Attorneys' fees should be awarded to Plaintiff in this case under the contract between the Port and Black . . . . The Construction Contract between the Port and Black specifically provides for reasonable attorney's fees and court costs incurred by the prevailing party to be awarded to it in any legal action, suit or proceeding for any Breach of the Agreement. *See* Construction Contract, § XIII. *Because all of Black's subcontractors are bound to the Construction Contract, Winzler is similarly bound to the attorneys' fees provision.* See Construction Contract, § I(b). . . . Based on the above contractual provisions, all Defendants are liable for the substantial attorneys fees and costs incurred by Plaintiff in bringing this action.

---

[4] In any event, the disputed clause governs the construction only of subcontracts, not of the prime contract. It states that "[a]ny and all contracts *between the Contractor and its subcontractors* shall not be construed . . ." Construction Contract at page 1, Section II (emphasis added). It does not say anything about how the prime contract itself shall be construed, and the question on this motion is the construction of the attorneys' fees clause *in the prime contract*, not in any subcontract.

3

Plaintiff's Supplemental Trial Brief (October 11, 2005) at 9-10 (emphasis added). See also Plaintiff's Trial Brief (May 16, 2005) at 7-8 (similar passage). Again, the court agreed with Plaintiff as to the application to W&K of the Black-Port contract, refusing to except W&K from its express warranty instruction (Jury Instructions p. 24 and first sentence of 25), over W&K's objection that it was not bound by the Black-Port contract, and that the instruction on express warranty should therefore be limited to Black and EMPSCO alone.

### W&K Was Intended Beneficiary Of Fees Clause In Black-Port Contract.

The only available conclusion from the law -- not the law as W&K originally but unsuccessfully argued it, but rather as *Plaintiff* argued, and the court agreed -- is that W&K was an intended beneficiary of the attorneys' fees clause in the Black-Port contract, entitled to enforce the same against the Port. According to Plaintiff:

> Whether a third party is an intended beneficiary or merely an incidental beneficiary to the contract involves construction of the parties' intent, gleaned from reading the contract as a whole in light of the circumstances under which it was entered.

Plaintiff's Bench Brief Re Recovery Under the Third Party Beneficiary Theory With Regard to Defendant Winzler & Kelly Consulting Engineers (November 14, 2005) (doc. no. 382 in Court's docket) (hereinafter Bench Brief) at 4 (quoting Burnett v. Chimney Sweep, 20 Cal.Rptr.3d 562, 572-73 (App. 2004)).

The Black-Port contract, read as a whole in light of the circumstances under which it was entered, is deeply intertwined with W&K's drawing VE-1, as Plaintiff itself repeatedly pointed out:

4

> Under the Black-Winzler Contract, Winzler provided drawing VE-1, upon which Black and the Port relied in performing the Port - Black Contract. The Black-Port Contract was specifically amended to reference "the attached Drawing prepared by 'Winzler & Kelly.'" Pl.'s Ex. 16. "In such cases, if the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right on [him], [he] is an intended beneficiary." Restatement (Second) of Contracts § 302 cmt. d[.]

Bench Brief at 2 (plaintiff's edits to quotation omitted).

> Also, the (amended) Port-Black contract incorporated Winzler's work: "Contractor (Black) is to use a Total Upper Section Replacement Method, **in accordance with the attached Drawing prepared by 'Winzler & Kelly.'** Pl.'s Ex. 16 at 2 II (emphasis and bracketed information added). Both Winzler and Black knew that Winzler's VE-1 drawing was critical to the economic success of the project.

Id. at 5 (Plaintiff's emphasis).

The attorneys' fees clause in the Black-Port contract provides for an award of fees to the prevailing party "[i]f *any* legal action, suit or other proceeding is brought . . . because of *any* alleged dispute, breach or default in connection with *any* of the provisions of this Agreement[.]"[5] It is not limited to disputes between the Port and Black, although it easily could have been had either the Port or Black so intended. Instead, it explicitly encompasses *any* legal action, requiring only that it arise "in connection with" the Black-Port contract. W&K's drawing VE-1, according to Plaintiff, was the drawing "upon which Black and the Port relied in performing the Port - Black Contract" (see above); the drawing that the contract "was specifically amended to reference" (id.); the drawing that

---

[5] The clause provides in full as follows:
> If any legal action, suit or other proceeding is brought for the enforcement of this Agreement, or because of any alleged dispute, breach or default in connection with any of the provisions of this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorney's fees and court costs incurred in the action, suit or proceeding, in addition to any other remedy or relief to which it may be entitled.

Construction Contract at ¶ 13 (Plaintiff's Trial Exhibit 16 at p. 16-4).

"[b]oth Winzler and Black [and presumably the Port as well] knew . . . was critical to the economic success of the project" (id.). Any dispute over *that* drawing is unquestionably a dispute "in connection with" the provisions of the Black-Port contract -- the contract that "incorporated Winzler's work" (id.). W&K would, also unquestionably, be "reasonable in relying on the promise as manifesting an intention to confer a right on [it,]" (id.), and thus be an intended beneficiary entitled to enforce the provision.

### Conclusion.

Whether this view of the law is correct in the abstract (either as to intended beneficiaries, or as to the application of the terms of the Black-Port contract to W&K) is no longer the question. Plaintiff, having argued in favor of this view of the law, and having done so successfully, is now judicially estopped to assert the contrary:

> Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position. This court invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts.

Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 782 (9th Cir. 2001) (citations and internal quotation marks omitted). For the foregoing reasons, and the reasons set forth in W&K's initial motion for attorneys' fees and costs, the motion should therefore be granted.

Respectfully submitted this 28th day of December, 2005.

BERMAN O'CONNOR MANN & SHKLOV
Attorneys for Defendant Winzler & Kelly

By: _____

# CERTIFICATE OF SERVICE

I, _THOMAS ANDERSON_, hereby declare, upon penalty of perjury under the laws of the United States, that on the 28th day of December, 2005, I served a true and correct copy of **WINZLER & KELLY'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES** upon Plaintiff's and Defendants' counsel of record as follows:

> Forrest Booth, Esq. / Stephen Smith, Esq. / Elyze McDonald, Esq.
> Carlsmith Ball LLP
> 134 West Soledad Avenue
> Bank of Hawaii Building, Suite 401
> Hagåtña, Guam
>
> Attorneys for Plaintiff S.J. Gargrave Syndicate at Lloyds
>
> Thomas C. Sterling, Esq.
> Klemm, Blair, Sterling & Johnson
> Suite 1008, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam
>
> Attorneys for Defendant Black Construction Corporation
>
> Thomas M. Tarpley, Esq.
> Tarpley & Moroni, LLP
> Suite 402, Bank of Hawaii Bldg.
> 134 W. Soledad Avenue
> Hagåtña, Guam
>
> Attorneys for Defendant EMPSCO

Dated this 28th day of December, 2005.

_____
FOR: THOMAS ANDERSON