

LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Ste 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

7ZP180
Attorney *for* Defendant Engineering, Management
 & Planning Services Corporation

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>v.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING, MANAGEMENT, & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br>EMPSCO'S MOTION FOR REVIEW OF THE CLERK'S DETERMINATION OF ALLOWABLE COSTS<br><br>[NO HEARING REQUESTED] |

Pursuant to LR 54(e), EMPSCO brings this motion for the review of the Chief Duty Clerk's taxation of EMPSCO's costs.

This motion is made within five days of the clerk's decision of January 9, 2006, therefore this motion is timely under said rule.

EMPSCO filed its Bill of Costs of $12,554.61. The clerk allowed $5,941.97, but disallowed $6,612.64.

Specifically the clerk disallowed costs EMPSCO paid to its designated expert witness, Albert H. Tsutsui, and travel expenses associated with having to travel from Guam to San Francisco to take the deposition of Plaintiff's expert and Winzler & Kelly's expert.

EMPSCO's expert witness fees should be allowed for the reasons stated in EMPSCO's motion and memoranda for attorneys and expert witness fees as costs, filed with this Court on December 7, 2005, the same arguments for which were argued before the clerk at a hearing on the taxation of costs held on December 23, 2005. The motion to be allowed expert witness fees as costs has been unopposed by Plaintiff. In this case Plaintiff claimed that EMPSCO failed to act as a reasonably prudent engineer and thereby breached its contractual duties to PAG. Standards of care with regards to "compliance submittal reviews" and "technical reviews" of structural designs are beyond the knowledge of laymen jurors. Expert testimonies essential for the establishment, or defense, of such claims. A prevailing party is entitled to an allowance of expert witness fees as taxation costs when the testimony of an expert is essential and material to an issue tried and reasonably necessary to its disposition. Hederly v. Lewis, 99 FRD 135 (D. Nev., 1983).

EMPSCO is also entitled to collect its costs for the expenses of traveling to San Francisco for its deposition, under the authorities provided by Winzler & Kelly filed December 30, 2005. At the clerk's hearing of December 23, 2005, EMPSCO said it would incorporate all of the arguments on the issue for which the clerk gave Winzler & Kelly seven days to file. These arguments are that the Court retains discretion to award such costs when exceptional circumstances exist, under the authority of Hughes Aircraft Co. v. General Instrument Corp., 160 U.S.P.Q. 540, 541, 1968 WL 9440 (D.R.I., 1968); DiCecco v. Dillard House, Inc., 149 FRD 239 240

S.J. GARGRAVE SYNDICATE AT LLOYDS v. BLACK CONSTRUCTION CORPORATION, ET. AL. CV03-00009
EMPSCO'S MOTION FOR REVIEW OF THE CLERK'S DETERMINATION OF ALLOWABLE COSTS [NO HEARING REQUESTED]
Page 2 of 3

Case 1:03-cv-00009    Document 478    Filed 01/13/2006    Page 2 of 3

(N.D. GA, 1993); Gibson v. International Freighting Corp., 8 FRD 487, 488 (ED PA, 1949).

Dated this 13th day of January, 2006.

TARPLEY & MORONI, LLP

By: _____
THOMAS M. TARPLEY, JR.,
Attorney for Defendant EMPSCO

S.J. GARGRAVE SYNDICATE AT LLOYDS v. BLACK CONSTRUCTION
CORPORATION, ET. AL. CV03-00009
EMPSCO'S MOTION FOR REVIEW OF THE CLERK'S DETERMINATION
OF ALLOWABLE COSTS REQUESTED                                    Page 3 of 3

Case 1:03-cv-00009   Document 478   Filed 01/13/2006   Page 3 of 3