CARLSMITH BALL LLP

DAVID LEDGER
STEVEN C. SMITH
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds



FILED
DISTRICT COURT OF GUAM
JAN 1 8 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT EMPSCO'S MOTION FOR REVIEW OF THE CLERK'S DETERMINATION OF ALLOWABLE COSTS; DECLARATION OF SERVICE**<br><br>**NO HEARING REQUESTED** |

Plaintiff S.J. GARGRAVE SYNDICATE AT LLOYDS (hereinafter "Plaintiff") hereby files its Opposition to Defendant EMPSCO'S motion for review of the clerk's determination of

allowable costs ("motion"), as follows:

I. **THE CLERK CORRECTLY DETERMINED THAT EMPSCO IS NOT ENTITLED TO TAX EXPERT WITNESS FEES AS COSTS.**

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 444 (1987), the Supreme Court made it very clear that a federal court may "tax expert witness fees in excess of the $30-per-day limit set out in [28 U.S.C.] § 1821(b) only when the witness is court-appointed. The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to **decline** to tax, as costs, the items enumerated in [28 U.S.C.] § 1920." *Id.* at 442 (emphasis added). Under *Crawford Fitting* and Rule 54, EMPSCO is not allowed to tax as costs any expert witness fees above the $30 daily limit.

II. **THE CLERK CORRECTLY DETERMINED THAT EMPSCO IS NOT ENTITLED TO TAX TRAVEL EXPENSES AS COSTS.**

EMPSCO seeks to tax travel expenses as costs under two categories: travel costs related to depositions (Clerk's Items Nos. 32 and 36) and those related to a settlement conference in Saipan (Clerk's Items Nos. 33 and 34). It must be noted that none of EMPSCO's authorities support the taxation of travel expenses related to settlement conferences.[1] Accordingly, the Clerk properly rejected the taxation of all travel expenses incurred by EMPSCO for attending the settlement conference in Saipan.

In addition, when the attorneys undertook this case, they understood that many of the witnesses were not on Guam and that travel expenses would be incurred. Incurring long-distance travel expenses is not an exceptional or extraordinary circumstance when a fair amount of travel expenses are anticipated beforehand. *Tang How v. Edward J. Gerrits, Inc.*, 756 F.Supp. 1540,

---

[1] *Hughes Aircraft Co. v. Gen. Instrument Corp.*, 160 U.S.P.Q. 540 (D.R.I. 1968), *DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239 (N.D. Ga. 1993), and *Gibson v. Intern. Freighting Corp.*, 8 F.R.D. 487 (E.D. Pa. 1949) relate to the taxation of travel expenses related to the taking of depositions.

1546 (S.D. Fla. 1991). EMPSCO has not shown that any exceptional or extraordinary circumstances exist in this case, which in another case might justify such an award.[2]

Finally, during the trial, the Court stated on the record that this was not a complex case. While it involved engineering terms and concepts, the case was in no sense extraordinary or so complex so as to merit an across-the-board award of travel costs.

### III. CONCLUSION

For the foregoing reasons, the Court should affirm the Clerk's taxation of costs as to EMPSCO.

DATED: Hagåtña, Guam, January 18, 2006.

CARLSMITH BALL LLP

DAVID LEDGER
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

---

[2] Contrast *Gorelangton v. Reno*, 638 F Supp 1426 (D. Nev. 1986), where the Court found it equitable to tax the travel expenses of the plaintiff's attorney required for taking the deposition of a witness who, after promising the attorney that he would appear in court voluntarily, moved to another state, requiring the court to reopen discovery and authorize the deposition to be taken during a weekend recess of the trial. None of the witnesses in this case posed any such extraordinary scheduling difficulties.

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on January 18, 2006, I caused to be served, via hand delivery, a true and correct copy of **PLAINTIFF'S OPPOSITION TO DEFENDANT EMPSCO'S MOTION FOR REVIEW OF THE CLERK'S DETERMINATION OF ALLOWABLE COSTS; DECLARATION OF SERVICE** upon Defendants Counsel of record as follows:

> Robert J. O'Connor, Esq.
> Daniel J. Berman, Esq.
> Berman O'Connor Mann & Shklov
> Suite 503, Bank of Guam Building
> 111 Chalan Santo Papa
> Hagåtña, Guam 96910
>
> Thomas C. Sterling, Esq.
> Blair, Sterling, Johnson, Moody, Martinez & Leon Guerrero, P.C.
> Suite 1008, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910

and

> Thomas M. Tarpley, Esq.
> Law Offices of Tarpley & Moroni, LLP
> Suite 402, Bank of Hawaii Building
> 134 West Soledad Avenue
> Hagåtña, Guam 96910

Executed this 18th day of January 2006 at Hagåtña, Guam.

_____
DAVID LEDGER