BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
ROBERT J. O'CONNOR
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Phone: (671) 477-2778
Fax: (671) 477-4366

Attorneys for Defendant
Winzler & Kelly Consulting Engineers

FILED
DISTRICT COURT OF GUAM
JAN 19 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYD'S,<br><br>    Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORP., WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING MANAGEMENT & PLANNING SERVICES CORP.,<br><br>    Defendants. | Civ. No. CIV 03-00009<br><br>WINZLER & KELLY'S MOTION FOR JUDICIAL REVIEW OF TAXATION OF COSTS<br><br>[HEARING NOT REQUESTED]<br><br>CERTIFICATE OF SERVICE |

Winzler & Kelly, pursuant to Rule 54 of the Federal Rules of Civil Procedure and District of Guam Local Rule 54.1(e), hereby appeals to the Court for review of the Clerk's taxation of costs. Winzler & Kelly objects to the following determinations by the Clerk:

1. **Denial of counsel's transportation costs to and from depositions (Total amount: $16,014.09).**

It is true that expenses incurred by counsel in traveling to and from depositions are not usually taxed as costs. However, the Court does retain the discretion to award them in a proper case:

ORIGINAL

It is argued that the statutory limits of 28 U.S.C.A. § 1920 does not encompass travel expenses and that an award of the same would exceed controlling law. This Court cannot agree. Traveling expenses for the taking of depositions are properly and statutorily a matter of costs which the Court may, in its discretion, award.

Hughes Aircraft Co. v. General Instrument Corp., 160 U.S.P.Q. 540, 541, 1968 WL 9440 (D.R.I. 1968). It is generally held that such costs are allowable when exceptional circumstances exist:

> Ordinarily, travel expenses are not taxed as a cost. Courts have recognized, however, that the taxation of costs may be appropriate in extraordinary and compelling circumstances.

DiCecco v. Dillard House, Inc., 149 F.R.D. 239, 240 (N.D. Ga. 1993) (citations omitted). See generally Wright & Miller, Federal Practice & Procedure § 2676 (attorney's traveling expenses not taxable "barring exceptional circumstances").

One such exceptional circumstance exists when the depositions are taken at a point far distant from the trial, at the instance of the opposing party, for the purpose of direct use in evidence at trial:

> Without intending to state a rule upon the subject, it may be said that where one party proposes to take the deposition of a witness at a place far distant from the place of trial, not as discovery but to be offered as evidence in the case, the testimony being for his sole benefit and not sought by the other party, it would ordinarily seem fair that he should bear the cost of taking it. If it appears to the court that the testimony is of such nature that it warrants the presence at the taking of the deposition of the attorney who is to try the case, it would also seem proper to include the traveling expenses of such attorney.

Gibson v. International Freighting Corp., 8 F.R.D. 487, 488 (E.D. Pa. 1949) (en banc). The depositions of Bruce Swanney (in Phoenix), Ben Casey (in Dallas), Frank Dennis (in

Honolulu), and Edward Williamson (in Philadelphia) are all of this type.[1] Another such circumstance exists when the subject matter of the depositions is of a highly technical nature:

> In the exercise of its discretion, the Court feels compelled to adopt counsel's characterization that this has been as "exceptional case." Its very nature demanded the taking of depositions and the highly technical testimony and the complexities of the case required the presence of counsel. It can hardly be accepted that trial preparation of such involved and highly scientific issues could have been otherwise accomplished. The question raised is peculiarly within the discretion of this Court which is of the opinion that, under the circumstances of this particular case, the expenses at issue should be paid.

Hughes Aircraft, supra, 160 U.S.P.Q. at 541. The depositions mentioned above all fit this description, as do, to an even greater extent, the depositions of expert witnesses Elliot Boone and Webb Hayes (in San Francisco). It should also not be forgotten that W&K was forced to incur these substantial travel costs defending a claim for breach of a $2875 contract, which the jury found was not breached, and which produced a design that all witnesses agreed was not used. W&K therefore submits that sufficient exceptional circumstances exist to warrant taxation of deposition travel expenses as costs in this case.

2. **Denial of expert witness fees**
   **(Total amount: $96,483.66).[2]**

The Clerk did not formally deny these costs, but did not allow them either, and perhaps overlooked them altogether, since they were first sought in the Second

---

[1] Frank Dennis ultimately did testify at trial, but, at the time of his deposition, it was anticipated that he would not.

[2] This figure is the difference between $100,995.21 (total amount sought, including Webb Hayes' airfare) and $4511.55 (Webb Hayes' airfare, which was granted).

Supplement to Winzler & Kelly's Bill of Costs.[3] In any event, Winzler & Kelly maintains that, given the highly technical character of this case, in which the issue of W&K's liability hinged entirely on the adequacy of its design and its conformance to the standards of the engineering profession, these expert services were absolutely necessary to the case, and are thus recoverable as costs under the rule of Heverly v. Lewis, 99 F.R.D. 135, 137-38 (D. Nev. 1983) ("The central concern in deciding whether to tax an expert witness' fees as costs is the necessity of the expert's testimony. To be taxable, the testimony must be material to an issue tried and reasonably necessary to its disposition.") (citations and internal quotation marks omitted).

Respectfully submitted this 19th day of January, 2006.

                        BERMAN O'CONNOR MANN & SHKLOV
                        Attorneys for Winzler & Kelly

                        By: _____
                             MICHAEL J. BERMAN

---

[3] Winzler & Kelly, at the December 23, 2005, hearing before the Clerk, requested and was granted leave to submit these costs for consideration on or before December 30, without objection from Plaintiff.

# CERTIFICATE OF SERVICE

I, _Anya Perez_, hereby declare, upon penalty of perjury under the laws of the United States, that on the 19th day of January, 2006, I served a true and correct copy of **WINZLER & KELLY'S MOTION FOR JUDICIAL REVIEW OF TAXATION OF COSTS** upon Plaintiff's and Defendants' counsel of record as follows:

> Forrest Booth, Esq. / Stephen Smith, Esq. / Elyze McDonald, Esq.
> Carlsmith Ball LLP
> 134 West Soledad Avenue
> Bank of Hawaii Building, Suite 401
> Hagåtña, Guam
>
> Attorneys for Plaintiff S.J. Gargrave Syndicate at Lloyds
>
> Thomas C. Sterling, Esq.
> Klemm, Blair, Sterling & Johnson
> Suite 1008, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam
>
> Attorneys for Defendant Black Construction Corporation
>
> Thomas M. Tarpley, Esq.
> Tarpley & Moroni, LLP
> Suite 402, Bank of Hawaii Bldg.
> 134 W. Soledad Avenue
> Hagåtña, Guam
>
> Attorneys for Defendant EMPSCO

Dated this 19th day of January, 2006.