
ORIGINAL


CARLSMITH BALL LLP

DAVID LEDGER
STEVEN C. SMITH
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. (671) 472-6813

COZEN O'CONNOR

FORREST BOOTH
425 California Street, Suite 2400
San Francisco, CA 94104-2215
Tel No. (415) 617-6100

Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

FILED
DISTRICT COURT OF GUAM
JAN 23 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING ENGINEERS, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV03-00009<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT WINZLER & KELLY CONSULTING ENGINEERS' MOTION FOR JUDICIAL REVIEW OF TAXATION OF COSTS; DECLARATION OF SERVICE**<br><br>**NO HEARING REQUESTED** |

Plaintiff S.J. GARGRAVE SYNDICATE AT LLOYDS (hereinafter "Plaintiff") hereby files its Opposition to Defendant Winzler & Kelly Consulting Engineers' (hereinafter "Winzler &


4845-9604-2752.1.055639-00001


Case 1:03-cv-00009   Document 485   Filed 01/23/2006   Page 1 of 4

Kelly) Motion for Judicial Review of Taxation of Costs ("Motion"), as follows:

I. **THE CLERK CORRECTLY DETERMINED THAT WINZLER & KELLY IS NOT ENTITLED TO TAX TRAVEL EXPENSES AS COSTS.**

Winzler & Kelly seeks review of the Court's determination not to tax travel expenses as costs for the travel costs related to depositions. When the attorneys undertook this case, they understood that many of the witnesses were not on Guam and that travel expenses would be incurred. Incurring long-distance travel expenses is not an exceptional or extraordinary circumstance when a fair amount of travel expenses are anticipated beforehand. *Tang How v. Edward J. Gerrits, Inc.*, 756 F.Supp. 1540, 1546 (S.D. Fla. 1991). Winzler & Kelly has not shown that any exceptional or extraordinary circumstances exist in this case, which in another case might justify such an award.[1]

Also, during the trial, the Court stated on the record that this was not a complex case. While it involved engineering terms and concepts, the case was in no sense extraordinary or so complex so as to merit an across-the-board award of travel costs.

II. **THE CLERK CORRECTLY DETERMINED THAT WINZLER & KELLY IS NOT ENTITLED TO TAX EXPERT WITNESS FEES AS COSTS.**

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 444 (1987), the Supreme Court made it very clear that a federal court may "tax expert witness fees in excess of the $30-per-day limit set out in [28 U.S.C.] § 1821(b) only when the witness is court-appointed. The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to **decline** to tax, as costs, the items enumerated in [28

---

[1] Contrast *Gorelangton v. Reno*, 638 F Supp 1426 (D. Nev. 1986), where the Court found it equitable to tax the travel expenses of the plaintiff's attorney required for taking the deposition of a witness who, after promising the attorney that he would appear in court voluntarily, moved to another state, requiring the court to reopen discovery and authorize the deposition to be taken during a weekend recess of the trial. None of the witnesses in this case posed any such extraordinary scheduling difficulties.

U.S.C.] § 1920." *Id.* at 442 (emphasis added). Under *Crawford Fitting* and Rule 54, Winzler & Kelly is not allowed to tax as costs any expert witness fees above the $30 daily limit.

### III. CONCLUSION

For the foregoing reasons, the Court should affirm the Clerk's determination not to tax travel expenses for travel to and from depositions, and expert witness fees.

DATED: Hagåtña, Guam, January 23, 2006.

CARLSMITH BALL LLP

DAVID LEDGER
Attorneys for Plaintiff
S.J. Gargrave Syndicate at Lloyds

4.

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on January 23, 2006, I caused to be served, via hand delivery, a true and correct copy of PLAINTIFF'S OPPOSITION TO DEFENDANT WINZLER & KELLY CONSULTING ENGINEERS' MOTION FOR JUDICIAL REVIEW OF TAXATION OF COSTS upon Defendants Counsel of record as follows:

>Robert J. O'Connor, Esq.
>Daniel J. Berman, Esq.
>Berman O'Connor Mann & Shklov
>Suite 503, Bank of Guam Building
>111 Chalan Santo Papa
>Hagåtña, Guam 96910
>
>Thomas C. Sterling, Esq.
>Blair, Sterling, Johnson, Moody, Martinez & Leon Guerrero, P.C.
>Suite 1008, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

and
>Thomas M. Tarpley, Esq.
>Law Offices of Tarpley & Moroni, LLP
>Suite 402, Bank of Hawaii Building
>134 West Soledad Avenue
>Hagåtña, Guam 96910

Executed this 23rd day of January 2006 at Hagåtña, Guam.

_____
DAVID LEDGER