BERMAN O'CONNOR MANN & SHKLOV
DANIEL J. BERMAN
ROBERT J. O'CONNOR
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910
Phone: (671) 477-2778
Fax: (671) 477-4366

Attorneys for Defendant
Winzler & Kelly Consulting Engineers

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYD'S,<br><br>Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORP., WINZLER & KELLY CONSULTING ENGINEERS and ENGINEERING MANAGEMENT & PLANNING SERVICES CORP.,<br><br>Defendants. | Civ. No. CIV 03-00009<br><br>OPPOSITION TO PLAINTIFF'S MOTION TO REVIEW TAXATION OF COSTS<br><br>CERTIFICATE OF SERVICE |

Winzler & Kelly responds as follows to Plaintiff's Motion to Review the clerk's Taxation of Costs Re: Winzler & Kelly Consulting Engineers:

**1. Any Airfare Dispute Should Have Been Raised To the Clerk.**

Plaintiff argues that a lower airfare was "reasonably available" to Mr. Cox and Mr. Hayes, and that the taxation of costs for their airfare should therefore be reduced accordingly. See Plaintiff's Motion at 2. This, however, is a new issue that Plaintiff did not raise before the Clerk. See Plaintiff's Objection to Defendant Winzler & Kelly's Bill of Costs (December 19, 2005) at 5 (arguing only that there was no supporting

documentation of airfare at all).[1] District Court of Guam Local Rule 54.1(e) provides that appeals to the Court from a decision of the Clerk taxing costs "shall be heard upon the same papers and evidence submitted to the clerk." Plaintiff's argument, therefore, which was never made to the Clerk, should not be considered by the Court, and its Exhibit A should be stricken, or at least disregarded. Cf. Swan Carburetor Co. v. Swan, 149 F.2d 476, 476-77 (6th Cir. 1945) ("While the bill is large, since no countervailing testimony was offered by the plaintiff, we do not discuss plaintiff's contention that the charges are grossly excessive."). Even if Exhibit A were to be considered, moreover, it does not indicate that the lower fare cited was actually available at the time of trial, and thus is not evidence of "the most economical rate reasonably available." The Clerk's taxation of airfare should therefore not be disturbed.

**2. Subsistence Fees Require No Documentation of Actual Cost.**

Plaintiff argues that taxation of statutory subsistence fees under 28 U.S.C. § 1821 requires documentation of actual subsistence expenses, and that only such actual expenses can be awarded if they are lower than the statutory figure. Plaintiff's Motion at 2-3. Plaintiff provides no support for this bald legal assertion, however, and in fact the law is to the contrary:

> [T]he court may allow the statutory witness fees to be taxed even though the witness did not actually incur all of the expenses enumerated in the act. For example, the statutory limit may be awarded even though the witness

---

[1] Mr. Cox's airfare was in fact not yet documented at that time. However, the amount of it was already set forth (see Winzler & Kelly's Bill of Costs (December 12, 2005) at 4 (with notation "documentation pending"), and the supporting documentation was itself submitted as a supplement on December 23, prior to the hearing, and Plaintiff did not raise the issue at the hearing. Moreover, documentation of Mr. Hayes's airfare (which was at the same rate as Mr. Cox's) was (contrary to Plaintiff's assertion) submitted together with the original bill of costs. See Winzler & Kelly's Bill of Costs at Exhibit I.

was able to live and travel in connection with his duties for less than the amounts specified in Section 1821.

10 Wright, Miller & Kane, Federal Practice & Procedure 468-69 (§ 2678) (citing Pressgrove v. Kuntz, 52 F.R.D. 230, 232 (D.Miss. 1971) (approving taxation of statutory travel costs for witnesses who traveled to trial in government vehicle, incurring no personal expense: "Section 1821...does not require that a witness must personally incur travel expenses before he is entitled to be paid the mileage for which provision is made in the statute."); Oscar Gruss & Son v. Lumbermens Mut. Cas. Co., 46 F.R.D. 635, 639 (D.N.Y. 1969) (rejecting argument that "all expenses...must be actual," holding instead that "[u]nder this section [1821] these daily fees for attendance and for subsistence need not be actual, though the airplane fare allowed by this section must be the actual fare")). Indeed, the statute expressly provides, with respect to airfare, that "[a] receipt or other evidence of actual cost shall be furnished," 28 U.S.C. § 1821(c)(1), and the fact that Congress set forth no such requirement with respect to the subsistence allowance, when it easily could have, further demonstrates that evidence of actual cost is not required. The Clerk therefore did not err in taxing the designated amount. If the Court finds the contrary, however, Winzler & Kelly requests leave to submit evidence of the actual amount, for taxation of that amount as a cost of litigation.

### 3. Attendance Fees Do Not Require Testimony.

Plaintiff argues that Mr. Cox and Mr. Hayes should each be taxed only day's attendance fee, since each testified on only one day. Plaintiff's Motion at 3. To begin with, however, Plaintiff overlooks the fact that Mr. Cox and Mr. Hayes were each

required to spend one day in transit from San Francisco to Guam and another day going back, and that such travel time is compensible under the statute:

> A witness shall be paid an attendance fee of $40 for each day's attendance. A witness *shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance* at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. § 1821(b) (emphasis added). Thus, even if Plaintiff is correct that "each day's attendance" means only "each day of testimony," three days, not one, is still unquestionably the proper figure for Mr. Hayes: one day to Guam, one day to testify, and one day to go home.

As for Mr. Cox, twelve days is the proper figure, since he also incurred two days of travel, and was in attendance at trial for ten days as well. Plaintiff is incorrect in claiming that attendance fees are available only for days on which a witness testifies. See, e.g., Bennett Chemical Co. v. Atlantic Commodities, Ltd., 24 F.R.D. 200, 204 (S.D.N.Y. 1959) ("[A]ttendance fees and subsistence allowances are not restricted to the actual day upon which the witness testifies, but are allowable for each day that the witness necessarily attends the trial."); Esler v. Safeway Stores, Inc., 77 F.R.D. 479, 482 (W.D. Mo. 1978) ("We intimate no disagreement with the general rule that witness and subsistence expenses are not limited to the day the witness testifies but include those days in which the witness necessarily attends trial."). Mr. Cox's attendance was necessary, moreover, not only because of counsel's need to consult with him, but also because, as Winzler & Kelly's only fact witness, he might at any time have been required to testify, depending upon how events at trial developed. See, e.g., Hayes v. Surface Distribution

Co., 25 F.Supp. 515, 516-17 (S.D.N.Y. 1937) (granting attendance fees for days when witnesses did not testify, noting that "[i]n every cause it is necessary for each party to have its experts and other witnesses present and ready to testify when their turn to be called may come;" that such time is not easily predicted in advance; and that therefore "much latitude must be given to counsel in causes like this, and…they cannot properly be strait-jacketed as to attendance fees or subsistence allowances" based on the opposing party's "interested hindsight"). The Clerk therefore again did not err in taxing a total of twelve days' attendance fees for Mr. Cox.

## Conclusion

For the foregoing reasons, Plaintiff's motion for review should be denied, and the Clerk's taxation of costs under 28 U.S.C. § 1821 as to Defendant Winzer & Kelly should be affirmed.

Respectfully submitted this 2nd day of February, 2006.

                                                      BERMAN O'CONNOR MANN & SHKLOV
                                                      Attorneys for Winzler & Kelly

By: _____

## CERTIFICATE OF SERVICE

I, THOMAS ANDERSON, hereby declare, upon penalty of perjury under the laws of the United States, that on the 2nd day of February, 2006, I served a true and correct copy of

**OPPOSITION TO PLAINTIFF'S MOTION TO REVIEW TAXATION OF COSTS**

upon Plaintiff's and Defendants' counsel of record as follows:

> Forrest Booth, Esq. / Stephen Smith, Esq. / Elyze McDonald, Esq.
> Carlsmith Ball LLP
> 134 West Soledad Avenue
> Bank of Hawaii Building, Suite 401
> Hagåtña, Guam
>
> Attorneys for Plaintiff S.J. Gargrave Syndicate at Lloyds
>
> Thomas C. Sterling, Esq.
> Klemm, Blair, Sterling & Johnson
> Suite 1008, Pacific News Building
> 238 Archbishop F.C. Flores Street
> Hagåtña, Guam
>
> Attorneys for Defendant Black Construction Corporation
>
> Thomas M. Tarpley, Esq.
> Tarpley & Moroni, LLP
> Suite 402, Bank of Hawaii Bldg.
> 134 W. Soledad Avenue
> Hagåtña, Guam
>
> Attorneys for Defendant EMPSCO

Dated this 2nd day of February, 2006.

*[signature: Thomas Anderson]*