DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| S.J. GARGRAVE SYNDICATE AT LLOYDS,<br><br>    Plaintiff,<br><br>vs.<br><br>BLACK CONSTRUCTION CORPORATION,<br>MANAGEMENT & PLANNING SERVICES<br>CORPORATION,<br><br>    Defendants. | Civil Case No. 03-00009<br><br>ORDER re PLAINTIFF'S<br>MOTION TO REVIEW<br>TAXATION OF COSTS<br>AND WINZLER & KELLY'S<br>MOTION FOR JUDICIAL<br>REVIEW OF TAXATION<br>OF COSTS |

This matter is before the Court on Plaintiff's Motion to Review Taxation of Costs and Defendant, Winzler & Kelly Consulting Engineers' Motion for Judicial Review of Taxation Costs. Pursuant to Local Civil Rule 7.1(e)(3), this Court will dispense with oral argument and will decide the motions on the submitted briefs.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the Court issues the following.

**BACKGROUND**

This case concerns the plaintiff's, S.J. Gargrave Syndicate at Lloyds ("plaintiff")

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

subrogation claim against the defendants, Black Construction Corporation ("Black Construction"), Winzler & Kelly Consulting Engineers ("Winzler & Kelly") and Engineering, Management & Planning Services Corporation ("EMPSCO") after satisfying a claim by its insured, the Port Authority of Guam ("Port"). The plaintiff was subrogated to the Port's rights to recover property damages allegedly caused by the defective construction and design work performed by the defendants.

After a lengthy trial and submission of a special verdict form, the jury found defendant Black Construction liable to the plaintiff for breach of contract. Pursuant to and in accordance with the special verdict form, the jury determined the amount of damages suffered by the plaintiff as a result of Black Construction's breach of contract was $335,000. As to defendants, Winzler & Kelly and EMPSCO, the jury found no liability.

On December 12, 2005, Winzler & Kelly filed its Bill of Costs and sought recovery for expenses in the amount of $42,550.17. *See* Docket No. 444. On January 11, 2006, the Clerk of Court awarded Winzler & Kelly its costs in the amount of $26,145.56 and disallowed $16,404.61. *See* Docket No. 475, Taxation of Costs. Winzler & Kelly also sought $96,483.66[2] in expert witness fees for which the Clerk of Court seemingly did not consider.

## DISCUSSION

Now, both the Plaintiff and Winzler & Kelly have filed respective motions to review the Clerk of Court's taxation of costs. The Court will consider the Plaintiff's concerns and then will discuss those of Winzler & Kelly's.

**A. Costs of Travel**

The Plaintiff first objects to the travel costs of Messrs. Cox and Hayes. Both men traveled at a first class rate of $4,511.55 apiece. However, the Plaintiff claims that Winzler & Kelly is only allowed the "most economical rate available." 28 U.S.C. § 1821. Therefore, the travel costs should be reduced to an economy class rate. Winzler & Kelly argue that the Plaintiff did not raise

---

[2] Winzler & Kelly initially sought $100,995.21, but has reduced that amount by $4511.55 in light of the Clerk of Court's award of $4511.55 for Mr. Hayes' airfare.

this objection before the Clerk of Court and that it is not proper to object to these costs now.

The taxation of costs lies within the discretion of the district court. *Thornberry v. Delta Air Lines*, 676 F.2d 1240, 1245 (9th Cir. 1982), *remanded on other grounds*, 461 U.S. 952 (1983). Here, the Court does not know what would have been the most economical rate during the time the experts traveled since no evidence was presented. However, the Court finds that the first class rate was most likely not the "most economical rate available." 28 U.S.C. § 1821. The Plaintiff has provided the Court with a quotation for a round-trip economy class ticket for a date in February 2006, from San Francisco to Guam at a cost of approximately $1167.86. *See* Plaintiff's Motion, Exhibit A attached thereto. The Court finds the costs submitted by the Plaintiff are more reasonable and that the Clerk's taxation of airfare should be adjusted accordingly.

**B. Subsistence Fees**

The Clerk of Court allowed subsistence fees at the maximum rate of $225, for a total of $3,375.00, without any substantiation. The Plaintiff claims the Clerk should have not have automatically granted the maximum amount without any receipts for the actual subsistence for Messrs. Cox or Hayes.

A witness that needs to travel may elect to claim reimbursement on an actual expense basis in lieu of claiming reimbursement on a per diem basis. *See In re Media Vision Technology Securities Litigation,* 913 F.Supp. 1362, 1370 (N.D. Cal. 1996). In this instance, the Clerk of Court reimbursed the witnesses at the subsistence rate of $225 per day. The Court finds that this was proper and the Clerk of Court is affirmed in this regard.

**C. Attendance Fees**

The Clerk of Court also taxed a total of $600.00 for the twelve days of Mr. Cox's presence at trial and the three days of Mr. Hayes' presence. The Plaintiff claims that because each of these men only testified at trial for one day, the Clerk of Court can only tax one day's worth of attendance costs apiece. 28 U.S.C. § 1821(b) states:

> A witness shall be paid an attendance fee of $40 for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

It seems clear that the taxation of three days was proper for Mr. Hayes. One day to travel to Guam, one day to testify and one day to return home. With respect to Mr. Cox, the Clerk taxed costs at twelve days of attendance. District Court of Guam Local Rules of Practice, Rule 54(b)(6)(A) permits fees to be paid to witnesses "actually attending the proceeding." Here, Winzler & Kelly claims that Mr. Cox's attendance at trial was necessary, because counsel needed to consult with him and because he was the only fact witness who may have been required to testify at trial depending upon how events at trial developed. The Court finds twelve days is a reasonable period in light of the circumstances, a fact which the Plaintiff does not dispute. Rather, the Plaintiff merely asserts that witness fees are limited to only those days in which the witnesses actually testified, an assertion which does not hold true in this District. Accordingly, the Clerk of Court is affirmed in this regard.

### D. Travel Expenses

Winzler & Kelly also moves for judicial review of taxation of costs. Winzler & Kelly objects to the denial of counsel's transportation costs to and from depositions in the amount of $16,014.06. The Court notes that these expenses are not provided for under either L.R. Rule 54.1 or 28 U.S.C. § 1920 and are not recoverable as costs. Thus, the Clerk's determination in this regard was proper.

### E. Expert Witness Fees

Winzler & Kelly also seeks $96,483.66 for expert fees. The Clerk of Court made no determination on this matter. Section 1920(6)[3] provides for the compensation of court-

---

[3] 28 U.S.C. section 1920 sets forth the categories of costs that are taxable in federal court actions. That statute provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

appointed experts. 28 U.S.C. § 1920(6). Although Winzler & Kelly's expert was not court appointed, Winzler & Kelly argue that its expert was necessary for its defense and accordingly, they should recover these costs.

Winzler & Kelly's expert can only receive basic witness fees under 28 U.S.C. 1821(b). Section 1821(b) limits witness fees to "an attendance fee of $40 per day" at a deposition or a trial, plus other travel expenses where applicable. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494 (1987). Section 1821 provides only for expert witness testimony and not for the preparation of expert witness reports. Absent explicit statutory authority to the contrary, federal courts are bound by the limits of § 1821 when a prevailing party seeks reimbursement for fees paid to its own expert witnesses. *Crawford Fitting Co.*, 482 U.S. at 439. In this situation, there is neither a statutory nor contractual basis to award Winzler & Kelly their expert fees. Accordingly, the request is denied.

## CONCLUSION

Based on the above discussion, the Clerk of Court is reversed in so far as she needs to adjust the travel costs of Messrs. Hayes and Cox. The Clerk should tax travel costs of $1167.86 apiece instead of $4,511.55. As to the other matters raised, the Clerk of Court is affirmed. The Clerk of Court shall retax the costs in accordance herewith. In addition, the request for expert fees is denied.

SO ORDERED this 28th day of June, 2006.

_____
ROBERT CLIVE JONES[*]
UNITED STATES DISTRICT JUDGE

---

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

[*]The Honorable Robert Clive Jones, United States District Judge for Nevada, by designation.