DISTRICT COURT OF GUAM

TERRITORY OF GUAM

S.J. GARGRAVE SYNDICATE AT LLOYDS,

    Plaintiff,

vs.

BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY, and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,

    Defendants.

Civil Case No. 03-00009

ORDER re EMPSCO'S MOTION FOR ATTORNEY'S FEES AND EXPERT WITNESS FEES AS COSTS and REVIEW OF CLERK'S DETERMINATION OF ALLOWABLE COSTS

    This matter is before the Court on Defendant, Engineering Management & Planning Services Corporation's ("EMPSCO"): 1) Motion for Attorney's Fees and Expert Witness Fees as Costs and 2) Review of the Clerk's Determination of Allowable Costs. Pursuant to Local Civil Rule 7.1(e)(3), this Court will dispense with oral argument and will decide the motion on the submitted briefs.[1] The Court has reviewed the parties' submissions, as well as relevant caselaw and authority.

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

## BACKGROUND

This case concerns the plaintiff's, S.J. Gargrave Syndicate Lloyds ("plaintiff") subrogation claim against the defendants, Black Construction Corporation ("Black Construction"), Winzler & Kelly Consulting Engineers ("Winzler & Kelly") and Engineering, Management & Planning Services Corporation ("EMPSCO") after satisfying a claim by its insured, the Port Authority of Guam ("Port"). The plaintiff was subrogated to the Port's rights to recover property damages allegedly caused by the defective construction and design work performed by the defendants.

After a lengthy trial and submission of a special verdict form, the jury found defendant Black Construction liable to the plaintiff for breach of contract. Pursuant to and in accordance with the special verdict form, the jury determined the amount of damages suffered by the plaintiff as a result of Black Construction's breach of contract to be $335,000. As to defendants, Winzler & Kelly and EMPSCO, the jury found no liability.

On December 7, 2005, EMPSCO filed its Verified Bill of Costs and sought recovery for expenses in the amount of $12,554.61. *See* Docket No. 442. On January 11, 2006, the Clerk of Court awarded EMPSCO its costs in the amount of $5,941.97 and disallowed $6,612.64. *See* Docket No. 474, Taxation of Costs.

## DISCUSSION

As the prevailing party in this action EMPSCO now moves for its attorney's fees and expert witness costs. The agreement entered into between EMPSCO and the Port provided for the recovery of attorney's fees as follows:

> If any legal action, suit or other proceedings is brought for the enforcement of this Agreement or because of any alleged dispute, breach or default in connection with any of the provisions of this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorney's fees and court costs incurred in the action, suit or proceeding, in addition to any other remedy or relief to which it may be entitled.

Pursuant to the agreement, EMPSCO seeks $100,001.25 in attorney's fees for approximately 440 hours counsel spent on the case. EMPSCO agreed to pay $225.00 per hour, counsel's standard hourly rate for construction law matters. *See* Docket No. 469, Second Declaration of EMPSCO's Counsel, at ¶ 2. In addition, EMPSCO sought $4,134.75 in expert witness fees.

In *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), the Ninth Circuit set forth twelve factors that must be considered in determining the reasonableness of an award of attorneys fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 526 F.2d at 70.

The Plaintiff concedes that EMPSCO is entitled to attorney's fees and certain litigation expenses, but challenges the billings in several respects. The first challenge concerns whether $225 is the prevailing hourly rate for construction law practitioners in Guam. In calculating attorney fee awards, courts begin by determining the "lodestar figure" that results from multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). The Court notes that counsel for EMPSCO has been a practicing litigator for more than 25 years. *See* Docket No. 469, Second Declaration of EMPSCO's Counsel, at ¶ 2. His practice has been almost exclusively focused on construction law litigation/arbitration. *Id.* The Court finds that counsel is capable of assessing the reasonable hourly rate in a construction case on Guam. Moreover, the Court finds the assessment hourly rate of $225 very reasonable.

The Plaintiff also claims that EMPSCO has not demonstrated that 444 hours is a reasonable amount of time to incur on this case. The Court has reviewed the billings and finds them reasonable, particularly when viewed in comparison to the hours claimed by co-defendant, Winzler & Kelly, in the amount of $583,438.50. There has been no showing that the number of hours claimed by EMPSCO is excessive or that the hours spent were unnecessary.

Next, the Plaintiff claims that EMPSCO's billing for "stand-by" time on May 19, 2005 should be disallowed because it did not concern "legal work." There is no "stand-by" time

recorded on May 19, 2005. The time entry for that date concerns counsel's attendance at "Harbor Pilot's deposition." However, the Court notes that on November 19, 2005, counsel billed 4 hours for "stand-by time." Counsel billed $56.25/hr (25% of his customary hourly rate of $225.00) for "stand-by time." Under the circumstances, the Court finds that the billing charged is reasonable. November 19, 2005 was a Saturday, and the Court had instructed counsel to stand-by should the jury have any questions or return a verdict. It is a reasonable expense that was passed on to EMPSCO for which EMPSCO now seeks recovery.

EMPSCO also was billed for time counsel spent with EMPSCO discussing bankruptcy issues on April 22, 2005. The Plaintiff objects to such billing as there were no bankruptcy issues involved in this case. EMPSCO's counsel billed .25 for this time. The Court agrees with the Plaintiff, there were no bankruptcy issues involved in this matter and the time spent on exploring bankruptcy options should not be billed to the Plaintiff. Accordingly, the attorney's fee award shall be reduced by $56.25 (.25/hr).

Plaintiff also argues that EMPSCO is not entitled to recover attorney's fees expended on interlocutory matters "upon which Plaintiff prevailed." For example, Plaintiff opposes billing for jurisdictional issues which were briefed at the direction of the Court and upon which the Plaintiff prevailed. The Court does not agree. Although EMPSCO did not necessarily prevail at every juncture of this case, it did prevail at trial. A prevailing party "is not to be denied full attorney's fees merely because he lost some interim rulings en route to ultimate success." *Alliance v. Chicago*, 356 F.3d 767, 770 (7th Cir., 2004).

Lastly, the Plaintiff takes issue with invoices that reflect time increments of .25/hr as well as .10/hr. The Plaintiff seemingly claims this is inconsistent billing. However, EMPSCO"s counsel states that his practice is to bill .25 for a time increment of 15 minutes and .10/hr for a time increment of 6 minutes. The Court finds there is no inconsistency in the billing and counsel's practice in this regard is very reasonable.

Evaluating EMPSCO's fee request in light of the twelve *Kerr* factors, the Court finds the

amount of $99,945.00^2$ for attorneys fees sought by EMPSCO to be highly reasonable. In particular, the Court notes that EMPSCO's attorney, as well as the other attorneys, were well qualified and exhibited great skill and preparedness in presenting the evidence and issues. Finally, it should also be emphasized that the hours expended by EMPSCO's attorney, and the rates at which such time was billed, as set forth in EMPSCO's detailed application for attorneys fees, were very reasonable in light of the protracted nature of this litigation, the results ultimately obtained, counsel's billing practice and the prevailing community standards.

EMPSCO also seeks $4,134.75 for expert fees. These costs were also requested by EMPSCO in a separately filed Bill Of Costs for $12,554.61. Of the $12,554.61, the Clerk of Court allowed $5,941.97, but disallowed $6,612.64. Specifically, the Clerk disallowed EMPSCO's request for expert fees and counsel's travel expenses. Section $1920(6)^3$ provides for the compensation of court-appointed experts. 28 U.S.C. § 1920(6). Because EMPSCO's expert was

---

[2] The requested amount of $100,001.25 minus $56.25 for time spend on bankruptcy issues as discussed herein.

[3] 28 U.S.C. section 1920 sets forth the categories of costs that are taxable in federal court actions. That statute provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

1  not court appointed, the Clerk disallowed those expenses. EMPSCO argues in its Motion for
2  Review of the Clerk's Determination of Allowable Costs that its expert was necessary for its
3  defense and accordingly, EMPSCO should recover these costs.
4        The Clerk's determination on this matter was proper. EMPSCO's expert can only receive
5  basic witness fees under 28 U.S.C. 1821(b). Section 1821(b) limits witness fees to "an attendance
6  fee of $40 per day" at a deposition or a trial, plus other travel expenses where applicable. *Crawford
7  Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441, 107 S.Ct. 2494 (1987). Section1821 provides
8  only for expert witness testimony and not for the preparation of expert witness reports. Absent
9  explicit statutory authority to the contrary, federal courts are bound by the limits of § 1821 when
10  a prevailing party seeks reimbursement for fees paid to its own expert witnesses. *Crawford Fitting
11  Co.*, 482 U.S. at 439. In this instance, EMPSCO's expert, Albert H. Tsutsui, A.I.A. was a witness
12  at trial on November 14, 2005. Therefore, the Taxation of Costs should be adjusted accordingly.
13        The Clerk also disallowed counsel's travel expenses of $2,477.89. The Court notes that
14  these expenses are not provided for under either L.R. Rule 54.1 or 28 U.S.C. § 1920 and are not
15  recoverable as costs. Thus, the Clerk's determination in this regard was proper. These costs should
16  have been sought as part of EMPSCO's attorney's fees motion. Accordingly, the Court awards
17  these costs to EMPSCO as part of its attorney's fees motion.

## CONCLUSION

19        Based on the above discussion, the Court awards EMPSCO $99,945.00 in attorneys' fees
20  and $2,477.89 in litigation expenses. As to the Taxation of Costs, the Clerk of Court is reversed
21  in so far as she needs to award EMPSCO $40 for fees of its expert witness. And, the Clerk of
22  Court is affirmed as to her refusal to tax as costs the travel expenses of EMPSCO's counsel. The
23  Clerk of Court shall retax the costs in accordance herewith.
24        SO ORDERED this 28th day of June, 2006.

ROBERT CLIVE JONES[*]
UNITED STATES DISTRICT JUDGE

---

[*]The Honorable Robert Clive Jones, United States District Judge for Nevada, by designation.