DISTRICT COURT OF GUAM

TERRITORY OF GUAM

S.J. GARGRAVE SYNDICATE AT LLOYDS,

  Plaintiff,

vs.

BLACK CONSTRUCTION CORPORATION, WINZLER & KELLY CONSULTING, ENGINEERS and ENGINEERING MANAGEMENT & PLANNING SERVICES CORPORATION,

  Defendants.

Civil Case No. 03-00009

ORDER re WINZLER & KELLY'S MOTION FOR ATTORNEY'S FEES

  This matter is before the Court on Defendant, Winzler & Kelly Consulting Engineers' ("Winzler & Kelly") Motion for Attorney's Fees. Pursuant to Local Civil Rule 7.1(e)(3), this Court will dispense with oral argument and will decide the motion on the submitted briefs.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the Court hereby **DENIES** the defendant's motion.

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

# BACKGROUND

Following an earthquake in 1993, the Port Authority of Guam ("Port") sustained severe damages to a number of its piers, docks, dolphins and other Port facilities and property. Thereafter, the Port contracted with Black Construction to make some of the repairs. During the course of the repairs, Black Construction Corporation ("Black Construction") contracted with Winzler & Kelly to design a different repair method in order to save the Port money.

In 2001, another earthquake struck Guam. Again the Port sustained damages to its properties. The Port sought recovery for the damages under its property insurance property and the Port's insurer satisfied the claims. Thereafter, the plaintiff, S.J. Gargrave Syndicate Lloyds ("plaintiff") filed subrogation claims against defendants, Black Construction, Winzler & Kelly and Engineering, Management & Planning Services Corporation ("EMPSCO"). The plaintiff was subrogated to the Port's rights to recover property damages allegedly caused by the defective construction and design work performed by the defendants.

Plaintiff alleged that Winzler & Kelly's repair design was defective and therefore, sought damages from Winzler & Kelly for negligence, breach of contract, and breach of warranty. The Court granted judgment on the pleading in favor of Winzler & Kelly as to the negligence and breach of warranty claims. *See* Docket No. 153, Court Order April 8, 2005. However, the breach of contract claim was permitted to go the jury.

After a lengthy trial and submission of a special verdict form, the jury found no liability as to defendant Winzler & Kelly and EMPSCO.

# DISCUSSION

Winzler & Kelly now moves for its attorney's fees and costs[2], as the prevailing party in this action. In support of its position, Winzler & Kelly relies upon the following provision in the contract between the Port and Black Construction:

> If any legal action, suit or other proceeding is brought for the enforcement of this Agreement, or because of any alleged dispute, breach or default in connection with

---

[2] On January 11, 2006 the Clerk of Court awarded Winzler & Kelly its costs in the amount of $26,145.56. *See* Docket No. 475, Taxation of Costs.

> any of the provisions of this Agreement, the successful or prevailing party shall be entitled to recover reasonable attorney's fees and court costs incurred in the action, suit or proceeding, in addition to any other remedy or relief to which it may be entitled.

Motion, attachment thereto a p.16-4 at ¶ XIII.

The plaintiff argues that this provision is not applicable to Winzler & Kelly. In fact, the contract between the Port and Black Construction specifically prohibits the claim Winzler & Kelly is making. The contract, in paragraph 1(b) provides that: "[a]ny and all contracts between the Contractor [Black Construction] and its subcontractors [Winzler & Kelly] shall not be construed as creating any contractual relation between any subcontractor and the Port Authority." Opposition, Exhibit A attached thereto, p. 1.

Winzler & Kelly argues that the plaintiff should be judicially estopped from arguing positions contrary to those it had previously advanced. Winzler & Kelly states that it was the plaintiff's position that there was a third party beneficiary relationship arising between Winzler & Kelly and the Port. Moreover, Winzler & Kelly stated that it was a relationship found by this Court.

"Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Wagner v. Professional Engineers in California Government*, 354 F.3d 1036, 1044 (9th Cir.2004). "[J]udicial estoppel applies to a party's stated position, regardless of whether it is an expression of intention, a statement of fact, or a legal assertion." *Helfand v. Gerson*, 105 F.3d 530, 534 (9th Cir.1997). The purpose of judicial estoppel is to prevent the use of inconsistent assertions that would result in an affront to judicial dignity and a means of obtaining unfair advantage. *Rockwell International v. Hanford Atomic Metal Trades*, 851 F.2d 1208, 1210 (9th Cir.1988). Judicial estoppel applies only if the court has relied on the party's previously inconsistent statement. *Interstate Fire v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir.1998).

The Court notes that the parties' respective positions advanced now are the complete opposite of what each of the parties argued prior to and throughout the trial. Winzler & Kelly

vehemently claimed that there was no contractual relationship between themselves and the Port based upon either the Port-Black Construction contract or the Winzler & Kelly-Black Construction contract. Likewise, the plaintiff strenuously claimed there was a contractual relationship between the two parties.

In this instance, the Court finds that there is no underlying basis for Winzler & Kelly to be awarded attorney's fees. Judicial estoppel may be applied where a party asserts a position that is contrary to a position previously asserted by that party in the same or prior proceeding, and the previous position was adopted by the court. *United States v. Garcia*, 37 F.3d 1359, 1366-67 (9th Cir.1994). This Court did not adopt the Plaintiff's position, neither did it adopt the defendant's. There is no law of the case in this regard. Instead this Court let the matters concerning the defendant's liability go to the jury for decision. In giving the jury the express warranty instructions the Court did not make a finding that a warranty applied because the Port-Black construction contract applied to Winzler & Kelly. Rather, it allowed the jury to make such a finding if the jurors believed the Plaintiff had proven that the contract applied.

Additionally, the American Rule is that parties bear their own litigation costs absent a statute or enforceable contract. *Hall v. Cole,* 412 U.S. 1, 4 (1973). This Court does not find that the parties entered into any contract that permits the recovery of attorney's fees. Nor does it find that there is any statutory basis for an award of such fees.

**CONCLUSION**

Based upon the foregoing, the Court finds there is no basis to award Winzler & Kelly's attorney's fees. Accordingly, Winzler & Kelly's motion is hereby **DENIED**.

**SO ORDERED** this 28th day of June, 2006.

_____
ROBERT CLIVE JONES[*]
UNITED STATES DISTRICT JUDGE

---

[*]The Honorable Robert Clive Jones, United States District Judge for Nevada, by designation.